

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 25, 2021

Courtney Forrest
Jon Jeffress
John Marston

                Re:    <u>United States v. Brian Jeffrey Raymond</u>
                         Criminal Case No. 21cr380

Dear Ms. Forrest, Mr. Jeffress, and Mr. Marston,

       This letter sets forth the full and complete plea offer to your client, Brian Jeffrey Raymond (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia and the Department of Justice, Criminal Division, Human Rights and Special Prosecutions Section (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on May 28, 2021. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement ("this Agreement"). The terms of the offer are as follows:

       **1.**     **Charges and Statutory Penalties**

       Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with two counts of Sexual Abuse, in violation of 18 U.S.C. § 2242(2) and one count of Transportation of Obscene Material, in violation of 18 U.S.C. § 1462.

       Your client understands that a violation of 18 U.S.C. § 2242(2) carries a maximum sentence of life imprisonment; a fine of $250,000; a term of supervised release of at least 5 years but not more than life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

       Your client understands that a violation of of 18 U.S.C. § 1462 carries a maximum sentence of five years' imprisonment; a fine of $250,000; a term of supervised release of at least one year but not more than three years, pursuant to 18 U.S.C. § 3559; restitution under 18 U.S.C.

§ 3663; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

Your client understands that, pursuant to 18 U.S.C. § 3014(a), your client must pay an additional special assessment in the amount of $5,000 for both Count One and Two, unless your client is found by the Court to be indigent at the time of sentencing.

Your client also understands that the court shall impose mandatory restitution pursuant to 18 U.S.C. § 2248, which restitution amount shall reflect the defendant's relative role in the causal process that underlies the victims' losses.

### 2. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3. Additional Charges

In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office or the Human Rights and Special Prosecutions Section for the conduct relating to victims AV-1 through AV-26 that is described in the Statement of Offense. This office has consulted with the U.S. Attorney's Office for the Eastern District of Virginia and understands that it will also not bring charges for that conduct. Additionally, if your client's guilty plea to Counts One, Two, and Three of the Information is accepted by the Court, and provided the plea is not later withdrawn, no charges related to the inducement and/or transportation of AV-15 or the transportation of obscene material will be brought against the defendant by the United States Attorney's Office for the District of Maryland.

Moreover, provided the plea is accepted and not later withdrawn to Counts One, Two, and Three, no charges relating to the inducement of AV-2 or the transportation of obscene material will be brought by the United States Attorney's Office for the Southern District of California, and no charges relating to the inducement of AV-17 or the transportation of obscene material will be brought by the Northern District of Illinois. This agreement does not preclude any U.S. Attorney's Office for bringing charges against your client for criminal conduct that is distinct from that set forth in the Statement of Facts. For example, if the investigation later revealed that your client had

been engaged in sexual activity with a minor and/or involved in commercial sex acts or money laundering, this agreement would not preclude a prosecution for those crimes.

### 4. Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties have agreed on certain applicable guidelines and enhancements: U.S.S.G. § 2A3.1(b)(1) (base offense level), U.S.S.G. § 3C1.1 (obstruction of justice), and U.S.S.G. § 3A1.1(b)(1) (vulnerable victim enhancement) for AV-7. The defendant agrees that if the Court applies the four-level enhancement for administering a substance or intoxicant without AV-7's knowledge, the two-level adjustment for AV-7's vulnerability will still apply, as her vulnerability is predicated on facts separate from the four-level enhancement. The parties disagree as to the applicability of three sentencing enhancements: U.S.S.G. § 2A3.1(b)(1) (administer substance/intoxicant), U.S.S.G. § 3A1.1(b)(2) (large number of vulnerable victims), and U.S.S.G. § 3A1.1(b)(1) (vulnerable victim enhancement) for AV-9. The disagreement as to the applicability of the vulnerable victim enhancement for AV-9 does not impact either party's estimated guideline range. The Government recommends that the Court apply the four-point enhancement and the two point U.S.S.G. § 3A1.1(b)(2) large number of vulnerable victim adjustment, as well as the vulnerable victim adjustment under U.S.S.G. § 3A1.1(b)(1) for both AV-7 and AV-9, and determine that the defendant's guidelines (after acceptance of responsibility) are 262-327 months. The defendant recommends that the Court decline to apply the U.S.S.G. § 2A3.1(b)(1) enhancement, the U.S.S.G. § 3A1.1(b)(2) enhancement, and only apply the U.S.S.G. § 3A1.1(b)(1) vulnerable victim enhancement for AV-7 and not AV-9, and determine that the guidelines (after acceptance of responsibility) are 135-168 months. The parties recommended guideline calculations are outlined below.

### Government's Estimated Offense Level Under the Guidelines

The Government proposes that the following Sentencing Guidelines apply to Count One, which is a violation of 18 U.S.C. § 2242(2).

| | | |
|---|---|---|
| U.S.S.G. § 2A3.1 | Base Offense Level | 30 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 2A3.1(b)(1) | Administer substance/intoxicant | +4 |
| U.S.S.G. § 3A1.1(b)(1) | Vulnerable Victim | +2 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| U.S.S.G. § 3A1.1(b)(2) | Large Number of Vuln. Victims | +2 |
| | Total | 40 |

The Government proposes that the following guidelines apply to Count Two, a violation of 18 U.S.C. § 2242(2).

| | | |
|---|---|---|
| U.S.S.G. § 2A3.1 | Base Offense Level | 30 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 2A3.1(b)(1) | Administer substance/intoxicant | +4 |
| U.S.S.G. § 3A1.1(b)(1) | Vulnerable Victim | +2 |
| U.S.S.G. § 3A1.1(b)(2) | Large Number of Vuln. Victims | +2 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| | Total | 40 |

The Government proposes that the following Sentencing Guidelines apply to Count Three, which is a violation of 18 U.S.C. § 1462.

| | | |
|---|---|---|
| U.S.S.G. § 2G3.1 | Base Offense Level | 10 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 2G3.1(b)(3) | Uploaded to iCloud & Comp. Use | +2 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| | Total | 14 |

Multiple Counts – Adjusted Offense Level

| | | |
|---|---|---|
| Count One (AV-7) | 40 | 1 unit |
| Count Two (AV-9) | 40 | 1 unit |
| Count Three (Transportation) | 14 | 0 units |

| | |
|---|---|
| Adjusted Offense Level | 42 |

### Defendant's Proposed Guideline Range

The Defendant proposes that the enhancement applied by the Government in U.S.S.G. § 2A3.1(b)(1) (four points for administering a drug/intoxicant) to both Count One and Two is not applicable and argues that the large number of vulnerable victims enhancement under U.S.S.G. § 3A1.1(b)(2) similarly does not apply. Although it does not impact the estimated guideline range,

the Defendant also proposes that the vulnerable victim enhancement for Count Two (pertaining to AV-9) under U.S.S.G. § 3A1.1(b)(1) is not applicable. The Defendant agrees that this enhancement is applicable for Count One (pertaining to AV-7). Therefore, for the Defendant's Estimated Guideline Range, the Adjusted Offense Level for both of those counts is 36. See below:

The Defendant proposes that the following Sentencing Guidelines apply to Count One, which is a violation of 18 U.S.C. § 2242(2).

| | | |
|---|---|---|
| U.S.S.G. § 2A3.1 | Base Offense Level | 30 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| U.S.S.G. § 3A1.1(b)(1) | Vulnerable Victim | +2 |
| | Total | 34 |

The Defendant proposes that the following guidelines apply to Count Two, a violation of 18 U.S.C. § 2242(2).

| | | |
|---|---|---|
| U.S.S.G. § 2A3.1 | Base Offense Level | 30 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| | Total | 32 |

The Defendant proposes that the following Sentencing Guidelines apply to Count Three, which is a violation of 18 U.S.C. § 1462.

| | | |
|---|---|---|
| U.S.S.G. § 2G3.1 | Base Offense Level | 10 |
| | Specific Offense Characteristics | |
| U.S.S.G. § 2G3.1(b)(3) | Uploaded to iCloud & Comp. Use | +2 |
| U.S.S.G. § 3C1.1 | Obstruction of Justice | +2 |
| | Total | 14 |

Multiple Counts – Adjusted Offense Level

| | | |
|---|---|---|
| Count One (AV-7) | 34 | 1 unit |
| Count Two (AV-9) | 32 | 1 unit |
| Count Three (Transportation) | 14 | 0 units |
| Adjusted Offense Level | | 36 |

### B.     Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Defendant's recommended Estimated Offense Level will be at least 33. The Government's recommended Estimated Offense Level will be at least 39.

### C.     Estimated Criminal History Category

Based upon the information now available to this Office, your client has no prior criminal history.

Accordingly, your client is estimated to have zero criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### D. Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, the Government's proposed estimated Sentencing Guidelines range is 262-327 months (the "Estimated Guidelines Range"). The Defendant's proposed estimated Sentencing Guidelines range is 135-168 months. In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 39 the estimated applicable fine range is $50,000 to $500,000, and at Guidelines level 33, the estimated applicable fine range is $35,000 to $350,000. Your client reserves the right to ask the Court not to impose any applicable fine.

Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Levels (that is 42 for the Government; 36 for the defendant prior to acceptance of responsibility) calculated above in subsection A. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B, and the parties are free to argue that a departure applies.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Government or the defendant'sEstimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5. Agreement as to Sentencing Allocution

The parties agree that a sentence within either the Government or the defendant's Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below either parties' Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above either parties' Estimated Guideline Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

6.      **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty and including but not limited to all conduct related to AV-1 through AV-26 as well as any other victim designated as a crime victim in this case, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties anticipate an evidentiary hearing at the time of sentencing on the applicability of the disagreed-upon sentencing enhancements and reserve the right to present evidence to support or refute the applicability of those enhancements during the hearing. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from either of the parties' Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7.      **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government or defense counsel at the time of sentencing. Your client understands that the Government's recommendation, the defendant's recommendation, and the Sentencing Guidelines are not binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

**8.    Conditions of Release**

Your client acknowledges that, because your client is pleading guilty to an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), the Court is required to order your client to be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

**9.    Waivers**

  **A.    Venue**

Your client waives any challenge to venue in the District of Columbia.

  **B.    Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

  **C.    Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.   Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.   Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### 10.   Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A and 18 U.S.C. § 2248 at the time of sentencing.

The Court shall order restitution to every identifiable victim of your client's offenses. Your client agrees to pay restitution in the amount of $10,000 per victim to AV-1 through AV-26, provided they are identified at or before the time of sentencing. Furthermore, your client agrees that, for purposes of this plea, AV-1 through AV-26 are all victims of the offense and are entitled to the same rights as victims so designated under the Crime Victims' Rights Act ("CVRA"), to include the right to be reasonably heard at the sentencing hearing and the right to full and timely restitution. *See* 18 U.S.C. § 3771. By agreeing to this, your client is not acknowledging that each of these victims would be a victim of a federal offense, nor is your client agreeing that these victims would be so designated should this case go to trial. Similarly, by agreeing to the terms of this plea, the Government does not concede that federal offenses do not exist for these victims, nor does it concede that the victims would not be victims under the CVRA should this case go to trial. In addition, your client agrees to pay restitution to any other victim that he recorded/photographed nude while that victim was unconscious, provided that victim is identified at or before the time of sentencing, and further agrees that they are crime victims in this case and entitled to the rights as victims so designated under the CVRA. Your client understands that these victims still maintain a right to request a larger amount of restitution from the Court, and that the agreed upon payment to each victim is the minimum amount due.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov.

Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

## 11. Forfeiture

The United States and your client hereby agree that the electronic devices seized from your client and currently in the custody and/or control of the FBI, were properly seized and were involved in or used in violation of Federal law by your client. The United States and your client further agree that the firearms recovered from your client's storage facility in Northern Virginia will either be forfeited or, if they do not belong to your client, will be released to their rightful owners.

Your client agrees that this property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of his interest in this property by the United States. See 18 U.S.C. § 2428. As such, your client hereby relinquishes all claim, title, and interest he has in the above-listed property to the United States and consents to the civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to notice provided for in 18 U.S.C. § 983 and Rule 32.2 of the Federal Rules of Criminal Procedure. Your client also hereby consents to the property's destruction by, and/or abandonment to, the law enforcement agency. Your client certifies that he is the sole owner of the property and that no one else has an ownership interest in this property.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 12. Sex Offender Registration

Your client acknowledges and agrees that, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 34 U.S.C. §§ 20911(1), and 20915, your client is required to register as a sex offender for the remainder of his life, and to keep the registration current in jurisdictions where your client resides, where your client is employed and where your client is a

student. Your client understands that the requirements for registration include providing your client's name, residence address, and the names and addresses of any places where your client will be employed or a student, among other information. Your client understands that should your client knowingly fail to comply with your client's obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, your client could be prosecuted for the offense of failure to register as a sex offender and subject to a term of up to ten years imprisonment, a fine or both. Your client further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with your client's obligations under the Sex Offender Registration and Notification Act could subject your client to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### 13.   **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 14.   **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such

agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, an Assistant United States Attorney for the District of Columbia, and a Trial Attorney with the Human Rights and Special Prosecutions Section of the U.S. Department of Justice.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and the Human Rights and Special Prosecutions Section of the U.S. Department of Justice. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office other than those offices which are specifically referenced above, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than May 28, 2021.

Sincerely yours,

*Teresa McHenry*
Teresa McHenry, Chief
Human Rights and Special Prosecutions Section
Criminal Division
U.S. Department of Justice

*Channing D. Phillips / JSL*
Channing Phillips
Acting United States Attorney

By: *Jamie Perry*
Jamie B. Perry, Trial Attorney
Human Rights and Special Prosecutions Section

*April Russo*
April N. Russo
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys, Jon Jeffress, Courtney Forrest, and John Marston. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 5/27/21

Brian Jeffrey Raymond
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Brian Jeffrey Raymond, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I have no concerns as to my client's competence to enter into this agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 5/27/21

Courtney Forrest, Esquire
Jon Jeffress, Esquire
John Marston, Esquire
Attorneys for Defendant