# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 1:21-cr-380 (CKK)** |
| ) | |
| **BRIAN JEFFREY RAYMOND,** ) | |
| ) | |
| **Defendant** ) | |

## CONSENT MOTION TO VACATE FILING DEADLINES AND SENTENCING DATES

The United States of America, by and through the undersigned attorneys, respectfully files this Consent Motion to Vacate Filing Deadlines and Sentencing Dates. The Government and the defendant agree that there is good cause to vacate the upcoming filing deadlines and dates for the evidentiary and sentencing hearings. The Government and the defendant further agree that a status hearing is necessary to discuss a new schedule for the outstanding preliminary sentencing matters and to ensure that the attorney conflict issue, and the defendant's subsequent decision to change counsel, is stated on the record. In support thereof, the government states as follows:

1. On October 31, 2021, the Government alerted the Court to a potential conflict issue relating to three of the defendant's four attorneys. On November 2, 2021, this Court held a telephone conference and subsequently ordered the Government and the defendant's non-conflicted counsel, John Marston, to meet with the conflicted attorneys to determine how to proceed. The Court appointed conflict-counsel on November 5, 2021, to advise the defendant as to the conflict issue. On November 17, 2021, the Government learned from Mr. Marston that the defendant has chosen not to waive his right to conflict-free counsel and has decided that Mr. Marston, along with two new attorneys (not yet

1

attorneys of record in the case), will represent him for sentencing.

2. Mr. Marston began participating in the defendant's case in or around March 2021 and entered his appearance in July 2021. He is not named on the protective order provision pertaining to the explicit materials or the protective order pertaining to classified information, and he does not currently have a security clearance to view the classified materials in this case. To the Government's knowledge, the two additional attorneys the defendant intends to retain do not have security clearances. Accordingly, the parties anticipate a delay to allow counsel to obtain the appropriate clearances as well as review the voluminous unclassified discovery in the case.

3. The Government's psychological report is currently due on November 19, 2021. Both parties' Classified Information Procedures Act ("CIPA") motions are due on November 22, 2021. The Presentence Report ("PSR") is due from Probation shortly thereafter. The Court's determination on CIPA issues is anticipated on or about December 21, 2021. Sentencing memoranda are currently due on January 7, 2021. A five-day evidentiary hearing is scheduled to begin on January 31, 2021, and the sentencing hearing is scheduled to begin immediately thereafter, on February 7, 2021. Given the expected delays arising from the defendant's change in counsel, these dates are no longer viable. For example, the Government's psychological expert was scheduled to evaluate the defendant on November 3, 2021, but the evaluation had to be canceled due to the unresolved attorney conflict issue. Additionally, the Government and prior cleared counsel had come to an informal agreement on some of the summaries and substitutions included in the Government's anticipated CIPA filing. Until Mr. Marston and new counsel are cleared, we cannot discuss the materials to know whether those agreements

will stand.

4. As noted several times throughout the proceedings in this case, the Government has a significant interest in scheduling new dates for the evidentiary and sentencing hearings that are unlikely to change. The government expects that upwards of 20 victims will attend the evidentiary and/or sentencing hearings, and travel logistics are therefore complex. More importantly, changes in the schedule tend to cause significant distress to the many of the victims in this case. As such, the Government recommends that the Court schedule a status hearing for the week of November 29 to discuss deadlines for some of the preliminary matters, such as the psychological report. A status hearing is also necessary for the defendant to state his decision regarding the attorney conflict issue on the record. The Government would suggest that dates for the evidentiary and sentencing hearings be scheduled only once there is a realistic estimate as to defense counsel's security clearances and resolution of the CIPA issues.

Wherefore, the parties respectfully request that the Court vacate all upcoming filing deadlines and hearing dates and schedule a status hearing the week of November 29.

Respectfully submitted this 19th day of November, 2021.

| | |
|---|---|
| KENNETH A. POLITE, Jr.<br>Assistant Attorney General | MATTHEW M. GRAVES<br>United States Attorney |
| By:  /s/<br>Jamie B. Perry<br>MD Bar No: 1012160031<br>Danielle Hickman<br>CA Bar No: 193766<br>Trial Attorneys<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 307-3262<br>Jamie.Perry@usdoj.gov | By:  /s/<br>April Russo<br>P.A. Bar No. 313475<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-1717<br>April.russo@usdoj.gov |