IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATE OF AMERICA,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BRIAN JEFFREY RAYMOND,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CRIMINAL NO. 1:21-cr-00380-CKK
⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

**DEFENDANT'S NOTICE REGARDING STATUS OF CASE AND POSITION ON
SCHEDULING OF FURTHER PROCEEDINGS**

The Defendant, Brian Jeffrey Raymond, by and through his attorneys, hereby respectfully

provides this notice to the Court concering the status of the case and the scheduling of further

proceedings. Mr. Raymond states as follows:

On March 21, 2022 the Court ordered the United States and Mr. Raymond (the "Parties")

to provide the Court notice of when the Parties would meet and confer regarding the status of

classified discovery.  The Parties notifed the Court that they would meet and confer for that

purpose on March 28, 2022.  The Court further ordered the Parties to provide a joint status report

no later than April 5, 2022, informing the Court regarding the date by which the parties would

submit a proposed scheduling order with respect to sentencing and related hearings.  The parties

are unable to agree on language for inclusion in a joint status report, and accordingly Mr. Raymond

submits this separate Notice to inform the Court of the status of the matter from his perspective.

The parties met and conferred as planned on March 28, 2022.  The parties discussed the

status of classified discovery at length, as directed by the Court.  Counsel for Mr. Raymond

remains without access to certain classified material (both because of clearance level, and because

of agency-initiated redactions[1]).  Based upon counsel's review of discovery to date, it appears

likely that a period of time is necessary to review this discovery[2] (including to secure final security

clearances to review certain evidence), for potential discovery-related motions practice before the

Court, and for potential litigation with a government agency over access to evidence.  Moreover,

counsel for the government continues to produce information that must be fully reviewed by Mr.

Raymond's counsel – the latest production of significant material was on Friday, March 25, 2022

which included memoranda of interviews from the previous fall.  Counsel for the Parties continue

to discuss and identify potential other discovery necessary before this case can go forward.

Even more critically, however, at the March 28, 2022 conference, counsel for Mr.

Raymond informed government counsel that it had learned, through its review of discovery thus

far, that it appears the seizure and subsequent search of Mr. Raymond's cellular telephones violated

Mr. Raymond's Constitutional rights, because in repeatedly attempting to execute the seizure, the

agents re-executed an already-executed search and seizure warrant, and they also improperly

obtained Mr. Raymond's passcodes to unlock his phones and icloud account after he said he would

not provide those codes without first consulting counsel.  Counsel for Mr. Raymond further

informed government counsel that this information had just recently come to light and that Mr.

Raymond, prior to the entry of his plea in this matter, had not been informed of the potential

Constitutional frailties in the government's search and seizure of his phones, nor the potential

---

[1] Government counsel has notified counsel for Mr. Raymond that they have full, and unfettered access to the materials, and even after counsel for Mr. Raymond obtains security clearances, the materials will continue to be redacted to counsel for Mr. Raymond but *not* counsel for the government.  The only response the government has given as to this inequity is that "Mr. Raymond should know what was redacted."

[2] On March 25, 2022, the government produced an additional 3,000 pages of discovery.  While counsel for Mr. Raymond is still reviewing this discovery, we cannot be certain as to what else may be produced and are not confident the government has produced all documents.

impact that could have on the available evidence in this case[3].

In light of the significant discovery and constitutional issues now apparent in this matter, Mr. Raymond requests that the Court permit until June 15, 2022 to file a further notice with the Court concerning the status of this case and whether further proceedings consistent with the plea agreement should be set or whether additional time is needed for the Parties to address the issues.

Respectfully submitted this 5th day of April, 2022.

| /s/ | /s/ |
|---|---|
| Denise E. Giraudo (D.C.499348) | John Marston (D.C. 493012) |
| A. Joseph Jay III (D.C. 501646) | FOLEY HOAG LLP |
| SHEPPARD, MULLIN, RICHTER & | 1717 K Street NW |
|   HAMPTON LLP | Washington, D.C. 20006 |
| 2099 Pennsylvania Avenue, NW | (202) 223-1200 |
| Washington, D.C. 20006 | jmarston@foleyhoag.com |
| (202) 747-1900 | |
| jjay@sheppardmullin.com | |
| dgiraudo@sheppardmullin.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing motion upon government counsel by filing it with the Court's Electronic Case Filing ("ECF") System.

/s/
Denise E. Giraudo

---

[3] Counsel for Mr. Raymond believe that if the search and seizure of the cellular telephones is deemed to have violated Mr. Raymond's Constitutional rights, virtually all evidence against Mr. Raymond would be excluded as fruit of the poisonous tree.