IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| BRIAN JEFFREY RAYMOND | : Criminal No. 1:21-cr-00380-CKK |
| | : |
| Defendant. | : |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant Brian Jeffrey Raymond, through undersigned counsel, respectfully submits this Reply in support of Mr. Raymond's Motion to Compel the government, pursuant of Federal Rule of Criminal Procedure 16 and applicable case law, to produce the identities of the complainants against Mr. Raymond and their last known addresses and/or locations.

The government's Opposition fails to address the key facts and law of the Motion: that Mr. Raymond has demonstrated a clear and compelling need for the information sought, and that case law firmly supports the Court ordering the government to provide this information forthwith. Instead of taking on Mr. Raymond's Motion directly, the government's Opposition contains cases not on point, cases that describe disclosure of FBI and other government informants, and attempts to contort the law in its favor by citing such inapposite cases. It does not – and cannot – do so successfully. Instead, as the Motion (and this reply) make clear, Mr. Raymond has made the required showing to obtain the names and addresses of the complainants – the very people who have accused him of wrongdoing – so that defense counsel can prepare for sentencing and/or other contested hearings in this case. It is not enough, as the government suggests, to reveal what an unknown witness or witness with a pseudonym has told the FBI;

1

rather, due process and simple fairness require that defense counsel be permitted to conduct appropriate investigative diligence as to the reliability, credibility, and integrity of these complainants – and to thus zealously represent Mr. Raymond at all stages of this criminal prosecution, including to effectively prepare for cross-examination of his accusers at sentencing or any other hearing. Indeed, the government has not cited a single case holding otherwise but instead attempts to confuse the Court with cases that do not opine on the relief sought in this Motion.

In summary, first, Mr. Raymond has shown a particularized need for the complainants' identities and locations. The government's case – both on the merits of the charges and the sentencing issues contemplated in the plea agreement – relies almost exclusively on the testimony, credibility, and reliability of the complainants, many of whom Mr. Raymond is unable to identify. Without this information, Mr. Raymond's counsel is unable to conduct *any* investigation into the reliability, credibility and/or integrity of these critical witnesses. Failing to provide this information places defense counsel in the unenviable (and constitutionally dubious) position of defending Mr. Raymond with a hand tied behind their backs.

Second, even under the caselaw the government cites in opposition, Mr. Raymond has established a compelling need for this information because the defense's need to prepare, effective cross-examination, and an expedient hearing all support this intrinsically reasonable request. Moreover, any concerns about witness intimidation are ameliorated by the protective order in place and the fact that Mr. Raymond remains in custody.

Third, the government has failed to offer *any* legitimate basis for denying Defendant's Motion. Instead, government's Opposition contains a nearly 10 page laborious recitation of the

2

allegations while providing scant legal argument or citation of relevant case law to support its position.

Therefore, for the reasons stated herein as well as those in Mr. Raymond's Memorandum in Support, the Court should grant Mr. Raymond's Motion and compel the government to produce the identities of the complainants against Mr. Raymond and their last known addresses and/or locations.

## Argument

**A.     Mr. Raymond is Entitled to the Complainants' Identities Under Fed. R. Crim. P. 16(a)(1)(E)**

The government misleads the Court by citing to the standards of Fed. R. Crim. P. 16(a)(2); however, the basis of Mr. Raymond's request is rooted in Fed. R. Crim. P. 16(a)(1)(E). Under that section, the government must permit the defendant to copy documents that are "within the government's possession, custody, or control" and are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). Information is material to preparing the defense, "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Karake*, 281 F.3d 302, 309 (D.D.C. 2003).

Here, Mr. Raymond has shown that the identities of the complainants are material to preparing the defense. The primary allegations that matter in this case will inherently come from the complainants and similar witnesses. Not knowing who these people are and where they are located severely undermines the defense's ability to determine the veracity of any testimony they may offer and/or potentially bring forward the many complainants or other witnesses who directly contravene the government's presentation of evidence or to effectively cross-examine these complainants.

Further, since the government has failed to controvert or address in any manner Mr. Raymond's entitlement to the names of the complainants under Fed. R. Crim. P. 16(a)(1)(E), the Court should find that this point is conceded. Thus, on this basis alone, Mr. Raymond is entitled to the information requested.

> **B.  The Caselaw Cited By the Government Does Not Justify Withholding the Complainants' Identities.**

Moreover, the government's conclusion that "law in this Circuit similarly rejects the defendant's argument that he is entitled to the victims' names and contact information." (Opp. p. 13) is baseless.[1] None of the cases cited by the government address the circumstances presented here. Indeed, in each case the government cites, the justifications for withholding witness identities were protecting confidential informants and/or the violent nature of the offense at issue. *See, e.g.*, *United States v. Bolden*, 514 F.2d 1301, 1312 (D.C. Cir. 1975) (withholding witness identities was justified by "the refusal of [defendant's] counsel to accept any material under a protective order … coupled with evidence of threats against witnesses."); *United States v. Martinez*, 764 F. Supp. 2d 166, 169 (D.D.C. 2011) (withholding witness identities was justified by safety concerns for government informants in the drug community, and the fact that "the government and defendant both acknowledge that defendant likely already knows the identities of most of the confidential informants"); *United States v. Pray*, 764 F. Supp. 2d 184, 189–90 (D.D.C. 2011) (withholding witness identities was justified because defendant was accused of arranging the murder of a witness who intended to testify against him); *United States v. Edelin*, 128 F. Supp. 2d 23, 31 (D.D.C. 2001) (same).

Simply put – these cases are inapposite and the government uses them to try and twist the law to say something that it plainly does not say. As discussed in greater detail below, the

---

[1] "Opp." refers to the government's Opposition to Defendant's Motion to Compel Discovery.

privilege associated with protecting confidential informants is not at issue here (there are none). Moreover, Mr. Raymond is not accused of threatening any prospective witness. He is incarcerated in the D.C. Jail and, as such, cannot harm anyone, let alone a prospective witness. As such, the caselaw cited by the government does not support withholding this necessary information.

This is not merely a case where the defendant is seeking the identities of those who will testify against him as the government rather conveniently attempts to contort the motion. Rather, without the requested information, Mr. Raymond is not even fully informed of the offenses he is accused of committing.[2] Moreover, Mr. Raymond must be permitted to conduct his own investigation of the circumstances surrounding what complaining witnesses say they recall occurred (or, did not occur), and prepare and present such evidence to the Court. The redacted memoranda of government-led interviews provided presents only one side of the story; Mr. Raymond must be permitted to investigate and present a defense – a right guaranteed to him under the Constitution.

C. **Defendant Has Established A Compelling Need For The Requested Information.**

The government concedes that Mr. Raymond's motion to compel should be granted upon a showing of "compelling need." (Opp. p. 14) (citing *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 35 (D.D.C. 2000)). "Preparation for trial, effective cross-examination, expediency of trial, possible intimidation of witnesses, and the intrinsic reasonableness of the request are among the factors a court may consider in deciding whether to exercise its discretion to allow discovery." *United States v. Madeoy*, 652 F. Supp. 371, 375, (D.D.C. 1987).

---

[2] While the government attempts to get around Mr. Raymond's compelling need for this information by suggesting that it has provided memoranda of interviews of the complaining witnesses (notably, as required by Rule 16), that information alone is insufficient for Mr. Raymond to prepare his defense. Mr. Raymond is entitled to know *who* is making complaints against him; the Constitution, the Confrontation Clause, and the Due Process Clause *require* the government to provide this information, and to do so immediately.

Each of those factors weigh in favor of disclosure here. Contrary to the government's assertions, Mr. Raymond has clearly articulated why the identities of the complainants are necessary for the preparation for his defense. Here, the government's case will rely heavily on the testimony of the complainants which will concern events that occurred over the course of many years and in several countries. Given the large number of potential witnesses and the lack of clarity about who these people are, the defense is extremely limited in its ability to prepare for trial or in this case the contested sentencing hearing. Further, without their identities, the defense will be unable determine the veracity of the allegations made by any of the complainants. Thus making effective cross-examination impossible. These limitations on the defense's ability to effectively prepare and cross-examine witnesses are unlikely to result in an expedient trial or sentencing hearing. There is also no possibility that the defendant will intimidate any witness here. Mr. Raymond – who is alleged to have acted alone – remains incarcerated. Last, this request is eminently reasonable. Simple fairness, coupled with Constitutional protections for fair hearings and a fair sentencing demand that Mr. Raymond be provided with this critical evidence. Instead, the government has attempted to use inapposite case law to deny Mr. Raymond what are essentially the keys to its case against Mr. Raymond – the identities of those accusing him of misconduct.

Importantly, the caselaw cited by the government, holds that disclosure was warranted in similar circumstances. In *United States v. Madeoy*, the court compelled the discovery of the identity of witnesses due to the large number of potential witnesses involved and the lack of potential intimidation of the witnesses. *See* 652 F. Supp. at 376, (D.D.C. 1987) ("In view of the very large number of witnesses and documents involved in this case, the intrinsic reasonableness of the request, and the extreme lack of likelihood of witness intimidation, the Court concludes that defendants have established a compelling need for the government's witness list."). Similarly, there are a large number of complainants in this case and there is no chance of witness intimidation because Mr. Raymond remains in custody. As such, the facts of this case warrant disclosure of the complainant identities.

The cases cited by the government involve complete failures to identify the basis for the discovery sought. *See e.g. United State v. Cannone,* 528 F.2d 296, 301-302 (2d. Cir. 1975) (holding that the district court "committed reversible error in sustaining without meaningful explanation the defense's motion for pretrial discovery of the identity of the government's witnesses."); *United States v. Morrow*, No. CRIM.A. 04-355CKK, 2005 WL 3163806, at *5 (D.D.C. Apr. 13, 2005) ("Problematically, both Government and Defendants lack specificity in their filings, and fail to enter into a discussion about what informant identities remain at issue."). Unlike those cases, the defense here has clearly articulated the need for the requested information: without complainant identities, counsel is wholly unable to conduct any investigation into the reliability, credibility, or other matters related to the complainants, nor can counsel seek to marshal the helpful facts that would support Mr. Raymond's defenses to the significant sentencing enhancements sought by the government.[3]

### D. *None* of the Circumstances Presented Here Weigh Against Disclosure.

As described in Defendant's Motion, courts typically uphold a refusal to disclose the identities of alleged victims where there is a possibility that physical harm will come to the victims, they will be discouraged from testifying, or there is a potential for unwanted publicity and/or reputational harm. None of these considerations is present here due to the fact that Mr. Raymond remains in custody and there is a protective order already in place which limits disclosure of all unclassified discovery to Mr. Raymond's legal defense team. (Dkt. 91). Disclosure is to Mr. Raymond's family members, friends and known associates is explicitly prohibited. (*Id.*).

---

[3] Notably, the government can point only to the accounts of these complainants as evidence of the conduct leading to their proposed sentencing enhancements. Despite a years-long search for *any* proof that Mr. Raymond acquired or used Ambien or other intoxicating drugs on an alleged complainant, including subpoenas to pharmacies around the country, the government has failed to identify a single piece of paper with any such proof. Instead, the defense anticipates it will rely on the accounts of the complainants, accounts which must be investigated by the defense so that it may test their reliability and credibility in Court. As the Court is aware, the future of Mr. Raymond's life is at stake; simple fundamental fairness requires access to this critical information.

Despite these clear protections, the government attempts to create new theories of "harm" that are unsupported by either caselaw or the circumstances present here. To that end, first, the government asserts that the complainants would "suffer harm" in the event that they receive any contact from Mr. Raymond's legal representation, not Mr. Raymond himself, or merely by knowing that Mr. Raymond is aware of who they are. This is not the sort of "harm" considered in the case law. Rather, the cases cited by the government involve concrete threats to the witnesses' lives by the defendants themselves. In *United States v. Pray*, the court found that the government was justified in its refusal to provide witness names in advance of trial because the defendant and members of his organization were accused murdering a witness to prevent her from testifying against defendant. 764 F. Supp. 2d 184, 190 (D.D.C. 2011).  No such threat of violence exists here. Mr. Raymond is not accused of any similarly violent offense, he is not alleged to have any accomplices, and he remains in custody. Moreover, caselaw does not indicate that mere "awareness" is a sufficient threat to deny Mr. Raymond and his counsel this information.

Second, the government contends that Mr. Raymond has interfered with the judicial process. The government does not deign to describe how Mr. Raymond has interfered with the judicial process. However, Mr. Raymond has not been accused of the type of interference that typically supports withholding witness identities. For example, in the case cited by the government, *United States v. Edelin*, the finding of dangerousness/willingness to interfere with the judicial process was supported by the fact that the defendant was accused of arranging/attempting to arrange the murders of several potential witnesses against him, including his co-defendant. 128 F. Supp. 2d 23, 30 (D.D.C. 2001).  Again, Mr. Raymond is not charged with similarly egregious or violent attempts to interfere with judicial process nor is he capable of doing so since he remains in custody.  Any comparison of this sort of "interference" to Mr. Raymond is beyond the pale.

Last, while the complainants may have concerns about the defense learning their identities, there is simply no factual basis that explains why these concerns are not adequately addressed by the

8

facts that Mr. Raymond – who is alleged to have acted alone – is in custody at the D.C. Jail, and a protective order in place. Indeed, these complainants have made serious and potentially life-changing allegations against Mr. Raymond. Fundamental fairness demands that Mr. Raymond (a) know who they are; and (b) be permitted to conduct whatever investigations are necessary into their credibility, reliability, and integrity. His life depends on it.

## CONCLUSION

As detailed herein and in Defendant's Motion, Mr. Raymond has shown a compelling need for the requested information. The government has failed to adduce any facts or caselaw that militate against disclosing the complainant's identities in these circumstances. Thus, Mr. Raymond respectfully moves this Court to compel the Government to produce the identities of the complainants and their last known addresses, contact information, or location forthwith.


Dated: April 21, 2022        Respectfully submitted,

s/John Marston
John Peter Marston
FOLEY HOAG, LLP
1717 K Street, NW
Washington, DC 20006
(202) 261-7321
Fax: (202) 785-6687
jmarston@foleyhoag.com

s/A. Joseph Jay III
A. Joseph Jay III (D.C. No. 501646)
Denise Giraudo (D.C. No. 499348)
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 747-1900
JJay@sheppardmullin.com
DGiraudo@sheppardmullin.com

*Counsel for Brian Jeffrey Raymond*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this **21** day of April, 2022, I filed the foregoing using the Court's CM/ECF system which gave notice to all counsel of record.

　　/s/A. Joseph III　　

**A. Joseph Jay III**