**Exhibit L**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| BRIAN JEFFREY RAYMOND | : Criminal No. 1:21-cr-00380-CKK |
| | : |
| Defendant. | : |

## DECLARATION OF JOHN P. MARSTON

I, John P. Marston, being first duly sworn upon oath, depose and for my declaration state as follows:

1. I have personal knowledge of the facts set forth in this declaration, and all statements are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify as the truthfulness of these facts.

2. I am an adult resident of the United States and competent to testify to the matters stated herein.

3. From in or around mid-February 2021 to the present, I have represented the Defendant, Brian J. Raymond in this case, along with, for part of that time, Mr. Jonathan Jeffress, Ms. Courtney Forrest, and others at their firm.

4. From mid-February 2021 through the remainder of the time Mr. Jeffress and Ms. Forrest were on this case, I was instructed to play a secondary role on the defense team, and not to spend time reviewing discovery material, which would remain the role of Ms. Forrest and her colleagues.

5.  During my initial time on this case, I discussed with Mr. Jeffress and Ms. Forrest the photographic and video evidence in this case. While I was not asked to review, and did not review, such evidence, I gained an understanding that this evidence was the most critical evidence in the case. I understood that the source of this evidence was a search and seizure warrant executed on Mr. Raymond's cell phone. I further understood that the warrant and search and seizure had been reviewed for legal issues, and that the conclusion had been reached that there were no viable issues to pursue with respect to the warrant and search and seizure of Mr. Raymond's phone or the photographic and video evidence resulting from it.

6.  For the above reasons, prior to Mr. Raymond signing a plea agreement or entering a guilty plea before the Court, I did not review the materials related to the actual manner in which the government seized Mr. Raymond's cell phones on June 6, 2020, to include audio files, video files, transcriptions, agent notes, and agent memoranda. During that time I further did not discuss with Mr. Raymond the manner in which the government seized Mr. Raymond's cell phones on June 6, 2020. During that time I also did not discuss with the government any potential issues with regard to the seizure of Mr. Raymond's cell phones on June 6, 2020. I was also not aware of any such discussions occurring with the government prior to my time on this case.

7.  Subsequently, in March 2022, I and my current co-counsel did have access to, and reviewed, the materials related to the manner in which the government seized Mr. Raymond's cell phones. On March 28, 2022, I and my current co-counsel raised with the prosecution in this case several issues surrounding those materials.

8.  Based upon review of the constitutional issues presented by the manner in which agents executed the seizure and search warrant on Mr. Raymond's phones, as well as research

into those issues including vetting of that research and those issues with several other experienced law enforcement and legal professionals, I confirm that had I been aware of these issues prior to Mr. Raymond entering his guilty plea, I would have recommended to Mr. Raymond (as I am now recommending) that he not plead guilty but instead proceed to trial in this case.

I declare under penalty of perjury that the foregoing information is true and correct.

Dated: April 28, 2022

_____
John P. Marston