IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN JEFFREY RAYMOND, ) | |
| ) CRIMINAL NO. 1:21-cr-00380-CKK | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S EMERGENCY MOTION TO SEAL DEFENSE EXHIBITS**

The Defendant, Brian Jeffrey Raymond, by and through his attorneys, hereby respectfully opposes the Government's Emergency Motion to Seal Defense Exhibits (the "Motion"). In support of this oppsition, the Defendant states as follows:

The government fundamentally misapprehends and misreads the Amended Protective Order Governing Unclassified Discovery, Dkt. No. 98 (the "Protective Order"), in this matter. The operative provision of the Protective Order is paragraph 6 which provides, "No party shall disclose in open court or *public fiings* the names of the victims, usernames or group names at issue in this case without prior consideration by the Court." Dkt. No. 98 at ¶ 6 (emphasis added). It is this paragraph, and not paragraph 3, that is determinative of what information should not be filed on the Court's public docket. Undersigned counsel noted to the government prior to the filing of the Motion that paragraph 6 specifically dealt with public filings on the Court's docket; nonetheless, the government failed to address this paragraph in its Motion or to explain why this paragraph, which deals specifically with court filings, was inapplicable as to these exhibits[1].

---

[1] Counsel notes that prior to filing the Motion, the government contacted defense counsel to ascertain defense counsel's position on these matters. In that correspondence, the government indicated it would seek to seal four exhibits to Defendant's Motion to Withdraw Guilty Plea (Exhibits C, N-1, N-2, and P), and that it would seek a redaction on additional exhibit (Exhibit

1

Nothing precludes Mr. Raymond from filing any of the exhibits to his Motion to Withrdaw Plea of Guilty (as redacted). None of the complainant statements contain any "names" or any personally-identifiable information for any complainant. And Mr. Raymond is permitted to use the unclassified discovery in this matter "in connection with the defense of this case." *Id.* at ¶ 1.

Under the government's contorted reading of the Protective Order, no party would be able to file *any* portion of the unclassified discovery on the Court's public docket unless it sought concurrence of the parties or permission of the Court. That is simply not what the Protective Order states, and the government admits as much by seeking to seal only select exhibits rather than all of the exhibits Mr. Raymond filed. Unclassified discovery materials are routinely filed on the Court's public dockets so long as they are properly redacted, if necessary. To require agreement of the parties or an Order of the Court would overburden the Court and deprive criminal defendants of their constitutional right to an open trial.

The government has not identified any provision or rule, including within the Protective Order, requiring the sealing of statements of complainants or the other materials it now seeks to seal. It points to no case law, no Fed. R. Crim. P., no local rule or authority, and none exists. The government is asking the Court to seal non-classified material highly relevant to a public motion filed on this Court's docket, which does not contain personally identifying information. The government's request is extraordinary and extra-legal, but it should receive a very ordinary disposition: denial.

Accordingly, Mr. Raymond respectfully requests that the Court deny the government's motion in its entirety.

---

O). In its Motion to seal, the government now seeks to have 6 of the exhibits sealed (Exhibits A, C, N-1, N-2, O, and P). For the reasons stated in this opposition, the Court should deny the Motion as to all of the exhibits.

Respectfully submitted this 2nd day of May, 2022.

| /s/ | /s/ |
|---|---|
| A. Joseph Jay III (D.C. 501646) | John Marston (D.C. 493012) |
| Denise Giraudo | FOLEY HOAG LLP |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | 1717 K Street NW |
| 2099 Pennsylvania Avenue, NW | Washington, D.C. 20006 |
| Washington, D.C. 20006 | (202) 223-1200 |
| (202) 747-1900 | jmarston@foleyhoag.com |
| jjay@sheppardmullin.com | |
| dgiraudo@sheppardmullin.com | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion upon government counsel by filing it with the Court's Electronic Case Filing ("ECF") System.

/s/
A. Joseph Jay III