UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-CR-380-CKK |
| | ) | |
| BRIAN JEFFREY RAYMOND, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO SEAL**

On April 29, 2022, Defendant Brian Raymond filed, though counsel, a motion to withdraw his guilty plea, including numerous exhibits taken from the discovery materials in this case. *See* Dkt. No. 119. The contents of at least one of those publicly filed exhibits, a portion of a sealed search warrant affidavit containing a redacted photograph of a victim, have since been broadcast over the internet.[1] Predictably, this is already causing great distress to some of the victims and witnesses.

Whatever the defense's interpretation of the consent protective order, surely it covers interviews of victims in a pending case wherein the statements describe in explicit detail alleged abuse, *see, e.g.,* No. 119-14, and it must cover a sealed search warrant affidavit containing a picture of a victim, *see* Dkt. No. 119-1. The fact that counsel did not even confer with the government or with the Court regarding their obligations under the protective order in this case before publicly filing their exhibits is inconceivable given the sensitive nature of the materials. The government does not seek to limit the defendant's ability to use discovery "in connection with the defense of his case,"[2] *see* Dkt. No. 121 at 2 (citing consent protective order, Dkt. No. 98), nor prohibit his

---

[1] In the interest of protecting the victims' privacy in this case, the government does not specifically provide web links in this pleading; however, the government can provide to the Court under separate cover.

[2] Indeed, the protective order balances the government's legitimate concerns and obligations with its desire to quickly pass discovery and not unduly limit any defendant's ability to fully review and assess that discovery.

1

"constitutional right to an *open trial*," see Dkt. No. 121 at 2 (emphasis added). What the government does seek to do, however, is assert the victims' rights to be treated with fairness and with respect for their dignity and privacy[3] *throughout the proceedings* – their right to be protected from the exact exposure that has unfortunately and needlessly occurred in this case.

It is of course true that this Court has "vast" discretion to "assure that a defendant's right to a fair trial [is] not overridden by the confidentiality and privacy interests of others." *United States v. O'Keefe*, No. 06-0249 (PLF), 2007 WL 1239204, at *2 (citing CHARLES ALAN WRIGHT, 2 Federal Practice and Procedure § 258 (3d ed. 2000). However, "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). A pending sexual assault case involving multiple victims and where there remain several outstanding legal and evidentiary issues warrants additional layers of protection. *See* Crime Victims' Rights Act, 18 U.S.C. § 3771; *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). This is especially true where the covered materials contain victim and witness information of a deeply personal nature from the "traumatic and vulnerable time" surrounding the commission of a violent crime. *Dixon*, 355 F.Supp.3d at 5.[4]

While the government stands by its interpretation of the protective order, the government is willing to confer with defense and even potentially modify the protective order so that, moving forward, there are no misunderstandings regarding its parameters. The government is not willing to concede that the Crime Victims' Rights Act requires anything less than the reasonable protection

---

[3] *See* 18 U.S.C. § 3771(a)(8).

[4] The *Dixon* Court was analyzing whether to grant a protective order for body worn camera capturing a victim interview shortly after the offense.

afforded by placing a few exhibits under seal. This request is not "extraordinary" (Dkt No. 121 at 2); it is a legitimate one, and this Court has the discretion to limit "criminal defendants' uses of sensitive discovery materials." *Dixon*, 355 F. Supp. 3d at 7.

The government notes that the following exhibits have been temporarily removed from the public docket: Docket Entries 119-1 (Exhibit A), 119-3 (Exhibit C), 119-14 (Exhibit N-1), 119-15 (Exhibit N-2), 119-16 (Exhibit O), and 119-17 (Exhibit P). The government respectfully requests that defense counsel re-file Docket Entries 119-1 (Exhibit A), 119-3 (Exhibit C), 119-14 (Exhibit N-1), 119-15 (Exhibit N-2), and 119-17 (Exhibit P) under seal. As previously indicated, the government will confer with defense counsel on a version of 119-16 (Exhibit O) that could be re-filed on the public record.

|  |  |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General | MATTHEW M. GRAVES<br>United States Attorney |
| By:      /s/     <br>Jamie B. Perry<br>MD Bar No: 1012160031<br>Danielle L. Hickman<br>CA Bar No: 193766<br>Trial Attorneys<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 307-3262<br>Jamie.Perry@usdoj.gov<br>Danielle.Hickman@usdoj.gov | By:      /s/     <br>Angela N. Buckner<br>DC Bar #1022880<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2656<br>Angela.Buckner@usdoj.gov |