UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRIAN JEFFREY RAYMOND,
  Defendant.

Criminal No. 21-cr-0380 (CKK)

## ORDER
(May 9, 2021)

Pending before this Court is the Government's [120] Emergency Motion to Seal Defense Exhibits ("Govt. Mot."); Defendant's [121] Opposition to the Government's Motion to Seal Defense Exhibits ("Def.'s Opp'n"); and the Government's [122] Reply ("Govt. Reply"). The Government requests that several exhibits attached to the Defendant's [119] Motion to Withdraw Guilty Plea be filed under seal. The Government's Motion was filed on May 2, 2022, and on May 3, 2022, this Court issued a Minute Order directing the Clerk's office to remove from the public docket Exhibits A, C, N-1, N-2, O and P, during the time the parties were briefing this motion and until it was decided by the Court. The Government's Motion is now ripe for consideration by this Court.

As a preliminary matter, this Court notes that Defendant has pleaded guilty to two counts of Sexual Abuse, in violation of 18 U.S.C. § 2242(2) and one count of Transportation of Obscene Material, in violation of 18 U.S.C. § 1462. Plea Agreement, ECF No. 69, at 1. The exhibits that the Government wants sealed include an exhibit that contains "a copy of a search warrant affidavit that remains sealed in the Eastern District of Virginia [and] a report containing sensitive information." Govt. Mot., ECF No. 120, at 2. Additionally, "[s]ome of the [other] exhibits

1

attached to the defendant's motion include full and complete reports from victim interviews [and] [w]hile the victims' names are not included in the exhibits, the interview reports contain highly personal details." *Id.* at 1.   The Government asserts that this "will only serve to intimidate the victims, violate their rights to privacy and dignity, and discourage further cooperation in the case." Govt. Mot., ECF No. 120, at 2.  The Government argues that several exhibits may have been attached in violation of the parties' [98] Amended Protective Order Governing Unclassified Discovery, which provides in part that materials shall not be disseminated directly or indirectly to a public forum without Court order. *Id..* at 1.  Moreover, sealing these exhibits does not "hinder the Court's consideration of the defendant's motion to withdraw his plea[.]" *Id.* at 2.

In response, the Defendant asserts that he has complied with the operative provision in the Protective Order, which prohibits the public filing of names of victims without prior consideration by the Court.  Def.'s Opp'n, ECF No. 121, at 1.  More specifically, "[n]one of the complainant statements contain any 'names" or any personally-identifiable   for any complainant [a]nd Mr. Raymond is permitted to use the unclassified discovery in this matter 'in connection with the defense of this case.'"  Def.'s Opp'n, ECF No. 121, at 2.  Defendant argues that because the Government is "asking the Court to seal non-classified material highly relevant to a public motion filed on this Court's docket, which does not contain any personally identifying information," the request should be denied.  Def.'s Opp'n, ECF No. 121, at 2.

In its Reply, the Government proffers that "whatever the defense's interpretation of the consent protective order, surely it covers interviews of victims in a pending case wherein the statements describe in explicit details alleged abuse, . . ., and it must cover a sealed search warrant affidavit containing a picture of a victim . . . " Govt. Reply, ECF No. 122, at 1 (docket citations omitted).  Furthermore, the Government indicates that it "does not seek to limit the defendant's

ability to use discovery "'in connection with the defense of his case" , , , nor prohibit his "constitutional right to an *open trial*" . . . [but rather] [w]hat the government does seek to do, [ ], is assert the victims' rights to be treated with fairness and with respect for their dignity and privacy *throughout the proceedings*[.]"   Govt. Reply, ECF No. 122, at 1-2 (docket citations omitted) (emphasis in original).

This Court notes that Defendant's motion to withdraw his plea was not filed under seal and in that motion, Defendant quotes from and summarizes portions of the exhibits contested herein. *See generally* Defendant's Motion to Withdraw Plea, ECF No. 119.  Accordingly, sealing of these exhibits neither prohibits public access to those portions of the exhibits specifically referenced by the Defendant, nor does it prevent this Court from accessing the entirety of the exhibits, but instead, it protects the integrity of the proceedings at this point in time, prior to any prospective trial.  As noted by the Government, "[a] pending sexual assault case involving multiple victims and where there remain several outstanding legal and evidentiary issues warrants additional layers of protection."  Govt. Reply, ECF No. 122, at 2; *see* Crime Victims' Rights Act, 18 U.S.C. § 3771; *see generally United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019) (in a case where the government was seeking to demonstrate good cause for a protective order, "[a]mong considerations to be taken into account by the court will be the safety of witnesses and others [and] a particular danger of perjury or witness intimidation . . . " (quoting *United States v.* Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015)).  Furthermore, this Court has discretion to limit "criminal defendants' uses of sensitive discovery materials." *Dixon*, 355 F. Supp. 3d at 7.  Accordingly, it is this 9th day of May 2022,

ORDERED that the Government's [120] Emergency Motion to Seal Defense Exhibits is GRANTED.  Defendant shall his [119-1] Exhibit A, [119-3] Exhibit C, [119-14] Exhibit N-1,

[119-15] Exhibit N-2, [110-16] Exhibit O, and [110-17] Exhibit P under seal, and counsel shall confer about a version of Exhibit O that may be filed on the public docket.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE