UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-CR-380-CKK |
| | : | |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| Defendant | : | |

**UNITED STATES' RESPONSE TO DEFENSE MOTION TO VACATE SENTENCING SCHEDULE AND TO STRIKE THE GOVERNMENT'S CIPA NOTICE**

The United States, by and through the undersigned attorneys, respectfully submits this response to Defendant Brian Jeffrey Raymond's motion to vacate the sentencing schedule and hold as moot, or alternatively, to strike the government's notice of CIPA filing from the docket pending a future filing schedule (ECF No. 130).

Given Defendant Raymond's pending motion to withdraw his guilty plea, as well as the related pending conflict issue, the government believes that vacating the remaining filing deadlines on the April 7, 2022 Scheduling Order is prudent. In the interest of keeping as closely to the sentencing schedule as possible, however, specifically the current timing for the evidentiary and sentencing hearings, the government does not believe that the entire schedule be vacated.

The government is hopeful that the motion to withdraw can be resolved with sufficient time to prepare for the currently scheduled sentencing, should the Defendant's motion to withdraw be denied. Many of the filing deadlines, including the deadlines for the final PSR, sentencing memoranda, and evidence/witness lists are currently set 8-10 weeks before the evidentiary hearing, leaving time to shift these deadlines closer to the hearing date. Should the Defendant prevail on his motion to withdraw, the dates for the evidentiary and sentencing hearings would of course be vacated at that time. But vacating the dates for the evidentiary and sentencing hearings now risks

additional delay, as the Court's calendar will likely be filled with other matters in the meantime. And, the prospect of additional delays causes significant stress for the victims in this case.

Moreover, as to the government's CIPA filing, the Section 4 materials will need to be addressed regardless of the outcome of the Defendant's motion to withdraw his plea, and the government aims to resolve as many matters as possible while the parties await decisions on the pending motion to withdraw and the conflict issue. Suspending the Court's review of the CIPA Section 4 filing until those other issues are resolved could further delay the overall proceedings, and there is no reason the Court cannot rule on the Section 4 motion in the meantime. Recognizing that the materials the defendant receives pursuant to the Section 4 filing might inform whether a Section 5 filing is needed, the government does not object to the Court extending the time by which Defendant Raymond must file his Section 5 motion.

WHEREFORE, the government respectfully requests that this Court vacate the pending filing deadlines but otherwise preserve the dates for the evidentiary and sentencing hearings as ordered. The government will propose new filing deadlines once the attorney conflict issue is resolved and once a new briefing schedule pertaining to the Defendant's motion to withdraw his plea is issued.

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General | MATTHEW M. GRAVES<br>United States Attorney |
| By:   /s/<br>Jamie B. Perry<br>MD Bar No: 1012160031<br>Danielle L. Hickman<br>CA Bar No: 193766<br>Trial Attorneys<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 307-3262<br>Jamie.Perry@usdoj.gov<br>Danielle.Hickman@usdoj.gov | By:   /s/<br>Angela N. Buckner<br>DC Bar No. 1022880<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2656<br>Angela.Buckner@usdoj.gov |