UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　v.<br><br>BRIAN JEFFREY RAYMOND,<br>　　Defendant. | Criminal No. 21-cr-0380 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(July 19, 2022)

On June 17, 2022, Defendant Brian Jeffery Raymond ("Defendant" or "Mr. Raymond") filed his [135] Motion to Disqualify Trial Attorney Jamie Perry based in relevant part on counsel's involvement in directing the seizure of Defendant's cell phone.[1] More specifically, Defendant asserts that Ms. Perry should be disqualified because: (1) she has "[p]ersonal [i]nterests and [l]iability" at stake; and (2) due to the "[c]ompelling [n]ecessity" of her witness testimony. *See* Def.'s Mot., ECF No. 135, at 15-23.[2] The Government disputes both arguments propounded by

---

[1] In connection with this Memorandum Opinion and Order, this Court considered the Defendant's [135] Motion to Disqualify Trial Attorney Jamie Perry ("Def.'s Mot.") and the exhibits attached thereto; the Government's [139] Opposition to Defendant's Motion ("Govt. Opp'n"), and the exhibits attached thereto; Defendant's [140] Reply to the Government's Opposition ("Def.'s Reply"); and the entire record in this case. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

Also pending before this Court is Defendant's [119] Motion to Withdraw Guilty Plea, on which briefing has not yet been completed. That motion is based on a claim of ineffective assistance of counsel relating in relevant part to allegations that prior counsel did not challenge the manner in which Defendant's cell phone was seized and did not advise Defendant appropriately before he entered a plea whereby he waived constitutional claims arising from the alleged improper seizure of his phone.

[2] The Court references the page numbers assigned by the ECF system.

1

the Defendant. As explained below, this Court focuses on Defendant's argument that Ms. Perry may be a witness regarding facts surrounding the execution of the warrant whereby Mr. Raymond's cell phone was seized. Because Defendant has shown a compelling need to call Ms. Perry as a witness in connection with this Court's consideration of Defendant's motion to withdraw his plea, this Court GRANTS IN PART and DENIES IN PART Defendant's [135] Motion, and orders that, at this time, Ms. Perry shall recuse herself solely from the proceedings relating to the Defendant's motion to withdraw his plea.

<u>Legal Standard</u>

Pursuant to Rule 3.7 of the American Bar Association ("ABA") Model Rules of Professional Conduct, a lawyer is not permitted to serve as an advocate at a proceeding in which she will likely be a necessary witness, due to potential conflicts of interest. Model Rules of Prof. Conduct R. 3.7 (2020); *see also United States v. Johnson*, 690 F.2d 638, 643 (7th Cir. 1982) (finding that this rule serves several purposes including maintaining the objectivity of witnesses, as well as avoiding the possible enhanced credibility of a government witness and any confusion as to the role in which the witness is speaking). There must however be "a showing of compelling need" before a defendant is entitled to call a prosecutor as a witness in a criminal matter. *United States v. Weinberger*, Crim. A. No. 92-235, 1992 WL 294877, at *5 (D.D.C. Sept. 29, 1992) (citing *United States v. Robertson*, 897 F.2d 1092, 1098 (11th Cir. 1990)). "Unless the prosecutor has essential information that cannot be obtained by other means, he cannot be compelled to testify." *Id.* (citing *U.S. v. Perlmutter*, 637 F. Supp 1134, 1138 (S.D.N.Y. 1986)); *see also United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) (To be called as a witness, the prosecutor's testimony must be vital and not available from another source). "Where witnesses other than the prosecutor can testify as to the same matters or conversations, no compelling need exists." *United*

*States v. Wallach*, 788 F. Supp. 739, 744 (S.D.N.Y. 1992) (citing *Robertson*, 897 F.2d at 1098).

In contrast, Defendant's "obligation to [employ] alternative means of adducing factual testimony is not absolute." *U.S. v. Prantil*, 764 F.2d 548, 551-52 (9th Cir. 1985). When weighing the materiality of a prosecutor's testimony, the court "must honor defendant's constitutional rights under the confrontation and compulsory process claims of the Sixth Amendment." *Id.* at 552. Ultimately, the district court has wide discretion over whether to allow a prosecutor to be called as a witness. *United States v. Hinkle*, 492 F.2d 660, 662 (D.C. Cir. 1974).

Discussion

In this case, the Government asserts that it is "not a foregone conclusion" that Ms. Perry's testimony will be utilized in connection with Defendant's pending motion to withdraw his plea, which is based on a claim of ineffective assistance of counsel. Govt. Opp'n, ECF No. 139, at 13. The Government provides one example of a "scenario" under which the Court "may elect not to address the second *Strickland* prong regarding prejudice [which] would end the inquiry as to whether the Rule 11 change of plea proceeding was tainted. . . " *Id*. The Government argues additionally that Ms. Perry's testimony "would not be [considered] vital, and other witnesses [such as Agent Gajkowski] [c]ould testify to the relevant information . . . [such as] the oral advice provided by Ms. Perry, both before and during the seizure, and Ms. Perry's written guidance to Agent Gajkowski could be entered into the record as an exhibit." Govt. Opp'n, ECF No. 139, at 14. The Government contends that even in circumstances where there is a "solid allegation" that prosecutors may serve as witnesses during litigation, it is within the district court's discretion to disqualify a prosecutor on this basis. Govt. Opp'n, ECF No. 139, at 14; *see United States v. Sattar*, 314 F. Supp. 2d 279, 316 (S.D.N.Y. 2004) (noting that the court has "broad discretion"); *see also Purgess v. Shamrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("The disqualification of an attorney. . . is

a matter committed to the sound discretion of the district court.") The Government proposes accordingly that, even if the Court determines that there are "facts known only to Ms. Perry and not available from any other source [relating to seizure of the cell phone], such testimony . . . would not be relevant during trial . . . [and] [a] narrowly tailored remedy, such as asking Ms. Perry to recuse only from the proceedings relating to the motion to withdraw the plea, would account for any [such] concerns." Govt. Opp'n, ECF No. 139, at 14.

In his Reply, Defendant argues that Ms. Perry is an essential witness, and in support of that contention, Defendant points to Government Opposition, Ex. 1, ECF No. 139-1 – an email from Ms. Perry to Agent Gajkowski relevant to how the cell phone search was conducted. Defendant explains that "the defense should be entitled to test Agent Gajkowski's stated reasons for taking the actions she took, and her veracity, by calling [Ms. Perry,] the only other witness[ ] who can complete the story of what was said on June 6, 2020[.]" Def.'s Reply, ECF No. 140, at 9-10. Furthermore, "Ms. Perry's recitation of her advice and conversation with [Agent] Gajkowski, and the alleged advice Ms. Perry received from her supervisor, may be important pieces of evidence for the Court in evaluating Agent Gajkowski's and Agent Nelson's actions and the reasonableness thereof." *Id.* at 10. Defendant provides a list of topics on which they intend to question Ms. Perry including, *inter alia*, her "pre-warrant service advice;" what she was "told by the agents prior to the decision to re-engage" on the warrant; what she told her supervisor about the warrant services and advice she received; how she concluded the "re-engagement" was lawful; whether the agents asked to delay the warrant until "a technician could be present." Def.'s Reply, ECF No. 140, at 10. The Court agrees with Defendant that at least as to some of these inquiries, only Ms. Perry "can fully answer these questions." *Id.*

Accordingly, the Court finds that Ms. Perry has essential information that other witnesses

do not necessarily have, and it is probable that she would be called by Defendant as a witness within the context of this Court's resolution of Defendant's motion to withdraw his plea. Accordingly, Ms. Perry is directed to recuse herself from the proceedings relating to Defendant's motion to withdraw his plea.  The Court finds no other recusal necessary at this time as Ms. Perry's testimony is limited to events that relate to the execution of the warrant and the seizure of the cell phone, which will be addressed fully within the context of Defendant's motion to withdraw his plea and any related proceedings.  Furthermore, having found that Ms. Perry's status as a potential witness is a basis for counsel's limited recusal – within the context of this motion – this Court declines to address Defendant's remaining argument that Ms. Perry should be disqualified because of alleged personal interests and potential liability.  Accordingly, it is this 19th day of July 2022,

ORDERED that Defendant's [135] Motion to Disqualify Trial Attorney Jamie Perry is GRANTED IN PART AND DENIED IN PART. Ms. Perry is directed to recuse herself immediately from proceedings relating to Defendant's motion to withdraw his plea.  No other recusal is deemed necessary at this time.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE