## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on September 15, 2022**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-380** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 2241(b), and 7(9)** |
| **BRIAN JEFFREY RAYMOND,** | : | **(Aggravated Sexual Abuse)** |
| | : | **18 U.S.C. § 2242(2), and 7(9)** |
| **Defendant.** | : | **(Sexual Abuse)** |
| | : | **18 U.S.C. §§ 2244(a)(1), and 7(9)** |
| | : | **(Abusive Sexual Contact)** |
| | : | **18 U.S.C. § 2244(a)(2), and 7(9)** |
| | : | **(Abusive Sexual Contact)** |
| | : | **18 U.S.C. § 2422(a)** |
| | : | **(Coercion and Enticement)** |
| | : | |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. §§ 2428,** |
| | : | **21 U.S.C. § 853(p),** |
| | : | **and 28 U.S.C. § 2461(c)** |
| | : | |
| | : | |

# I N D I C T M E N T

The Grand Jury charges that:

## GENERAL ALLEGATIONS

1.       Defendant **BRIAN JEFFREY RAYMOND** is a United States citizen.

2.       From on or about August 21, 2018, until on or about June 1, 2020, **RAYMOND** was a United States government employee, working at the United States Embassy in Mexico City, Mexico. During that time, **RAYMOND** resided in an apartment in Mexico City, Mexico, assigned to him by the United States government. **RAYMOND's** residence in Mexico City, Mexico, was

1

leased by the United States government for use by Embassy personnel assigned to diplomatic, consular, military, and other United States missions in Mexico City, Mexico. This residence falls within the Special Maritime and Territorial Jurisdiction of the United States, pursuant to Title 18, United States Code, Section 7(9).

3. The conduct alleged in Counts One through Ten began and occurred in Mexico City, Mexico, in the special maritime and territorial jurisdiction of the United States, outside of the jurisdiction of any particular State or district, and within the venue of the United States District Court for the District of Columbia, as provided by Title 18, United States Code, Section 3238.

4. The conduct alleged in Count Eleven began, continued, and was completed within the District of Columbia, and elsewhere, within the venue of the United States District Court for the District of Columbia, as provided by Title 18, United States Code, Section 3237.

## COUNT ONE

*Sexual Abuse* – 18 U.S.C. §§ 2242(2) and 7(9)

The general allegations are incorporated herein by reference.

On or about May 31, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged and attempted to engage in a sexual act with another person, Victim 1, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual act. The sexual act involved contact between **RAYMOND's** penis and Victim 1's vulva, all in violation of Title 18, United States Code, Sections 2242(2) and 7(9).

## COUNT TWO

*Aggravated Sexual Abuse* – 18 U.S.C. §§ 2241(b) and 7(9)

2

The general allegations are incorporated herein by reference.

On or about March 25-26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, attempted to and did knowingly administer to another person, Victim 9, without the knowledge or permission of Victim 9, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 9 to appraise and control the conduct, and attempted to and did knowingly render Victim 9 unconscious, and did thereby engage in and attempted to engage in a sexual act with Victim 9. The sexual act involved contact between **RAYMOND's** penis and Victim 9's vulva, all in violation of Title 18, United States Code, Sections 2241(b) and 7(9).

### COUNT THREE

*Sexual Abuse* – 18 U.S.C. §§ 2242(2) and 7(9)

The general allegations are incorporated herein by reference.

On or about March 25-26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged and attempted to engage in a sexual act with another person, Victim 9, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual act. The sexual act involved contact between **RAYMOND's** penis and Victim 9's vulva, all in violation of Title 18, United States Code, Sections 2242(2) and 7(9).

### COUNT FOUR

*Abusive Sexual Contact* – 18 U.S.C. §§ 2244(a)(1) and 7(9)

The general allegations are incorporated herein by reference.

On or about March 25-26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, attempted to and did knowingly administer to another person, Victim 9, without the knowledge or permission of Victim 9, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 9 to appraise and control the conduct, and attempted to and knowingly did render Victim 9 unconscious, and did thereby knowingly engage in and cause sexual contact with Victim 9. The sexual contact involved the intentional touching of Victim 9's breast and buttocks with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, all in violation of Title 18, United States Code, Sections 2244(a)(1) and 7(9).

### COUNT FIVE

*Abusive Sexual Contact* – 18 U.S.C. §§ 2244(a)(2) and 7(9)

The general allegations are incorporated herein by reference.

On or about March 25-26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged in and caused sexual contact with another person, Victim 9, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the intentional touching of Victim 9's breast and buttocks with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; all in violation of Title 18, United States Code, Sections 2244(a)(2) and 7(9).

### COUNT SIX

*Abusive Sexual Contact* – 18 U.S.C. §§ 2244(a)(1) and 7(9)

The general allegations are incorporated herein by reference.

4

On or about May 17, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND** attempted to and did knowingly administer to another person, Victim 5, without the knowledge or permission of Victim 5, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 5 to appraise and control the conduct, and attempted to and knowingly did render Victim 5 unconscious, and did thereby knowingly engage in and cause sexual contact with Victim 5. The sexual contact involved the intentional touching of Victim 5's breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, all in violation of Title 18, United States Code, Sections 2244(a)(1) and 7(9).

## COUNT SEVEN

*Abusive Sexual Contact – 18 U.S.C. §§ 2244(a)(2) and 7(9)*

The general allegations are incorporated herein by reference.

On or about May 17, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged in and caused sexual contact with another person, Victim 5, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the intentional touching of Victim 5's breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; all in violation of Title 18, United States Code, Sections 2244(a)(2) and 7(9).

## COUNT EIGHT

*Abusive Sexual Contact – 18 U.S.C. §§ 2244(a)(1) and 7(9)*

The general allegations are incorporated herein by reference.

On or about May 30-31, 2020, in Mexico City, Mexico within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND** attempted to and did knowingly administer to another person, Victim 7, without the knowledge or permission of Victim 7, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 7 to appraise and control the conduct, and attempted to and knowingly did render Victim 7 unconscious, and did thereby knowingly engage in and cause sexual contact with Victim 7. The sexual contact involved **RAYMOND** intentionally causing his inner thighs to touch another person, Victim 7, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; all in violation of Title 18, United States Code, Sections 2244(a)(1) and 7(9).

## COUNT NINE

*Abusive Sexual Contact* – 18 U.S.C. §§ 2244(a)(2) and 7(9)

The general allegations are incorporated herein by reference.

On or about May 30-31, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged in and caused sexual contact with another person, Victim 7, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved **RAYMOND** intentionally causing his inner thighs to touch another person, Victim 7, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; all in violation of Title 18, United States Code, Sections 2244(a)(2) and 7(9).

## COUNT TEN

*Abusive Sexual Contact* – 18 U.S.C. §§ 2244(a)(2) and 7(9)

The general allegations are incorporated herein by reference.

On or about June 23, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant, **BRIAN JEFFREY RAYMOND**, knowingly engaged in and caused sexual contact with and by another person, Victim 6, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved **RAYMOND** intentionally causing Victim 6 to touch her own breast and genitalia with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person; all in violation of Title 18, United States Code, Sections 2244(a)(2) and 7(9).

## COUNT ELEVEN

*Coercion and Enticement to Travel* – 18 U.S.C. § 2422(a)

The general allegations are incorporated herein by reference.

Between the dates of on or about April 5, 2017 and on or about May 15, 2017, within the District of Columbia and elsewhere, the defendant, **BRIAN JEFFREY RAYMOND**, did knowingly persuade, induce, entice, and coerce any individual, Victim 4, to travel in interstate and foreign commerce to engage in any sexual activity for which any person could be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(a).

## FORFEITURE ALLEGATIONS

The allegations contained in Count Eleven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2428. Upon conviction of the offense alleged in Count Eleven of this Indictment, the defendant, **BRIAN RAYMOND**, shall forfeit to the United States (1) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the

7

commission of such violation; and (2) any property, real of person, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 2428.

The United States will also seek a forfeiture money judgment against the defendant in the amount equal to the value of any property, real or personal, that constitutes, or is derived from, or is traceable to the proceeds directly or indirectly from these offenses, and the gross proceeds of these offenses, and any property traceable to such proceeds.

If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:


FOREPERSON.


*Matthew M. Graves*

Attorney of the United States in
and for the District of Columbia.

8