# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN JEFFREY RAYMOND,<br>Defendant. | Criminal Action No. 21-380 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(February 16, 2023)

On January 20, 2023, the Court ordered the parties to show cause why the Court should not find that this case is so complex as to warrant tolling Speedy Trial Act time *sua sponte*. *See* 18 U.S.C. § 3161(h)(7)(b)(ii). The parties have since submitted their responses. The Government supports exclusion of time; Defendant opposes. Upon consideration of the parties' briefing and the entire record, the Court concludes that this case is "so unusual [and] so complex" that "it is unreasonable to expect adequate preparation for pretrial proceedings [and] for the trial itself within the time limits established" by the Speedy Trial Act. Therefore, the Court tolls all Speedy Trial time until November 8, 2023.

This finding rests are five circumstances that differentiate this case from most other criminal cases: (1) multiple forthcoming motions pursuant to the Classified Information Procedures Act ("CIPA"); (2) attorney-client-privilege filter disputes that evidently remain ongoing; (3) the extraterritorial application of the charged offenses; (4) witnesses of the alleged foreign criminal conduct reside outside of the United States; and (5) the parties' already substantial motions practice suggests that their forthcoming motions practice will be significant in length and legal complexity as well.

1

To be clear, in all cases, the Court endeavors to avoid making such a finding and to set a trial date as early as possible without prejudice to the defendant. As the Court has communicated to the parties informally, it so happens that, at this time, the Court's criminal trial calendar is quite full. That said, the Court assures the parties that it makes this finding without any regard to the congestion of its own docket. Moreover, should the parties be ready for trial earlier than envisioned by the Court, the Court will make every effort to ensure that the trial commences when the parties are ready and available.

## I. BACKGROUND

Although only a little over two years old, this case already has a complex procedural history. On January 4, 2021, Magistrate Judge G. Michael Harvey ordered Defendant held without bond on the Government's first complaint in this case. That complaint charged Defendant with "[k]nowingly induc[ing] an individual to travel for the purpose of engaging in any sexual activity for which any person can be charged with a criminal offense," in violation of 18 U.S.C. § 2422(a). Compl, ECF No. 1. In May 2021, defense counsel acknowledged that discovery may involve classified material, although it does not appear that the Government then began to produce classified material pursuant to its obligations under Rule 16 and *Brady*. *See, e.g.*, ECF Nos. 48-53. The Government filed a superseding Information on May 28, 2021, charging Defendant with two counts of sexual abuse in violation of 18 U.S.C. §§ 2242(2), 7(9) and one count of transportation of obscene material, in violation of 18 U.S.C. § 1462. Defendant entered a plea of "guilty" to each count of the superseding Information on July 23, 2021. *See* Plea Agreement, ECF No. 69. These charges involved allegations that Defendant, while a federal employee at the United States Embassy, Mexico City, sexually abused a number of women in Mexico, the United States, and other countries. *See generally* Statement of Offense,

ECF No. 68 (executed May 27, 2021).

The Court then set a briefing schedule in advance of sentencing, ordering the Government, among other things, to file certain CIPA motions for the purpose of providing relevant material to defense counsel for sentencing. Order, ECF No. 75 (Sept. 7, 2021). Thereafter, the Government identified an alleged defense-counsel ethics conflict, which necessitated the appointment of conflicts counsel and briefing by the parties. The Court held a status hearing, which ended with the withdrawal of defense counsel from KaiserDillon and the subsequent appearance of counsel from Sheppard Mullin. *See* Order, ECF No. 85. Only John Marston, one of the defense counsel, remained as counsel of record throughout that entire time. The Government alleged subsequently a conflict of interest involving an attorney named Matthew Sonne (who was not affiliated with defense counsel), which led to further briefing by the parties and the re-appointment of conflicts counsel. Certain communications between Sonne and Defendant are evidently the subject of current filter review for potential inculpatory material that may or may not be protected by the attorney-client privilege. *See* Gov.'s Mot. for Exclusion of Time under the Speedy Trial Act, ECF No. 173 at 5 (Feb. 2, 2023) ("Mot." or "Motion"). After a sealed conflicts hearing, the Court accepted Mr. Raymond's waiver of the alleged conflict and permitted counsel from Sheppard Mullin to continue to represent Defendant. *See* Sealed Memorandum Opinion and Order, ECF No. 96. A revised Scheduling Order was entered by the Court on April 7, 2022, and sentencing was set for November 17, 2022. *See* Scheduling Order, ECF No. 113.

On April 12, 2022, Defendant filed his [116] Notice of Intent to Withdraw Plea and Request for a Briefing Schedule. In connection with Defendant's [119] Motion to Withdraw Guilty Plea, Defendant identified an alleged conflict of interest with regard to Government

3

counsel, and he later filed his [135] Motion to Disqualify [Government] Counsel.  After the parties briefed that issue, Defendant's Motion to Disqualify Counsel was granted in part and denied in part by this Court, with the effect that Government counsel Jamie Perry was directed to recuse herself from proceedings relating to Defendant's motion to withdraw his guilty plea.  *See* July 19, 2022 Memorandum Opinion and Order, ECF No. 142.  Counsel Perry has since withdrawn her appearance in this matter.

It bears mentioning that this briefing was substantial.  Between the two main motions, the parties filed approximately 1,080 pages of briefing and exhibits.  The Court's memorandum opinion explaining its order granting Defendant's motion to withdraw his plea was thirty-eight pages.  At the time, also pending was the Government's first CIPA motion consisting of approximately 300 pages of material.

Ultimately, the Court agreed that Defendant could withdraw his plea based on colorable arguments that his former counsel was ineffective in failing to move to suppress purportedly unconstitutional searches.  *United States v. Raymond*, --- F. Supp. 3d ---, 2022 WL 14809915, at *11 (D.D.C. Oct. 26, 2022).  The factual circumstances underlying such a motion, were one to be filed, are complex, involving multiple searches, a substantial number of law enforcement across different agencies, extraterritoriality concerns, and the potential that some of the factual circumstances may be classified.  *See id.* at *11-12.

After Defendant's withdrawal of his plea, a grand jury returned an eleven-count Superseding Indictment predicated on the same factual allegations outlined in the Statement of Offense in support of Defendant's withdrawn plea.  The Indictment charges:  two counts of sexual abuse in violation of 18 U.S.C. §§ 2242(2), 7(9); one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(b), 7(9); seven counts of abusive sexual contact, in violation of 18 U.S.C.

4

§§ 2244(a)(2) and 7(9); and one count of coercion and enticement to travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2442(a). Between the Statement of Offense, the Complaint, the Statement of Offense, and the Superseding Indictment, the Government appears to allege as many as twenty-five victims across seven countries, although the vast majority of the allegedly criminal conduct charged in the Superseding Indictment appears to have occurred within Mexico.

On January 18, 2023, one day before the Government filed the Superseding Indictment, Defendant provided notice that he would not consent to any further tolling of Speedy Trial time. As such, the Court ordered the parties to show cause why the Court should not *sua sponte* toll Speedy Trial time pursuant to 18 U.S.C. § 3161(h)(7)(b)(ii). The parties timely filed their responses, and the Court continues to their resolution.

## II.   DISCUSSION

"The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay." *Henderson v. United States*, 476 U.S. 321, 326 (1986). The Act provides for a number of "periods of excludable delay," listed at 18 U.S.C. § 3161(h). *United States v. Van Smith*, 530 F.3d 967, 969 (D.C. Cir. 2008). The most frequent period of excludable time arises where a court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)). Less frequently invoked, however, is a sub-provision that is definitionally rarely applied, to be used only where a "case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law . . . ." *See id.* (citing subsection (7)(B)(ii)). Relevant here is whether, in the totality of the

5

circumstances, the "nature of th[is] prosecution" is such that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *Rice*, 746 F.3d at 1079.  Based on the totality of the circumstances, the Court concludes that this case is so unusual and complex due to the nature of this prosecution that it must toll Speedy Trial time until the date of trial, November 6, 2023.

First, the parties envision multiple rounds of CIPA briefing.  Although CIPA briefing does not render a case complex or unusual *per se*, multiple courts having tolled Speedy Trial time on this basis.  *E.g.*, *United States v. Warsame*, Crim. A. No. 04-29 (JRT), 2007 WL 748281 (D. Minn. 2007); *United States v. Salad*, 779 F. Supp. 2d 509, 513-14 (E.D. Va. 2011) (finding case was complex where it involved classified information, many defendants, alleged crimes occurred abroad, and witnesses resided abroad).  *Warsame* involved a charge of conspiracy to provide support to a foreign terrorist organization against a single defendant, and the Court rested its finding of complexity "primar[il]y" on forthcoming CIPA briefing.  *See id.* at *3-4.  Just as that case involved "national security interests," this case involves foreign relations interests applicable to the criminal conduct of a government employee resident at a U.S. Embassy.  *See id.* at *4. Similarly, *Warsame*, like this case, also involved "attorney changes [that] have occurred on both sides [that] [] also contributed to [] delay."  *Id.*

This Court's finding in *United States v. Kim*, Crim. A. No. 10-225 (Aug. 27, 2010) is also illustrative.  In a brief minute order, the Court concluded directly after indictment that the case was so unusual and complex due to the classified evidence in the case as to warrant *sua sponte* tolling based on the Government's sole allegation that the defendant mishandled a single document classified TS//SCI.  *See id.*  Here, the Government has already provided over three hundred pages of CIPA briefing for the purposes of sentencing only.  That number will evidently grow over

6

further rounds of briefing, requiring additional time devoted solely to determining whether certain documents and/or summaries may be produced to Defendant in discovery.

The Court's finding does not rest exclusively on forthcoming CIPA briefing. The fact that discovery, which paused when Defendant entered his plea early in the course of this case, will evidently be hampered by privilege-related filter disputes also weighs in favor of a finding of complexity. Lengthy judicial intervention regarding privilege issues was already required in this case merely for the purposes of advice pending sentencing and briefing in support of Defendant's request to withdraw his plea, and there is every indication that these problems will grow even more intricate as discovery continues. *Cf. United States v. Harmon*, Crim. A. No. 1:11-cr-084 (JMS), 2011 WL 2728076, at *2 (S.D. Ind. July 12, 2011) (finding case complex based on excludable discovery delays).

Additionally, that a substantial amount of evidence and witnesses reside abroad weigh in favor of a complexity finding. As noted above, the Government appears to allege as many as twenty-five victims in seven district countries, although the vast majority of the allegedly criminal conduct charged in the Superseding Indictment appears to have occurred entirely within Mexico. "Numerous overseas documents, [where] most of which are in [a foreign] language" and many witnesses residing in a foreign country is its own basis to find a case complex. *See United States v. Kamer*, 781 F.2d 1380, 1390 (9th Cir. 1986); *Salad*, 779 F. Supp. 2d at 514. Finally, in addition to CIPA filings, the parties expect to engage in a substantial amount of motions practice. If that motions practice is anything like the difficulty and length of the parties' thousand-page briefing in the recent past, a significant amount of time will have to be devoted to their resolution.

Turning to the amount of time to be excluded, defense counsel represents that they will not be ready for trial before September 11, 2023. The Court finds that this case will, in fact, require

substantially more consideration by the Court and lengthier briefing than defense counsel evidently envisions. Therefore, the Court *sua sponte* tolls approximately sixty additional days, until November 8, 2023, the current date of trial.

### III. CONCLUSION

For the foregoing reasons, the Court finds that this case is so complex and unusual that the ends of justice can only be served by the tolling of Speedy Trial time until the tentative November 8, 2023 trial date. The Court does not make this finding lightly, and it will make every effort to set this case for an earlier trial date to the extent the circumstances of this case permit.

**SO ORDERED**.

Dated: February 16, 2023
                                                      /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge