IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      :  <br> : <br> : <br> v.                                                     : <br> :   Criminal No. 1:21-cr-00380-CKK <br> BRIAN JEFFREY RAYMOND         : <br> : <br> Defendant.                                   : <br> : | |

## MOTION TO COMPEL DISCOVERY

Defendant Brian Jeffrey Raymond, through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 16 and applicable case law, respectfully moves this Court to compel the government to provide the names of the alleged victims (referred to as "AVs" by the government) in this case, and to produce their last known addresses and/or locations. As described in greater detail herein, on several occasions, defense counsel attempted to obtain this information from the government because it is necessary to effectively defend Mr. Raymond, but the government flatly refused the request. For the reasons set forth below, this information is relevant and the defense has a particular need for this information: Mr. Raymond must be on notice of whom he is alleged to have harmed and counsel must be able to conduct an adequate investigation to effectively advise Mr. Raymond and conduct contested hearings on his behalf. As such, the government should be compelled to provide this information immediately.

**Procedural and Factual Background**

A version of this motion was filed a year ago; however, the Court deemed it moot after Mr. Raymond sought to withdraw his guilty plea. After the Court granted Mr. Raymond's motion to withdraw his earlier plea of guilty, finding "viable" violations of his Fourth and Fifth Amendment

rights, the government indicted him (and then superseded that indictment) in bare-bones, detail-free charging documents that allege that Mr. Raymond engaged in various illegal sexual acts.[1] While Mr. Raymond's Motion to Suppress Evidence, ECF 190, is pending, and while the Court's ruling on that motion could narrow this case, Mr. Raymond and counsel must also move forward with trial preparation.  He brings this motion because neither he nor his counsel can prepare for trial without knowing the identities of the various women who have alleged illegal sexual contacts as charged in the indictment.  In particular, the government charges that Mr. Raymond administered "intoxicating substances" to various women and then engaged in sexual acts while the women were unable to provide consent.

The problem for the government is that in this fatally-flawed investigation[2], the government has scoured Mr. Raymond's life and any and all records related thereto, and has uncovered no discernable evidence that Mr. Raymond obtained, possessed, much less administered substances/intoxicants in this case.  Even more to the point, Mr. Raymond *did not* administer substances/intoxicants to the alleged complainants, as a polygraph report has confirmed.  The government has only mere unsupported suspicion, and will fail to prove this critical element at any trial.

While the government may have the luxury of proceeding on suspicion and aspersions, Mr. Raymond needs to defend himself based on the actual facts.  The primary facts that will matter in this case (should it proceed to trial at all) necessarily come from the complainants and similar

---

[1]     Counsel for Mr. Raymond is currently seeking additional information as to the government's specific allegations for each charge.  Absent obtaining that information, Counsel anticipates filing a motion for a bill of particulars after meeting and conferring with the government.

[2]     The investigation was flawed from the instant government agents, in direct violation of the Fourth and Fifth Amendment, seized Mr. Raymond and his mobile phones three separate times on a single warrant, and compelled him to open the phones using his passcodes multiple times despite his initial refusal to provide those codes.  *See, generally,* Motion to Suppress Evidence, ECF No. 190.  All, or nearly all, of the evidence in this matter is derived from the search of these mobile devices.

1

witnesses. The anticipated testimony would be along the lines that complainants, after drinking alcohol, blacked out and do not recall what happened on a given evening. Some are expected to testify that they "hold their alcohol" and did not drink to excess, and/or that the only times in their lives that they have blacked out were with Mr. Raymond.

The defense has a right, indeed an obligation, to determine the veracity of any such allegations by any of the complainants, and also to potentially bring forward the many other witnesses who directly contravene the government's theory. But to do so requires knowing who these people are and where they are located[3].

## Argument

The government must permit the defendant to copy documents that are "within the government's possession, custody, or control" and are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). For the purposes of Rule 16, the standard of showing materiality is "not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). Information is material to preparing the defense, "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Karake*, 281 F.3d 302, 309 (D.D.C. 2003).

Specifically, with respect to disclosing the identities of complainants, federal courts have routinely held that disclosure should be granted where "the defendant makes a 'specific showing

---

[3] In a recent discovery letter on this issue, the government offered to arrange videoconference sessions with willing complainants (in part conceding the relevance of Mr. Raymond's motion), but continued to deny Mr. Raymond's counsel to have names, identifying information, or last known addresses and contact information. Videoconferences with anonymous complainants are unhelpful as Mr. Raymond's counsel must be able to investigate each complainant to prepare for trial, including each complainant's credibility, the credibility of their respective statements to the government, and seek other exculpatory evidence. He cannot do so with the government flatly declining to provide this information.

that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his [or her] case.'" *See United States v. Belfast*, No. 06-20758-CR, 2007 WL 9705938, at *5 (S.D. Fla. Apr. 26, 2007) (denying motion to reconsider its decision to order disclosure of victim's identity). Courts have previously recognized several factors to consider in determining whether disclosure is appropriate:

> "(1) Did the offense alleged in the indictment involve a crime of violence?; (2) Have the defendants been arrested or convicted for crimes involving violence?; (3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?; (4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?; (5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult?; (6) Do the defendants have limited funds with which to investigate and prepare their defense?"

*United States v. Warme*, No. 09CR19A, 2009 WL 427111, at *1 (W.D.N.Y. Feb. 20, 2009). In *Warme*, the court ordered the government to disclose the identity of a victim of sexual assault because failure to do so precluded defendant from investigating facts surrounding the crime charged. No. 09CR19A, 2009 WL 427111, at *2. There, the court stated: "While the Court recognizes the sensitive nature of the charges … the defendant's ability to adequately prepare a defense against this charge is significantly compromised without being advised of the identity of the alleged victim." *Id.*

Here, Mr. Raymond has a particular need for the identities of these individuals and disclosure is reasonable under the circumstances. Mr. Raymond's offenses do not involve violence, and he has no history of violent crimes. The government's case – and in particular the contested issue of administering substances/intoxicants – relies heavily. if not exclusively. on the testimony, credibility, and reliability of the complainants in this case. Supplying complainants' names will in no way increase the likelihood that complainants or others refuse to appear (their

3

identities will inevitably become public at the hearing). The government's allegations cover an expansive time period of well more than a decade, and Mr. Raymond's funds are not limitless such that he can embark on his own investigation across years and continents to track down the complainants. Yet, the Government has refused to identify these alleged victims other than through sequential pseudonyms. The refusal is inconsistent with persuasive case law, described above, that weighs the need of the defendant for this information against the potential harm to an alleged victim.

In this matter, Mr. Raymond is presently preparing for a possible trial that could involve multiple complainants, only some of whom he can identify. While the Government has unfettered access to the names and locations of the alleged victims, Mr. Raymond has none. His counsel simply cannot conduct <u>any</u> investigation into the reliability, credibility, or other matters related to the complainants, nor can counsel seek to marshal the helpful facts that many such witnesses may provide. It is this particularized need that the Government has refused to recognize, and it is based upon this particularized need that Mr. Raymond respectfully suggests the Court compel the Government to immediately produce the information sought.[4]

Moreover, none of the factors that typically weigh against disclosure are present here. Normally, courts permit non-disclosure of alleged victims' the identities where the defendant is accused of violent crimes and there is a possibility that further harm will come to the victims or they might otherwise be discouraged from testifying. *See e.g. United States v. Davidson*, No. 4-

---

[4] Indeed, the refusal of the government to provide the names and locations of alleged victims is tantamount to a violation of Mr. Raymond's rights under the Confrontation Clause. *See* USCS Const. Amend. 6; *Crawford v. Washington*, 541 U.S. 36, 42 (the right of the accused to confront the witnesses against him is a "bedrock procedural guarantee [that] applies to both federal and state prosecutions.")

CR-17-393, 2018 WL 2230624, at *3 (M.D. Pa. May 16, 2018) ("Here, defendant has not met his burden of showing a specific need for the victims' identities, and he only generally speculates that the identities are material in order to determine if the victims suffered serious bodily injury."); *United States v. Wallace*, No. 4:16CR219 JAR (SPM), 2016 WL 7396044, at *4 (E.D. Mo. Nov. 18, 2016), *report and recommendation adopted*, No. 4:16CR00219 JAR, 2016 WL 7385793 (E.D. Mo. Dec. 21, 2016) ("However, due to safety concerns for the victim and eyewitnesses, coupled with uncertainty that any of the witnesses (including the victim) will appear and testify at a trial, the United States is unwilling to reveal the identity"). However, here there is no risk of further harm that the Government can identify. Mr. Raymond – who is alleged to have acted alone – is in custody at the D.C. Jail – and now has been for two-and-a-half years. There is no risk that he would or could possibly harm any of the alleged victims. Any concerns about unwanted publicity and/or reputational harm are adequately provided for by the strict protective order that is currently in place in this matter. (Dkt. 90).

As such, Mr. Raymond has a particular need for the information sought and disclosure is reasonable under the circumstances presented here.[5]

## Conclusion

For the foregoing reasons, Mr. Raymond respectfully moves this Court to compel the Government to produce the identities of the complainants and their last known addresses, contact

---

[5] In the Parties' March 28, 2022 meet-and-confer preceding the filing of this motion (before the filing of the first-related motion), the Government cited *Weatherford et al v. Bursey*, 429 U.S. 577 (1977) and its progeny in this District for the proposition that it need not provide the information requested here. However, *Weatherford*, a civil action brought under § 1983, has no conceivable relationship to the present case. In *Weatherford*, the issue was whether one defendant's status as an undercover agent was adequately disclosed. The facts and holding are wildly distant from the facts of this case. *Weatherford* is entirely unavailing.

information, or location. The disclosure of this information will be subject to the Amended Protective Order in place in this case.

Dated: April 18, 2023      Respectfully submitted,

        s/John Marston
        John Peter Marston
        **FOLEY HOAG LLP**
        1717 K Street, NW
        Washington, DC 20006
        (202) 261-7321
        Fax: (202) 785-6687
        jmarston@foleyhoag.com

        s/A. Joseph Jay III
        A. Joseph Jay III (D.C. No. 501646)
        Denise Giraudo (D.C. No. 499348)
        **SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
        2099 Pennsylvania Avenue, NW
        Washington, D.C. 20006
        (202) 747-1900
        JJay@sheppardmullin.com;
        DGiraudo@sheppardmullin.com

        *Counsel for Brian Jeffrey Raymond*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **18th** day of **April**, 2023, I filed the foregoing using the Court's CM/ECF system which gave notice to all counsel of record.

/s/Denise Giraudo

**Denise Giraudo**