

1717 K Street, N.W.
Washington, DC 20006-5350

202.223.1200 main
202.785.6687 fax

John P. Marston
202-261-7321 direct
jmarston@foleyhoag.com

March 27, 2023

**<u>Via E-mail</u>**

Angela N. Buckner, Esq.
Assistant United States Attorney
Department of Justice, Criminal Division
Human Rights and Special Prosecutions
555 4th Street NW
Washington, DC 20530

Re:   <u>United States v. Brian Jeffrey Raymond</u>, 21-CR-00380-CKK

Dear Angela:

Enclosed are subpoenas for the appearance and oral testimony of Department of Justice (DOJ) attorneys, **Jamie Brinkmeyer Perry**, former Trial Attorney, Human Rights and Special Prosecutions, and **Pragna Soni**, Regional Director for Central and Eastern Europe, Overseas Prosecutorial Development and Training (OPDAT), as well as the production of documents related to their testimony, at a hearing on Brian Raymond's Motion to Suppress Evidence (the "Motion," ECF No. 190, attached as Exhibit A) in the above captioned case.

We understand that each of the enclosed trial subpoenas constitutes a "demand" pursuant to 28 C.F.R. § 16.21 *et seq.* (DOJ Touhy Regulations) and offer this letter as a statement in support of such demand.

*Background.* As explained in further detail in the Motion and several other filings in this case, the Motion is based on two arguments: (1) that the government violated Mr. Raymond's Fourth Amendment rights by seizing Mr. Raymond and his phones multiple times on a single warrant, and (2) that the government violated Mr. Raymond's Fifth Amendment rights by compelling him to enter PIN codes and passwords into his phones after he had invoked his right to remain silent. Both Ms. Perry and Ms. Soni were involved in advising law enforcement to engage in multiple seizures of both Mr. Raymond and his phones. Therefore, they possess information that is material and relevant to these claims.

*Summary of Expected Testimony.* Pursuant to 28 C.F.R. § 16.23(c), we provide the following as the "statement. . . by the party's attorney setting forth a summary of the testimony sought."

Angela Buckner
Page 2

In his Motion, Mr. Raymond has alleged constitutional violations regarding the multiple searches and seizures of both his person and his phones. These alleged constitutional violations occurred after the initial seizure was completed by the agents. During that time, the agents consulted Ms. Perry on multiple occasions seeking advice on how to proceed. *See* Motion at 4-12; Defendant's Motion to Withdraw Guilty Plea, ECF No. 119, at 8-15 (attached as Exhibit B); Government's Opposition to Defendant's Motion to Withdraw Guilty Plea, ECF No. 147, at 31-39 (attached as Exhibit C). Furthermore, Ms. Perry consulted with her then-supervisor, Ms. Soni, at least one time between the first seizure and the second seizure. *See* Government's Opposition to Defendant's Motion to Disqualify Trial Attorney Jamie Perry, ECF 139, at 3 (attached as Exhibit D); Letter from Danielle L. Hickman and Angela N. Buckner to Anthony J. Jay and John P. Marston, at 3 (Aug. 15, 2022) (attached as Exhibit E).

Defense counsel for Mr. Raymond expect Ms. Perry and Ms. Soni to testify about the following matters:

- The pre-warrant service advice Ms. Perry provided to the agents, and any instructions or directions she gave the agents regarding how to handle the warrant service.

- The training Ms. Perry or Ms. Soni had received, if any, related to the execution of search warrants, particularly cell phone search warrants.

- The experience Ms. Perry or Ms. Soni have, if any, in executing search warrants, particularly cell phone search warrants.

- What the agents told Ms. Perry after the initial seizure and prior to the decision to re-engage Mr. Raymond on the already-executed search warrant.

- What Ms. Perry told Ms. Soni after the initial seizure and prior to the decision to re-engage on the already-executed search warrant.

- Whether Ms. Perry knew that the warrant had been fully executed at the time she directed the agents to re-engage, including whether the agents had informed her that they had issued property receipts to Mr. Raymond.

- Whether Ms. Soni knew that the warrant had been fully executed at the time she approved of, or gave, the direction to have the agents re-engage, including whether she knew that the agents had issued property receipts to Mr. Raymond.

- What Ms. Perry told Ms. Soni about the June 6, 2020 warrant services, either on that date or thereafter.

- What advice Ms. Soni gave to Ms. Perry regarding the lawfulness of the second and third executions of the warrant.

- Whether and how Ms. Perry or Ms. Soni concluded that the re-engagement of Mr. Raymond was lawful.

Angela Buckner
Page 3

- Whether the agents asked Ms. Perry to delay the search warrant until a technician could be present, or for any other reason, and whether and how Ms. Perry responded to that question.

*Considerations in determining whether production or disclosure should be made*. The testimony of Ms. Perry and Ms. Soni is appropriate and necessary in this case, and not precluded under any provision of 28 C.F.R. § 16.26. Notably, the Court has found on two occasions that the testimony sought from Ms. Perry is appropriate. *See* Memorandum and Order on the Motion to Disqualify, ECF No. 142, at 4-5 (attached as Exhibit F) ("The Court agrees with Defendant that at least as to some of these inquiries, only Ms. Perry 'can fully answer these questions.'. . . Accordingly, the Court finds that Ms. Perry has essential information that other witnesses do not necessarily have, and it is probable that she would be called by Defendant as a witness."); Transcript of Arraignment and Status Conference, at 6 (Mar. 20, 2023) ("[O]bviously, [Ms. Perry] has information that's relevant to the [suppression] hearing.") (attached as Exhibit G).

Additionally, the production of the documents sought by the enclosed subpoenas is similarly not precluded under any provision of 28 C.F.R. § 16.26. We note that the prosecution team has previously asserted that any communications among DOJ attorneys and/or law enforcement agents are subject to the attorney-client privilege and the work product doctrine. But the government has selectively disclosed some communications among DOJ attorneys and/or law enforcement agents concerning the search warrant and its execution. *See* Government's Opposition to Defendant's Motion to Disqualify Trial Attorney Jamie Perry at Exhibit 1, ECF 139-1 (attached as part of Exhibit D); Letter from Angela Buckner and Meredith Mayer-Dempsey (Mar. 2, 2023) (attached as Exhibit H). The defense therefore asserts that the government has waived any applicable privileges, and it is appropriate for the government to comply with the document requests in the attached subpoenas.

Thank you for your consideration and should you wish to discuss these matters further, we are available at your convenience.

Sincerely,

_____
John P. Marston
Partner


cc:   Meredith Mayer-Dempsey, AUSA
      A. Joseph Jay III, Esq.
      Denise Giraudo, Esq.

Enclosures:
- Subpoena for Jamie Brinkmeyer Perry
- Subpoena for Pragna Soni

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. |
|  | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To:

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: |
|---|---|
|  | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

*(SEAL)*

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ _____ , who requests this subpoena, are:

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
|  | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To:

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: |
|---|---|
|  | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

*(SEAL)*

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: