

U.S. Department of Justice

Matthews M. Graves
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*601 D Street N.W.*
*Washington, D.C. 20530*

August 15, 2022

**By Email**

| | |
|---|---|
| Anthony Joseph Jay, III, Esq. | John Peter Marston, Esq. |
| Denise Elizabeth Giraudo, Esq. | FOLEY HOAG LLP |
| SHEPPARD MULLIN RICHTER & HAMPTON LLP | 1717 K Street, NW |
| 2099 Pennsylvania Avenue, NW | Washington, DC 20006 |
| Suite 100 | (202) 261-7321 |
| Washington, DC 20006 | Fax: (202) 785-6687 |
| (202) 747-1953 | Email: jmarston@foleyhoag.com |
| (202) 747-1906 | |
| Email: jjay@sheppardmullin.com | |
| Email: dgiraudo@sheppardmullin.com | |

      Re:    *United States v. Brian Jeffrey Raymond*
              Case No.: 21-cr-380 (CKK)
              Subject-Matter Waiver of Privilege and Demand for Production

Dear Counsel:

We write in response to your demands for production dated July 19, 2022 and July 29, 2022.

In your July 19, 2022 letter, you indicate that the government has waived any applicable privileges with respect to the seizure of Mr. Raymond's personal cell phone, including, but not limited to materials and communications in connection with the preparation of and planning for the cell phone seizure and search warrant executed on June 6, 2020 (the "Warrant"), the execution of the Warrant, and post-execution discussions or planning related to the issues raised by the manner in which the government executed the Warrant. Accordingly, you have demanded, pursuant to the subject-matter waiver doctrine, that the government produce any and all documents, including communications via email, text, and/or hard-copy, relating to the Warrant and/or its execution, including documents created after the multiple services of the Warrant, including any such

1

documents created in connection with the motions recently brought by Mr. Raymond that concern the Warrant in any way.

In your July 29, 2022 letter, and pursuant to the same claim of waiver, you demand additional information, including attorneys' and law enforcement officers' notes and written communications (made both at time of the Warrant execution and also during other procedural stages of the case), as well as the names of certain attorneys and law enforcement officers who had some direct or indirect involvement in the Warrant execution. Additionally, you inquire as to whether the government will accept service for witnesses the defense may call at an evidentiary hearing on the motion to withdraw guilty plea.

As an initial matter, the documents requested are protected by the two types of privilege covered by Rule 502(a): attorney-client privilege and work product protection.  Here, we assume, but do not concede, that there was a limited waiver of privilege when the government attached an email between DOJ Trial Attorney Jamie Perry and DSS Special Agent Mikel Gajkowski to its filing at ECF No. 139-1. However, the subject matter scope of the waiver is considerably narrower than you claim. The government has not waived privilege with regard to all categories of documents demanded. Instead, the scope[1] is dictated by the email itself: conversations between Ms. Perry and Agent Gajkowski immediately prior to and in the process of the execution of the Warrant, specifically regarding the methods the agent may and may not use to compel Mr. Raymond to unlock his phones. Furthermore, materials that were created after the execution of the search warrant or that relate to subsequent litigation in this case are outside the bounds of the disclosed communications by the government.

Below, we thus respond to each discovery demand:

**Discovery Demand Dated July 19, 2022**

*Any and all documents, including communications via email, text, and/or hard-copy, relating to the Warrant and/or its execution, including documents created after the multiple services of the Warrant, including any such documents created in connection with the motions recently brought by Mr. Raymond that concern the Warrant in anyway.*

This request is overly broad and beyond the scope of the subject-matter waiver. The government has, regardless, reviewed materials for any responsive documents within the narrow scope of the waiver. The email filed at ECF 139-1 and attached again to this letter is the only responsive document. Please note that the government has previously provided materials related to the execution of the Warrant (such as law enforcement summaries and case notes).

---

[1] *See US Airline Pilots' Ass'n v. Pension Ben. Guar. Corp.*, 274 F.R.D. 28, 33 (D.D.C. 2011) (materials that do not involve the same subject matter are outside of the scope of the waiver); *United Mine Workers Emp. Benefit Plans Litig.*, 159 F.R.D. 307, 309, 312 (D.D.C. 1994) (expansively worded requests are unduly broad and finding that the common-law subject matter waiver doctrine "applies only to attorney client privilege claims and *not to work product immunity claims*."); *Mergentime Corp. v. Washington Metro. Area Transp. Auth.*, 761 F.Supp. 1, 2 (D.D.C. 1991) (finding that "the factual context of the disclosure supports only a narrow waiver of the privilege").

- *Documents relating to the Warrant, its multiple executions, and return.*
- *The identification of all communications relating to the Warrant.*
- *All work product relating to the Warrant, its multiple executions, and return.*

These requests are overly broad and beyond the scope of the subject-matter waiver. The government has again reviewed materials for any responsive documents within the narrow scope of the waiver. The email filed at ECF 139-1 and attached again to this letter is the only responsive document. Please note that the government has previously provided materials related to the execution of the Warrant (such as law enforcement summaries and case notes).

**Discovery Demand Dated July 29, 2022**

1. *On July 19, 2022, we sent the government a letter demanding production of certain materials related to the government's public disclosure and reliance on an email (ECF No. 139-1) from Ms. Perry to a law enforcement agent, which set forth Ms. Perry's advice to the agent in connection with executing the search and seizure warrant for Mr. Raymond's cellular telephones on June 6, 2020 (the "Search Warrant"). See Letter from Denise Giraudo to Angela Buckner dated July 19, 2022. We have not heard back from you with respect to this demand. If you would like to meet and confer further, please let us know. Otherwise, we intend to move the Court for these materials by Wednesday, August 4, 2022.*

   We will email you separately to set up a time to meet and confer.

2. *Please identify (including name, title, and contact information) the following individuals:*

   a. *The supervisor who spoke with Trial Attorney Jamie Perry on June 6, 2020 concerning the Search Warrant and/or the seizure of Mr. Raymond's phones (ECF No. 139, p. 3).*

   Former DOJ/HRSP Deputy Chief Pragna Soni.

   b. *All Computer Investigations and Forensics Division ("CIF") staff members who met, spoke, or corresponded with any government agent or any prosecutor concerning the Search Warrant (including, but not limited to, the CIF member(s) who met with Agent Gajkowski "to work through specific guidance on iPhone seizures" (ECF No. 147, p. 33), and any CIF member(s) whom "Agent Gajkowski contacted…to request that an analyst be present for the seizure, in the event of any technical issues" (ECF No. 147, p. 32).*

   In preparation for executing the Warrant, SA Gajkowski sought CIF support. SA Gajkowski believes she spoke with Brian Christin, Special Agent and Division Chief (DS/CTS/CTI). However, she may have also spoken with Ryan Stitzer, Special Agent and Branch Chief (DS/CTS/CTI/CIF).

   When she went to CIF, SA Gajkowski met in person with Karen Stedman, Former Analyst for CIF (Currently Employed by OSI).

      SA Gajkowski conferred with OSI Special Agent Ken Jones prior to the seizure of Mr. Raymond's phones.

      While executing the Warrant, SA Gajkowski also spoke with Micah Bridges, Special Agent Cyber-Tech, Washington, DC Field Office.

  c. *"Brian," a supervisor at CIF. ECF No. 147, p. 37.*

      See above.

  d. *The first names of agents Karabin and Jones who were on scene for execution of the Search Warrant.*

      Viktor Karabin, Supervisory Special Agent, OSI; and
      David Palmer Jones, Special Agent, OSI.

  e. *The name of the Town of Herndon police officer called by Agents Nelson and Gajkowski.*

      SA Gajkowski contacted the Herndon Police Department to provide notification that she would be executing a search warrant in their area of responsibility. When she requested the presence of an officer, they sent Officer Chris Sawyer.

3. *We demand all documents, notes, text messages, e-mails, and/or other records of any of the individuals identified in response to Request 2 above, plus Ms. Perry, April Russo, and agents Gajkowski and Nelson (collectively, the "Witnesses"), concerning the Search Warrant and/or its execution.*

This request is overly broad and beyond the scope of the subject-matter waiver. The government has reviewed materials for any responsive documents within the narrow scope of the waiver. The email filed at ECF 139-1 and attached again to this letter is the only responsive document.

Please note that AUSA April Russo was not assigned to the case at the time of warrant execution.

Please also note that the government has previously provided materials related to the execution of the Warrant (such as law enforcement summaries and case notes).

4. *Please let us know, in writing, whether the government will accept service of hearing subpoenas for the Witnesses, and any government agents, officers, and prosecutors whom the defense later determines will be called to testify at the hearing on the Motion to Withdraw Guilty Plea.*

      This demand implicates *Touhy* Regulations.

> Disclosure of documents and testimony by DOJ employees is covered by 28 C.F.R. §§ 16.21-16.26. The State Department is covered by 22 C.F.R. §§ 172.1 et seq.
>
> Section 16.23 provides that employees of the DOJ are authorized, after consultation with the "originating component" to "reveal and furnish to any person . . . such testimony, and relevant unclassified material, documents, or information secured by any attorney or investigator of the Department of Justice."
>
> When testimony is sought, "an affidavit, or if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."
>
> In deciding whether to make a disclosure, DOJ considers whether the disclosure is appropriate under the applicable rules of procedure and substantive law regarding privilege, and whether any of a number of special factors prohibiting disclosure are present in the case.
>
> Here, the government will ensure that Agent Gajkowski is available to testify. Should defense seek to subpoena any other federal agents or local law enforcement officers involved in this case, the government will ensure they are notified. However, the government will not accept service. Counsel must follow the protocol required by their employers. As to DOJ attorneys, Counsel must follow the process prescribed by regulation.

5. *We demand all statements of any of the Witnesses in the possession of the government which relates to the Search Warrant.*

This request is overly broad and beyond the scope of the subject-matter waiver. The government has reviewed materials for any responsive documents within the narrow scope of the waiver. The email filed at ECF 139-1 and attached again to this letter is the only responsive document.

Please note that the government has previously provided materials related to the execution of the Warrant (such as law enforcement summaries and case notes).

6. *With respect to Ms. Perry and Ms. Russo, we demand all documents reflecting communications, other than discovery letters, with any defense counsel, including former defense counsel, concerning the Search Warrant, including the execution of the Search Warrant. If no such communications exist, please so state in writing.*

This request is overly broad and beyond the scope of the subject-matter waiver. The government has reviewed materials for any responsive documents within the narrow scope of the waiver. The email filed at ECF 139-1 and attached again to this letter is the only responsive document.

Please note that AUSA April Russo was not assigned to the case at the time of warrant execution.

7. *We demand written assurances that the government has complied with all of its obligations under Brady, Giglio, and the Due Process Protection Act.*

The government is well aware of its constitutional obligations pursuant to *Brady* (exculpatory materials), *Giglio* (impeachment material), and the Due Process Protection Act. This request is intentionally redundant given the DPPA's implications, as well as the specific requirement as set forth by the Court. *See* January 4, 2021 Minute Order. That said, the government believes it has complied with all of its obligations as part of this litigation.

Respectfully submitted,

| | |
|---|---|
| KENNETH A. POLITE, JR.<br>Assistant Attorney General | MATTHEW M. GRAVES<br>United States Attorney |
| /s/<br>Danielle L. Hickman<br>CA Bar No: 193766<br>Trial Attorney<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 616-2333<br>Danielle.Hickman@usdoj.gov | /s/<br>Angela N. Buckner<br>DC Bar No. 1022880<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2656<br>Angela.Buckner@usdoj.gov |