IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN JEFFREY RAYMOND, ) | |
| ) | CRIMINAL NO. 1:21-cr-00380-CKK |
| Defendant. ) | |
| ) | |

## REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Defendant Brian Jeffrey Raymond, through undersigned counsel, respectfully submits this Reply in support of Mr. Raymond's Motion to Compel the government to produce documents related to warrant executed on June 6, 2020 ("Warrant") [ECF No. 211].

The great majority of the government's opposition discusses the information the government has produced and the fact that Mr. Raymond seeks information that would normally be privileged – two points that are not in dispute. ECF No. 217 at 1-13. This Motion does not concern materials the government *has* produced, but rather materials the government *has not* produced despite having waived privilege over the subject matter of the information being withheld.

The actions the government took to obtain Mr. Raymond's phones on June, 6, 2020 pursuant to a search and seizure warrant (the "Warrant") are a critical issue before this Court. On that day, federal agents seized Mr. Raymond and his phones *three times* under the Warrant, and to compelled him to open his phones after he repeatedly invoked his right to remain silent and requested counsel. The federal agents executed the multiple seizures under the direction,

advice, and counsel of DOJ attorney Jamie Perry, who was in contact with her supervisor Pragna Soni.[1]

Very soon, the Court will hear evidence and decide whether the government's execution of the Warrant was unlawful. To support its position that it executed the Warrant lawfully, the government has relied on a curated selection of communications between the federal agents, Ms. Perry, and Ms. Soni. *See, e.g.,* ECF No. 139-1. Indeed, Mr. Raymond has subpoenaed Ms. Perry and Ms. Soni to testify before the Court regarding the execution of the warrant, and this Court has held that Ms. Perry is an "essential witness." ECF No. 142 at 4-5. Yet, to date, the government has not produced the *rest* of the information regarding the execution of the Warrant that *may not* support its position.

As discussed herein and in Mr. Raymond's initial brief in support of the Motion to Compel, the government cannot use a hand-picked selection of privileged communications and work product regarding the Warrant as a sword, and then stand behind the now-waived privilege as a shield. Because the government has chosen to waive privilege on a subset of information it believes somehow justifies the unlawful seizures, there has been a subject

---

[1] It is clear from the government's selective production of materials that the agents executed multiple seizures at the direction of the DOJ attorneys. For example, on body-worn camera number one, the agents discuss the instructions they received from the DOJ attorneys:

| | | |
|---|---|---|
| NELSON: | So, the idea is, we have a search warrant -- | |
| SAWYER: | Huh. | |
| NELSON: | -- for his uh, cell phones, and we seized his phones but, DOJ gave us clear direction to go back and compel him to open it. So – | |
| SAWYER: | Ok. | |
| NELSON: | -- we're gonna ask him to open it politely, if he doesn't, we may cuff him and then use his thumb to open it -- | |
| SAWYER: | Ok. | |
| NELSON: | And then we'll detain him until he gives passwords. | |

ECF No. 198 Exh. C., timestamp 13:30:30.

matter waiver, and the government must produce *all* otherwise-privileged information – helpful or not – related to the execution of the Warrant.

## ARGUMENT

### I. The Government Cannot Selectively Disclose Privileged Information.

The government admits that it voluntarily disclosed select privileged information – including communications between Ms. Perry and the federal agents before and during the execution of the Warrant. *See* ECF No. 217 at 13-14 (describing disclosures). However, the disclosures were not mere "legal conclusions" as the government avers – rather, the government disclosed (and relied on) communications from the DOJ that the federal agents trusted in their decision to seize Mr. Raymond three times. Critically, the government has used these select disclosures to lend support to its position that the execution of the Warrant was legal. But, selective voluntary disclosure is impermissible.

Indeed, it has been regularly found that voluntarily disclosing privileged information to gain a tactical advantage "is inconsistent with the confidential relationship and thus waives the privilege." *Permian Corp. v. U.S.*, 665 F.2d 1214, 1219 (D.C. Cir. 1981); *see also In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Disclosure is inconsistent with confidentiality, and courts need not permit hide-and-seek manipulation of confidences in order to foster candor.").

Here, because the government disclosed select privileged information that it believes supports its position to gain a tactical advantage, it may not "withhold[] any documents (if they exist) that might suggest otherwise." *Bowles v. Nat'l Ass'n of Home Builders*, 224 F.R.D. 246, 259 (D.D.C. 2004); *see also Feld v. Fireman's Fund Ins. Co.*, 991 F. Supp. 2d 242, 256 (D.D.C. 2013) (ordering the production of everything "bearing on the central issues in this case"). The government's litigation cherry-picking tactics should not be rewarded at Mr. Raymond's expense.

Without a doubt, the government's selective disclosure of privileged information to gain a tactical advantage is improper, and it must be compelled to produce *all* information within the same subject-matter.

## II.     The Waiver Extends To Any Information Regarding the Execution of the Warrant.

Importantly, the subject-matter to which the government waived privilege extends to *any* information regarding the execution of the warrant – not merely communications regarding compelling testimonial information as the government argues.

The government's failed attempt to hand-pick waiver of privilege in support of its position, in reality, extends the waiver to "all other communications relating to the same subject matter." *Ideal Elec. Sec. Co., Inc. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997) (quoting *In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989) (emphasis added). *see also*; *Elkins v. District of Columbia*, 250 F.R.D. 20, 24 (D.D.C. 2008) ("Once a communication is disclosed, the attorney-client privilege is waived for all documents and communications relating to the subject matter of the disclosure."); *Cobell v. Norton*, 213 F.R.D. 16, 24 (D.D.C. 2003) (confidentiality of subject matter does not survive voluntary disclosure to a third party).

Here, the government disclosed select privileged information in discovery and in its attempts to support its position that its execution of the warrant was lawful – specifically, to justify the three seizures. It goes against the fundamental premise of the adversarial system to waive privilege for select information to gain a tactical advantage, while simultaneously claiming privilege for information within the same subject matter that may or may not be helpful. *Bowles,* 224 F.R.D. at 259. For example, in *Feld*, this Court ordered the production of all documents related to "central issues" in the case because the party asserting privilege placed them at issue in the case. *Feld*, 991 F.Supp.3d at 252-53. As with the plaintiff's reliance on select information to support its

case, the government seeks to disclose limited information to support a broader issue before the court – the lawfulness of the three seizures. It would be improper to permit the government to assert privilege on any information it does not wish to disclose related to the execution of the warrant – in particular the lawfulness of the three seizures. Accordingly, the subject-matter waiver extends to *all* such information.

### III.   The Waiver Extends To Fact And Opinion Work Product

Finally, the government's waiver extends to *all* work product regarding the execution of the warrant – including opinion work product – because the DOJ attorney's legal opinions regarding the three seizures on June 6, 2020 are material information for the court in determining the lawfulness of the government's action and whether to suppress the evidence obtained from the three seizures.

The government must be compelled to produce fact and opinion work product regarding the execution of the warrant because that subject-matter is squarely "at issue" before the court. *Feld*, 991 F. Supp. 2d at 256 (finding a waiver of fact and opinion work product); *Hager v. Bluefield Reg'l Med. Ctr, Inc.*, 170 F.R.D. 70, 78 (D.D.C. 1997) ("the near absolute protection given by the courts to opinion work product must give way when a litigant puts his attorney's opinions into direct issue.").

Here, the government placed the DOJ attorneys' opinions on the legality of the three seizures at issue before this Court. If the Court finds the government violated Mr. Raymond's constitutional rights in its execution and re-execution of the Warrant, the next question is whether the illegally-obtained evidence must be suppressed. This turns, in part, on whether any form of "good faith" defense may apply (as the government has asserted), or whether the agents' and prosecutors' conduct in violating the constitution was "deliberate, reckless, or grossly negligent."

*Herring v. United States*, 55 U.S. 135, 144 (2009). As shown in body-worn camera footage produced by the government, the agents were directed by the DOJ attorneys to execute multiple seizures. Thus, the communications between and among the agents and the DOJ attorneys, and the related fact and opinion work product, is highly relevant to the Court's inquiry in this case, and to Mr. Raymond's arguments in favor of suppression. The government placed the DOJ attorneys' opinions on the legality of the three seizures at issue before this Court and, therefore, they must be produced.

Similarly, it is necessary to compel the production of opinion work product where there is "a reasonable probability that production of the requested materials could alter the outcome of the instant criminal prosecution." *United States v. Trabelsi*, No. CR 06-89 (RWR), 2015 WL 5175882, at *5 (D.D.C. Sept. 3, 2015) (finding that defendant had "made a strong showing of both necessity and unavailability" of opinion work product). In *Trabelsi*, the court reasoned that if the work product demonstrated potential violations that could reverse an indictment, "the privilege must give way." *Id.*

Here, as in *Trabelsi*, the government's actions with respect to the execution of the warrant – and the legal opinions and advice of the DOJ counsel – are in direct issue and may determine whether evidence is suppressed, and whether the indictment against Mr. Raymond is reversed. As this Court has found, Ms. Perry is an *essential witness* regarding the legality of the warrant execution. ECF No. 142 at 4-5. Indeed, Ms. Perry and Ms. Soni have been subpoenaed to appear at the hearing on the Motion to Suppress, in which the government will attempt to defend the manner in which it executed the warrant. Accordingly, the production of opinion work product is justified.

## **CONCLUSION**

The government cannot use the privilege doctrine as both a sword and a shield by selectively waiving disclosure of some information, while claiming privilege on other information to gain a tactical advantage. The legality of the execution of the warrant it under review by this Court, and the government placed the advice and opinions of the DOJ attorneys on the subject in direct issue. Accordingly, Mr. Raymond respectfully requests that the Court GRANT his motion to compel the production of otherwise privileged communications and work product regarding the execution of the warrant.

Dated: May 15, 2023

Respectfully submitted,

s/John Marston
John Peter Marston
**FOLEY HOAG, LLP**
1717 K Street, NW
Washington, DC 20006
(202) 261-7321
Fax: (202) 785-6687
jmarston@foleyhoag.com

s/A. Joseph Jay III
Joseph Jay III (D.C. No. 501646)
Denise Giraudo (D.C. No. 499348)
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 747-1900
JJay@sheppardmullin.com
DGiraudo@sheppardmullin.com

*Counsel for Brian Jeffrey Raymond*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2023, I filed the foregoing using the Court's CM/ECF system which gave notice to all counsel of record.

          s/A. Joseph Jay III

          **A. Joseph Jay III**