UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BRIAN JEFFREY RAYMOND, <br><br> Defendant. | Criminal Action No. 21-380 (CKK) |

**ORDER**
(May 25, 2023)

This criminal case is set for a suppression hearing on June 1, 2023. Defendant has moved to suppress the fruits of a June 6, 2020 search (or, in Defendant's view, searches) that seized two of Defendant's phones and compelled Defendant to provide biometric data and (purportedly) a passcode to unlock the two phones. Defendant has subpoenaed former Government counsel Jamie Perry ("Ms. Perry") and her then-supervisor Pragna Soni ("Ms. Soni") for their testimony at the suppression hearing. Before the Court is the Government's motion to quash the subpoenas in their entirety, ECF No. 210.

To sustain a subpoena *ad testificandum*, a defendant must demonstrate that a subpoenaed witness's testimony will be both "material" and "favorable" to his defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). The presaged testimony may not be speculative or cumulative. *See United States v. Rivera*, 412 F.3d 562, 570 (4th Cir. 2005) (speculative testimony at trial); *United States v. White*, 514 F.2d 205, 207 (D.C. Cir. 1975) (affirming trial court's denial of motion for new trial where proffered testimony as to suppression of evidence would have been cumulative). The topics of Defendant's subpoenas here are:

1. The training Ms. Perry or Ms. Soni received, if any, related to the execution of search warrants, particularly cell phone search warrants.

1

2. The experience Ms. Perry or Ms. Soni have, if any, in executing search warrants, particularly cell phone search warrants.

3. Whether and how Ms. Perry or Ms. Soni concluded that the reengagement of Mr. Raymond was lawful.

4. What Ms. Perry told Ms. Soni after the initial seizure and prior to the decision to re-engage Mr. Raymond on the already-executed warrant.

5. Whether Ms. Soni knew the warrant had been fully executed at the time she approved of, or gave, the direction to have the agents re-engage, including whether she knew that the agents had given property receipts to Mr. Raymond.

6. What Ms. Perry told Ms. Soni about the June 6, 2020 warrant, either on that date or thereafter.

7. What advice Ms. Soni gave to Ms. Perry regarding the lawfulness of the second and third executions of the warrant.

8. The pre-warrant service advice Ms. Perry provided to the agents, and any instructions or directions she gave the agents regarding how to handle the warrant service.

9. What the agents told Ms. Perry after the initial seizure and prior to the decision to re-engage Mr. Raymond on the already-executed warrant.

10. Whether Ms. Perry knew that the warrant had been fully executed at the time she directed the agents to re-engage, including whether the agents had informed her that they had issued property receipts to Mr. Raymond.

11. Whether the agents asked Ms. Perry to delay the search warrant until a technician could be present, or for any other reason, and whether and how Ms. Perry responded to that question.

ECF No. 214 at 6-7 (cleaned up).

The first seven categories are immaterial for the purposes of the suppression hearing. In addressing whether to suppress evidence, and as Defendant ably explains, the fundamental question before the Court is whether "law enforcement officers [] conduct[ed] [an] 'unreasonable search[] or seizure[].'" ECF No. 190 at 15 (quoting *United States v. Winecoff*, Crim. A. No. 20-266 (RBW), 2021 WL 6196999, at *3 (D.D.C. Dec. 30, 2021)). Whether the law enforcement officers that executed the warrant at issue effected a warrantless, unlawful search turns on the

2

totality of the circumstances known to law enforcement at the time and whether, on the basis of the totality of those circumstances, a continuation of the search was "'reasonable.'"  *See United States v. Keszthelyi*, 308 F.3d 557, 572 (6th Cir. 2002) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).  Similarly, assuming a Fourth Amendment violation *arguendo*, whether the Court should nevertheless excuse such a violation pursuant to the "good faith" exception to the exclusionary rule depends on whether "the *police* misconduct at issue" exhibited a "deliberate," "reckless," or "grossly negligent" disregard for a defendant's Fourth Amendment rights or was instead an "objectively reasonable [mistake] under the circumstances."  *See United states v. Pimentel*, 26 F.4th 86, 92 (1st Cir. 2022) (emphasis added) (citing *United States v. Leon*, 468 U.S. 897, 918 n.19 (1984)).  The question is exclusively one of what the *police* knew, and when they knew it.  Therefore, the training and experience of Ms. Perry or Ms. Soni, or communications between them, are immaterial for the present inquiry.

     Although Ms. Perry's communications with law enforcement executing the search may bear on the propriety of law enforcement's actions, the Government evidently intends to call the law enforcement officers themselves as witnesses at the suppression hearing.  Insofar as the Court will hear from one interlocutor, testimony from the other will simply be cumulative of what law enforcement knew at the time they executed the search(es).  The Court is not inclined to unnecessarily waste time on cumulative testimony, and the Court would exclude a trial subpoena *ad testificandum* for cumulative testimony.  *See United States v. Michel*, Crim. A. No. 19-148 (CKK), 2023 WL 2388501, at *7 (D.D.C. Mar. 6, 2023).  Nevertheless, because the Court has yet to hear testimony from the law enforcement agents who spoke with Ms. Perry about the search(es), the Court will hold in abeyance that portion of the subpoena pending the suppression hearing itself.

If necessary, the Court will recess and continue the suppression hearing to a later date to hear testimony from Ms. Perry.

Lastly, the Court provides notice to the parties of the issues on which it expects the parties will focus at the upcoming suppression hearing. First, the Government will begin by explaining the contents of the warrant at issue and precisely what conduct the warrant authorized. Second, the Government will put on testimony by the law enforcement agents who executed the search(es), in which those agents will explain, in detail, each of their interactions with Defendant and Ms. Perry. The Government may introduce video exhibits through these agents. Third, the parties will offer legal argument regarding when, exactly, the warrant was finally executed. Fourth and finally, assuming *arguendo* that the warrant was finally executed at the end of law enforcement's first interaction with Defendant, the parties will offer legal argument regarding why a warrant was necessary for further interactions with Defendant.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that the Government's [210] Motion to Quash Subpoenas of DOJ Attorneys for the Hearing on Defendant's Motion to Suppress Physical Evidence is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**.

**SO ORDERED**.

Dated: May 25, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge