IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN JEFFREY RAYMOND, | ) |
| | )   CRIMINAL NO. 1:21-cr-00380-CKK |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR A BILL OF PARTICULARS**

The Government's opposition entirely misses the point of a bill of particulars by oscillating between a defense of the indictment and the multitude of discovery produced. "The function of a bill of particulars is to enlarge an indictment so that the defendant may be more specifically informed of the nature of the charge against him." *U.S. v. Slaughter*, 89 F.Supp. 205, 207 (D.D.C. 1950). In particular, it permits the defendant to (1) understand the charges, (2) prepare a defense, (3) avoid prejudicial surprise at trial, and (4) be protected against double jeopardy. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

Contrary to the government's arguments, Mr. Raymond is not seeking dismissal of the indictment or supplemental discovery. Rather, Mr. Raymond makes limited, but essential, requests for particularized information regarding the identity of the alleged victims, the drugs

allegedly used, the method the drugs were allegedly administered, and the manner of inducement of sexual acts to permit him to prepare for and avoid unfair surprise at trial.[1]

This Court should direct the Government to disclose the requested information in a bill of particulars because the volume of discovery necessitates, rather than alleviates, the need for a bill. Further, with trial less than three months away, the identity of the alleged victims is necessary for preparation. And finally, the government should not be permitted to proffer half-baked and unsupported theories at trial regarding the drugs used and the method in which they were administered – disclosure of such information is critical to Mr. Raymond's trial preparation and for the avoidance of unfair surprise at trial.

## ARGUMENT

### I. Voluminous Discovery Does Not Preclude the Need for a Bill of Particulars.

Throughout its opposition, the government touts the "voluminous discovery" produced as sufficient to permit Mr. Raymond to prepare for trial and avoid unfair surprise. However, "it is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery provided." *United States v. Bazezew*, 783 F.Supp.2d 160, 168 (D.D.C. 2011) (granting motion for bill of particulars); *see also United States v. Nacchio*, 05-cr-00545-EWN, 2006 WL 2475282, at *8 (D. Colo. Aug. 25, 2006). Instead, "[c]ourts tend to grant bills of particulars" where the case involves "voluminous discovery, multiple actors, and complex transactions." *United States v. Sutton*, 21-cr-0598-PLF, 2022 WL 1183797, at *2 (D.D.C. Apr.

---

[1] In its opposition, the government avers that Mr. Raymond is aware of the identity of Country 6, citing to the Statement of Offense (ECF No. 68). Notably, the Statement of Offense was signed by Mr. Raymond before undersigned counsel had full access to discovery in this case. Undersigned counsel have confirmed with Mr. Raymond that he is aware of the identity of Country 6 and accordingly withdraw the request for that information.

21, 2022); *see also United States v. Trie*, 21 F.Supp.2d 7, 21-22 (D.D.C. 1998) (granting motion for bill of particulars in a case involving significant discovery).

Indeed, the sheer volume of discovery may <u>necessitate</u> a bill of particulars. *United States v. Bin Laden*, 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (finding the district court erred in failing to order the government to provide a bill of particulars where the "mountains of documents" provided to the defense impermissibly shifted the burden of proof to the defendant).

A bill of particulars is necessary in this case to cut through the discovery and provide a modicum of clarity for Mr. Raymond that will permit him to adequately prepare for trial and avoid unfair surprise. This Court has found that this case is complex – it involves eleven counts, over two dozen alleged victims, and many events that occurred over the course of several years in multiple countries. The "voluminous discovery, including reports of victims' statements to law enforcement and the defendant's photographs and videos of the victims" (Opp. at 11) sheds no light on the critical, yet vague, allegations in the indictment – the identity of the victims, the drugs allegedly used, the methods in which they were used, and the manner of inducement of the alleged victims. Accordingly, the government should be directed to issue a bill of particulars to "define the government's case" and permit Mr. Raymond to prepare for trial without the risk of prejudicial surprise. *United States v. Sanford*, 841 F.Supp.2d 309, 316 (D.D.C. 2012).

## II. The Government Must Disclose the Name of the Alleged Victims.

The government's case rests squarely on the word of fourteen unidentified alleged victims (and potentially others it intends to call to testify at trial). Contrary to the argument

raised in the opposition, the production of anonymized statements, photos and dates is insufficient to identify *who* the alleged victims are. With trial less than three months away, the identification of the victims is critical to Mr. Raymond's ability to prepare for trial to be able to adequately exercise his Constitutional right to confrontation at trial.

Though the identification of alleged victims is not necessary in some instances, none of those factors are present here. *See, e.g., United States v. Sterritt*, 21-cr-194-KAM, 2023 WL 4140269, at * 7 (E.D.N.Y. June 22, 2023) (denying bill of particulars where the identities of fraud victims were obvious because it was likely every investor); *United States v. Concord Mgmt & Consulting, LLC*, 385 F.Supp.3d 69, 80 (D.D.C. 2019) (denying the identification of alleged victims where it was requested "many months before trial."). Here, the identity of the witnesses is not obvious, and trial is rapidly approaching.

Further, disclosure of the identities of the alleged victims is necessary because of the breadth of time and number of people involved in the indictment charges. Identification of victims in a bill of particulars is appropriate where there are multiple alleged victims and "multiple potential assault behaviors." *See United States v. Connell*, 21-cr-0084-PLF, 2023 WL 4286191, at *5 (D.D.C. June 30, 2023) (directing government to disclose the identity of an alleged victim in a bill of particulars); *see also United States v. Caldwell*, 21-cr-0028-APM, omnibus order (D.D.C. Sept. 14, 2021) [Dkt. No. 415] at 8-9 (same). The indictment involves many events in several countries over the course of multiple years, involving dozens of alleged victims. Without the disclosure of the victim's identities, Mr. Raymond will be unable to properly prepare a defense and avoid surprise at trial. Accordingly, the government should be directed to issue a bill of particulars identifying the alleged victims named in the complaint and any others it intends to call at trial.

### III. The Government Must Provide Information on the Drugs, Method of Administration of Intoxicants, and Manner of Inducement to Avoid Prejudicial Surprise at Trial.

Multiple counts in the indictment rest on the serious allegation that Mr. Raymond drugged alleged victims involuntarily (Counts 2, 4, 6, 8, 10, and 13). Multiple other counts rest on the allegation that Mr. Raymond induced alleged victims to travel in interstate and foreign commerce to engage in sexual activity (Counts 15, 16, and 17). The manner of inducement, the drugs used, and the method of administration are critical details regarding Mr. Raymond's alleged criminal conduct about which he should not be left guessing, or surprised by, at trial. Accordingly, the government should be directed to provide what, if any, information it has regarding the drugs used, the methods that they were used, and the manner of inducement.

As it does in the rest of its opposition, the government rebuts Mr. Raymond's request by merely pointing to the sufficiency of the indictment and the discovery produced. This is as irrelevant as it is unpersuasive because Mr. Raymond is not challenging the sufficiency of the indictment or the discovery. Importantly, even though the government deflects from the issue, it appears to admit that it <u>cannot</u> identify the drugs used, the method in which they were administered, or the manner of inducement – pointing only to vague google searches, dating profiles, and photographs or videos.

Based on the government's statements, there is a clear risk of surprise at trial. For example, the government points to Google searches mentioning Ambien, valium, xanax, and alcohol, but refuses to state whether any of those drugs is connected to any of the criminal charges. This forces Mr. Raymond, who asserts he administered no intoxicants whatsoever, to guess as to whether the government will allege a certain drug or intoxicant was used. Further, Mr. Raymond previously asked the government to produce records regarding the substances used

and the manner of intoxication, but the government has demurred – responding that this information will be disclosed when their expert testifies at trial. In short, the government's refusal to identify the drugs used and the manner of administration makes it impossible for Mr. Raymond to prepare for trial and risks the exact surprise that a bill of particulars is designed to alleviate.

The government clearly wishes to keep its options open at trial by levying vague allegations to cover for its apparent lack of evidence or theory. Yet, this is precisely why a bill of particulars is necessary – to "limit and define the government's case" by binding them to the bill. *Sanford*, 841 F.Supp.2d at 316; *U.S. v. Brown*, 07-cr-75-CKK, 2007 WL 2007513, at *2 (D.D.C. Jul. 9, 2007) ("a [b]ill of [p]articulars binds the Government both in terms of its adjudication of this case and for Double Jeopardy purposes.") (citing *U.S. v. Slaughter*, 89 F.Supp. at 207); *see also*, *Jackson v. United States*, 359 F.2d 260, 263 n.3 (D.C. Cir. 1966) (Wright, J. Dissenting) ("it is hornbook law that when a bill of particulars is provided, the Government is bound by it."). If the government has no specific information regarding which drugs were used, how they were used, and how Mr. Raymond induced the alleged victims, it should be bound by that rather than being able to pivot during trial to attempt to prove its case.

The government <u>must</u> be directed to state the drugs used, the methods used, and the manner of inducement in a bill of particulars to narrow the vague and unfairly broad scope of the indictment's allegations. Only through a bill of particulars will Mr. Raymond be able to avoid unfair surprise and adequately prepare for trial.

## CONCLUSION

WHEREFORE, for the reasons stated herein, in his motion, and the memorandum in support, Mr. Raymond respectfully requests that the Court order the government to provide a Bill

of Particulars identifying: 1) the identities of the alleged victims; 2) the drugs used in furtherance of alleged criminal activity; 3) the method in which the drugs were administered; and 4) the method in which alleged victims were induced to engage in interstate or foreign travel for sexual activity as soon as practicable.

Dated: August 18, 2023

Respectfully submitted,

s/ Denise E. Giraudo
Denise E. Giraudo (D.C. No. 499348)
Joseph Jay III (D.C. No. 501646)
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 747-1900
Fax: (202) 747-1901
DGiraudo@sheppardmullin.com
JJay@sheppardmullin.com

s/ John Peter Marston
John Peter Marston
**FOLEY HOAG, LLP**
1717 K Street, NW
Washington, DC 20006
(202) 261-7321
Fax: (202) 785-6687
jmarston@foleyhoag.com

*Counsel for Brian Jeffrey Raymond*

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2023, I caused a copy of the foregoing to be filed with the Court, via the Court's ECF system, which will send copies to counsel of record.

*s/ Denise Giraudo*
Denise Giraudo