UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN JEFFREY RAYMOND,<br>Defendant | Criminal Action No. 21-380 (CKK) |

MEMORANDUM OPINION
(September 27, 2023)

Defendant Brian Jeffrey Raymond ("Defendant" or "Mr. Raymond") is charged by indictment with various sex offenses allegedly committed in, among other countries, Mexico and the United States. Defendant has moved for a bill of particulars, requesting that the Government disclose: (1) the name of each victim alleged in the indictment and any other alleged victim (hereinafter, "AV") whom the Government intends to call at trial; (2) the true name of "Country 6" as charged in Counts 13 and 14 of the indictment; (3) each intoxicant that Defendant purportedly used according to Counts 2, 4, 6, 8, 10, and 13 of the indictment; and (4) the manner in which Defendant allegedly induced AV-4, AV-15, and AV-17 to travel to Defendant so that he could abuse them. The Court concludes that Defendant cannot adequately prepare a defense without the Government identifying the true names of the victims alleged in the indictment. As to Defendant's remaining requests, however, either the Government has already provided the requested information or Defendant will receive the information in sufficient due-course. Accordingly, and upon consideration of the pleadings,[1] the relevant legal authority, and the record before the Court,

---

[1] The Court's consideration has focused on:
- The Superseding Indictment, ECF No. 184 ("Indictment");
- Defendant's Motion for a Bill of Particulars, ECF No. 242 ("Motion" or "Mot.");
- The Government's Memorandum in Opposition to Defendant's Motion for a Bill of Particulars, ECF No. 246 ("Opp."), and the exhibits appended thereto; and

1

the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [242] Motion for a Bill of Particulars.

I.   **BACKGROUND**

The Court has previously described a number of the Government's allegations and this case's procedural background in two prior opinions. *United States v. Raymond*, 640 F. Supp. 3d 9 (D.D.C. Oct. 26, 2022) ("*Raymond I*"); *United States v. Raymond*, --- F. Supp. 3d ---, 2023 WL 2043147 (D.D.C. Feb. 16, 2023) ("*Raymond II*"). The Court restates only those facts necessary for the resolution of the pending motion and refers the reader to those prior opinions for further background. Additionally, the facts discussed here are based upon the record presently before the Court, including the parties' pleadings and associated exhibits and the photographic and video evidence presented by the Government.

A.  **Procedural Background**

An investigation of Mr. Raymond began after police responded, on May 31, 2020, to reports of a naked woman ("AV-1") screaming on the balcony of Defendant's residence in Mexico City, leased by the United States Government for Embassy employees. When Mr. Raymond was interviewed in Mexico City by Mexican and American authorities, he indicated that he had met AV-1 online, and the two had gone to his apartment, had drinks, and engaged in consensual intercourse. *See Raymond I*, 640 F. Supp. 3d at 14. A June 2, 2020 interview with AV-1 indicated that she had met with Mr. Raymond outdoors, and he brought wine in a backpack. *Id.* After going to his apartment, where they drank more wine and ate light snacks, she could not remember anything—including intercourse or standing and screaming on his balcony—until she awoke in an ambulance.

- Defendant's Reply in Support of Motion for a Bill of Particulars, ECF No. 248 ("Repl."). In an exercise of its discretion, the Court concludes that oral argument would not be of assistance in resolving the present Motion.

*Id.* When the Federal Bureau of Investigation ("FBI") ran an analysis on AV-1's urine sample in connection with the incident, they found cocaine, methamphetamine, and theophylline (a bronchial dilator asthma medication) in her system but did not find any evidence of so-called "date rape" substances. *Id.* During her follow-up interview, AV-1 denied ever having used any illegal drugs and suggested that maybe Mr. Raymond had put the drugs in her drinks. *Id.* Based on the incident with AV-1, on June 2, 2020, law enforcement executed a search warrant for Defendant's devices. *Id.* at 15. This warrant, and others, turned up a hoard of videos depicting Defendant sexually assaulting unconscious women. *Id.* at 18.

Based in part on the inculpatory material on the phones (videos of Defendant sexually assaulting unconscious women), the Government filed a one-count Complaint charging Defendant with enticing or coercing another "to travel in interstate or foreign commerce . . . to engage in . . . any sexual activity for which any person can be charged with a criminal offense," in violation of 18 U.S.C. § 2422(a). *See* ECF No. 1 (Oct. 8, 2020). On December 31, 2020, the Government filed a superseding complaint, charging Defendant with sexual abuse in violation 18 U.S.C. § 2242(2) and abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). In accordance with a plea agreement, the Government then filed a superseding Information, alleging two counts of sexual abuse in violation of 18 U.S.C. § 2242(2) and one count of transportation of obscene material (the photos and videos of unconscious women) in violation of 18 U.S.C. § 1462. ECF No. 59 at 1-4 (May 28, 2021). On July 23, 2021, Defendant entered, and the Court accepted, a plea of "guilty" as to the charges in the superseding Information. *See* Minute Entry (July 23, 2021); Statement of Offense, ECF No. 68; Plea Agreement, ECF No. 69.

Despite the plea, this case did not proceed to sentencing. Rather, Defendant moved to withdraw his plea, based mainly on ineffective assistance of counsel. *Raymond I*, 640 F. Supp. 3d

3

at 21.  After substantial briefing, the Court granted the motion on those grounds.  *Id.* at 34.  The Government then sought, and a grand jury returned, the first indictment, comprising eleven counts similar to those charged in the prior charging instruments.  *United States v. Raymond*, Crim. A. No. 21-380 (CKK), 2023 WL 3040453, at *3 (D.D.C. Apr. 21, 2023) ("*Raymond III*").  That indictment alleged:  two counts of sexual abuse in violation of 18 U.S.C. §§ 2242(2), 7(9); one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(b), 7(9); seven counts of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); and one count of coercion and enticement to travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2442(a).  *Id.*  Based on the allegations in that indictment and the substantial litigation this case has incurred and will incur in the future, the Court tolled all Speedy Trial time until trial, set for November 8, 2023.  *Raymond II*, 2023 WL 2043147 at *4.

The operative superseding Indictment doubled the counts pending against Defendant.  It brings twenty-five counts and alleges fourteen distinct victims.  The indictment, however, is not a "speaking indictment;" it alleges only the elements of each charged offense as to a particular, anonymized victim (e.g., "Victim 1").  For example, Count Four alleges that Defendant "attempted to and did knowingly administer to another person, Victim 9 . . . a drug, intoxicant, and other similar substance" in order to "knowingly engage in and cause sexual contact with and by Victim 9," all in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9)).  *Id.* at 4.  It does not identify the victim herself or the drug used.  *Id.*

A battery of pretrial motions are pending before the Court.  In an effort to narrow the issues as the parties prepare for trial, the Court first resolves the instant motion for a bill of particulars.  Before doing so, the Court repeats the most salient factual allegations.

**B. Factual Allegations**

With each new charging document, the criminal allegations against Defendant have necessarily grown over time. Each revolves around Defendant's evident *modus operandi* to lure unsuspecting women through dating applications (e.g., Tinder) to Defendant's home, drug them, and film himself sexually abusing them. As the initial order mandating Defendant's detention pending trial explained,

> the United States [has] proffered evidence of yet to be charged offenses that involve at least twenty-three victims including a victim who alleges sexual assault in [Mexico City]. . . . The United States began its investigation of Defendant in May of 2020 when a female reported that Defendant sexually assaulted her at a U.S. Embassy[-]rented apartment in Mexico City. . . . Further investigation into Defendant yielded the discovery of numerous videos and photographs in which Defendant appears to be filming unconscious [and nude] females. The interview of the victim in the charged offense revealed that she had no idea that defendant had filmed her or that he had pulled her bra down[,] exposing her breasts.

Detention Order at 2, ECF No. 14, *United States v. Raymond*, No. 3:20-mj-0442-LL (Oct. 19, 2020). The evidence presented to the Court thus far, mainly through the Government's briefing successfully requesting Defendant's continued pretrial detention largely builds on these findings.

The video and photographic exhibits provided to the Court establish for the purposes of detention that Defendant has violently enacted a fetish for unconscious women by drugging and sexually assaulting scores of women over the course of several years. *Raymond III*, 2023 WL 3040453, at *3. In addition to these exhibits, discussed further below, the Government has relied on Defendant's internet search history and interviews with witnesses and alleged victims. *Id.* The Government claims that Defendant researched interactions between Ambien and alcohol, and sent an inquiry to an online pharmacy to obtain chloral hydrate, a cousin of Rohpynol (commonly called a "roofie"). *Id.* The Government also alleges that, as to AV-1, a subsequent physical examination "revealed a vaginal injury consistent with friction, an anal laceration compatible with the introduction of a hard, blunt object, generalized redness throughout her perianal area, bruises on

5

her forearm, elbow, and knees, and laceration on the inside of her cheek." *Id*. Defendant stresses that at least one toxicology report definitively ruled out the presence of "date rape" drugs in AV-1's system, and that the Government has no scientific evidence (i.e., non-circumstantial evidence) that Defendant ever administered a "date rape" drug before abusing his alleged victims. *Id*.

In addition to expert testimony, *see* ECF No. 258, the Government relies on video and/or photographic evidence, some of which has previously been provided to the Court for its review in bail proceedings, *Raymond III*, 2023 WL 3040453, at *3. For example, one exhibit depicts Defendant filming himself lifting and dropping AV-6's limbs, manipulating her eyelids, and stroking her breasts and genitals with her own hand, all while she was unconscious. *Id*. When AV-6 face flinched, Defendant jumped back, revealing his erect penis. *Id*. This sort of conduct is repeated among a battery of other exhibits previously shared with the Court. *Id*. They are also consistent with the Government's proffer as to the seventeen other alleged victims arising from the conduct alleged in the Superseding Indictment. *Id*.

## II.  LEGAL STANDARD

A criminal indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. As a method to remedy deficient pleading, a bill of particulars is necessary when the offenses are not "stated with enough precision" to allow the defendant to understand the charges against him and prepare a defense in advance of trial. *See United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." (cleaned up)) *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). In determining whether to grant a motion for a bill of

particulars, the "Court must strike a 'prudent balance' between the legitimate interests of the government and the defendant." *United States v. Manafort*, Crim. A. No. 17-0201-01 (ABJ), 2018 WL 10394893, at *1 (D.D.C. June 12, 2018) (quoting *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991)).  The Court must weigh "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense." *United States v. Connell*, Crim. A. No. 21-084 (PLF), 2023 WL 4286191, at *2 (D.D.C. June 30, 2023).

"A bill of particulars properly includes clarification of the indictment," but it is not "a discovery tool or a device for allowing the defense the government's evidence." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 74 (D.D.C. 2019).  Nor may it "be used as a weapon to force the government into divulging its prosecution strategy." *United States v. Maurya*, 25 F.4th 829, 837 (11th Cir. 2022).  Similarly, a bill of particulars is not a tool to forgo reviewing discovery provided by the government.  *See United States v. Bazezew*, 783 F. Supp. 2d 160, 162 (D.D.C. 2011) ("the general rule is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars").

### III. DISCUSSION

#### A. Victim and Witness Names

1. Victim Names

As to the names of Defendant's alleged victims, the equities weigh in favor of disclosure. As a general matter, Defendant is entitled to put on a case disputing a particular victim's account, and to do so, he is entitled to obtain information about that alleged victim.  The sheer number of alleged victims for just one criminal defendant poses a relatively unique challenge to Defendant in this case.  The Indictment implies that Defendant has abused as many as twenty-six women

across three countries and seven years.  Although there are likely some documentary records within Defendant's control that would enable him to identify them (e.g., text message or messages on various dating applications), some records may not be available, and Defendant may have limited memory of other victims.  In this regard, Defendant may well be left guessing as to the precise identity of which individual corresponds to a particular alleged victim, effectively having to pick them out of a crowd.  Under such circumstances, a bill of particulars identifying the alleged victim is appropriate.  *See Connell*, 2023 WL 4286191, at *4 (requiring the Government to identify the police officer(s) whom a January 6th defendant allegedly obstructed during that day's insurrection); *cf. also United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (in fraud prosecution, defendant entitled to bill of particulars highlighting fraudulent charges where criminal defendant would otherwise have to guess among more than 17,000 pages of discovery).

Although an indictment that pleads merely the elements of the particular offense is generally sufficient, *see United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006), a bill of particulars is far more necessary where a defendant cannot be sure that they will receive key information through discovery, *see, e.g.*, *United States v. Michel*, Crim. A. No. 19-148-1 (CKK), 2022 WL 4119774, at *6 (D.D.C. Sept. 9, 2022).  In *Michel*, for instance, a defendant charged with, among other things, money laundering was not entitled to a bill of particulars listing particular transactions in detail where (1) a speaking indictment already did so and (2) the defendant had easy access to that information in materials in his control.  *Id.*  Here, however, the Government has insisted on anonymizing all alleged victims in each of its productions to the defense.  Opp. at 11.  Certainly, the Government claims that it has provided a substantial amount of information:  images and videos identifying each victim; messages from and to each victim; and the date, time, and place each victim was allegedly assaulted.  Yet even that is not sufficient,

8

because Defendant still lacks the knowledge necessary to identify each alleged victim with sufficient certainty so as to adequately prepare for trial.

Nevertheless, the Government protests that Defendant must know each victim well. The Court is not so convinced, and the Government has not proffered any evidence demonstrating that he had "significant personal or financial relations" with his alleged victims. *See United States v. Colson*, 662 F.2d 1389, 1391-92 (11th Cir. 1981) (no bill of particulars necessary in such a circumstance). Even were Defendant to have some familiarity with particular victims, he would need the names of others under these peculiar circumstances to avoid unfair surprise at trial. *See United States v. Michel*, Crim. A. No. 19-148-1 (CKK), 2019 WL 5797669, at *17 (D.D.C. Nov. 6, 2019) (mandating bill of particulars identifying unindicted co-conspirators in light of number of individuals with whom defendant interacted throughout years-long scheme, general scope of case, and "international nature" of charged conduct).

Much of the Government's argument revolves around potential prejudice to victims should the defense team learn their true identities. Contrary to what the Government declaims, there is no indication that Defendant or his counsel will "injur[e]" or "intimidate" the alleged victims. *See* Opp. at 10 (quoting *United States v. Ortiz-Garcia*, 553 F. Supp. 2d 119, 121 (D.P.R. 2008)). Nor has the Government presented any reason to conclude that there will be "a risk to witness safety, [or any] potential for witness intimidation or subornation of perjury" should a sealed bill of particulars be docketed naming the alleged victims in the indictment. *See United States v. Kelly*, Crim. A. No. 19-286 (AMD), 2020 WL 473613, at *1 (E.D.N.Y. 2020) (denying motion for bill of particulars identifying "victims, cooperators, [and] government witnesses" where defendant had "history of obstruction, intimidation, and witness tampering"). Lastly, there is no allegation that Defendant is either a member of a violent gang or of an organized crime ring. *See United States*

9

*v. Haynie*, Crim. A. No. 8:15-343, 2017 WL 55891, at *2 (D. Neb. Jan. 4, 2017) (delayed disclosure of victim identities appropriate where defendant shot the victims in gang-related violence); *United States v. Antico*, Crim. A. No. 08-559 (CBA), 2010 WL 2425991, at *1 (E.D.N.Y. June 11, 2010) (delayed disclosure of Government witness list appropriate in prosecution of leader of Genovese crime family).

The remainder of the Government's authority is either inapposite or readily distinguishable. The Government briefly notes that a federal statute extends certain "rights" to crime victims. *See generally* 18 U.S.C. § 3771(a). Although this statute provides, among other things, some broad right "to be treated with fairness and with respect for the victim's dignity and privacy," *id.* (a)(8), the Court is unaware of any authority holding that the statute somehow governs the present inquiry. As the Government's own authority makes clear, this statute generally governs a victim's participation in a case; it is not a limitation on a court order governing discovery between a defendant and the Government. *See United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007). Indeed, in cases that address both this statute and a motion for a bill of particulars, the subjects are entirely unrelated. *See, e.g.*, *United States v. Lawrence*, Crim. A. No. C2-05-11, 2005 WL 8159643 (S.D. Ohio Oct. 7, 2005); *United States v. Johnson*, 362 F. Supp. 2d 1043 (N.D. Iowa Feb. 18, 2005). The Court would not be inclined to think that Congress changed so much law in so limited a statute, *see Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 468 (2001), particularly where the statute specifically precludes a private cause of action, 18 U.S.C. § 3771(d)(5). Moreover, to read the statute as substantially limiting a court's authority to order a bill of particulars under Rule 7 would mean construing the statute to amend Rule 7 by implication which, again, Congress presumably would not do. *See United States v. Handy*, Crim. A. No. 22-096 (CKK), 2023 WL 6199084, at *5 (D.D.C. Sept. 22, 2023) (citing, *inter alia*, *J.E.M. Ag. Supply*,

*Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 142 (2001)).

The Government also argues that a bill of particulars is unwarranted because there is no *Brady* or Confrontation-Clause right to the names of individual victims. The Court has already, in effect, held the former, Order, ECF No. 228 at 2 (June 12, 2023), and the Government is undoubtedly correct as to the latter, *United States v. Lattimore*, 525 F. Supp. 3d 142, 149 (D.D.C. 2021). Here, however, the argument is a *non sequitur*. No motion to compel discovery is before the Court. Only a motion for a bill of particulars is before the Court, and Rule 7 imposes its own body of law and obligations upon the Government. Therefore, the Court concludes that Rule 7 requires a bill of particulars that substitutes the pseudonym of each alleged victim with the corresponding true name. The Court will, however, afford the Government an opportunity to negotiate with defense counsel any amendment to the operative protective order to limit access to victim names.

2. Witness Names

That said, there is a difference between victims and witnesses. *See United States v. Hanckock*, 441 F.2d 1285, 1287 (5th Cir. 1971) (no bill of particulars necessary under the circumstances for identities of witnesses). The indictment does not allege that particular individuals *witnessed* the charged conduct; it alleges victims. As such, a bill of particulars as to witnesses would be little more than an effort to preview the Government's evidence. That is not the province of a bill of particulars. *See Concord Mgmt.*, 385 F. Supp. 3d at 74. Accordingly, only Defendant's request for the names of alleged victims need be granted, but not his request for the names of witnesses.

**B. Remaining Requests**

Defendant's remaining requests fare far worse. Defendant's second request, for the

Government to identify County 6 as alleged in Counts 13 and 14 fails, because he admitted to the identity of Country 6 in his plea hearing. *See* Hrg. Trans., ECF No. 76 at 28:23-25. Defendant's third request, for the Government to specify which intoxicants Defendant purportedly used on his alleged victims, fails for the same reason. The Government has already produced the entirety of its basis to conclude that Defendant used specific intoxicants—an expert report currently the subject of one of Defendant's motions in limine, ECF No. 258.[2] Defendant may not use a bill of particulars to merely confirm information already known to him. *See Michel*, 2022 WL 4119774, at *6. Nor may Defendant use a bill of particulars to demand information that does not exist, or to require the Government to reveal the entirety of its prosecution strategy before trial. *See id.* Similarly, Defendant's fourth and final request, for the Government to list with specificity each manner or means used to induce each victim. is nothing more than an impermissible effort "to force the prosecution to connect [each] dot in [this] case." *See United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017). Accordingly, the Court must deny the remainder of Defendant's requests.

## IV.   CONCLUSION

For the foregoing reasons, the balance of the equities weigh in favor of a bill of particulars as to the identities of each victim alleged in the indictment, but only as to that set of information. In light of the sensitive nature of that information and the charges in this case, the Court will afford the Government an opportunity to confer with defense counsel and propose an amendment to the [98] Amended Protective Order governing the dissemination of the bill of particulars. The Court expects that any proposed amended will address only disclosure of victim names, and nothing else.

---

[2] The Court does not reach the Government's argument in the alternative that it need not identify a particular intoxicant for a defendant to be found guilty of violating 18 U.S.C. §§ 2244(a)(1) and 7(9).

In sum, the Court the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [242] Motion for a Bill of Particulars.  An appropriate Order accompanies this Memorandum Opinion.

**Dated:** September 27, 2023

  /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
