UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN JEFFREY RAYMOND,<br><br>Defendant | Criminal Action No. 21-380 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(September 28, 2023)

Defendant Brian Jeffrey Raymond ("Defendant") is charged by indictment with various sex offenses allegedly committed in, among other countries, Mexico and the United States.[1] Trial is currently set for November 8, 2023. Defendant has moved to continue the trial to April 2024 on three grounds: (1) insufficient access to the identities of the victims alleged in the operative indictment, (2) limited access to a secure compartmented information facility ("SCIF") for defense counsel and Defendant himself to discuss classified discovery, and (3) outstanding motions on which the Court has yet to rule. The Court has remedied the first issue by since ordering the Government to provide defense counsel with the true names of each alleged victim. The second two issues do not warrant a continuance, particularly in light of the prejudice that a continuance would cause the Government, its witnesses, and the alleged victims in this case. Accordingly, and for the foregoing reasons, the Court **DENIES** Defendant's [261] Motion to Continue Trial.

Whether to grant a trial continuance is a question committed to the sound discretion to

---

[1] The Court assumes the reader's familiarity with the factual and procedural background of this case. For background, the Court refers the reader to *United States v. Raymond*, 640 F. Supp. 3d 9 (D.D.C. Oct. 26, 2022), *United States v. Raymond*, 2023 WL 3040453 (D.D.C. Apr. 21, 2023), and *United States v. Raymond*, 2023 WL 6294178 (D.D.C. Sept. 27, 2023).

1

the trial court. *United States v. Burton*, 584 F.2d 485, 491 (D.C. Cir. 1978). In evaluating the need for a continuance, the Court must balance Defendant's constitutional rights with the Government's and the public's "substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *See United States v. Haldeman*, 559 F.2d 31, 83 (D.C. Cir. 1976). As a result, generally, a continuance is only *required* when a Fifth or Sixth Amendment violation would ensue absent a change in the trial's schedule. *See Burton*, 584 F.2d at 491; *see also, e.g.*, *United States v. Bailey*, Crim. A. No. 19-156 (CKK), 2021 WL 5798045, at *3 (D.D.C. Dec. 7, 2021) (order permitting deficient counsel to withdraw and trial continuance necessary where defense counsel had utterly failed to prepare for trial, causing constitutionally deficient assistance of counsel). In the context of a request for a continuance to obtain new counsel, *Burton* also identifies some additional factors a court may consider, in its discretion, including, as relevant here: the length of the requested delay; inconvenience to litigants, witnesses, and counsel; and whether the defendant contributed to a circumstance which gives rise to the request for a continuance. *Id.* at 490-91.

  Before turning to the reasons for Defendant's proposed continuance, the Court stresses that a five-month continuance is substantial. This case has been pending in this jurisdiction since October 8, 2020—nearly three years. Indeed, in January 2023, and in part due to the duration of his detention, Defendant refused to toll Speedy Trial time and opposed the Government's request that the Court *sua sponte* toll Speedy Trial time until the date of trial. *See* ECF No. 167 at 1; ECF No. 174 at 4. The Court disagreed, concluding that this case was so unusually complex as to warrant a delayed trial date of November 8, 2023. *See United States v. Raymond*, --- F. Supp. 3d ---, 2023 WL 2043147, at *4 (D.D.C. Feb. 16, 2023). In doing so, however, the Court extended Defendant's proposed trial date by only two months. The Court did not envision a

further five-month delay, and reminded the parties that it would "make every effort to set this case for an earlier trial date to the extent the circumstances of this case permit." *Id.*

Moreover, the Government has identified inordinate prejudice that alleged victims and witnesses would suffer due to a continuance. Logistically, "more than half the victims named in the superseding indictment[] must travel from three separate states outside of the Washington, DC area and approximately five different countries across the world." Gov.'s Opp., ECF No. 265 at 1 ("Opp."). Evidently, ensuring the presence of certain witnesses requires coordinating with foreign governments pursuant to mutual legal assistance treaties as well. *Id.* at 2. One key witness has "rescheduled a serious surgery to accommodate this trial date." *Id.* Given the complexity of the charges and breadth of this case, the Government would also suffer prejudice in having to rearrange its trial schedule, not to mention the injury to the Court's calendar in the Court having to do the same.

Defendant relies predominantly on his first ground for a continuance: lack of access to the true identities of the alleged victims in this case. This issue is largely moot, for the Court has since directed the Government to provide defense counsel with these names. *Raymond*, 2023 WL 6294178, at *6. Furthermore, according to the Government, Defendant has had access to a substantial amount of information about the alleged victims for some time. The Government claims that it has provided, among other things: images and videos identifying each victim; messages to and from each victim; and the date, time, and place each victim was allegedly assaulted. *Id.* at *4. The Government has even offered to make certain alleged victims available for interviews with the defense should the alleged victim agree, which Defendant has not requested. Opp. at 3. Although the Court concluded that defense required the true name of each alleged victim to adequately prepare for trial, now that the defense will obtain each name, and

considering the wealth of other information that the defense has received through discovery, Defendant's first ground for a continuance fails.

Defendant devotes no discussion in his reply to his second two grounds, classified discovery and outstanding motions, but the Court will address them briefly. Defense counsel evidently concedes that they first attempted to access to the SCIF just two weeks ago, on September 14, 2023. *Id.* at 10. That delay is attributable to the defense team itself. *See Burton*, 584 F.2d at 491. In any event, having initially reviewed the classified discovery in the case, the Court is confident that it will play no substantial role, and certainly no dispositive role, on the merits of the case at trial. Additionally, the Government has assured the Court that it will assist defense counsel in accessing the SCIF. Opp. at 3. Lastly, although Defendant's [190] Motion to Suppress remains outstanding, the Government correctly notes that Defendant can adequately prepare for the Government's proof regardless of the extent to which it is excluded from trial (if any).

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [261] Motion to Continue Trial is **DENIED**.

**SO ORDERED**.

Dated: September 28, 2023

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge