-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN JEFFREY RAYMOND, | ) |
| | ) CRIMINAL NO. 1:21-cr-00380-CKK |
| Defendant. | ) |
| | ) |

_____

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
DEFENDANT'S EMPLOYMENT WITH THE CENTRAL INTELLIGENCE AGENCY**
_____

Defendant Brian Jeffrey Raymond, by and through undersigned counsel, hereby move *in limine* for an order prohibiting the government and its witnesses from introducing evidence, eliciting testimony regarding, or making any reference to Mr. Raymond's past employment with the Central Intelligence Agency ("CIA") pursuant to Federal Rules of Evidence 401, 402, and 403.[1]

The mere mention of the CIA conjures images and stereotypes straight out of Hollywood – from Tom Cruise suspended from a wire in *Mission Impossible* to the CIA's manhunt for Matt Damon in the *Bourne* series. The CIA is cemented in American culture as a government institution shrouded in mystery, secrecy, intellect, and violence.

---

[1] Counsel for Mr. Raymond and the government are currently working to reach an agreement that would moot this motion *in limine*; however, the parties have not reached an agreement as of the deadline to file the motion pursuant to the scheduling order.

Mr. Raymond previously worked for the CIA and was stationed abroad. However, Mr. Raymond's activities for and employment with the CIA are not relevant to the allegations levied against him. The introduction of evidence regarding these activities, or referencing his employment with the CIA, would serve only to inflame the jury against him. Accordingly, for the reasons stated herein, Mr. Raymond respectfully requests that the Court enter the proposed order prohibiting the introduction of evidence regarding or making reference to his past employment with the CIA.

## LEGAL STANDARD

"Motions in limine are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" *Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting *Williams v. Johnson*, 747 F.Supp.2d 10, 18 (D.D.C. 2010). They "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* at 10 (quotations omitted). "The court has 'broad discretion in rendering evidentiary rulings,…which extends…to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial.'" *United States v. Zink*, 21-cr-191-JEB, 2023 WL 5206143, at *1 (D.D.C. Aug. 14, 2023) (quoting *Barnes v. Dist. of Columbia*, 924 F. Supp. 2d 74, 79 (D.D.C. 2013).

## ARGUMENT

I. **Mr. Raymond's Employment With The CIA Is Irrelevant To The Claims Against Him.**

Mr. Raymond has been charged with multiple allegations of sexual abuse that bear no relation to his employment – particularly his employment with the CIA. In short, references to his employment with the CIA are inadmissible under Federal Rules of Evidence 401 and 402.

Rule 401 defines evidence as relevant if it has "any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Hall*, 945 F. 3d 507, 514 (D.C. Cir. 2019) (citing Fed. R. Evid. 401). Under Rule 402 relevant evidence is admissible, but irrelevant evidence is not admissible. Fed. R. Evid. 402.

References to past employment are commonly found to be irrelevant to the claims before a court or jury, and may be excluded when they are not relevant. *See, e.g., Kakeh v. United Planning Org., Inc.*, 587 F. Supp. 2d 125 (D.D.C. 2008) (excluding evidence regarding past employment because it was not relevant to the claims at issue before the court); *Penn v. Detweiler*, 1:18-cv-00912, 2020 WL 1016203, at *2-3 (M.D. Pa. Jan. 22, 2020) (granting motion in limine to exclude references to his past employment because it was not relevant to the claims at issue in the case).

Here, Mr. Raymond's past employment are not relevant under Rule 401. The jury will consider whether Mr. Raymond committed the sexual abuse with which he is charged. The indictment contains no charges relating to his employment with the CIA (or any other employer). Any evidence, testimony, or references to his employment with the CIA do not make any fact within the consideration of the jury more or less probably than it would be without such evidence, testimony, or reference. Accordingly, testimony, evidence, and references to Mr. Raymond's past employment should be prohibited in front of the jury.

**II.   Introducing Evidence Or Testimony Regarding Mr. Raymond's CIA Employment Would Be Prejudicial.**

Even if Mr. Raymond's employment were relevant (it is not), evidence, testimony, and references to it should be excluded at trial because it would be unduly prejudicial and misleading.

Evidence that is relevant can nevertheless be excluded "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

Testimony, evidence, and references to Mr. Raymond's past employment with the CIA must be excluded at trial because there is substantial danger of unfair prejudice and misleading the jury. To the extent that Mr. Raymond's past employment is relevant *at all*, the probative value of his employment is minimal, at best, and it far outweighed by the danger of prejudice and misleading the jury.

The image of a CIA agent working in a foreign country is indelibly linked in the American psyche to Hollywood. Scholars have studied the phenomenon in great detail. *See, e.g.,* Pearse Redmond, The Historical Roots of CIA-Hollywood Propaganda, The American Journal of Economics and Sociology Vol. 76 No. 2 at 280 (2017); Tricia Jenkins, The CIA in Hollywood: How the Agency Shapes Film and Television (2012). To an American citizen, the CIA agent is always smart, always secretive, and sometimes violent and manipulative. Disclosing Mr. Raymond's employment as a CIA employee stationed in Mexico City could lead the jurors to peg Mr. Raymond as their Hollywood-fueled idea of a CIA agent and he used whatever "skills" that come with their idea of a CIA agent to commit the crimes alleged in the indictment. Put differently, there is a substantial risk that Mr. Raymond's employment will cause jurors to reach a verdict charges before hearing the evidence and the deliberations begin.

Due to the prejudicial nature of Mr. Raymond's past employment, references, testimony and evidence to it should be excluded at his trial.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Mr. Raymond respectfully requests that the Court enter an order excluding evidence of Mr. Raymond's past employment with the Central Intelligence Agency.

Dated: October 6, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ Denise Giraudo
　　　　　　　　　　　　　　　　　　　Denise Giraudo (D.C. No. 499348)
　　　　　　　　　　　　　　　　　　　Joseph Jay III (D.C. No. 501646)
　　　　　　　　　　　　　　　　　　　**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
　　　　　　　　　　　　　　　　　　　2099 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　(202) 747-1900
　　　　　　　　　　　　　　　　　　　DGiraudo@sheppardmullin.com
　　　　　　　　　　　　　　　　　　　JJay@sheppardmullin.com


　　　　　　　　　　　　　　　　　　　s/ John Marston
　　　　　　　　　　　　　　　　　　　John Peter Marston
　　　　　　　　　　　　　　　　　　　**FOLEY HOAG, LLP**
　　　　　　　　　　　　　　　　　　　1717 K Street, NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　(202) 261-7321
　　　　　　　　　　　　　　　　　　　Fax: (202) 785-6687
　　　　　　　　　　　　　　　　　　　jmarston@foleyhoag.com

　　　　　　　　　　　　　　　　　　　*Counsel for Brian Jeffrey Raymond*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2023, I caused a copy of the foregoing to be filed with the Court, via the Court's ECF system, which will send copies to counsel of record.

s/ Denise Giraudo

**Denise Giraudo**