**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Criminal No. 1:21-cr-00380-CKK |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION TO**
**ADMIT EVIDENCE PURSUANT TO RULES 413 AND 404(b) OF THE**
**FEDERAL RULES OF EVIDENCE**

Defendant Brian Jeffrey Raymond, through undersigned counsel, and in response to this

Court's September 28, 2023 Minute Order, respectfully submits this supplemental response to

the government's motion to admit evidence pursuant to Rules 413 and 404(b) of the Federal

Rules of Evidence (the "Motion").  ECF No. 259.

Though styled as a Motion to admit evidence pursuant to Rules 404(b) and 413, much of

what the Government seeks to admit does not fall within those rules.  The Government

acknowledges as much, arguing that much of the proposed evidence "is intrinsic to the charged

conduct."  *See* Motion 29.

Defendant recognizes, however, that whether the proposed evidence falls within the

contours of Rules 404(b) and 413 or is intrinsic to the charged offenses is, at this stage of the

proceedings, a distinction without a difference.  Accordingly, subject to the specific objection

lodged directly below, and without waiver of any of his objections at trial, Defendant does not

object to the majority of the Government's Motion at this time.

1

Defendant does object, however, to the Government's request to admit what the Government calls a "A List of Women the Defendant Emailed to Himself" (hereafter, the "List") pursuant to Rule 403 of the Federal Rules of Evidence.  The List is an email that Defendant sent to himself containing passwords, personal identifying information, and financial data related to properties affiliated with the Defendant.  The List also contains what the Government claims is "a list of women with whom [Defendant] had sex," organized by name, their ethnicity, other physical characteristics (with notations like "fake" or "fake but smaller"), and in some cases, a "count" number.

To the extent that a full recounting of Defendant's sexual history has *any* probative value to the Government's case, it is minimal.  Nothing in the List suggests that Defendant's encounters with any of the women mentioned were not consensual.  While the Government argues that the fact that a name of an AV appears on the list is evidence that Defendant engaged in sexual activity with that individual, even the Government acknowledges that it can make this same point through other, less inflammatory evidence.  As the Government notes in its Motion, it intends to offer the list "in conjunction with the defendant's communications with these victims and the defendant's statements to others, including Witness-1."  Motion 39.

Permitting the Government to show the jury how Defendant catalogued his sexual encounters, by contrast, poses an extreme risk of prejudice to the Defendant.  While the List is not illegal, the jury may nonetheless draw negative connotations about the Defendant from it, which may in turn cloud their ability to adjudicate Defendant's case impartially.  It is for that reason other courts have excluded similar attempts to introduce evidence about the number of sexual partners a party has had.  *See, e.g.*, *Bayless v. Boston Sci. Corp.*, 2021 U.S. Dist. LEXIS 114391, at *12-13 (M.D. Fla. May 24, 2021) ("number of sexual partners Plaintiff has had ….

even if minimally probative … poses such a risk of undue prejudice that it is excluded Rule

403"); *see also United States v. Edington*, 2011 U.S. Dist. LEXIS 166160, at \*17-18 (S.D. Ohio

Apr. 11, 2011) (if chat logs of sex solicitation did not evidence illegal conduct (e.g., involve

minors), then they would be inadmissible under Rule 403).  And as already noted above, even

the Government acknowledges that the List is cumulative of other evidence it intends to

introduce at trial.  *See* Fed. R. Evid. 403 (evidence should be excluded if it is "needlessly []

cumulative").

For all of these reasons, this Court should exclude the List as inadmissible under Rule

403.

Dated: October 6, 2023        Respectfully submitted,

s/John Marston
John Peter Marston
**FOLEY HOAG LLP**
1717 K Street, NW
Washington, DC 20006
(202) 261-7321
Fax: (202) 785-6687
jmarston@foleyhoag.com

James M. Gross (admitted *pro hac vice*)
**FOLEY HOAG LLP**
1301 Ave. of the Americas, 25th Floor
New York, NY 10019
(212) 812-0422
jgross@foleyhoag.com

s/A. Joseph Jay III
A. Joseph Jay III (D.C. No. 501646)
Denise Giraudo (D.C. No. 499348)
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 747-1900
JJay@sheppardmullin.com;
DGiraudo@sheppardmullin.com

*Counsel for Brian Jeffrey Raymond*