UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-CR-00380 (CKK) |
| | : | |
| v. | : | |
| | : | |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO PROTECT ADULT VICTIMS' IDENTITIES**

The United States of America, by and through its counsel, hereby respectfully files this motion *in limine* seeking to protect the identities of certain adult victims who are expected to provide, and/or will be the subject of, sensitive and personal testimony concerning sexual assault, abusive sexual contact, enticement, and transportation of obscene materials. Specifically, the government requests that the Court issue an order (1) permitting, at trial, the use of a pseudonym such as "Jane Doe 1" or, in the alternative, initials for victims named in the Superseding Indictment and/or referenced in any evidence admitted pursuant to FRE 404(b) or FRE 413; (2) limiting references at trial to the victims of the defendant's charged and uncharged conduct (collectively, the Adult Victims, or "AVs") in open court to either "Jane Doe" or, in the alternative, their initials; (3) preventing public disclosure, via cross-examination or otherwise, of the AVs' full names, respective addresses, names of their family members, or exact places of employment, if any; and, if relevant, (4) instructing any sketch artist present during their testimony to not record their likenesses.

As discussed below, these measures are necessary to protect the AVs from potential harassment, humiliation, and/or obstruction from the defendant, the media, and others.

1

I.  **BACKGROUND**

On February 23, 2023, a grand jury sitting in this District returned a 25-count second superseding indictment (hereinafter, the "Indictment") charging the defendant with sexual offenses and transportation of obscene materials relating to 14 separate adult victims ("AVs"). The Indictment refers to the AVs by their unique sequential AV numbers (e.g., AV-1, AV-2, etc.), which were assigned as investigators recovered photographs and recordings of at least 27 then-unidentified women from the defendant's electronic devices. *See* ECF No. 198 at 14–23.[1] More specifically, the defendant is charged with the aggravated sexual assault of AV-9, in violation of 18 U.S.C. § 2241(b) (Count Two); the sexual assault of AV-1 and AV-9, in violation of 18 U.S.C. § 2244(2) (Counts One and Three); abusive sexual contact of AV-5, AV-6, AV-7, AV-9, AV-23, and AV-26, in violation of 2241(a)(1) or (2) (Counts Four through Fourteen); enticement of AV-4, AV-15, and AV-17 to travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a) (Counts Fifteen through Seventeen); and transportation of obscene material depicting AV-2, AV-5, AV-6, AV-7, AV-8, AV-9, AV-12, and AV-22, in violation of 18 U.S.C. § 1462 (Counts Eighteen through Twenty-Five). ECF No. 184.

The charges arise from allegations that the defendant drugged and sexually assaulted numerous women over the course of more than a decade, including in U.S. Embassy housing in at least two separate countries, as well as in the United States. While these women were unconscious and unable to consent, the defendant also took obscene photographs and recordings of the women, which he transported and kept. The explicit images date from 2006 to May 2020, just months

---

[1] The investigation into the defendant began on May 31, 2020, when the defendant sexually assaulted AV-1, and witnesses reported that sexual assault to Mexican and U.S. Embassy authorities. The government later recovered images and recordings depicting AV-2 through AV-28 from the defendant's electronic devices and internet-based accounts. The government has identified 27 of the 28 AVs.

before the defendant was arrested. The government has provided a detailed recitation of these facts in prior briefings to this Court. *See, e.g.,* ECF Nos. 187, 198, 235, and 251.

The government anticipates calling the 14 victims charged in the Indictment (AV-1, AV-2, AV-4, AV-5, AV-6, AV-7, AV-8, AV-9, AV-12, AV-15, AV-17, AV-22, AV-23, and AV-26) to testify at trial. Additionally, the government anticipates that all of the numerically designated AVs will be the subject of testimony and other evidence elicited at trial. This evidence includes messages (including iOS, WhatsApp, Tinder, and Bumble), explicit photographs, and/or explicit recordings of AV-3, AV-10, AV-11, AV-13, AV-14, AV-16, AV-18, AV-19, AV-20, AV-21, AV-24, AV-25, AV-27, and AV-28 that the defendant took without their consent. *See* ECF No. 259 (seeking to admit evidence pursuant to Federal Rules of Evidence 404(b) and 413).

Since the inception of this criminal case, the government has referred to the victims of the defendant's charged and uncharged conduct in briefings and testimony before this Court and in discovery productions to defense counsel by their respective numeric pseudonyms (AV-1 through AV-28) and initials or Jane Doe (for additional victims identified after the initial analysis of defendant's electronic devices and media platforms). As of the date of this filing, the government has disclosed the names of the numeric AVs charged in the Indictment. The government will similarly disclose the names of the victims for which the admission of 404(b) and 413 evidence has been sought, should the Court grant its admission. Prior to trial, the government intends to file under seal for the Court and defendant a key that identifies the AVs, their proposed trial pseudonyms, and the numeric AV pseudonyms referred to in the Indictment, court filings, and discovery.

This case has already garnered media attention, including reporting on individual orders, hearings, and filings.[2] The case has also received media attention in Mexico, where many of the AVs reside. It is likely this attention will continue and potentially increase when the trial begins, with significant focus on the witnesses themselves.

**II.     ARGUMENT**

The anticipated testimony in this case is highly sensitive and expected to include not only pictures depicting the victims nude or partially nude but also intimate details of the victims' lives, their bodies, and/or the facts surrounding their sexual assaults. Accordingly, public disclosure of the AVs' names at trial or on the public docket could result in harassment from the media and others, undue embarrassment, and other adverse consequences. The limited protections proposed by the government herein are reasonable an appropriate in light of the potential reputational, professional, and psychological harm to the AVs. The defendant has sufficient identifying information to enable him to adequately confront the witnesses against him, and the proposed protections reasonably balance the AVs' rights with the public's right to access criminal proceedings. For the reasons that follow, the Court should grant the government's motion.

   **A.     The Crime Victims' Rights Act**

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, was designed to protect victims' rights and ensure their involvement in the criminal justice process. *See United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007); *Kenna v. U.S. Dist. Ct.*, 435 F.3d 1011, 1016 (9th Cir. 2006) ("The [CVRA] was enacted to make crime victims full participants in the criminal

---

[2] In the interest of protecting the victims' privacy in this case, the government does not specifically provide web links in this pleading; however, the government can provide them to the Court under separate cover.

4

justice system."). Section 3771 affords victims[3] with ten specific rights, including, "[t]he right to be reasonably protected from the accused[,]" "[t]he right to be reasonably heard at any public proceeding in the district court[,]" and "[t]he right to be treated . . . with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(1), (4), and (8); *see also United States v. Monzel*, 641 F.3d 528, 533 (D.C. Cir. 2011) (noting that Section 3771(b)(1) directs the court to ensure that the crime victim is afforded the rights described in Section 3771(a)).

Refraining from using the names of victims at trial has been held to be a narrowly tailored measure that properly allows courts to protect victims' privacy rights from public exposure while preserving the defendant's right to fully prepare his case and cross-examine the witnesses against him. *See, e.g.*, *United States v. Jacobsen*, 785 F. Supp. 563, 569 (E.D. Va. 1992). Put another way, "[t]he protection of victims of sex crimes from the trauma and embarrassment of public scrutiny justifies impoundment of the victims' identities." *United States v. Dobson*, No. 87–CR-1222–01–P, 1987 WL 11147, at *5 (D. Mass. Mar. 13, 1987) (citing *Press-Ent. v. Supr. Ct.*, 478 U.S. 1, 9 fn.2 (1986)); *see also United States v. Kaufman*, No. CRIM.A. 04–40141, 2005 WL 2648070, at *4 (D. Kan. Oct. 17, 2005) (prohibiting sketch artists from depicting the adult victims' likenesses based on Section 3771(a)(8) to protect the "dignity, as well as the physical and psychological well-being, of mentally-ill alleged crime victims who have been potentially exploited through extensive video recording of themselves engaged in bizarre sexual behavior").

---

[3] The CVRA "instructs the district court to look at the offense itself to determine the harmful effects the offense has on parties. If the criminal behavior causes a party direct and proximate harmful effects, the party is a victim under the CVRA. Under the plain language of the statute, a party may qualify as a victim, even though it may not have been the target of the crime, as long as it suffers harm as a result of the crime's commission." *United States v. Giraldo-Serna*, 118 F. Supp. 3d 377, 383 (D.D.C. 2015) (internal quotations and citations omitted).

Furthermore, such practice is common in cases involving sex trafficking. *See, e.g.*, *United States v. Campbell*, 770 F.3d 556, 560 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1724 (2015) (noting that the four victims in a sex trafficking case "testified at trial under their real first names"); *United States v. Royal*, 442 F. App'x. 794, 795 n.1 (4th Cir. 2011) (instructing that the record refer to victims by first names only); *United States v. Marcus*, 628 F.3d 36, 45 (2d Cir. 2010) (district court did not err by permitting witnesses in adult sex trafficking case to testify by first name only); *United States v. Thompson*, No. 14-CR-228A, 2016 WL 1584382, at *7 (W.D.N.Y. Apr. 6, 2016) (finding that the government had a compelling interest in limiting identification of the victims given the anticipated explicit and sensitive nature of the evidence in the case); *United States v. Graham*, No. 14-CR-500 NSR, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015) (identifying victims by their first names because there was "a 'legitimate and substantial' interest in protecting them from 'likely adverse personal, professional and psychological consequences of publicly linking their identities' to their prior prostitution activity"); *United States v. Kelly*, No. 07-CR-374 (SJ), 2008 WL 5068820, at *1–2 (E.D.N.Y. July 10, 2008) (allowing adult witness to testify under her first name and first initial of her last name in a trial for sex trafficking); *United States v. Patkar*, 2008 WL 233062, *4-5 (D. Haw. Jan. 28, 2008) (citing § 3771(a)(8) to justify limiting the disclosure of documents that "would cause damage to the reputation of the [adult] victim" based on his "statutory right to be treated with fairness and with respect for his privacy"); *United States v. Paris*, No. CR 03:06-CR-64(CFD), 2007 WL 3124724, at *1 (D. Conn. Oct. 24, 2007) (granting motion to refer to child and adult victim-witnesses by their first names and first initial of their last names to protect their identities); *United States v. Kelly*, No. 1:19cr286, Min. Order (E.D.N.Y. Sept. 23, 2022) (noting that the victims of RICO and Mann Act offenses testified in court under pseudonyms and instructing parties to submit proposed redactions to the victims' impact

6

statements at sentencing to protect their identities); *United States v. Armstead*, No. 19-CR-369 (APM), Min. Order (D.D.C. Feb. 26, 2020) (granting government's motion *in limine* to preclude use of five adult and one minor sex trafficking victims' last names at trial).

During the course of trial, the victims are expected to testify in detail about engaging in consensual and non-consensual sexual acts, and the government intends to admit images and/or recordings of the victims in explicit poses, including with the defendant manipulating their limbs and eye lids, grabbing their breasts, and posing their nude and semi-nude bodies while they were unconscious. The victims were unaware of the photographs and recordings until the government began its investigation into the defendant following AV-1's sexual assault. Accordingly, viewing the images and testifying about the abusive and demeaning treatment they suffered at the hands of the defendant, including being forced by the defendant to engage in sexual contact and acts, is extremely degrading, humiliating, and difficult. Revealing their names in a courtroom open to the press and public would only compound the anxiety that they feel and could lead to adverse employment or psychological consequences. *See United States v. Lewis*, NO. CR415-196, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017) (balancing victims' rights under Section 3771 and right of press and public to access criminal trials and granting government's motion to allow minor sexual assault victims to testify using first name only and redacting identifying information for purposes of voir dire from transcript) (citation omitted) (citing *United States v. Marcus*, 628 F.3d 36, 46 n.12. (2d Cir. 2010)).

In light of the nature of the criminal conduct that the defendant engaged in, namely, the enticing and drugging of women to engage in unlawful sexual conduct and to take photographs and recordings of them without their knowledge or consent, and the psychological trauma that the victims have endured based on the defendant's actions, the proposed protections limiting public

disclosure of the victims' identities during the course of these proceedings is supported by the CVRA. During trial, the victims' names and likenesses should be withheld to protect them from potential harassment, undue embarrassment, and other adverse consequences that may result from the nature of their anticipated testimony.[4] 18 U.S.C. § 3771. This limited protection requested by the government is reasonable, necessary, and appropriate to protect the victims' safety and well-being; avoid harassment and humiliation of the victims by the defendant, the press and others; and to avoid other adverse consequences such as adverse employment consequences.

### B.   Confrontation Clause

The government's proposed protections do not violate the defendant's guarantee under the Confrontation Clause to confront government witnesses. For instance, the Supreme Court has observed that there is "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). More broadly, courts have found that the potential for reprisals, humiliation, or annoyance are sufficient to justify non-disclosure of personal identifying information by a witness at trial. *See, e.g.*, *United States v. Celis*, 608 F.3d 818, 832–34 (D.C. Cir. 2010) (permitting witnesses from Colombia to testify under pseudonyms at trial of Colombian drug-traffickers); *United States v. Navarro*, 737 F.2d 625, 633-34 (7th Cir. 1984) (cross-examination of an informant about his home address and current place of employment precluded); *United States v. Handy*, No. 22-CR-096 (CKK), Order

---

[4] For the same reason, AV-1's mother should be permitted to use a pseudonym. To permit disclosure of AV-1's true name necessarily would reveal AV-1's identity. This is especially so because Mexicans conventionally use two last names, their father's patronymic followed by their mother's patronymic.

(D.D.C. Aug. 8, 2023) (ECF No. 358) ("Courts may protect the identity of a testifying witness in the interest of the witness's safety or in cases dealing with highly sensitive or personal information") (citing *United States v. Machado-Erazo*, 951 F. Supp. 2d 148, 153 (D.D.C. 2013), and *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014)).

In deciding whether to limit the scope of cross-examination to preclude the defendant from asking, in open court, certain identifying information, the court must balance the government's reasons for requesting such limitations against the defendant's interest in the full cross-examination of the witness. *See Alford v. United States*, 282 U.S. 687, 694 (1931); *Smith v. Illinois*, 390 U.S. 129, 134 (1968) ("[I]f the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness must be excused from answering the question. The trial judge can then ascertain the interest of the defendant in the answer and exercise an informed discretion in making his ruling.").

In the event that the government seeks to limit disclosure of identifying information in open court, the government must provide a reason for the limitation. *Id.* (*citing Smith,* 390 U.S. at 134 (White, J., concurring)). *Id.* (citing *Alford*, 282 U.S. at 694). In the trial context, courts have found that the potential for reprisals, humiliation, or annoyance are sufficient to justify nondisclosure of personal identifying information by a witness. *See, e.g. Alford*, 282 U.S. at 694 ("[T]he reason may be that the answer may subject the witness to reprisals or that the question is being used to humiliate or annoy the witness."). The defendant is then required to demonstrate a "particularized need" for disclosure of the relevant information, which the court weighs against the risks to the witness. *See United States v. Bennett,* 409 F.2d 888, 901 (2d Cir. 1969); *see also United States v. Cavallaro,* 553 F.2d 300, 305 (2d Cir. 1977).

Here, as detailed above, the government has identified a need to protect the witnesses' full identity, thus the defendant must now demonstrate a "particularized need" for the information, which the Court weighs against the harm to the witness. *United States v. Marcus*, 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007). In *Marcus*, a case involving sex trafficking allegations, the court expressly found that "[i]n light of the explicit nature of the conduct that the witnesses will be testifying about . . . the court has determined that the witnesses' fear of harassment and reprisals is legitimate." *Id.* Other courts have permitted victims testifying in graphic detail about acts of forced prostitution and sexual contact to testify using their first names only. *See Kelly*, No. 1:19cr286, Min. Order (E.D.N.Y. Sept. 23, 2022); *Maxwell*, No. 20-CR-330 (AJN), Order (S.D.N.Y. Nov. 12, 2021) (ECF No. 458); *United States v. Rivera*, 09-CR-619, Order, at 2 (E.D.N.Y. Apr. 26, 2011) (ECF No. 231); *see also Doe*, 307 F.R.D. at *5 ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects.") (collecting civil cases). Similarly, in a case where the defendant was charged with abusive sexual contact and assault on an airplane, the court permitted the victim-witness to testify using her first name only. *See United States v. Quraishi*, No. 15-CR-598, Pretrial Conf. Tr. at 6–10 (E.D.N.Y. Apr. 5, 2016) (ECF No. 46).

Where, as here, the defendant has pretrial access to the true identities of the victims, requiring the public disclosure of the victims' full identifying information and likenesses does not serve any of the legitimate purposes identified by the courts, such as the defendant's obtaining information for in- or out-of-court investigation or attempting to discredit the victim before the jury. *See Celis*, 608 F.3d at 832–33 (finding no Confrontation Clause violation where protected witnesses' identities were previously disclosed to defense); *Handy*, No. 22-CR-096 (CKK), Order (D.D.C. Aug. 8, 2023) (ECF No. 358) (finding that allowing witnesses to testify using a

pseudonym "does not erode defendant's right to cross-examination" where "defense counsel has the true names of all government witnesses" and is thus "'well-armed with information upon which to confront and cross-examine' those witnesses") (quoting *United States v. El-Mezain*, 664 F.3d 467, 492 (5th Cir. 2011); *United States v. Abu Khatallah*, No. 14-cr-00141 (CRC), Order at 1 (D.D.C. Oct. 16, 2017) (ECF No. 401) (granting government's motion for witnesses to testify using pseudonym given threats to safety and "given that defense counsel has access to the witnesses' actual names, the pseudonymous testimony will not prevent [defendant] from effectively cross-examining the witnesses") (citations omitted). Rather, requiring the victims to provide their full names would serve only to harass, embarrass and "to humiliate … the [victim]." *Marti*, 421 F.2d at 1266. Thus, the government's proposed protections will in no way impede or compromise the defendant's confrontation rights.

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court grant the government's motion *in limine* to protect the identities of the victims at trial.

Respectfully Submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>District of Columbia | NICOLE M. ARGENTIERI<br>ACTING ASSISTANT ATTORNEY<br>GENERAL<br>U.S. Department of Justice<br>Criminal Division |
| */s/ Meredith E. Mayer-Dempsey*<br>Meredith E. Mayer-Dempsey<br>NY Bar No. 5213202<br>Assistant United States Attorney<br>United States Attorney's Office<br>for the District of Columbia<br>601 D Street, Northwest<br>Washington, D.C. 20530<br>(202) 252-7259<br>Meredith.Mayer-Dempsey@usdoj.gov | */s/ Angela N. Buckner*<br>Angela N. Buckner<br>DC Bar No. 1022880<br>Katharine A. Wagner<br>NY Bar No. 4798245<br>Trial Attorneys<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 616-0238<br>Angela.Buckner.2@usdoj.gov |