## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN JEFFREY RAYMOND,<br><br>Defendant. | Criminal Action No. 21-380 (CKK) |

### ORDER SETTING FORTH TRIAL PROCEDURES
(October 10, 2023)

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical manner, it is this 10th day of October, 2023 hereby

**ORDERED,** that counsel for the Government and Defendant are directed to comply with each of the following procedures and requirements.

## I.    **GENERAL COURTROOM RULES**

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times. Unless otherwise granted, counsel shall follow these procedures:

1.      All statements by counsel should be directed to the Court and not to opposing counsel or the jury.

2.      Lawyers shall stand when making objections.

3.      Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr." or Ms.," or other appropriate title. The use of first names or nicknames is not allowed.

4.      Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.

5.      Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern. (A lapel microphone can also be used for opening and closing arguments only.)

6.      If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

7.      The rule on witnesses is **always** in effect.

8.      Counsel shall not appeal to the self-interest of the jury.

9.      Times for starting and adjourning the trial day will be announced at the start of

1

trial. Proceedings will begin promptly and the Court will not be kept waiting. In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day when all others are ready to proceed. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time will not, however, be lost. For the procedure for raising legal or preliminary issues before trial time, see Motions in Limine below.

9.     <u>MOTIONS IN LIMINE</u>: Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed in advance of trial. Any legal matters or evidentiary issues which will arise during the course of the trial and have not been the subject of a motion in limine should be discussed between counsel in advance but no later than the night before the witness or exhibit is to be admitted in an effort to resolve any objections. If there is no resolution, the proponent of the objection or evidence shall send an e-mail to Chambers by no later than 7:00 p.m. on an evening before a trial day stating in succinct terms the evidence or objection with legal authority, and the opposing party shall send an e-mail to Chambers by no later than 7:30 a.m. the next day stating the contrary position with legal authority.

For issues that may need to be resolved before the Court begins or resumes trial on a Monday, the proponent of the objection or evidence shall send an e-mail to Chambers by no later than Saturday at 12:00 p.m. stating in succinct terms the evidence or objection with legal authority, and the opposing party shall send an e-mail to Chambers by no later than Saturday at 5:00 p.m. stating the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning of trial.

If objections relate to proposed exhibits not yet presented to the Court, the moving party shall provide the exhibit(s) to Chambers no later than 7:00 p.m. the evening before the next trial day.

## II.     <u>**JURY SELECTION**</u>

(1) Before voir dire, the Court will announce the number of alternate jurors to be selected, the seats in which they will be placed, and the number of peremptory challenges to be allowed under Federal Rule of Criminal Procedure 24.

(2) As part of the jury selection process, each attorney will be provided with a list of potential jurors generated by the Jury Office, including a list containing each jurors' home address, age, occupation, and place of employment. Each attorney will be provided with one copy of the "Jury Panel Sheet" and one copy of the "Jury Occupation Report by Case Number," collectively the "jury list," for which the attorney will be held responsible. Each attorney shall ensure that the Defendants do not leave the Courtroom with the jury list. Each attorney shall maintain primary responsibility and physical custody of the list, but may permit his/her client to review the jury list as needed during the voir dire process. During the process of selecting a jury,

each attorney shall return their respective copies of the "Jury Occupation Report by Case Number" to the Deputy Courtroom Clerk at the conclusion of each day of jury selection. Each attorney, including counsel for the Government, shall return the "Jury Occupation Report by Case Number" to the Deputy Courtroom Clerk at the conclusion of the jury selection process. The returned documents shall be placed under seal and maintained in the Court's vault for the record. Under no circumstances may a Jury Occupation Report by Case Number leave the courtroom without prior leave of Court.

(3) The Court will conduct voir dire and standard voir dire questions will be asked. The parties shall submit any requests for additional voir dire by the deadline set by the Court and questions submitted beyond that deadline will not be considered.

(4) Members of the jury panel will be seated in the courtroom in the order in which they are listed on the jury sheets, attendance will be taken by the courtroom clerk, and the panel will be sworn in. The jury panel will be introduced to all of the participants in the trial and the Court will ask them a series of questions. If a panel member's answer to any question is "yes," the member will be asked to write the number of the question on a note card. At the end, each member of the jury panel will be questioned individually in open court to answer any questions he or she has listed on the card. At that time, counsel may pose brief follow-up questions.

(5) Strikes for cause shall be heard after each panel member is questioned. Panel members will be questioned in open court according to the list provided by the juror office and not by the questions asked by the Court. The Court will question only the number of jurors needed to select a jury. Should counsel intend to ask follow-up questions, each party may ask questions, or Defendants collectively may nominate one counsel to ask follow-up questions on behalf of all Defendants.

(6) All peremptory strikes shall be made on the written form provided by the Court; counsel shall not identify jury selections in open court.

(7) The Court utilizes the "Arizona" method. A pass will be treated as a strike. When making a written strike, counsel shall indicate the juror number so there is no confusion. Counsel shall indicate, in the appropriate column on the form, the race and gender of each juror struck.

III.   **CONDUCT OF THE TRIAL**

1.   WITNESSES: A party calling a witness must arrange for the witness' presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness's testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable. The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.

2.   EXHIBIT LISTS, EXHIBITS, AND DEMONSTRATIVES: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of

each exhibit. In addition to opposing counsel, copies shall be provided to the court, deputy courtroom clerk and court reporter.  Exhibit lists must conform with the template available from the deputy courtroom clerk.  Exhibit lists and exhibits are due to the courtroom deputy clerk no later than **72 hours in advance of trial**.  The Government and Defendant shall, respectively, provide three copies of all print exhibits, bound and tabbed in a three-ring binder(s).  Exhibits involving multimedia (e.g., video) shall be provided on a thumbdrive (not a compact disc) with each exhibit labeled by exhibit number.  Demonstratives are due to the opposing party no later than **72 hours before they are to be used**.

3.   <u>EVIDENTIARY OBJECTIONS</u>**:** It is expected that counsel shall anticipate and raise evidentiary issues before or after the trial day or at breaks. Counsel must stand and state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument. For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record.

4.   <u>DIRECT AND CROSS-EXAMINATION</u>: During direct or cross-examination of a witness, counsel shall not:

A.   testify by improperly incorporating facts into their questions information that has not been received into evidence; *see, e.g.*, *United States v. Sampol*, 636 F.2d 621, 669 (D.C. Cir. 1980);

B.   use an objection as an opportunity to argue or make a speech; *see, e.g.*, *United States v. Powe*, 591 F.2d 833, 839 (D.C. Cir. 1978);

C.   offer gratuitous comments and asides about witnesses testimony or opposing counsel.

In addition, counsel generally will not be allowed re-cross-examination of any witness.

Failure to abide by these rules may result in severe sanctions.

5.   <u>OPENING STATEMENTS AND CLOSING ARGUMENTS</u>: With regard to both opening statements and closing arguments, the Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall be limited by the evidence presented during trial. Moreover, during closing arguments and throughout the trial, counsel shall not:

A.   make statements of personal belief or express belief in the credibility of any witness; *see* Model Rules of Prof'l Conduct R. 3.4(e) ("A lawyer may not, in trial . . . state a personal opinion as to the justness of a cause [or] the credibility of a witness."); *see also Olenin v. Curtin & Johnson, Inc.*, 424 F.2d 769 (D.C. Cir. 1968) (noting that an advocate may not argue to the jury his opinion of the issues or the credibility of a witness);

B.     make personal attacks on other counsel in the case; *see, e.g., Young*, 470 U.S. at 9; *United States v. Mealy*, 851 F.2d 890, 904 (7th Cir.1988);

C.     make racial, political, or religious comments; *see, e.g., Brooks v. Kemp*, 762 F.2d 1383, 1413 (11th Cir. 1985), *cert. denied*, 478 U.S. 1022 (1986); *United States v. Hollins*, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

6.    <u>TECHNICAL EQUIPMENT</u>: In advance of trial, parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's Office at (202) 354-3019.

COLLEEN KOLLAR-KOTELLY
United States District Judge