**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 21-CR-00380 (CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **BRIAN JEFFREY RAYMOND,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by and through undersigned counsel, respectfully submit its proposed preliminary and final jury instructions pursuant to the Court's August 14, 2023, Amended Pretrial Scheduling Order.

The government may seek to supplement or revise these instructions in advance of, or during trial, for various reasons, including based on the Court's pre-trial rulings on pending motions and based on trial proceedings.

# PROPOSED JURY INSTRUCTIONS

### A.    Proposed Initial Instructions

The government respectfully requests the following preliminary jury instructions. Unless otherwise noted, these instructions are taken from the Criminal Jury Instructions for the District of Columbia (2021) (Matthew Bender & Co., member of Lexis-Nexis Group) (commonly referred to as the "Red Book"). Certain bracketed text from the original instructions has been omitted or altered to conform to the facts of this case.

**1.101   INTRODUCTION AND VOIR DIRE**

Good morning ladies and gentleman, and welcome to Courtroom 28A. I am Judge Colleen Kollar-Kotelly and I will be the presiding in this case. You have been called to this courtroom for possible selection in a criminal case called *United States v. Brian Jeffrey Raymond*. Would you please rise so the Courtroom Deputy Dorothy Jones-Patterson can swear you in, and then we will proceed. (The Oath is given).

The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury.

You, of course, are bound by the oath you've just taken to truthfully answer those questions.

[If index cards are used] You all should now have an index card and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your index card. I am now going to ask you a series of [give number] questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number. I will then bring each of you to the bench and put this husher on. You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

[If topic sheets are used] You all should now have a topic sheet and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right-hand corner of your topic sheet. I am now going to ask you the series of [give number] questions on your sheet. They are all yes/no questions. If you have a "yes" answer to a particular question, please circle the

3

number of the question on your sheet. Don't write "yes" or why you have a "yes" answer; just circle the number. I will then bring each of you to the bench and put this husher on.

You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

We're going to be asking what may appear to you to be some personal questions in an attempt to get your viewpoint about things, and it is important that you be entirely straightforward with us in your responses so that we may more easily select the jury for this case.

**1.102   PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**1.103   DEFINITIONS**

**A.      Stipulation of Fact**

The government and the defendant may stipulate – that is, agree – to certain facts. You should consider any stipulation of fact to be undisputed evidence.

**B.      Stipulation of Testimony**

The government and the defendant may stipulate – that is, agree – to the testimony a particular witness would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what this witness would have said had he or she testified here.

**C.      Judicial Notice**

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted].

**1.105 A   NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you

5

take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses. You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes. Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**1.107   IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**1.108   A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY**
**          CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the

6

testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

## 1.110 WITNESSES' USE OF INTERPRETER

Witnesses will use the services of a Spanish interpreter in this trial. The interpreter is certified by the court and is a neutral participant in this trial. You should not be biased for or against anyone who uses an interpreter. Do not permit the fact that a witness is using the services of an interpreter to influence you in any way.

## 1.202   CAUTIONARY INSTRUCTION ON PUBLICITY AND USE OF THE INTERNET

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

You may not communicate with anyone not on the jury about this case. This includes any electronic communication or text or any blogging about the case. In addition, you may not consider any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## SPECIAL INITIAL INSTRUCTION REGARDING SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED

Some of you may watch C.S.I. on television. Some of you may watch other legal shows on television. There are many different ones, including "Court TV" which shows trials going on. Do

not be influenced by those in any way. C.S.I. is interesting and entertaining, but it is rather far-fetched and many of the theories they demonstrate as far as evidence collection and case development are unrealistic even with today's technology and resources. Thus, please do not expect C.S.I. to appear in this courtroom. Just listen to the evidence that comes in and wait for my final instructions before you begin your deliberations.

**PRELIMINARY INSTRUCTION BEFORE TRIAL (CONTINUED)**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

 [Read or summarize the indictment, *as to Court's preference*]

You should understand clearly that the indictment that I just read [or summarized] is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.

[The defendant has been charged with: Count One, Sexual Abuse, in violation of 18 U.S.C. §§ 2242(2) and 7(9); Count Two: Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 2241(b) and 7(9); Count Three: Sexual Abuse, in violation of 18 U.S.C. §§ 2242(2) and 7(9); Count Four: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Five: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); Count Six: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Seven: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); Count Eight: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Nine: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); Count Ten: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Eleven: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); Count Twelve: Abusive Sexual Contact, in violation of 18 U.S.C.

9

§§ 2244(a)(2) and 7(9); Count Thirteen: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Fourteen: Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9); Counts Fifteen through Seventeen: Coercion and Enticement to Travel, in violation of 18 U.S.C. § 2422(a); Counts Eighteen through Twenty-Five: Transportation of Obscene Material, in violation of 18 U.S.C. §§ 1462(a) and (7)(9).

The government must prove each element of the aforementioned offenses beyond a reasonable doubt at trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Meredith Dempsey and Department of Justice Trial Attorneys Angela Buckner and Katharine Wagner. When I mention the defendant or the defense, I am referring either to defendant Brian Jeffrey Raymond, or to his attorneys, John Marson, Denise Giraudo, Joseph Jay, Tom Reklaitis, and James Gross.

10

As the first step in this trial, the government and the defense will have an opportunity to make opening statements. The defense may make an opening statement immediately after the government's opening statement or they may wait until the beginning of the defendant's case, or they may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government, Ms. Buckner, Ms. Dempsey, or Ms. Wagner will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defense may present evidence, but they are not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, Mr. Marston, Ms. Giraudo, Mr. Jay, Mr. Gross, or Mr. Reklaitis will call witnesses to the stand and ask questions on direct examination, Ms. Buckner or Ms. Dempsey will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all of the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are

not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows.

Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory [and your notes if you choose to take any].

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes

the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and

the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked

for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete, misleading, or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

15

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

16

**B.**     **Proposed Final Instructions**

The government respectfully proposes the following final jury instructions. Unless otherwise noted, these instructions are taken from the Criminal Jury Instructions for the District of Columbia (2021) (Matthew Bender & Co., member of Lexis-Nexis Group) (commonly referred to as the "Red Book"). Certain bracketed text from the original instructions has been omitted or altered to conform to the facts of this case.[1]

## 2.100   FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## 2.101   FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case. It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## 2.102   FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during

---

[1] The parties reserve the right to request to add, modify, or delete from these instructions up and until the Court instructs the jury.

the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## 2.103   JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to evidence is different from your own memory of the evidence, it is your recollection that should control during your deliberations.

## 2.104  EVIDENCE IN THE CASE – JUDICIAL NOTICE, STIPULATIONS (If Applicable)

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, [the exhibits that were admitted into evidence], [the facts of which I took judicial notice] [the facts and testimony stipulated to by the parties].

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact you may if you choose to do so, regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.

18

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## 2.105   STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

## 2.106   INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

## 2.107   BURDEN OF PROOF – PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove their innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which each defendant is charged, it is your duty to find them guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of

that offense.

## 2.106.A    REASONABLE DOUBT

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

## 2.109   DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court

that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## 2.110   NATURE OF CHARGES NOT TO BE COSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## 2.111   NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of

witnesses on the other side, or you might find the opposite.

## 2.112   INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

## 2.200   CREDIBILITY OF WITNESSES

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed. In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.

You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether

the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**2.201   POLICE OFFICER'S TESTIMONY**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

**2.207   RIGHT OF DEFENDANT NOT TO TESTIFY (if applicable)**

Every defendant in a criminal case has an absolute right not to testify. Mr. Raymond has chosen to exercise his right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

**2.208   DEFENDANT AS A WITNESS (if applicable)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is a defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it deserves.

**2.209   FALSE OR INCONSISTENT STATEMENT BY DEFENDANT (if applicable)**

You have heard evidence that the defendant made statements in explanation of his actions that may have been false or inconsistent. It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his

feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons consistent with his innocence.

If you find that the defendant made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.

## 2.215   EXPERT TESTIMONY

Ordinarily, a witness may not testify as to his/her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them because they have become expert in some art, science, profession, or calling.

[The parties will submit language regarding the experts presented at trial and their field of expertise.]

You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

## 2.216   EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS

The law treats prior inconsistent statements differently depending on the circumstances in which they were made. I will now explain how you should evaluate those statements.

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the

witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] and that this statement[s] may be inconsistent with [his] [her] [their] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. [However, unlike statements not made under oath,] [Y]ou also may consider this earlier statement as evidence that what was said in the earlier statement was true.

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification] [description] as evidence that the prior [identification] [description] was true.

**2.217    EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. In other words, if you find that the earlier

statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

## 2.230   IDENTIFICATION

The burden is on the government to prove beyond a reasonable doubt, not only that the offenses were committed, but also that the defendant is the person who committed them.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offenses, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of the defendant by an alleged eyewitness.

1.  The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2.  Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, and any statements or actions by law enforcement officers concerning the identification;

3. Any failure of the witness to identify the defendant as the person who committed the offense;

4. An identification by the witness of another person as the person who committed the offense;

5. Any other factors that have been brought to your attention by specialized opinion testimony and the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identification(s) by the witness(es) and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that the defendant is the person who committed this offense before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.

## 2.305  STATEMENTS OF THE DEFENDANT—SUBSTANTIVE EVIDENCE (if applicable)

You have heard evidence that the defendant made statements to the police about the crime charged. You must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the police. You may consider whether the police warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the police recorded some or all of the conversations. You may

consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

## 2.303   SUPPRESSION OR FABRICATION OF EVIDENCE

You have heard evidence that the defendant, Mr. Raymond, may have deleted material from his electronic devices and platforms, or attempted to do so. It is up to you to decide if he took these actions and if he did so with the intent to suppress evidence. If you do find that he did so, you may consider this evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have taken these actions for reasons fully consistent with innocence in this case.

If you find that Mr. Raymond deleted material from his electronic devices and platforms, or attempted to do so you should give the evidence as much weight as in your judgment it deserves.

## 2.307   MOTIVE

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge(s) beyond a reasonable doubt.

## 2.310   TRANSCRIPTS OF TAPE RECORDINGS

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you

29

must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

## 2.311   TRANSLATION OF FOREIGN LANGUAGE DOCUMENT OR RECORDING

You have listened to recordings in Spanish. Each of you has been given a transcript that translates the recording into English. I have admitted documents that are in Spanish along with English translations. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation provided by the court interpreter and not on your own translation.

## 2.321   OTHER CRIMES EVIDENCE[2]

**Evidence of Other Crimes Admitted to Show Motive, Identity or Common Scheme or Plan**

[see footnote].

## 2.402   MULTIPLE COUNTS—ONE DEFENDANT

Each count of the indictment charges a separate offense. You should consider each

---

[2] The Government will propose specific language consistent with the Court's ruling on its motion for 404(b) and 413 evidence and the evidence admitted at trial.

offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

## 2.405   UNANIMITY—GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

## 2.407   VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberation. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## 2.500   REDACTED EXHIBITS

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

## 2.501   EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into

evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## 2.502   SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## 2.505   POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is not a concern of yours and should not enter into or influence your deliberations in any way.

The duty of imposing sentence in the event of conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## 2.507  WITNESSES' USE OF INTERPRETER

You have heard testimony from [name of witnesses] who communicated through an interpreter. You are to consider only the evidence provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same

evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that [name of witness] is using the services of an interpreter to influence you in any way.

You should not consider the mere fact that [name of witness] has been provided an interpreter in evaluating his/her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his/her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

## 2.508   CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone

not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## 2.509   COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk, the marshal or me – how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or on any other issue in the case.

## 2.510   ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it

useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## 2.511   EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected **[two] [insert other number as appropriate]** seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats **[insert seat numbers]**.

Before you **[two] [insert other number as appropriate]** leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## 3.101   PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or

knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### 3.103  "ON OR ABOUT"—PROOF OF

The indictment charges certain offenses were committed "on or about" a date or date range. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### SEARCH WARRANTS[3]

During the course of trial, you have heard evidence that law enforcement officers, as part of their investigation, sought and obtained search warrants from judges. You may not infer from the fact that these warrants were court-ordered that the defendant committed any of the offenses charged. That information was provided to you solely for the purpose of informing you how the government obtained certain evidence introduced in this case, and that the government's obtaining and use of this evidence was lawful.

---

[3] The government will ask for this instruction if the defense makes an argument or insinuates that a search warrant was not lawfully conducted.

**PREPARATION OF WITNESSES[4]**

You have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

---

[4] *United States v. Torres*, 809 F.2d 429, 434 (7th Cir. 1987).

**DEFENDANT'S THEORY OF THE CASE**

The defendant's theory of the case is: [*Defense will provide this information*].

**C.**     **Substantive Offenses**

Unless otherwise indicated, the below instructions are taken from the Modern Federal Jury

Instructions – Criminal and the *Pattern Jury Instructions for Federal Criminal Cases*, District of

South Carolina (2020 Online Edition).

## COUNTS ONE AND THREE
## SEXUAL ABUSE
### 18 U.S.C. §§ 2242(2) and 7(9))

Count One of the indictment charges that, on or about May 31, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in a sexual act with Victim 1, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual act. The sexual act involved contact between the defendant's penis and Victim 1's vulva.

Count Three of the indictment charges that, between on or about March 25, 2020 and on or about March 26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in a sexual act with Victim 9, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual act. The sexual act involved contact between the defendant's penis and Victim 9's vulva.

The elements of Sexual Abuse are:

1)   The defendant engaged in or attempted to engage in, a sexual act with another person;

2)   The other person was either incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act;

3)   The defendant did so knowingly; and

4)      The act occurred in the special maritime or territorial jurisdiction of the United

States;

"Sexual act" means:

(a) contact, which means penetration, however slight, between the penis and vulva or the

penis and the anus;

(b) contact between the mouth and the penis, the mouth and the vulva, or the mouth and

the anus; or

(c) the penetration, however slight, of the anal or genital opening of another by a hand or

finger or by an object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the

sexual desire of any person;

"Special maritime and territorial jurisdiction of the United States" includes lands reserved

or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction of

the United States, or any place purchased or otherwise acquired by the United States by consent

of the legislature of the State in which the land is situated, for the building of a fort, arsenal, dock,

or other needed building.

I am instructing you that, as a matter of law, property abroad leased and/or owned by the

United States Government as housing for U.S. government employees and U.S. Embassy

personnel is within the Special Maritime and Territorial Jurisdiction of the United States. That

means, if you find beyond a reasonable doubt that these offenses were committed on property

abroad leased and/or owned by the United States Government as housing for U.S. government

employees and U.S. Embassy personnel, then this element has been satisfied.

To act knowingly means to act intentionally and voluntarily, and not because of

ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be

proven by the defendant's conduct and by all the facts and circumstances surrounding the case.

**COUNT TWO**
**AGGRAVATED SEXUAL ABUSE**
**18 U.S.C. §§ 2241(b) and 7(9)**

Count Two of the indictment charges that, between on or about March 25, 2020 and on or about March 26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly render Victim 9 unconscious and attempted to and did knowingly administer to Victim 9, without the knowledge or permission of Victim 9, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 9 to appraise and control the conduct, and thereby attempted to and did engage in a sexual act with Victim 9. The sexual act involved contact between the defendant's penis and Victim 9's vulva.

The elements of Aggravated Sexual Abuse are:

1)      The defendant rendered another person unconscious by administering to that other person without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby substantially impaired the ability of that other person to appraise or control conduct;

2)      The defendant thereby engaged in a sexual act with that other person, or attempted to do so;

3)      The act occurred in the special maritime or territorial jurisdiction of the United States; and

4)      The defendant did so knowingly.

"Sexual act" means:

(a) contact, which means penetration, however slight, between the penis and vulva or the penis and the anus;

43

(b) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

(c) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by an object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

## COUNTS FOUR, SIX, EIGHT, TEN, AND THIRTEEN
## ABUSIVE SEXUAL CONTACT
### 18 U.S.C. §§ 2244(a)(1) and 7(9)

Count Four of the indictment charges that, between on or about March 25, 2020 and on or about March 26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and knowingly did render another person, Victim 9, unconscious and attempted to and did knowingly administer to Victim 9, without the knowledge or permission of Victim 9, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 9 to appraise and control the conduct, and thereby attempted to and did engage in and cause sexual contact by and with Victim 9. The sexual contact involved the intentional touching of Victim 9's breast and buttocks with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Six of the indictment charges that, between on or about May 30, 2020 and on or about May 31, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and knowingly did render another person, Victim 7, unconscious and attempted to and did knowingly administer to Victim 7, without the knowledge or permission of Victim 7, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 7 to appraise and control the conduct, and thereby attempted to and did engage in and cause sexual contact by and with Victim 7. The sexual contact involved the defendant intentionally causing his inner thigh to touch Victim 7, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Eight of the indictment charges that, on or about June 23, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the

defendant attempted to and knowingly did render another person, Victim 6, unconscious and attempted to and did knowingly administer to Victim 6, without the knowledge or permission of Victim 6, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 6 to appraise and control the conduct, and thereby attempted to and did engage in and cause sexual contact by and with Victim 6. The sexual contact involved the defendant intentionally causing Victim 6 to touch her own breast and genitalia with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Ten of the indictment charges that, on or about May 17, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, defendant attempted to and knowingly did render another person, Victim 5, unconscious and attempted to and did knowingly administer to Victim 5, without the knowledge or permission of Victim 5, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 5 to appraise and control the conduct, and thereby attempted to and did engage in and cause sexual contact by and with Victim 5. The sexual contact involved the intentional touching of Victim 5's breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Thirteen of the indictment charges that, on or about December 8, 2013, in Country 6, within the Special Maritime and Territorial Jurisdiction of the United States, defendant attempted to and knowingly did render another person, Victim 23, unconscious and attempted to and did knowingly administer to Victim 23, without the knowledge or permission of Victim 23, a drug, intoxicant, and other similar substance and thereby substantially impaired the ability of Victim 23 to appraise and control the conduct, and thereby attempted to and did engage in and cause sexual contact by and with Victim 23. The sexual contact involved the defendant

46

intentionally causing Victim 23 to touch her own breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

The elements of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9), are:

1) The defendant engaged in or caused sexual contact with or by another person;

2) That the defendant did so by rendering that other person unconscious or administering to the other person without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby substantially impaired the ability of that other person to appraise or control conduct;

3) That the defendant did so knowingly; and

4) The act occurred in the special maritime or territorial jurisdiction of the United States;

"Sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

### COUNTS FIVE, SEVEN, NINE, ELEVEN, TWELVE, AND FOURTEEN
### ABUSIVE SEXUAL CONTACT
### 18 U.S.C. §§ 2244(a)(2) and 7(9)

Count Five of the indictment charges that, between on or about March 25, 2020 and on or about March 26, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 9, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the intentional touching of Victim 9's breast and buttocks with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Seven of the indictment charges that, between on or about May 30, 2020 and on or about May 31, 2020, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 7, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the defendant intentionally causing his inner thigh to touch Victim 7, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Nine of the indictment charges that, on or about June 23, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 6, who was at the time incapable of appraising the nature of the conduct, and physically incapable

of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the defendant intentionally causing Victim 6 to touch her own breast and genitalia with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Eleven of the indictment charges that, on or about May 17, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 5, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the intentional touching of Victim 5's breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Twelve of the indictment charges that, on or about February 8, 2019, in Mexico City, Mexico, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 26, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The sexual contact involved the intentional touching of Victim 26's breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

Count Fourteen of the indictment charges that, on or about December 8, 2013, in Country 6, within the Special Maritime and Territorial Jurisdiction of the United States, the defendant attempted to and did knowingly engage in and cause sexual contact with and by Victim 26, who was at the time incapable of appraising the nature of the conduct, and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual contact. The

sexual contact involved the defendant intentionally causing Victim 23 to touch her own breast with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person.

The elements of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(2) and 7(9), are:

1) The defendant engaged in or caused sexual contact with or by another person;

2) The other person was either incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual contact;

3) That the defendant did so knowingly; and

4) The act occurred in the special maritime or territorial jurisdiction of the United States;

"Sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

**COUNTS FIFTEEN, SIXTEEN, AND SEVENTEEN**
**COERCION AND ENTICEMENT TO TRAVEL**
**18 U.S.C. §§ 2422(a)**

Count Fifteen of the indictment charges that, between on or about April 6, 2017, and on or about April 10, 2017, in the District of Columbia, and elsewhere, the defendant attempted to and did knowingly persuade, induce, and entice Victim 15, to travel in interstate and foreign commerce to engage in any sexual activity for which any person could be charged with a criminal offense.

Count Sixteen of the indictment charges that, between on or about April 5, 2017, and on or about May 15, 2017, in the District of Columbia and elsewhere, the defendant attempted to and did knowingly persuade, induce, and entice Victim 4, to travel in interstate and foreign commerce to engage in any sexual activity for which any person could be charged with a criminal offense.

Count Seventeen of the indictment charges that, between on or about November 2, 2015 and on or about November 7, 2015, in the District of Columbia and elsewhere, the defendant attempted to and did knowingly persuade, induce, and entice Victim 17, to travel in interstate and foreign commerce to engage in any sexual activity for which any person could be charged with a criminal offense.

The elements of Coercion and Enticement to Travel are:

1)   First, that the defendant persuaded, induced, enticed, or coerced another person

2)   To travel in interstate or foreign commerce;

3)   That the purpose of the travel was for the person to engage in any sexual activity for which any person could be charged with a criminal offense;

4)   That the defendant did so knowingly.

51

"Foreign commerce" includes commerce with a foreign country.

"Interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

"Persuade," "induce," and "entice" convey the idea of one person leading or moving another by persuasion or influence, as to action or state of mind.

The government does not need to establish that an unlawful purpose was the sole factor motivating interstate travel, as long as it was one of dominant purpose.

The government does not have to prove that the defendant directed or knew that the individual would travel by interstate carrier. The government must prove that the defendant knowingly induced or persuaded the individual, and that a trip by interstate carrier followed.

The inducement that is required is any offer sufficient to cause the person to respond. The government does not have to prove an affirmative directive act by the defendant.

Whether the sexual activity is of a commercial (prostitution) or noncommercial nature, criminal sexual activity must be a purpose motivating the interstate transportation.

The defendant's intent that the individual engage in prostitution or criminal sexual activity is an element of the crime and must exist prior to, or at the same time as, the interstate trip.

The government does not need to prove that the defendant accomplished his intent that the individual engage in criminal sexual activity after the interstate transportation.

It is an element of the offense of Coercion and Enticement to Travel that the purpose of the travel was for the person to engage in any sexual activity for which any person could be charged with a criminal offense.

For the purposes of assessing the conduct alleged in Count 15, where the sexual activity is alleged to have happened in Maryland, under Maryland Criminal Law Code Ann. § 3-307,

Sexual Offense in the Third Degree, a person may not engage in sexual contact with another if the victim is a substantially cognitively impaired individual, a mentally incapacitated individual, or a physically helpless individual, and the person performing the act knows or reasonably should know the victim is a substantially cognitively impaired individual, a mentally incapacitated individual, or a physically helpless individual. Under Maryland Criminal Law Code Ann. § 3-308, Sexual Offense in the Fourth Degree, a person may not engage in sexual contact with another individual without that individual's consent.

Mentally incapacitated means that because of the influence of a drug, narcotic, or intoxicating substance, the person is rendered substantially incapable of appraising the nature of the conduct or the resisting sexual contact.

Physically helpless means an individual who is unconscious or physically unable to resist or communicate an unwillingness to submit to the sexual contact.

Sexual contact is defined as the intentional touching of the victim's or offender's genital, anal, or other intimate area for sexual arousal or gratification or for the abuse of either party.

For the purposes of assessing the conduct alleged in Counts Sixteen and Seventeen, where the sexual activity is alleged to have happened in Virginia, under Virginia Code 18.2-73.3, a person is guilty of aggravated sexual battery if he sexually abuses the complaining witness, and the act is accomplished through the use of the complaining witness's physical helplessness. Under Virginia Code 18.2-67,4, a person is guilty of sexual battery if he sexually abuses the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse.

"Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:

1)     The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;

2)     The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;

"Physical helplessness" means unconsciousness or any other condition existing at the time of an offense under this article which otherwise rendered the complaining witness physically unable to communicate an unwillingness to act and about which the accused knew or should have known.

"Intimate parts" means the genitalia, anus, groin, breast, or buttocks of any person.

## COUNTS EIGHTEEN THROUGH TWENTY-FIVE
## TRANSPORTATION OF OBSCENE MATERIAL
## 18 U.S.C. § 1462(a)

Count Eighteen of the indictment charges that, between on or about May 30, 2020 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 7.

Count Nineteen of the indictment charges that, between on or about March 27, 2020 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 8.

Count Twenty of the indictment charges that, between on or about March 25, 2020 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 9.

Count Twenty-One of the indictment charges that, between on or about June 23, 2019, and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 6.

Count Twenty-Two of the indictment charges that, between on or about May 17, 2019

and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 5.

Count Twenty-Three of the indictment charges that, between on or about November 23, 2018 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 2.

Count Twenty-Four of the indictment charges that, between on or about September 15, 2018 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 12.

Count Twenty-Five of the indictment charges that, between on or about August 2018 and on or about June 1, 2020, in Mexico City, Mexico, and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, any obscene matter depicting Victim 22.

The elements of Transportation of Obscene Material are:

1)      The defendant brought into the United States, or any place subject to the jurisdiction of the United States, or used any express company or other common

carrier or interactive computer service, for carriage in interstate or foreign commerce;

2)      Any obscene picture, motion-picture film, or other matter;

3)      The defendant did so knowingly, that is, that the defendant knew of the contents of the matter at the time.

"Interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

The test for obscenity is:

1)    Whether the average person applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest;

2)    Whether the average person, applying contemporary community standards, would find that the work depicts or describes in a patently offensive way, sexual conduct specifically defined by 18 U.S.C. §§ 2244(a)(2) and 7(9), Abusive Sexual Contact; and;

3)    Whether a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

To appeal to the prurient interest, the material must appeal to a shameful or morbid interest in nudity, sex, or excretion and also be patently offensive. Material that provokes only normal, healthy sexual desires is not obscene.

The average person, applying contemporary community standards, determines whether or not the work appeals to the prurient interest. The average person does not have to determine that

the material appeals to the prurient interest of the average person.

The jury can consider whether some portions of the material appeal to a prurient interest of a specifically defined deviant group as well as whether they appeal to the prurient interest of the average person.

The government must prove that the defendant had knowledge of the character of the matter being transferred. The defendant's belief as to the obscenity or non-obscenity of the material is irrelevant.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
District of Columbia

NICOLE M. ARGENTIERI
ACTING ASSISTANT ATTORNEY
GENERAL
U.S. Department of Justice
Criminal Division

_/s/ Meredith E. Mayer-Dempsey_ __
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov

_/s/ Angela N. Buckner_
Angela N. Buckner
DC Bar No. 1022880
Katharine A. Wagner
NY Bar No. 4798245
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Human Rights and Special Prosecutions
1301 New York Avenue, Northwest
Washington, D.C. 20530
(202) 616-0238
Angela.Buckner.2@usdoj.gov