IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : Criminal No. 1:21-cr-00380-CKK |
| BRIAN JEFFREY RAYMOND, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE OPPOSING TO THE
UNITED STATES' MOTION IN LIMINE TO ADMIT PRIOR STATEMENTS**

Defendant Brian Jeffrey Raymond, through undersigned counsel, hereby responds in opposition to the government's Motion in Limine to Admit Prior Statements. ECF No. 291. In support, Mr. Raymond respectfully states as follows:

**INTRODUCTION**

The Court should deny in part the government's instant motion in limine because it has mostly failed to even identify the specific statements it seeks to introduce. Indeed, even though the government carries the burden as the party proponent, it has instead left Mr. Raymond and the Court to guess which statements it is often referring to. And without knowing which specific statements are at issue, Mr. Raymond and the Court cannot reliably determine whether these statements are admissible. In the limited circumstances in which the government has sufficiently identified these statements, Mr. Raymond has acknowledged when certain statements are admissible with the proper limiting instruction. And elsewhere, he explains that certain statements

1

are either irrelevant, unfairly prejudicial, or otherwise inadmissible. Mr. Raymond addresses each in seriatim.

## ARGUMENT

A.   **Electronic Communications Between Mr. Raymond and Alleged Victims**

First, the government seeks to confirm the admissibility of Mr. Raymond's texts with the alleged victims. ECF No. 291 at 11-13. The government is correct that Mr. Raymond's texts are non-hearsay statements admissible under Federal Rule of Evidence 801(d)(2)(A). Because the AVs' texts are admissible to prove context, not the truth of the matter asserted, the Court should issue a limiting instruction making this distinction clear to the jury.

The government, however, has failed to demonstrate which specific messages are not assertions. *See generally* ECF No. 291. Indeed, even though it's the government's burden, as the party seeking admission, it has failed to identify which statements are not assertions. *Ibid.*; *United States v. Sutton*, 636 F. Supp. 3d 179, 198 (D.D.C. 2022) ("The government must identify the statements it wants to admit and provide specific reasons why the statements do not fall under the definition of hearsay set forth in Rule 801 or are admissible as an exception to the rule against hearsay under Rule 803."). In any event, because these text messages will be admitted together, it will be confusing to the jury to have certain AV texts admitted for only one purpose and other non-assertions admitted for another. And any probative value of this evidentiary strategy is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

In addition, the Court should preclude the government from introducing any text messages relating to uncharged conduct because it is irrelevant to the crimes charged and any probative value is, likewise, substantially outweighed by the danger of unfair prejudice. *Ibid.*

B.     AV-1's Texts to Her Friends

Second, the government seeks to confirm the admissibility of AV-1's texts to her friends as present sense impressions. ECF No. 291 at 13-15. But the government seeks blanket admissibility without parsing out the specific text messages. This is critical. For example, when texting P, AV-1 questioned whether Mr. Raymond's backpack was meant for her body, suggesting that he would dismember it and keep her organs. *Id.* at 3. This statement is not a present sense impression and is wildly prejudicial in violation of Rule 403. Yet, the government here seeks its blanket admission along with many other text messages that have nothing to do with "describing or explaining an event or condition . . . ." Fed. R. Evid. 803(1).

And although some of the texts may well qualify as present sense impressions, the responding texts likely are not necessary to provide context. Consider, for example, when AV-1 states that "we are going to his house," followed by photographs of Mr. Raymond's kitchen and food. ECF No. 291 at 3. No response is necessary to provide context to these present sense impressions. Nor are P's texts that followed later that evening, asking how AV-1 was doing and telling AV-1 to let her know when she gets home. These texts are *not* context and are irrelevant to the crimes charged.

In short, because the government has not identified the specific texts that it seeks to introduce, the Court should deny the government's motion to admit these texts whole hog. *See Sutton*, 636 F. Supp. 3d at 198 ("The government must identify the statements it wants to admit and provide specific reasons why the statements do not fall under the definition of hearsay . . . or are admissible as an exception to the rule against hearsay . . . .").

### C. AV-1's Outcry Statements

Third, the government seeks to confirm the admissibility of AV-1's outcry statements as excited utterances. ECF No. 291 at 15-18. But AV-1's public outcry may have been the product of the cocaine and methamphetamine that were tested and established to have been in her system, making it unrelated to the alleged sexual assault and, therefore, inadmissible under Rule 803(2). The same is true of the remaining statements that the government has identified as excited utterances. For example, AV-1's incoherent texts to P demonstrate only that AV-1 was intoxicated, which was confirmed by a subsequent lab report. And there is no way to reliably discern whether these messages were the product of intoxication or an alleged sexual assault. Accordingly, there is no way to confirm their admissibility under Rule 803(2).

### D. AV-1's Statements to Law Enforcement Examiners

Next, the government seeks to confirm the admissibility of AV-1's statements to law enforcement medical examiners. ECF No. 291 at 18-22. But yet again, the government fails to identify, as the party proponent, which exact statements it hopes to introduce. *Ibid*. Although it seeks to admit AV-1's statements to medical examiners, these statements are admissible only if they are "made for--and [are] reasonably pertinent to--medical diagnosis or treatment; and . . . describe[] medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). And until the government identifies the particular statements, Mr. Raymond—and the Court—have no way of assessing that determination. Because the government has failed to satisfy its burden of even identifying the statements, the Court should preclude it from introducing them in toto. *See Sutton*, 636 F. Supp. 3d at 198 ("The government must identify the statements it wants to admit and provide specific reasons why the statements do not fall under the definition of hearsay . . . or are admissible as an exception to the rule against hearsay . . . .").

4

E.   **Witnesses' Prior Consistent Statements**

Finally, the government seeks to confirm the admissibility of prior (ostensibly) consistent statements made by its witnesses because it is reasonably concerned that their credibility will be diminished on cross examination. ECF No. 291 at 22-25. But yet again, the government fails to identify which statements will be undermined on cross and which prior statements it seeks to introduce, presumably on redirect. *See Sutton*, 636 F. Supp. 3d at 198 ("The government must identify the statements it wants to admit and provide specific reasons why the statements do not fall under the definition of hearsay . . . or are admissible as an exception to the rule against hearsay . . . ."). Failing to do so is fatal to its claim. Without identifying the prior statements, Mr. Raymond and the Court are left guessing which statements are at issue. Consequently, neither will be able to determine whether the prior statements are *actually* consistent with the witnesses' testimony at trial. Something the parties won't definitively know until the witnesses *actually* testify, making this motion premature. If anything, the government can raise this issue at trial after each of its witnesses testify and is cross examined. At that time, the Court should direct the government to identify the prior statement it seeks to introduce, so Mr. Raymond and the Court can determine whether it is consistent with witnesses' trial testimony.

## **CONCLUSION**

For these reasons, the Court should deny in part the government's motion in limine to admit prior statements.

Dated: October 16, 2023    Respectfully submitted,

s/John Marston
John Peter Marston
**FOLEY HOAG LLP**
1717 K Street, NW
Washington, DC 20006

5

(202) 261-7321
Fax: (202) 785-6687
jmarston@foleyhoag.com

James M. Gross (*pro hac vice*)
**FOLEY HOAG LLP**
1301 Ave. of the Americas, 25th Floor
New York, NY 10019
(212) 812-0422
jgross@foleyhoag.com


s/Denise Giraudo
A. Joseph Jay III (D.C. No. 501646)
Denise Giraudo (D.C. No. 499348)
**SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 747-1900
JJay@sheppardmullin.com;
DGiraudo@sheppardmullin.com

*Counsel for Brian Jeffrey Raymond*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2023, I caused a copy of Brian Jeffrey Raymond's Response Opposing to the United States' Motion in Limine to Admit Prior Statements to be filed with the Court, via the Court's ECF system, which will send copies to counsel of record.

                                                s/Denise Giraudo
                                                Denise Giraudo (D.C. No. 499348)