**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Criminal No. 1:21-cr-00380-CKK |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT BRIAN JEFFREY RAYMOND'S REPLY TO GOVERNMENT'S
OPPOSITION TO MOTION FOR RECONSIDERATION OF
COURT'S ORDER DENYING MOTION TO CONTINUE TRIAL**

Defendant Brian Jeffrey Raymond, through undersigned counsel, hereby submits the following reply to the government's Opposition to the Defendant's Motion to Reconsider Order Denying Motion to Continue Trial.  ECF No. 314.  In support of his reply, Mr. Raymond respectfully states as follows:

**<u>INTRODUCTION</u>**

Mr. Raymond moved the Court to reconsider its Order denying his Motion to Continue Trial ("Order") on the grounds that the Court appeared to misapprehend the basis for the continuance requested therein.[1]  The Court's denial centered on its belief that the government's court-ordered disclosure of alleged victims' (AVs') names solved the issue and afforded defense counsel the opportunity to effectively prepare and fulfill its constitutional duty to investigate.

---

[1] Mr. Raymond incorporates by reference all facts and arguments set forth in his Motion to Continue Trial (ECF No. 261) and Reply to the Government's Opposition to the Motion to Continue (ECF No. 267).

However, the government only provided a full disclosure of AVs on October 11, 2023—after the Mr. Raymond filed his motion for reconsideration and less than a month before trial.  Considering there are 26 AVs spread across five countries, the 28 days between the government's compelled disclosure and trial do not afford Mr. Raymond's counsel the ability to fully investigate.  ECF No. 304-1.  This will deprive him of his right to effective assistance of counsel.

Additionally, Mr. Raymond's counsel only recently gained access to the Sensitive Compartmented Information Facility ("SCIF").  Given that this is the only location where Mr. Raymond can confer with counsel regarding critical components of his defense strategy, his extended inability to access it has similarly compromised his ability to adequately prepare for trial.

The government's Opposition relies on many of the same arguments that it has previously set forth in justifying its prior attempts to hinder defense counsel's ability to investigate.  In arguing that the 28 days following their compelled disclosure of AV names is a sufficient window to prepare to cross-examine Mr. Raymond's accusers, the government asserts once again that Mr. Raymond has had photos, videos, messages, and heavily redacted reports detailing the AVs' statements to law enforcement and is therefore "familiar" with their prospective testimony. Opp. at 4–8.  The government goes so far as to acknowledge that it delayed disclosing the victims' identities and asserts that this tactic does not merit a continuance.  Opp. at 9–10.  Additionally, the government seems to rely on supposed miscommunications regarding scheduling to make the conclusory assertion that Mr. Raymond's inability to access the SCIF did not impair his defense. Opp. at 10–11.

These contentions do not offset the constitutional deprivation posed by the Court's denial of Mr. Raymond's Motion.  A continuance is necessary to protect Mr. Raymond's Sixth Amendment right to effective assistance of counsel.

## ARGUMENT

**A.     The Government's Delayed Disclosure of Critical Information Amounts to a Constitutional Deprivation to Mr. Raymond**.

Mr. Raymond has previously drawn the Court's attention to the government's failure to disclose the AVs' identities despite repeated demands, including in two motions to compel, ECF Nos. 103, 206, in his Motion for a Bill of Particulars, ECF No. 242, and his Motion for a Continuance, ECF No. 261.  The government provided a full list of AV names only on October 11, 2023, just 28 days before the commencement of trial, as currently scheduled.  Mr. Raymond also twice asked the government to disclose its Rule 701 witnesses, which it untimely disclosed on October 6, 2023, in one of its pending motions *in limine*. ECF No. 292. While the government goes so far as to acknowledge its delay, this does nothing to undermine Mr. Raymond's main contention: a thorough, months-long investigation of this recently uncovered information is necessary to provide effective assistance of counsel.

As noted in Mr. Raymond's Motion for Reconsideration,  defense counsel maintains a duty to conduct "appropriate investigations, both factual and legal, to determine what matters of defense can be developed."  *United States v. Valencia-Rios*, 639 F. Supp. 2d 98, 104 *aff'd*, 391 F. App'x 885 (D.C. Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).  This duty includes investigating the potential for impeachment of the twenty-six AVs and other witnesses.  *See United States v. Mohammed*, 863 F.3d 885, 887 (D.C. Cir. 2017) (Pillard, J.).  Mr. Raymond's retained investigator averred that an "appropriate" investigation would require three-months' time due to the large number of AVs and their scattered locations.  *See* ECF No. 304-1, Affidavit of Francisco Quinones.  An additional allotment of at least three months is therefore necessary to Mr. Raymond's receiving effective assistance of counsel, as guaranteed by the Sixth Amendment.

The government opposes Mr. Raymond's assertion of his constitutional right on the grounds that counsel is familiar with the substance of the AVs' testimony and, "for years," has "been in possession of ample information with which to conduct an investigation." ECF No. 314 at 6–7. The government put forth this same argument to justify its non-disclosure of AV identities in opposing Mr. Raymond's Motion for a Bill of Particulars. ECF No. 246 at 10–12. Rejecting this argument, the Court found that such information was "not sufficient" because it did not permit Mr. Raymond to adequately prepare for trial. ECF No. 269 at 8–9.

Apparently unconvinced by the Court's logic, the government now sees fit to retroactively prescribe an investigative strategy based on Mr. Raymond reviewing redacted discovery, "seek[ing] out specific locations in the U.S. and abroad, talk[ing] to the mutual friends he and some of the victims shared, and tak[ing] upon himself to provide account and password information so that counsel could, on the defendant's behalf, review and search his own email and cloud accounts based on the communications disclosed." Opp. at 8. This attempt to dictate defense counsel's strategy is equal parts bizarre and presumptuous. Defense counsel remained unaware of any "specific locations in the U.S. and abroad" until the government disclosed, for the first time in its Opposition to Mr. Raymond's Motion to Continue, that the AVs are located in three separate states and five countries abroad. ECF No. 265 at 1. The government's proposed strategy would have defense counsel: (i) picking a country at random, (ii) attempting to identify Mr. Raymond's acquaintances (assuming they exist) in said country, (iii) asking those acquaintances whether they knew a woman by the pseudonym "AV," and then (iv) scouring Mr. Raymond's e-mail and cloud accounts for any mention of that pseudonymous individual. This is patently absurd. Even with the recent disclosure of the AVs' identities, identifying the mutual acquaintances the government points to will take considerable time.

Additionally, the cases the government relies upon do not stand for the proposition that redacted discovery and the use of pseudonyms amounts to "familiarity." For instance, in *Huffington v. Nuth*, the court held that counsel's failure to contact essential witnesses in a murder trial did not

constitute ineffective assistance because the witnesses had testified (under their real names) in a prior trial for the same murders. 140 F.3d 572 (4th Cir. 1998). None of the AVs have ever provided trial testimony concerning the allegations lodged against Mr. Raymond. Even where pretrial discovery has been held to provide adequate familiarity to permit defense counsel to fulfill its duty to investigate, it has not consisted of the sort of heavily redacted, anonymized accounts that the government claims is sufficient in this matter. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986).

Just as the Court found these arguments unsatisfactory in ordering the disclosure of the AVs' identities, it should similarly reconsider its denial of Mr. Raymond's Motion and grant a continuance to afford defense counsel the ability to investigate the 26 AVs, undoubtedly an essential component of adequate preparation.

## B. The Government's Delay is Not Justified.

The government also argues that its delayed disclosure of the AVs' identities does not warrant a continuance because such information does not need to be disclosed until shortly before trial. ECF No. 314 at 9–10. However, this argument largely relies on decisions concerning *Jencks* material. These decisions are inapposite to the matter at hand as *Jencks* material "may not be automatically relied on by the [g]overnment as an adequate substitute for a straightforward identification in a bill of particulars of the identity of victims of offenses that the prosecution intends to prove." *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988). In any event, the government's delayed disclosures are not limited to the AVs' identities. It has also failed to timely disclose its intent to introduce lay witness opinion testimony under Federal Rule of Evidence 701. Instead of timely disclosing this information pursuant to either the Pretrial Scheduling Order or Amended Pretrial Scheduling Order—ignoring two letter requests in the process, *see* Exh. A & B—the government instead chose to surreptitiously disclose its intent in a

pending motion *in limine*. ECF Nos. 177, 247, 292.  The government's attempt to justify its delay in providing the AVs' identities therefore falls flat.

**C.     Mr. Raymond's Prolonged Inability to Access the SCIF Impairs His Defense.**

As noted in his Motion to Continue, Mr. Raymond was unable to access the SCIF to discuss classified information central to his defense due to construction at the Courthouse.  ECF No. 261 at 5.

The government opposes a continuance on the basis of Mr. Raymond's inability to access the SCIF due to the fact that defense counsel had not sought a SCIF meeting since 2022. Opp. at 10.  In support of its opposition, the government relies on *United States v. Hoover-Hankerson*, 511 F.3d 164 (D.C. Cir. 2007), in which this circuit denied a defendant's continuance motion filed three days before trial.  This matter is readily distinguishable.  The *Hoover-Hankerson* defendant's inability to meet with counsel was largely brought about by his attorney's family emergency and preoccupation with another trial.  511 F.3d at 168.  In finding that the defendant was not prejudiced by his failure to meet with his attorney, the Court noted that "he had ample time . . . to consider whether to retain additional or alternative counsel in light of  the court's trial calendar, which the court urged him to do if he thought it was necessary."  *Id.*   Here, Mr. Raymond is unable to make any such alternative arrangements; the SCIF is the only location in which he can discuss classified information with counsel.  Further, his extended inability to meet in the SCIF was the result of construction that neither he nor his attorney could anticipate or control.

The government then confusingly points to apparent miscommunications about scheduling a SCIF meeting to conclude that "defendant's reliance on any alleged government-caused delay in SCIF meetings is wrong."  ECF No. 314 at 10–11.  It is unclear how the government's purported "proactive" efforts to schedule meetings offsets Mr. Raymond's inability to access the SCIF for an extended period of time.  And this muddled proposition finds no support in the case law.  The

Court should therefore recognize that Mr. Raymond's trial preparation was hampered by his inability to discuss classified information with counsel.

**D.      The Court's Denial Prejudices Mr. Raymond.**

Mr. Raymond moved for reconsideration on the grounds that the currently scheduled trial date prejudices him by preventing his counsel from fulfilling their duty to investigate, thereby rendering their assistance ineffective.  Mot. at 7–8.

The government opposes on the grounds that "substantial prejudice" would result from a continuance.  Opp. at 11.  This opposition is grounded in the purported prejudice posed to the government and AVs.

However, the Court's insistence upon a November 8, 2023 trial date is "unreasoning and arbitrary" in light of Mr. Raymond's justifiable request for a continuance and therefore violates his right to assistance of counsel.  *See Morris v. Slappy*, 461 U.S. 1, 11–12 (1983).  The denial of the continuance results in an "identifiable injustice" to Mr. Raymond: it deprives his counsel of the ability to investigate his defense by interviewing witnesses.  *United States v. McClendon*, 146 F. App'x 23, 27–28 (6th Cir. 2005).  The Court should reconsider its Order and grant Mr. Raymond's request for a continuance to prevent this injustice.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should reconsider and grant Mr. Raymond's Motion to Continue Trial until at least January 2024.

Dated: October 16, 2023   Respectfully submitted,

       s/John Marston
       John Peter Marston
       **FOLEY HOAG LLP**
       1717 K Street, NW
       Washington, DC 20006
       (202) 261-7321
       Fax: (202) 785-6687
       jmarston@foleyhoag.com

       James M. Gross (Admitted *pro hac vice*)
       **FOLEY HOAG LLP**
       1301 Ave. of the Americas, 25th Floor
       New York, NY 10019
       (212) 812-0422
       jgross@foleyhoag.com

       s/A. Joseph Jay III
       A. Joseph Jay III (D.C. No. 501646)
       Denise Giraudo (D.C. No. 499348)
       Thomas Reklaitis (D.C. No. 1778891)
       **SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
       2099 Pennsylvania Avenue, NW
       Washington, D.C. 20006
       (202) 747-1900
       JJay@sheppardmullin.com;
       DGiraudo@sheppardmullin.com
       treklaitis@sheppardmullin.com

       *Counsel for Brian Jeffrey Raymond*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this **16th** day of **October**, 2023, I filed the foregoing using the

Court's CM/ECF system which gave notice to all counsel of record.


<u>/s/ Denise Giraudo</u>

**Denise Giraudo**