# EXHIBIT B

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801

www.sheppardmullin.com

Denise Giraudo

September 5, 2023

**VIA ELECTRONIC MAIL**

Angela Nichole Buckner
Meredith Mayer-Dempsey

Re:     United States v. Brian Jeffrey Raymond, 1:21-cr-00380-CKK

Dear Angela,

      I am writing as a follow up to my letter from August 8, 2023 regarding lay witness disclosures. As you are aware, disclosures identifying lay witnesses who would provide opinion testimony were due to the Court on August 25, 2023. At this time, the government has not disclosed any lay witnesses.[1] Pursuant to Federal Rule of Evidence 701, opinion testimony by lay witnesses examines the witness's perception of events and aids the Court in understanding the witness's testimony or to determine a fact in issue. Based on the government's emerging theories and the statements the government has obtained from alleged victims, it appears that testimony from any and all alleged victims ("AVs") would fall squarely within Federal Rule of Evidence 701 as lay testimony. Therefore, if the government intends to elicit testimony from the AVs during trial, we ask that the government disclose the AVs as lay witnesses in accordance with the Court's Amended Pretrial Scheduling Order.

      Please respond to this request by close of business on September 13, 2023.

Sincerely,

*Denise Giraudo*

Denise Giraudo

cc:   Joseph Jay, Esq. (of the Firm)
      John Marston, Esq. (Co-Counsel for Mr. Raymond)

---

[1] Under Fed. R. Crim. P. 16(a)(1)(E), the government must permit the defendant to copy documents that are "within the government's possession, custody, or control" and are "material to preparing the defense."