UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN JEFFREY RAYMOND,<br>Defendant | Criminal Action No. 21-380 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(October 18, 2023)

Defendant Brian Jeffrey Raymond ("Defendant") is charged by indictment with various sex offenses allegedly committed in, among other countries, Mexico and the United States.[1] On September 28, 2023, the Court denied Defendant's request to continue the trial set for November 8, 2023, by approximately four months. *United States v. Raymond*, Crim. A. No. 21-380, 2023 WL 6317850, at *1 (D.D.C.). Defendant has now moved for reconsideration, arguing again that his counsel and their investigator have insufficient time to investigate the scores of alleged sexual assaults at issue in this case. Because the Sixth Amendment does not require that defense counsel undertake the investigation it envisions, and in light of the prejudice to the Government, the Court, the public, and the alleged victims were the Court to continue the trial, Defendant's [304] Motion for Reconsideration is **DENIED**.

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in *dicta*, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008). Reconsideration may be granted "as

---

[1] The Court assumes the reader's familiarity with the factual and procedural background of this case. For background, the Court refers the reader to *United States v. Raymond*, 640 F. Supp. 3d 9 (D.D.C. Oct. 26, 2022), *United States v. Raymond*, 2023 WL 3040453 (D.D.C. Apr. 21, 2023), and *United States v. Raymond*, 2023 WL 6294178 (D.D.C. Sept. 27, 2023).

justice requires." *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017) (CKK). Nevertheless, motions for reconsideration are "disfavored." *United States v. All Assets Held at Bank Julius*, 502 F. Supp. 3d 91, 95 (D.D.C. 2020). To warrant reconsideration, the moving party must demonstration: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; [] (3) a clear error in the first order[;]" or (4) a "significant change in the [salient] facts[.]" *United States v. Caldwell*, Crim. A. No. 21-181 (CKK), 2022 WL 168343, at *5 (D.D.C. Jan. 19, 2022) (internal quotation marks omitted). As such, motions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011). Because Defendant (1) identifies no intervening change in fact or law and (2) presses the same arguments as before, his request for a continuance fails.

In Defendant's prior motion, Defendant moved to continue the trial to April 2024 on three grounds: (1) insufficient access to the identities of the victims alleged in the operative indictment, (2) limited access to a secure compartmented information facility ("SCIF") for defense counsel and Defendant himself to discuss classified discovery, and (3) outstanding motions on which the Court has yet to rule. The Court rejected each, noting, in relevant part, that it had recently ordered the Government to file a bill of particulars identifying each alleged victim by name and date of birth. Now, Defendant argues that this information is still insufficient to adequately prepare for trial. Unless the Court affords Defendant's private investigator four months to further research the circumstances of the charged offenses, Defendant argues, Defendant will be constructively denied his right to effective counsel guaranteed by the Sixth Amendment.

In short, what a defense investigator thinks critical is not synonymous with what the

Constitution requires.  The Sixth Amendment does not compel defense counsel to overturn every rock or interview every potential witness, particularly where witness accounts are known to Defendant ahead of trial.  *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986); *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998).  Constitutional error attaches only where defense counsel "complete[ly] fail[s] to investigate potential" witnesses.  *See United States v. Mohammed*, 863 F.3d 885, 890 (D.C. Cir. 2017).  In *Mohammed*, defense counsel "failed to take the step of calling [*any*] potential witnesses, starting with the contact list that the [G]overnment provided in discovery months before trial."  *Id.*  Here, on the other hand, the Government identified the circumstances of the charged conduct well before trial, and the Government identified the alleged victims well before trial.  ECF No. 314 at 6-7.  Months ago, the Government even offered to make alleged victims available for defense interviews, should the alleged victims agree to be interviewed.  *Raymond*, 2023 WL 6317850, at *2.  Because Defendant has had, for many months, adequate material to undertake *some* effective investigation in advance of trial, the Constitution mandates no continuance.

As to whether the Court should nevertheless, in its discretion, grant a continuance, Defendant fails to identify exactly what he thinks is missing from the defense's file currently.  Defendant's investigator's supporting declaration states no more than that he would like more time to investigate; it is entirely silent as to what, exactly, remains to be done.  ECF No. 304-1 at 1.  The defense's insistence that they remain woefully underprepared without additional time for its investigator is all the more curious when Defendant's putative experts have concluded that they *do* have sufficient information to opine on the trustworthiness of an alleged victim's testimony.  *See* ECF Nos. 249, 250, 252 (defense expert disclosures).  Certainly, Defendant has brought substantial resources to bear in this matter, retaining five attorneys between two firms, three

experts, and at least one investigator.

Defendant devotes very little briefing to his last two grounds, outstanding legal issues and SCIF access, and they merit little discussion here.  The Court consideration of outstanding briefing continues apace, as this memorandum opinion and order illustrates.  As to SCIF access, and as the Court explained in its last opinion, any delay in discussion of classified matters between Defendant and his counsel is attributable mainly to Defendant himself—defense counsel concedes that they first attempted to access to the SCIF just two weeks ago, on September 14, 2023.  *Raymond*, 2023 WL 6317850, at *2.  In any event, very little of this case depends on classified information, and the actual charged conduct has nothing to do with classified materials.  Altogether, the speedy trial to which the public, the Government, the alleged victims, and the Court is entitled outweighs Defendant's mere prudential interest in additional time to prepare.  The Court is confident that Defendant's substantial trial team will be more than ready to proceed on November 8, 2023.

*    *    *

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [304] Motion for Reconsideration is **DENIED**.

**SO ORDERED**.

Dated: October 18, 2023

                                                          /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge