# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 21-CR-00380 (CKK) |
| **v.** | : | |
| **BRIAN JEFFREY RAYMOND** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

The United States of America, through undersigned counsel, respectfully files this opposition to the defendant's motion to dismiss, ECF Nos. 307 and 308, filed through counsel. As grounds for this opposition, the United States relies on the following points and authorities, and any such other points and authorities as may be cited at a hearing on this motion.

The defendant moves this Court to dismiss Counts Two, Four, Six, Eight, Ten, and Thirteen of the superseding indictment because "they are facially invalid and lack the requisite specificity under the Federal Rules of Criminal Procedure." ECF No. 308 at 1. In support of his motion, the defendant argues that because the indictment does not identify (1) the type of drug, intoxicant, or other similar substance, (2) how these unknown substances were administered, or (3) how these substances substantially impaired the victims' ability to appraise or control their conduct, the government cannot meet its burden at trial.

The defendant's motion fails. The government is not required to prove that the defendant used a specific drug or intoxicant nor how that substance was administered or how it acted to impair the victim. Regardless, the government has disclosed to defense an expert opinion and corresponding report regarding whether, in the expert's opinion, the victims named in the indictment were under the influence of a drug, intoxicant, or other substance. As to how these substances impaired the victims' ability to appraise or control their conduct, the defendant is in

1

possession of photographs and videos depicting the results of his criminal conduct. The defendant also has hundreds of pages of law enforcement reports documenting the victims' statements regarding what they drank and ate and the ways in which they subsequently felt impaired. The plain language of statute makes clear that this is more than sufficient for the government to meet its burden at trial, and the defendant's motion should be denied.

I.  RELEVANT FACTUAL BACKGROUND

On February 23, 2023, a grand jury returned a twenty-five count superseding indictment charging the defendant with the following offenses: one count of Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241(b); two counts of Sexual Abuse, in violation of 18 U.S.C. § 2242(2); five counts of Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(1); six counts of Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(2), three counts of Coercion and Enticement to Travel, in violation of 18 U.S.C. § 2422(a); seven counts of Transportation of Obscene Material, in violation of 18 U.S.C. § 1462; and one count of Transportation of Obscene Material, in violation of 18 U.S.C. §§ 1462 and 7(9). *See* ECF No. 184.[1] A trial date is set for November 8, 2023.

The charges arise from allegations that the defendant drugged and sexually assaulted numerous women over the course of several years. Regarding allegations in the superseding indictment that the defendant either rendered the victims unconscious and/or administered a drug, intoxicant, or other substance, the government has disclosed hundreds of photographs and videos taken by the defendant depicting women who lay unresponsive as the defendant manipulates their bodies. The government has also disclosed victim statements to investigators indicating that they

---

[1] Though the docket indicated this is the "second superseding indictment," there has only been one previous indictment, filed on January 19, 2023.

passed out, did not remember parts of their date(s) with the defendant, fell, vomited during the date, and/or felt unwell the next day. In addition to the photographs and videos, analysis of the defendant's devices revealed internet searches indicating that he was either viewing or researching drug and alcohol interactions. All this information has been disclosed to the defense team. Finally, the government has retained an expert who provided an opinion regarding whether, in the expert's opinion, the evidence in this case is consistent with the victims having been drugged. That report was disclosed to defense. Aside from that report, all discoverable items have been provided to the defense team.

## I. LEGAL STANDARD

A defendant may move before trial to dismiss an indictment, or a count thereof, for "failure to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(B)(v). An indictment's main purpose is to inform the defendant of the nature of the accusation. *United States v. Ballestas*, 795 F.3d 138, 148-49 (D.C. Cir. 2015). Thus, an indictment need "only contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id*. at 149 (quoting Fed. R. Crim. P. 7(c)). "When testing the sufficiency of the charges in an indictment, 'the indictment must be viewed as a whole and the allegations [therein] must be accepted as true.'" *United States v. Hillie*, 227 F. Supp. 3d 57, 71 (D.D.C. 2017) (quoting *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011)). The "key question" is whether "the allegations in the indictment, if proven, are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Id*.

## II. ARGUMENT

In his motion, the defendant argues that violations of Sections 2241(b)(2) and 2244(a)(1) must allege that the defendant administered "a *specific* 'drug, intoxicant, or other similar

substance.'" ECF No. 308 at 7 (emphasis added). Yet the plain language of the statute imposes no such requirement. *See* 18 U.S.C. §§ 2241 and 2244. Instead, Section 2241(b)(2) explicitly omits the need for further specificity ("administers to another person …or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance…"). Abusive Sexual Contact relies on that same language. *See* 18 U.S.C. § 2244(a)(1). In the context of charging, including in an indictment language not required by the statute charged is unnecessary. *United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'") (quoting *Ford v. United States*, 273 U.S. 593, 602 (1927)); *United States v. Pumphrey*, 831 F.2d 307, 309 (D.C. Cir. 1987) ("our own and Supreme Court precedent has consistently held that excess allegations in an indictment that do not change the basic nature of the offense charged need not be proven and should be treated as mere surplusage").

Undersigned counsel are aware of no federal criminal caselaw requiring the government to specify the specific intoxicant used in a prosecution under 18 U.S.C. §§ 2241 and 2244. And indeed, the defendant points to none. Instead, he speculates that this is "likely because the government has never brought an administered intoxicant charge against someone without evidence of any particular intoxicant." ECF No. 308 at 4. This statement ignores the sad reality that a particular substance is rarely identified in drug facilitated sex assault cases.

Regardless, comparable caselaw clearly establishes that such specification is not required to substantiate the charge. For example, an indictment need not allege the specific weapon used to commit certain violent offenses. *United States v. Savoca*, 166 F. App'x 183, 188 (6th Cir. 2006) (where the statute outlawed "a bank robbery during which the defendant 'assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device,' [i]nclusion in

4

the indictment of these offenses of the specific type of weapon used is thus mere surplusage."); *United States v. Brown*, 151 F. App'x 787, 792 (11th Cir. 2005) ("This Court has concluded that an indictment issued pursuant to 18 U.S.C. § 924(c)(1)(A) is correct if the generic term 'firearm' is used, and that detail about a firearm listed in the indictment is mere surplusage"); *United States v. Williams*, 334 F.3d 1228, 1231-32 (11th Cir. 2003) (stating that the fact that the gun in the § 924(c) count was an AK-47 rifle and not a handgun as charged in the indictment was not reversible error because "the word 'handgun' in the indictment was mere surplusage") (internal citations omitted); *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994) ("Allegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.") (internal citation omitted); *United States v. Winkelman*, 180 F. App'x 397, 401 (3d Cir. 2006) (finding no reversible error where the prosecution moved to strike as surplusage the reference to a 12-gauge shotgun as the weapon the defendant was alleged to have used, carried and possessed during his cocaine distribution activities and the court's instructions to the jury did not reference any specific firearm). Similarly, here, the government need not allege a specific intoxicant or drug. The indictment contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend. It is sufficient that the government prove, at trial, that a drug, intoxicant or similar was used – not which type.

Nor is such surplus language regarding which drug(s) and/or intoxicant(s) were used unfair surprise where the defendant is already in possession of the evidence that the government will use to establish drugging. Here, an expert has rendered an opinion regarding the class of substances used by the defendant. Even without that opinion, the government has disclosed hundreds of photographs and videos taken by the defendant depicting women who lay unresponsive as the

defendant manipulates and drops their limps, opens their eyelids, straddles their legs, and grabs parts of their bodies. As to AV-1, the government disclosed videos of AV-1 stumbling and witness statements describing AV-1's demeanor. The government has disclosed hundreds of pages of victim statements to investigators indicating that they passed out, did not remember parts of their date(s) with the defendant, fell down, vomited during the date, and/or felt unwell the next day. In addition to the photographs and videos, analysis of the defendant's devices revealed internet searches such as "passed out," "Ambien," "Ambien and alcohol side effects," "Zolpidem Tartrate tablets and 10mg," "Ambien," "dissolve," "Zolpidem and pharmacies," "Ambien and alcohol and pass out." Additional searches included, "tequila and visine latina raped on first date," "vodka & valium," and "Xanax and alcohol." In an email to an online pharmacy, the defendant stated, "Hello, do you have chloral hydrate for insomnia." All of this information, and more, has been disclosed to the defense team. The indictment is not defective, and at trial, the defendant will not be surprised to learn that the government intends to present evidence of drugging.

The defendant wrongly draws analogy between 18 U.S.C. § 2241(b) and need to allege a specific drug type in 21 U.S.C. § 841(b)(1)(A) and (B). As an initial matter, even after *Apprendi v. New Jersey,* which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. 466, 490 (2000), this Circuit has found regarding Section 841(a) that the government need not prove that the defendant knew which controlled substance was involved, just that he knowingly possessed with an intent to distribute "a controlled substance." *United States v. Branham*, 515 F.3d 1268, 1275 (D.C. Cir. 2008). "And § 841(b), which assesses increasing penalties for different combinations of drug types and quantities, requires proof only that the offense "involv[ed]" the specified type and quantity." *Id*. In other

words, "the defendant's knowledge of the type of drug at issue in his offense is not a 'fact that increases the penalty for a crime beyond the prescribed statutory maximum,' and hence is not a fact that "must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. (citing *Apprendi,* 530 U.S. at 490). In practice, the sentencing enhancements laid out in Section 841(b)(1)(A) and (B) focus on drug *quantity* and not drug *type* because drug type is already an element of the offense that is alleged in the indictment and specified in the jury instruction and verdict form at trial. *See United States v. Fields*, 251 F.3d 1041, 1043 (D.C. Cir. 2001) (interpreting and applying *Apprendi* to drug quantity sentencing enhancements of 21 U.S.C. § 841).

Analogies to 21 U.S.C. § 841 aside, pattern instructions from several circuits confirm that the defendant's strained interpretation of 18 U.S.C. §§ 2241 and 2244 is incorrect. For example, the Manual of Model Criminal Jury Instructions, Ninth Circuit (2022) (Instruction 20.3) provide that the elements of Aggravated Sexual Abuse – Administration of Drug, Intoxicant, or Other Substance, in violation of 18 U.S.C. § 2241(b)(2) are as follows:

> First, the defendant knowingly administered a drug, intoxicant, or other similar substance to [name of victim] [[by force or threat of force] [without the knowledge or permission of [name of victim]]];
>
> Second, as a result, [name of victim]'s ability to judge or control conduct was substantially impaired;
>
> Third, the defendant then engaged in a sexual act with [name of victim]; and
>
> Fourth, the offense was committed at [specify place of federal jurisdiction].
>
> In this case, "sexual act" means [specify statutory definition].

Notably, while the Ninth Circuit's Model instruction includes bracketed language where information must be specified (*e.g.* whether by force or threat of force, or without the knowledge or permission of the victim) it includes no such bracketed language requiring that the government specify the drug, intoxicant, or substance used. *See id*. And, as the Supreme Court has recognized

in in the context of interpreting alternatively phrased statutes, "a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." *See Mathis v. United States*, 579 U.S. 500, 518-19 (2016). There, the Supreme Court explained:

> "Suppose, for example, that one count of an indictment and correlative jury instructions charge a defendant with burgling a "building, structure, or vehicle" – thus reiterating all the terms of Iowa's law. That is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt.
>
> . . . Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." (emphasis added)

Here, the criminality of the defendant's conduct does not turn on whether he used a specific type of intoxicant, just that he used one. Thus, the statute's plain language reveals that whether the defendant used a drug, intoxicant, or other similar substance is not an element the government must prove, but merely a means of committing the same offense.

To undersigned counsel's knowledge, no federal court in a prosecution under 18 U.S.C. § 2241(b)(2) has required the government to specify the drug or intoxicant used or the manner in which it was administered as an element of the offense, and nor do any published pattern jury instructions account for such a requirement. *See* Criminal Pattern Jury Instructions, Eleventh Circuit (2022) (Instruction O79.4); The William J. Bauer Pattern Criminal Jury Instructions (2022), Seventh Circuit (2022) (For 18 U.S.C. § 2241 "The defendant knowingly administered a drug, intoxicant or other similar substance"); Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2020).

### III.  CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss should be denied.

Respectfully Submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>District of Columbia | NICOLE M. ARGENTIERI<br>ACTING ASSISTANT ATTORNEY<br>GENERAL<br>U.S. Department of Justice<br>Criminal Division |
| /s/<br>Meredith E. Mayer-Dempsey<br>NY Bar No. 5213202<br>Assistant United States Attorney<br>United States Attorney's Office<br>for the District of Columbia<br>601 D Street, Northwest<br>Washington, D.C. 20530<br>(202) 252-7259<br>Meredith.Mayer-Dempsey@usdoj.gov | /s/<br>Angela N. Buckner<br>DC Bar No. 1022880<br>Katharine A. Wagner<br>NY Bar No. 479825<br>Trial Attorneys<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 616-0238<br>202-514-4584<br>Angela.Buckner.2@usdoj.gov<br>Katharine.Wagner@usdoj.gov |