**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 21-380 (CKK) |
| BRIAN JEFFREY RAYMOND, | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**
(October 24, 2023)

Defendant Brian Jeffrey Raymond ("Defendant") is charged by indictment with various sex offenses allegedly committed in, among other countries, Mexico and the United States.[1] Before the Court is Defendant's [307] Motion to Dismiss Counts Two, Four, Six, Eight, Ten, and Thirteen of the Second Superseding Indictment. These counts charge Defendant with abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). Specifically, the Government claims that Defendant used, in these instances, "a drug, intoxicant, [or] other similar substance" to sexually assault his alleged victims. These counts do not, however, identify the specific drug, intoxicant, or similar substance used. Relying on little more than the statutory text, Defendant argues that the indictment, or perhaps a bill of particulars, must identify the substance used. Because the plain meaning of the statutory text says otherwise, the Court **DENIES** Defendant's [307] Motion to Dismiss Counts Two, Four, Six, Eight, Ten, and Thirteen of the Second Superseding Indictment.

The Court must begin by noting that the instant Motion is particularly dilatory. All non-evidentiary pretrial motions were due on June 30, 2023. Pretrial Scheduling Order, ECF No. 177

---

[1] The Court assumes the reader's familiarity with the factual and procedural background of this case. For background, the Court refers the reader to *United States v. Raymond*, 640 F. Supp. 3d 9 (D.D.C. Oct. 26, 2022), *United States v. Raymond*, 2023 WL 3040453 (D.D.C. Apr. 21, 2023), and *United States v. Raymond*, 2023 WL 6294178 (D.D.C. Sept. 27, 2023).

at 2 (Feb. 15, 2023).  Defendant's most recent non-evidentiary motion, his [242] Motion for a Bill

of Particulars, was also filed out of time, on July 28, 2023.  The Court resolved that [242] Motion

on September 27, 2023, denying, in relevant part, Defendant's request that the Court order the

Government to identify a particular substance (or substances) it would argue to the jury that

Defendant purportedly used on his alleged victims.  *United States v. Raymond*, Crim. A. No. 21-

380 (CKK), 2023 WL 6294178, at *6 (D.D.C. Sept. 27, 2023).  As the Court explained there, the

Government had already revealed its evidence to Defendant in this regard, providing an expert

report that, the Government maintained, would constitute the entirety of its evidence as to the

identity of the substances used.  *Id.*

Again, Defendant takes the Court around the mulberry bush, now at the eleventh hour with

trial set for November 8, 2023.  Before turning to the question of statutory interpretation that is the

essence of Defendant's challenge, a word on procedure is necessary.  When reviewing a charge's

sufficiency on a motion to dismiss, Defendant is correct that the Court is limited to the face of the

indictment.  *United States v. Grider*, 585 F. Supp. 3d 21, 27 (D.D.C. 2022).  That said, an

insufficient indictment is usually remedied through a bill of particulars, not dismissal.  *See United

States v. Robertson*, 588 F. Supp. 3d 114, 120 & n.2 (D.D.C. 2022).  Here, the Court already

explained that a bill of particulars as to the identity of the drug(s) used would be unnecessarily

duplicative, because the Government has already identified its evidence on the subject.  *Raymond*,

2023 WL 6294178, at *6.  Were the Court to have mandated a bill of particulars, however, the

Government's expert report would have constituted whatever bill of particulars that the Court

would have ordered.  In that circumstance, the Court likely would review both the face of the

indictment and the hypothetical bill of particulars in order to test the sufficiency of the indictment.

Precisely what the Court would review, however, is a largely academic question, because the Court

concludes as a matter of law that an indictment need not delineate a particular drug at all.

Insofar as Defendant presses an argument of statutory interpretation, the Court must, of course, begin with the text.  *United States v. Fischer*, 64 F.4th 329, 335 (D.C. Cir. 2023).  In relevant part, Defendant is charged with violating 18 U.S.C. § 2244(a)(1).  That section simply sets a penalty for "sexual contact" in violation of subsections (a) or (b) of 18 U.S.C. § 2241.  Pursuant those two subsections, it is unlawful to, in relevant part, (1) "render[] another person unconscious and thereby engage[] in a sexual act with that person," and  (2), "administer[] to another person . . . without the knowledge or permission of that person, a drug, intoxicant, or other similar substance" and, thereby, "impairs the ability of [the victim] to appraise or control their conduct" and then "engages in a sexual act with that other person." *Id.* (b)(1)-(2).  The key phrase here is "a drug, intoxicant, or other similar substance."  Citing nothing but the text, Defendant maintains that "a drug" means "a *particular* drug" that the Government must show beyond a reasonable doubt.

Congress's use of an indefinite article, "a," rather than a definite article (e.g., "the") or some other phrase, decides the issue.  That is because "[w]ords 'are to be given the meaning that proper grammar and usage would assign them.'" *Nielsen v. Preap*, 139 S.Ct. 954, 965 (2019) (quoting Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 140 (2012)) (discussing interpretive "grammar canon").  As this Court recently explained in another instance of criminal statutory interpretation, where used as an adjective, and in contrast to an indefinite article (e.g., "a"), which "points to nonspecific objects, things, or persons that are not distinguishable from the other members of a class," a definite article (e.g., "the") speaks to something specific and distinct. *See* The Chicago Manual of Style §§ 5.70-71, 5.75, pp. 166-67 (15th ed. 2003).  *United States v. Bailey*, Crim. A. No. 21-156-1, 2023 WL 213965, at *5 (D.D.C. Feb. 21, 2023).  In other words,

the use of an indefinite article demonstrates Congress means to regulate some undetermined or unspecified particular. *See McFadden v. United States*, 135 S.Ct. 2298, 2304 (2015) (to "manufacture . . . *a* controlled substance" requires the Government to show no more than the substance is "some unspecified substance listed on the federal drug schedules").

Here, the Government must demonstrate, in relevant part, that Defendant used "a drug, intoxicant, or other similar substance" that "substantially impair[ed]" his alleged victims' ability to consent. As *McFadden* makes clear, "*a* drug" means "*any*, unspecified drug." To require the Government to show a *particular* drug would require interposing a word such as "particular" in front of "drug." But that would add statutory language that is not there. It is for Congress to so amend a statute, not the Court. *United States v. McHugh*, 583 F. Supp. 3d 1, 32 (D.D.C. 2022) (JDB). Accordingly, the Court cannot read the relevant statutory sections to require the Government to present evidence of a particular intoxicant; evidence of some, unspecified intoxicant is sufficient to plead such a violation of 18 U.S.C. § 2244(a)(1).

As such, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [307] Motion to Dismiss Counts Two, Four, Six, Eight, Ten, and Thirteen of the Second Superseding Indictment is **DENIED**.

**SO ORDERED**.


Dated: October 24, 2023


         /s/
         COLLEEN KOLLAR-KOTELLY
         United States District Judge