## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 21-CR-380 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN JEFFREY RAYMOND,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S REQUEST FOR COURT TO CONDUCT
## <u>WAIVER OF RIGHT TO COUNSEL INQUIRY WITH DEFENDANT</u>

The United States of America, by and through undersigned counsel, hereby requests that the Court conduct an inquiry of Brian Jeffrey Raymond, the defendant, concerning the waiver of his right to counsel for the purpose of entering a guilty plea. For the reasons outlined below, the government believes the defendant is effectively not represented for purposes of the plea hearing, and therefore does not believe that the defendant can enter into the previously offered plea on November 6, 2023, absent a colloquy and subsequent waiver of his right to counsel. The government further requests that this Court conduct a specific inquiry of the defendant regarding 1) the waiver of his right to challenge venue as it relates to the charges in the Superseding Indictment; and 2) his right against self-incrimination as it relates to statements made under oath at his July 23, 2021 plea colloquy and what the government anticipates will be the defendant's statements made under oath at the plea colloquy scheduled for November 6, 2023.

I.   <u>**Relevant Factual Background**</u>

The defendant's present legal team consists of five attorneys from two law firms: John P. Marston and James Gross of Foley Hoag, LLP; and Denise Giraudo, Anthony Joseph Jay, III, and Thomas Reklaitis of Sheppard Mullin LLP (hereafter the "defense team"). Mr. Marston entered his appearance on July 6, 2021 (ECF No. 66) and Ms. Giraudo and Mr. Jay entered their

appearances on November 24, 2021, and November 29, 2021, respectively (ECF Nos. 83 and 84).[1] The remaining attorneys entered their appearances this year. Trial is currently scheduled to begin on November 8, 2023. The defendant's current legal team asked this Court to continue trial on September 22, 2023, and the Court denied the defendant's request. ECF Nos. 261 and 271. On October 11, 2023, the defense team then moved for reconsideration of the Court's order denying the continuance. ECF No. 304. That motion, too, was denied. ECF No. 322.

Throughout the pendency of this case, the parties have engaged in ongoing discussions surrounding its resolution. Relevant to this filing, on October 17, 2023, the government extended a plea offer to the defendant, through counsel. The government notified counsel on that same date that the October 17, 2023, plea offer expired on October 27, 2023.

On October 23, 2023, the defense team contacted the government via email, indicating that they did not believe that the District of Columbia is the proper venue for twenty-two of the counts charged in the Superseding Indictment. The defense team briefly outlined its legal position and cited cases it believed were persuasive. Government counsel responded, maintaining that venue was proper.

---

[1] The government, for reasons outlined previously in the record, notified the Court of a potential conflict relating to Mr. Marston's representation of the defendant and, on June 22, 2022, the Court found that Mr. Raymond waived any potential conflict with Mr. Marston up until that point. *See generally* ECF No. 124, 127, 128 and 136. Additionally, this Court previously ruled that the defendant waived any alleged conflict with respect to Sheppard Mullin's representation of him, *see* ECF No. 96 (Sealed Order dated February 18, 2022), which the government raised after learning that a life-long friend of the defendant's, Sheppard Mullin attorney Matt Sonne, may have taken certain steps to preempt the government's access to evidence in this case. There was extensive litigation regarding whether communications between Mr. Sonne and the defendant were privileged. On October 19, 2023, a magistrate judge found that there was no attorney client relationship and ordered that the communications be disclosed.

On October 24, 2023, government counsel conveyed that the October 17, 2023, plea offer expired upon the filing of any additional motions, to include a motion challenging venue, and/or the failure to transmit to the government signed plea paperwork by Friday, October 27, 2023.

On October 24, 2023, counsel for the defendant responded with a proposed counteroffer, which the government declined while noting that its October 17, 2023, plea offer remained available under the terms previously communicated. On October 25, 2023, counsel for the defendant requested plea paperwork for the October 17, 2023, plea offer for their client's consideration. The paperwork was provided on October 26, 2023.

At 10:35 p.m. on Friday, October 27, 2023, government counsel received an email from the defense team. In it, defense counsel provided the plea paperwork, signed by the defendant, but added:

> "You will note that we as counsel have not signed these papers. Based on how things have developed, we have concluded that we cannot ethically represent Mr. Raymond at a plea hearing on these papers, and we will file motions to withdraw in short order. Mr. Raymond wants us to let you know that he will take this plea without delaying the trial date."

On October 30, 2023, the defense team filed motions to withdraw. *See* ECF Nos. 346 and 348.[2] That same day, the Court appointed Federal Public Defender A.J. Kramer as conflicts counsel for the defendant and scheduled a status hearing for Tuesday, October 31, 2023.

Following the Tuesday, October 31, 2023, hearing, which included the Court's *ex parte* communications with counsel for the defendant, the Court scheduled a plea hearing for November 6, 2023. The Court held the defense team's motions to withdraw in abeyance. *See* October 31, 2023 Minute Order. Thereafter, attorney Howard Katzoff was appointed as counsel to the

---

[2] The motions were transmitted on October 29, 2023, but were not filed on ECF until the following day.

defendant for the limited purpose of advising him of the legal consequences and waivers implicated by the government's plea offer. On November 1, 2023, government counsel confirmed with Mr. Katzoff that his representation of the defendant was only for this limited purpose.

## II.     The Defendant is Effectively Not Represented for the Plea Hearing

While the Court appointed Mr. Katzoff as counsel to advise the defendant of the *legal consequences* of accepting the government's offer, Mr. Katzoff is in no position to advise the defendant on *whether to accept* the offer, as Mr. Katzoff has limited knowledge of the case and has had no opportunity to comprehensively review discovery. At the same time, the defense team, who has extensive knowledge of the case posture and facts and were within a week of beginning trial, are seemingly maintaining that they cannot ethically represent the defendant on the plea papers provided.[3] Thus, the defendant is effectively not represented for the purpose of being advised about *whether* to accept the plea offer, rather than proceed to trial.

## III.    This Court Must Be Reasonably Certain that the Defendant Wishes to Proceed in this Manner and Conduct a Thorough Inquiry

In order to prevent a future motion to withdraw, direct appeal, or collateral attack on the defendant's conviction based on the issues outlined above, the government requests that the Court conduct a colloquy with the defendant to ensure that his entry into a plea is knowing and willing. Without an explicit inquiry into this issue from the Court, the defendant could, on appeal or by motion to withdraw, claim that he was denied the right to counsel at this very critical stage in the proceeding. *See Iowa v. Tovar*, 541 U.S. 77, 81 (2004) (to accept plea from uncounseled defendant consistent with the Sixth Amendment, trial court must inform "the accused of the nature of the

---

[3] The government is completely unaware of the exact nature of the alleged conflict.

charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea").[4]

Specifically, this Court should take the following steps:

1) Ensure that the defendant is explicitly agreeing to proceed forward with the plea under these circumstances;

2) Ensure that the defendant is competent to make such a decision;[5]

3) Ensure that the defendant's decision to plead guilty while unrepresented by counsel to advise him on the plea itself is knowing, voluntary, and intelligent;[6]

4) Specifically inquire whether the defense team advised the defendant on the consequences of waiving any challenge to venue in the District of Columbia, to include: 1) their apparent position that this Court lacks venue for twenty-two of the twenty-five counts charged in the Superseding Indictment; 2) the defendant's option to pursue a dismissal of the Superseding Indictment through a venue challenge rather than plead guilty and waive any venue challenge; and 3) that his attorneys may challenge venue

---

[4] A defendant charged with a crime has an absolute and automatic right to counsel. U.S.C.A. Const., Amend. 6., 28 U.S.C. §1654, *Gideon v. Wainwright*, 372 U.S. 335 (1963), *Faretta v. California*, 422 U.S. 806, 819 (1975). This right requires that legal assistance be made available regardless of whether the defendant has requested it. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962).

[5] This inquiry involves the same evaluation as determining one's competency necessary to stand trial. *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993).

[6] This Court should engage in a *Faretta* colloquy pursuant to the Supreme Court's decision in *Faretta v. California*, 422 U.S. 806 (1975). *See United States v. Wright*, 923 F.3d 183, 188 (D.C. Cir. 2019). The inquiry should be a "penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948); *see also United States v. Gewin*, 471 F.3d 197, 199-200 (D.C. Cir. 2006) (describing colloquy where defendant validly waived the right to counsel for plea negotiations and trial).

at any point prior to trial and even later, upon a showing of good cause. *See United States v. Burroughs*, 161 Fed. Appx. 13, 14 (D.C. Cir. 2005).

5) Inquire whether the defense team and/or Mr. Katzoff advised the defendant of his rights against self-incrimination, specifically as it pertains to admitting to conduct he previously either denied under oath at his prior plea colloquy or claimed actual innocence of in his motion to withdraw.

As to the requested venue inquiry, the government is keenly aware that the defendant previously withdrew from his guilty plea in this case. *See* ECF No. 158. The defendant's motion was granted, in part, due to prior counsel's ineffectiveness for failing to advise him of the potential issues surrounding the seizure of his cell phones and any substantial suppression arguments and legal options in connection therewith. *See id*. at 18. Indeed, there, Mr. Marston signed a declaration indicating that had he "been aware of these issues prior to the defendant entering his guilty plea, [he] would have recommended to the defendant . . . that he not plead guilty but instead proceed to trial in this case." *Id*. Given the close temporal proximity between the defense team's identification of a purported venue claim and their attempted withdrawal as counsel from the case, the government has serious concerns that the defendant may, once again, try to withdraw from this plea, should he enter it, and claim he was improperly advised of his ability to challenge venue. A detailed colloquy on this specific issue would forestall such an attempt.

As to the requested Fifth Amendment inquiry, the defendant's under-oath acceptance of this plea and admission to the statement of offense will conflict with his prior under-oath statements to this Court in the first plea hearing. The defendant must be advised of the potential ramifications associated with making such conflicting statements under oath and agree to proceed notwithstanding.

IV.     **Proposed Colloquy**

**To assist the Court, the government suggests the following lines of inquiry:**

1.      What is your full name?

2.      How old are you?

3.      Can you read and write?

4.      Are you able to hear and understand me?

5.      How far did you go in school?

6.      What is your employment experience?

7.      Are you currently or have you recently been under the care of a physician or a psychiatrist or been hospitalized or treated for narcotics addiction?

8.      Have you taken any drugs, medicine, or pills or drunk any alcoholic beverage in the past twenty-four hours?

9.      Do you suffer from any mental health conditions?

10.     Do you suffer from any physical conditions?

11.     You have a constitutional right to be represented by an attorney at every stage of the proceedings, including for the entry of a guilty plea. Do you understand that?

12.     If you are unable to afford an attorney, the court will appoint one without cost to you. Do you understand that?

13.     Your present counsel has indicated that they cannot represent you on the plea papers you signed due to an ethical conflict.

14.     The Court has appointed Mr. Katzoff to represent you for the purpose of advising you on the legal consequences of the plea, but he is unable to advise you on whether to accept or reject the plea.

15.     Because of your present counsel's purported conflict, no counsel is currently advising you on whether to accept or reject the plea.

16.     Do you understand that because no counsel is currently advising you on whether to accept or reject the plea, if you were to proceed with this plea today, you would by proceeding pro se, that is, representing yourself?

17.    Do you understand that you have a right under the Sixth Amendment to counsel of your choice?

18.    Do you understand that you have the right to full representation for this plea hearing?

19.    Do you understand that most laymen are not competent to represent themselves because they are not lawyers and may not have the education or experience that a lawyer would have?

20.    Do you recognize the seriousness of the choice to represent yourself, including the negative consequences this may have?

21.    Do you understand that an attorney might be able to advise you further on the reasons to accept or not accept the government's plea offer, including any potential defenses you may have against the allegations in the Superseding Indictment?

22.    Do you wish to obtain counsel, or do you want the court to appoint counsel to advise you on whether to accept this plea?

23.    Have you had enough time to consider that decision?

24.    Has anyone forced or coerced you or pressured you to make this decision?

25.    If you choose to proceed with this plea hearing without counsel, I must ask you a series of questions to determine that this decision is knowing and voluntary, so that you understand the hazards and disadvantages of self-representation.

26.    Have you ever studied law?

27.    Have you ever represented yourself in a criminal action?

28.    Do you understand that you are charged with these crimes: [list crimes in Superseding Indictment]?

29.    We will cover this in more detail later, but do you understand the penalties associated with these allegations?

30.    Do you understand that if you choose to proceed with this plea hearing without counsel, I cannot tell you or advise you on what to do?

31.    And do you understand that, while Mr. Katzoff has been appointed to advise you of the legal waivers and consequences associated with your acceptance of this guilty plea, he cannot advise you on whether to accept the plea because he has not had the opportunity to review discovery or familiarize himself with the government's evidence?

32.    Without going into detail regarding your conversations, prior to this hearing, were you satisfied with the work of your prior defense team?

33.    Did you discuss with them the benefits and risks involved in going to trial in this matter?

34.    Were you informed by your defense team that they could challenge venue, or whether this case is properly brought in the District of Columbia?

35.    I express no opinion on whether a motion to challenge venue would be meritorious, but are you aware that, if your defense team prevailed, and this Court found that venue in the District of Columbia was improper for any count in the indictment, the remedy would be dismissal of that count in this District?

36.    And are you aware, that prior to this hearing, the defense team, that is, Mr. Marston, Ms. Giraudo, Mr. Jay, Mr. Gross, and Mr. Reklaitis, informed the government that it believed it could challenge the Superseding Indictment in which you are charged for lack of venue?

37.    And do you understand, that by pleading guilty, you are explicitly waiving any right to challenge venue with respect to the charges in this case?

38.    Are you aware that you have a right under the Fifth Amendment against self-incrimination?

39.    Your right under the Fifth Amendment includes the right not to make statements that would support your conviction for violating a criminal statute.

40.    It also includes the right to refuse to answer questions that would furnish a link in the chain of evidence needed to prosecute you for violating a criminal statute.

41.    Are you aware that it is a violation of federal law to make false statements under oath?

42.    Are you aware that at your prior plea colloquy, you were placed under oath?

43.    Are you aware that at your present plea colloquy, you are under oath?

44.    Are you aware that nothing in your plea agreement prevents the government from bringing charges against you for perjury or related offenses?

**V.    The Government Will Not Enter into the Plea Agreement with the Defendant Absent His Unequivocal Admission to the Entire Statement of Offense**

Finally, the government will not enter into the proposed plea agreement with the defendant absent explicit admission to all conduct outlined in the government's statement of offense. Particularly so where, as here, the defendant has previously withdrawn a guilty plea while alleging actual innocence of the charged conduct and, through counsel, has previously asked to resolve the case via an *Alford* plea. The government, then and now, declines to permit an *Alford* plea. The government does not wish for the defendant to admit guilt under these circumstances unless he is guilty. During the colloquy, the government will not be satisfied by a mere admission that it could prove the conduct at trial. Rather, the defendant must admit that he knowingly engaged in the conduct as set forth in the statement, as is the required *mens rea* for the offenses with which he is charged. Should the defendant claim that he does not remember, attribute his conduct to his or another's alcohol consumption, or otherwise vacillate as to his knowledge or intent regarding his crimes, the government will proceed to trial. While the defendant is free to plead guilty to the Superseding Indictment without any agreement from the government, and may do so while insisting upon his innocence, *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970), the government's plea offer extended on October 17, 2023, is "contingent on [the defendant's] full and complete acknowledgement and agreement of his conduct as outlined in" the Statement of Offense. Plea Letter, ¶ 2. The government will accept nothing less.

Should the defendant not establish a plea colloquy in accordance with the above conditions, including his full and complete acknowledgment and agreement of his conduct, the government requests that the Court deny the defense team's motions to withdraw as counsel and move forward with trial as scheduled on November 8, 2023. The government is ready for trial and, for the reasons

cited in its Opposition to the defendant's Motions to Continue Trial, ECF Nos. 265 and 314, this

Court should not permit further delay.


Respectfully Submitted,

MATTHEW M. GRAVES                    NICOLE M. ARGENTIERI
UNITED STATES ATTORNEY               ACTING ASSISTANT ATTORNEY
District of Columbia                 GENERAL
                                     U.S. Department of Justice
                                     Criminal Division


 /s/ _____           /s/ _____
Meredith E. Mayer-Dempsey            Angela N. Buckner
NY Bar No. 5213202                   DC Bar No. 1022880
Assistant United States Attorney     Katharine A. Wagner
United States Attorney's Office      NY Bar No. 479825
for the District of Columbia         Trial Attorneys
601 D Street, Northwest              U.S. Dept. of Justice, Criminal Division
Washington, D.C. 20530               Human Rights and Special Prosecutions
(202) 252-7259                       1301 New York Avenue, Northwest
Meredith.Mayer-Dempsey@usdoj.gov     Washington, D.C. 20530
                                     (202) 616-0238
                                     202-514-4584
                                     Angela.Buckner.2@usdoj.gov
                                     Katharine.Wagner@usdoj.gov