**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 21-CR-00380 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN JEFFREY RAYMOND** | : | |
| | : | |
| **Defendant.** | : | |

## STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Brian Jeffrey Raymond, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offenses. They are being submitted to demonstrate that sufficient facts exist that the defendant committed the offenses to which he is pleading guilty: Sexual Abuse, in violation of 18 U.S.C. §§ 2242(2) and 7(9); Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Coercion and Enticement in violation of 18 U.S.C. § 2422(a); and Transportation of Obscene Material, in violation of 18 U.S.C. § 1462(a).

## STATEMENT OF FACTS

### SPECIAL MARITIME AND TERRIROTIAL JURISDICTION

1. At all dates and times included in this statement of offense, the defendant was a United States government employee. From on or about August 21, 2018 until on or about June 1, 2020, the defendant worked at the United States Embassy in Mexico City, Mexico. During that time, the defendant resided in an apartment in Mexico City assigned to him by the United States government. The defendant's residence in Mexico City was leased by the United States government for use by Embassy personnel assigned to diplomatic, consular, military, and other United States missions in Mexico City. This residence falls within the Special Maritime and

Territorial Jurisdiction of the United States, pursuant to 18 U.S.C. § 7(9).

**DRUG, INTOXICANT, OR OTHER SUBSTANCE**

2. The defendant knowingly administered a drug, intoxicant, or other substance (hereinafter, "drug") to every victim named in this statement of offense. The defendant administered the drug in order to render the adult victim ("AV") unconscious, substantially impaired, and/or incapable of appraising the nature of the defendant's conduct and physically incapable of declining participation in and/or communicating an unwillingness to engage in the defendant's conduct. The defendant knew that administering the drug would have side effects, including extreme exhaustion and vomiting. The defendant personally witnessed these side effects after he administered the drug to the adult victims.

**SEXUAL ABUSE AND ABUSIVE SEXUAL CONTACT**

3. The defendant held himself out to AV-1, AV-5, AV-6, AV-7, AV-9, and AV-26 as a high-level Embassy employee in whom the government had reposed special trust. For each of these victims, the defendant spoke in their native language, Spanish.

**Sexual Assault of AV-1**

4. The defendant met AV-1, whose true identity is known to the defendant, on the dating application Tinder and, on May 31, 2020, the two went on a date. The date began at an outdoor shopping mall, where the defendant served AV-1 wine from a bottle he brought with him. Later, the defendant led a drugged AV-1 to his embassy-leased housing in Mexico City, Mexico, where he served her wine as well as some meat, cheese, and chocolates. Soon after, AV-1 lost consciousness. When AV-1 regained consciousness, she was nude, and the defendant was on top of her sexually assaulting her.

5. As a result of the defendant's actions, AV-1 suffered a vaginal injury consistent

with friction, an anal laceration compatible with the introduction of a hard, blunt object, generalized redness throughout her perianal area, bruises on her forearm, elbow, and knees, and a laceration on the inside of her cheek.

6. On or about May 31, 2020, the defendant knowingly rendered AV-1 unconscious by administering a drug, intoxicant, or similar substance to AV-1 without her knowledge or permission. The defendant substantially impaired the ability of AV-1 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in a sexual act with AV-1, that is, the defendant's penis came in contact with AV-1's vulva. The defendant sexually assaulted AV-1, and his actions constitute a violation of 18 U.S.C. §§ 2242(2) and 7(9).

**Sexual Assault and Recording of AV-9**

7. The defendant met AV-9, whose true identity is known to the defendant, on the dating application Bumble and, on March 25, 2020, the two went on a date. They met for afternoon drinks before resuming their date later that evening, with AV-9 returning to her home in the interim. The defendant messaged a close friend, Witness-1, whose true identity is known to the defendant, about AV-9, stating, "She just asked me to send an Uber to pick her up tonight…but that is a personal no for me unless I am definitely getting sex." The defendant then said, "I suppose since it is only 4 bucks and I might have a chance to fuck her I will do it."

8. When AV-9 arrived at the defendant's embassy-leased housing in Mexico City, Mexico, the defendant served AV-9 meats, cheeses, strawberries, and wine. The defendant also served AV-9 tequila. Soon after, AV-9 lost consciousness. When AV-9 regained consciousness, she was nude and in the defendant's bed. The next day, the defendant texted Witness-1, "Success last night…at least I salvaged my Wed."

9. Without her knowledge, and while AV-9 was unconscious and incapable of consenting, the defendant took 20 photographs and 15 videos depicting AV-9, all created on March 25 and 26, 2020, in his embassy-leased apartment over the course of an hour. The photographs and videos show AV-9 unconscious and fully nude, lying in the defendant's bed. Some of the photographs show the defendant's hand opening AV-9's eyelid, and some depict close-ups the defendant took of AV-9's breasts and genitals. The defendant also posed AV-9's body in different ways throughout the photo set. A video shows the defendant's hand on the outside of AV-9's buttocks. Another video shows the defendant's hand touching AV-9's breast and buttocks. And yet another video shows the defendant's hand forcefully grabbing AV-9's breast. His hand then moves down to her pubic region, out of the frame. In one video, the defendant is nude and lying next to an unconscious AV-9, cuddling with her body and manipulating her limbs while his erect penis is exposed.

10. The defendant knowingly rendered AV-9 unconscious by administering a drug, intoxicant, or similar substance to AV-9 without her knowledge or permission. The defendant substantially impaired the ability of AV-9 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual acts and sexual contact with AV-9, that is, the defendant's penis came in contact with AV-9's vulva, and the defendant intentionally touched AV-9's breast and buttocks. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Sexual Assault and Recording of AV-7**

11. The defendant met AV-7, whose true identity is known to the defendant, on the dating application Bumble and, on May 30, 2020, the two went on a date. The defendant and AV-7 met at his embassy-leased apartment in Mexico City, Mexico. When AV-7 arrived, the defendant

served her meat, cheese, and strawberries, as well as tequila and an alcoholic beverage containing gin. AV-7 felt sick and vomited in the defendant's bathroom. Soon after, AV-7 lost consciousness. When AV-7 regained consciousness, she was nude in the defendant's bed.

12. The next day, on May 31, 2020, the defendant texted Witness-1, "So last night was a success. She was decent enough looks wise. About what I was expecting and at 26 was still fuckable. But after 30 who knows. But she was cool and we had a nice time so it worked out. TBD if I will see her again."

13. Without her knowledge, and while AV-7 was unconscious and incapable of consenting, the defendant took 77 photographs and four videos depicting AV-7, all created on May 30 and 31, 2020, over the course of approximately two hours and thirty minutes. The photographs and videos show AV-7 fully nude, unconscious, and lying on the defendant's bed. They depict the defendant's hand opening her eyelid and playing with her mouth. In one video, AV-7 flinches when the defendant's fingers are in her mouth, and he quickly pulls his hand back. The defendant took several close-up photographs of AV-7's breasts and genitals. Notably, there is a photo in which AV-7 is on her back with her legs tightly closed. While nude and exposing his erect penis, the defendant straddles AV-7's body, placing each knee on either side of AV-7's legs and causing his inner thighs to touch her body. The defendant also poses AV-7's body in several different positions.

14. Between on or about May 30, 2020 and on or about May 31, 2020, the defendant knowingly rendered AV-7 unconscious by administering a drug, intoxicant, or similar substance to AV-7 without her knowledge or permission. The defendant substantially impaired the ability of AV-7 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual acts and sexual contact with AV-7, that is, the defendant's penis came

in contact with AV-7's vulva and the defendant intentionally caused his inner thighs to touch AV-7. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire. The defendant sexually assaulted AV-7, and his actions constitute a violation of 18 U.S.C. §§ 2244(a)(1) and 7(9).

**Sexual Assault and Recording of AV-6**

15. The defendant met AV-6, whose true identity is known to the defendant, on the dating application Tinder and, on June 23, 2019, the two went on a date. The defendant and AV-6 met at his embassy-leased apartment in Mexico City, Mexico. When AV-6 arrived, the defendant served her various alcoholic beverage to taste. Soon after, AV-6 lost consciousness. Similarly, the two met at the defendant's embassy-leased housing on December 21, 2019. When AV-6 arrived, the defendant served her various alcoholic beverage to taste. Soon after, AV-6 lost consciousness.

16. Without her knowledge, and while AV-6 was unconscious and incapable of consenting, the defendant took 29 photographs and 6 videos on June 23, 2019, and 35 photographs on December 21, 2019. In both sets of photographs and videos, AV-6 is fully nude, unconscious, and lying on the defendant's bed. In both sets, the defendant opens AV-6's eyelids, and in both sets, the defendant took close-up photographs of AV-6's breasts and genitals. In the videos from June 23, 2019, the defendant lifts AV-6's arm and dropping it onto the bed several times. In one video, AV-6's face flinches, and the defendant jumps back, dropping the recording device in the process and causing the video to very briefly record his face, torso, and erect penis. In another video, the defendant's recording captures his own erect penis. In one of the videos, the recording starts with AV-6's hand placed on her own breast. In the video, the defendant moves AV-6's hand from her breast to her genitals. He then moves her hand from her genitals and drops it onto the bed next to her.

17. The defendant knowingly rendered AV-6 unconscious by administering a drug, intoxicant, or similar substance to AV-6 without her knowledge or permission. The defendant substantially impaired the ability of AV-6 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual acts and sexual contact with AV-6, that is, the defendant's penis came in contact with AV-6's vulva and the defendant intentionally caused AV-6 to touch her own breast and genitalia. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Sexual Assault and Recording of AV-5**

18. The defendant met AV-5, whose true identity is known to the defendant, on the dating application Tinder and, on May 17, 2019, the two went on a date. The defendant and AV-5 met at his embassy-leased apartment in Mexico City, Mexico. When AV-5 arrived, the defendant served her meat, cheese, strawberries, and chocolate as well as mezcal and wine. Soon after, AV-5 lost consciousness. When AV-5 regained consciousness, she was lying in the defendant's bed. AV-5 sat up and vomited.

19. Without her knowledge, and while AV-5 was unconscious and incapable of consenting, the defendant took 25 photographs and 10 videos, all created on May 17, 2019. In the photographs and videos, AV-5 is completely nude, unconscious, and lying in the defendant's bed. In some of the videos, the defendant opens AV-5's eyelids and plays with her mouth and tongue. In one photograph, the defendant touches AV-5's inner thigh. In a video, the defendant grabs AV-5's breast. An unconscious AV-5 struggles to breathe in the videos.

20. The defendant knowingly rendered AV-5 unconscious by administering a drug, intoxicant, or similar substance to AV-5 without her knowledge or permission. The defendant substantially impaired the ability of AV-5 to appraise and control the conduct. Once she was

impaired and/or unconscious, the defendant engaged in sexual contact with AV-5, that is, the defendant intentionally touched AV-5's breast and buttocks. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Sexual Assault and Recording of AV-26**

21. The defendant met AV-26, whose true identity is known to the defendant, on the dating application Tinder and, on February 8, 2019, the two went on a date. The defendant and AV-26 met at his embassy-leased apartment in Mexico City, Mexico. When AV-26 arrived, the defendant served her cheese, strawberries, and cookies as well as wine. AV-26 felt sick and vomited in the defendant's bathroom. The defendant continued serving AV-26 alcohol. AV-26 vomited a second time. Soon after, AV-26 lost consciousness. When AV-26 regained consciousness, she was in the defendant's bedroom. The defendant led AV-26 by the arm to his bathroom. AV-26's legs gave out, and she fell. The defendant held her hair while she vomited again. AV-26 lost consciousness again. When she regained consciousness, she was on the defendant's bed, and the defendant was touching her breast.

22. The defendant knowingly rendered AV-26 unconscious by administering a drug, intoxicant, or similar substance to AV-26 without her knowledge or permission. The defendant substantially impaired the ability of AV-26 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual contact with AV-26, that is, the defendant intentionally touched AV-26's breast. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Sexual Assault and Recording of AV-23**

23. The defendant invited AV-23, whose true identity is known to the defendant, to his embassy-leased housing on December 8, 2013 and served her several alcoholic beverages. The

embassy-leased housing was located in a foreign country known to the defendant. Shortly after, AV-23 lost consciousness.

24. Without her knowledge, and while AV-23 was unconscious and incapable of consenting, the defendant took 40 photographs, all created on December 8, 2013. In the photographs, AV-23 is fully nude. In one photograph, the defendant is holding AV-23's arm. In another, he is holding AV-23's eyelid open. Throughout the series of photographs, AV-23 is positioned by the defendant, including being turned over, having her legs spread open, and having her body manipulated such that her hand is placed on her own breast.

25. The defendant knowingly rendered AV-23 unconscious by administering a drug, intoxicant, or similar substance to AV-23 without her knowledge or permission. The defendant substantially impaired the ability of AV-23 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual contact with AV-23, that is, the defendant intentionally caused AV-23 to touch her own breast. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Assault and Recording of AV-15**

26. The defendant met AV-15, whose true identity is known to the defendant, on the dating application Bumble and, on April 9, 2017, the two went on a date. The defendant picked AV-15 up from Maryland for the date. The defendant then drove AV-15 through Washington, D.C. to Scott's Run Nature Preserve in Virginia. There, the two drank wine the defendant brought with him. After the date, the defendant drove AV-15 back through Washington, D.C. and to AV-15's apartment in Maryland. Shortly after, AV-15 lost consciousness. The defendant left before AV-15 regained consciousness.

27. Without her knowledge, and while AV-15 was unconscious and incapable of consenting, the defendant took four photographs of AV-15, all created on April 9, 2017. The photographs depict AV-15 unconscious, fully nude, and laying on her stomach in bed. As a result of moving and posing AV-15, the defendant inflicted several injuries on AV-15's body, including a prominent, painful bruise on her buttocks.

28. The defendant knowingly rendered AV-15 unconscious by administering a drug, intoxicant, or similar substance to AV-15 without her knowledge or permission. The defendant substantially impaired the ability of AV-15 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual contact with AV-15, that is, the defendant intentionally touched AV-15's buttocks. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Assault and Recording of AV-4**

29. The defendant met AV-4, whose true identity is known to the defendant, on the dating application Tinder and, on May 14, 2017, the two went on a date. The defendant invited AV-4 to meet him at a park in Washington, D.C. After the date at the park, the two remained in D.C. and walked to a wine bar, where they ordered a glass or two of wine and continued to converse. While at the bar, the defendant told AV-4 that he wanted to continue the date but indicated that his apartment was unavailable. AV-4 then offered her apartment in Virginia as an alternative. Once at her apartment in Virginia, AV-4 opened a bottle of red wine and poured them both a glass. After showing the defendant around, they walked out onto her balcony with their glasses, leaving the bottle of wine inside. At some point, the defendant went to the restroom and returned to the balcony with the open bottle of wine, where he refilled both of their glasses. Shortly

thereafter, AV-4 lost consciousness. AV-4 regained consciousness in her bed, fully clothed, with the defendant lying next to her.

30. Without her knowledge, and while AV-4 was unconscious and incapable of consenting, the defendant took two videos and eight photographs, all created on May 14, 2017. In the videos and photographs, AV-4 is lying down on her back on a bed. Her eyes are closed, and she appears unconscious. In several photographs, the defendant pulled up AV-4's shirt and pulled down her bra pulled so that both breasts are visible. In one photograph, AV-4's bra is on, but her shirt is pulled up, and in one photograph, the defendant uses his thumb to hold her eyelid open. In one video, the defendant pulls down AV-4's shorts to reveal her upper pubic region. Large red marks can be seen on both of her knees in several photographs.

31. The defendant knowingly rendered AV-4 unconscious by administering a drug, intoxicant, or similar substance to AV-4 without her knowledge or permission. The defendant substantially impaired the ability of AV-4 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual contact with AV-4 while AV-4 was unconscious, that is, the defendant intentionally touched AV-4's breasts. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire.

**Assault, Coercion and Enticement, and Recording of AV-17**

32. The defendant invited AV-17, whose true identity is known to the defendant, to travel from Chicago to the D.C. area to visit him in November of 2015. The defendant gave AV-17 detailed instructions on where to go in Washington, D.C., including places to tour and where to eat lunch, as well as how to leave D.C. on the Metro rail to get to his apartment in Tysons Corner, Virginia. That evening, the two had a drink at the defendant's apartment and then went to

dinner and to a happy hour in Virginia. When the two returned to the defendant's apartment, AV-17 lost consciousness. When AV-17 regained consciousness, she was in the defendant's bed wearing only her underwear.

33. Without her knowledge, and while AV-17 was unconscious and incapable of consenting, the defendant took six photographs of AV-17, all created on November 6, 2015. The photographs depict AV-17 nude, with her breasts exposed, and wearing underwear. She is depicted both on the floor and on the bed in the images. In a photograph, the defendant can be seen holding AV-17's eyelid open. In another, the front of AV-17's underwear is pulled down, exposing her pubic area. As a result of moving and posing AV-17, the defendant inflicted several injuries on AV-17's body, including deep scratches on her back.

34. The defendant knowingly rendered AV-17 unconscious by administering a drug, intoxicant, or similar substance to AV-17 without her knowledge or permission. The defendant substantially impaired the ability of AV-17 to appraise and control the conduct. Once she was impaired and/or unconscious, the defendant engaged in sexual contact with AV-17, that is, the defendant intentionally touched AV-17's genitals. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire. Furthermore, the defendant has taken similar actions against AV-17 on more than one additional occasion.

35. Between on or about November 2, 2015 and on or about November 7, 2015, the defendant knowingly persuaded, induced, and enticed AV-17 to travel in interstate commerce to engage in sexual conduct for which he could be charged with a criminal offense, to wit: Virginia Code 18.2-67.3. The defendant's actions constitute a violation of 18 U.S.C. § 2422(a).

## PRODUCTION AND TRANSPORTATION OF OBSCENE MATERIAL

36. The defendant knowingly rendered the victims named in this statement of offense unconscious by administering a drug, intoxicant, or similar substance without the victims' knowledge or permission. The defendant then photographed and recorded the victims using cameras and mobile phones. When he took these photographs and videos, he did so without the victims' knowledge, and while the victims were unconscious and incapable of consenting.

37. The photographs and videos depict unconscious women in various stages of undress as the defendant moves them, poses them, manipulates their limps, opens their eye lids, places his fingers in their mouth, and/or grabs or touches, or causes the women to grab or touch, their inner thigh, buttocks, breasts, or genitalia. The defendant took all these actions with the intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire. For each victim named in this statement of offense, the production of the photographs and videos meets the definition of obscene matter.

38. Afterwards, the defendant moved those same photographs and videos to other devices and storage spaces for safekeeping, to include a Blue ASUS Laptop, Purple ASUS Laptop, MacBook Air, a Kingston SD Card, and an iCloud account.

39. The defendant brought into the United States, and into any place subject to the jurisdiction thereof, laptops and a storage card containing the obscene matter. As to the MacBook Air, 511 explicit images were recovered depicting AV-2, AV-3, AV-4, AV-5, AV-6, AV-12, AV-13, AV-14, AV-15, AV-16, AV-17, AV-18, AV-19, AV-25, and AV-28, whose true identities are known to the defendant. From the Purple ASUS laptop, 34 explicit images were recovered depicting AV-20 and AV-22, whose true identities are known to the defendant. From the Blue ASUS laptop, nine explicit images were recovered depicting AV-20 and AV-21, whose true

identities are known to the defendant. From a Kingston SD Card, 68 explicit images were recovered depicting AV-19, AV-23, and AV-24, whose true identities are known to the defendant.

40. The defendant knowingly used an interactive computer service, i.e., the internet as well as Apple servers located in the United States, to transport obscene matter from his mobile devices and/or laptops to his cloud storage account. As to the defendant's iCloud account, 400 explicit images were recovered depicting AV-2, AV-3, AV-4, AV-5, AV-6, AV-7, AV-8, AV-9, AV-10, AV-11, AV-12, AV-13, AV-14, AV-15, AV-16, AV-17, AV-18, and AV-19, whose true identities are known to the defendant.

41. Each victim for which photographs and videos were located on the defendant's laptops, mobile devices, and cloud storage represents a separate scheme by the defendant to produce and transport obscene matter. Some examples of the defendant's efforts to produce obscene matter are as follows:

**Assault and Recording of AV-8**

42. The defendant met AV-8, whose true identity is known to the defendant, on the dating application Tinder and, in March and April of 2020, the two went on several dates. AV-8 came to the defendant's embassy-leased apartment in Mexico City, Mexico for the first time on March 27, 2020. When AV-8 arrived, the defendant served her ham and cheese as well as alcoholic beverages. Soon after, AV-8 lost consciousness.

43. Without her knowledge, and while AV-8 was unconscious and incapable of consenting, the defendant took 13 photographs and one video depicting AV-8, all created on March 27, 2020. The photographs and videos show AV-8 fully nude, unconscious, and lying on the defendant's bed. They show close-ups of AV-8's breasts and genitals. In the video, the defendant is manipulating AV-8's arm. Between on or about March 27, 2020 and on or about June 1, 2020,

the defendant intentionally transported the photographs and videos from his mobile phone to his iCloud using the internet and Apple servers located in the United States.

44. Between on or about March 27, 2020 and on or about June 1, 2020, in Mexico City, Mexico and elsewhere, the defendant brought into the United States and into any place subject to the jurisdiction thereof, and knowingly used a common carrier and interactive computer service, for carriage in interstate and foreign commerce, obscene matter depicting AV-8. The defendant's actions constitute a violation of 18 U.S.C. § 1462(a).

**Assault and Recording of AV-2**

45. The defendant met AV-2, whose true identity is known to the defendant, on the dating application Bumble and, on February 2, 2018, the two went on a date. The defendant and AV-2 met at AV-2's apartment in California. The defendant brought with him wine and tequila, which he served to AV-2. Soon after, AV-2 lost consciousness. When she regained consciousness, AV-2 was nude and was lying next to the defendant. AV-2 told the defendant that she did not like what had happened and that it could not happen again. AV-2 and the defendant eventually stopped communicating. In September 2018, the defendant reached backed out to AV-2 indicating that he missed speaking with her and suggesting that she visit him in Mexico.

46. In November 2018, AV-2 traveled to Mexico for work and, while in Mexico City, she met the defendant for a date. The defendant met AV-2 at her Mexico City hotel and brought a flask of alcohol from which he served AV-2 drinks. The two went to dinner and shortly after, AV-2 lost consciousness. AV-2 awoke the next morning wearing her bra and underwear. The defendant was not there.

47. Without her knowledge, and while AV-2 was unconscious and incapable of consenting, the defendant took 33 photographs and one video on February 2, 2018. The

photographs and video show AV-2 unconscious and in various stages of undress. They show the defendant's hand moving her bra and pants to expose her breasts and genitals, as well as his hand opening her eyelid. The final photos show AV-2 fully nude.

48. Additionally, without her knowledge, and while AV-2 was unconscious and incapable of consenting, the defendant took 44 photographs and seven videos in AV-2's hotel room in Mexico City on November 23 and 24, 2018. AV-2 is unconscious and lying on the hotel bed, and her bra is pushed up to expose her breasts. In some photographs, her underwear is removed to expose her genitals. In the course of the photographs and videos, the defendant posed AV-2 in several different positions on the bed. In some, the defendant lifts AV-2's eyelid and manipulates her arms.

**Assault and Recording of AV-12**

49. The defendant met AV-12, whose true identity is known to the defendant, on the dating application Bumble and, on September 15, 2018, the two went on a date. The defendant and AV-12 met at his embassy-leased apartment in Mexico City, Mexico. When AV-12 arrived, the defendant served her meat and cookies as well as alcoholic beverages. Soon after, AV-12 lost consciousness.

50. Without her knowledge, and while AV-12 was unconscious and incapable of consenting, the defendant took 10 photographs depicting AV-12, all created on September 15, 2018. The photographs and videos show AV-12 partially nude, unconscious, and lying on the defendant's bed. The defendant took close-ups of AV-12's breasts.

**Assault and Recording of AV-3**

51. The defendant met AV-3, whose true identity is known to the defendant, on the dating application Tinder and, on December 1, 2017, the two went on a date. The defendant invited

AV-3 to his hotel. The hotel was located in a foreign country known to the defendant. The defendant served AV-3 alcoholic beverages. Soon after, AV-3 lost consciousness.

52. Without her knowledge, and while AV-3 was unconscious and incapable of consenting, the defendant took 16 photographs and three videos depicting AV-3, all created on December 1, 2017. The photographs and videos show AV-3 partially nude, unconscious, and lying on the defendant's bed. The defendant uses his thumb to hold AV-3's eyelid open. At times the defendant poses AV-3 on her stomach. At other times, he poses her on her back. The defendant photographed AV-3's exposed breasts, buttocks, and genitals. In one photograph, the defendant's penis is exposed and ejaculate is visible.

**Assault and Recording of AV-22**

53. The defendant and AV-22, whose true identity is known to the defendant, traveled together and stayed in the same hotel room. The hotel was located in a foreign country known to the defendant. During this trip, on April 21, 2006, the defendant served AV-22 alcoholic beverages. Soon after, AV-22 lost consciousness.

54. Without her knowledge, and while AV-22 was unconscious and incapable of consenting, the defendant took seven photographs depicting AV-22, all created on April 21, 2006. The photographs and videos show AV-22 completely nude, unconscious, and lying on a bed. The defendant took several close-ups of AV-22 which focus on her breast and genitals. As a result of moving and posing AV-22, the defendant inflicted several injuries on AV-22's body, resulting in bruising.

55. AV-22 subsequently reached out to the defendant, stating, "Weird question for u – did I fall or hit my head on Saturday. I can't believe I cant remember anything at all, that last shot did me in … The last thing I remember was laying down waiting to hear trance lol. But today my

head was really sore and the right side of my body feels like I got bruised/pulled something, so I was wondering if I fell or something…?" The defendant replied, "I feel awful about the bruise – yes you did trip over the chair next to the bed. It really is in bad spot – too close to the bed if you ask me (especially in the dark). It did not look too serious when it happened and said it was nothing. I hope you are feeling better."

**OBSTRUCTION**

56. Upon learning that he was under investigation, in or around June 2020, the defendant attempted to delete explicit photographs and videos depicting victims from his iCloud account.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
District of Columbia

/s/
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov

NICOLE M. ARGENTIERI
ACTING ASSISTANT ATTORNEY GENERAL
U.S. Department of Justice
Criminal Division

/s/
Angela N. Buckner
DC Bar No. 1022880
Katharine A. Wagner
NY Bar No. 479825
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Human Rights and Special Prosecutions
1301 New York Avenue, Northwest
Washington, D.C. 20530
(202) 616-0238
202-514-4584
Angela.Buckner.2@usdoj.gov
Katharine.Wagner@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

I, Brian Jeffrey Raymond, have read this Statement of the Offense. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 11/6/23

Brian Jeffrey Raymond
Defendant