UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-CR-00380 (CKK) |
| | : | |
| v. | : | |
| | : | |
| BRIAN JEFFREY RAYMOND, | : | |
| | : | |
| Defendant. | : | |

## ELEMENTS OF THE OFFENSES AND PENALTIES
## OUTLINED IN THE DEFENDANT'S PLEA LETTER

### I.   PENALTIES

A violation of Sexual Abuse, 18 U.S.C. §§ 2242(2) and 7(9), carries no mandatory minimum sentence and a maximum sentence of life imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. §§ 3663, 3663A, and 2248; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

A violation of Abusive Sexual Contact, 18 U.S.C. §§ 2244(a)(1) and 7(9), carries no mandatory minimum sentence and a maximum sentence of ten years' imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 2248; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

A violation of Coercion and Enticement, 18 U.S.C. § 2422(a), carries no mandatory minimum sentence and a maximum sentence of twenty years' imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of

supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); Court-ordered restitution under 18 U.S.C. §§ 3663, 3663A and 2429; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

A violation of Transportation of Obscene Material, 18 U.S.C. § 1462(a), carries no mandatory minimum sentence and a maximum sentence of 5 years' imprisonment; a fine of $250,000; a term of supervised release of at least 1 year but not more than 3 years, pursuant to 18 U.S.C. § 3559; Court-ordered restitution under 18 U.S.C. §§ 3663 and 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

For each felony conviction, a special assessment of $100 shall be paid to the Clerk of the United States District Court for the District of Columbia.

Pursuant to 18 U.S.C. § 3014(a), an additional special assessment in the amount of $5,000.00 for Counts One, Six, and Seventeen shall be imposed.

## II. ELEMENTS OF OFFENSES

### Count One: Sexual Abuse

The essential elements of the offense of Sexual Abuse, in violation of 18 U.S.C. §§ 2242(2) and 7(9)), each of which the Government must prove beyond a reasonable doubt, are:

1) The defendant knowingly engaged in a sexual act with AV-1, whose true identity is known to the defendant, to wit, contact between the defendant's penis and AV-1's vulva;

2) AV-1 was either incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act; and

3) The act occurred in the special maritime or territorial jurisdiction of the United States, to wit, the defendant's apartment in Mexico City, Mexico, assigned to him by the United States government and leased by the United States government for use by U.S. Embassy personnel assigned to diplomatic, consular, military, and other United States missions in Mexico City, Mexico.

### Count Six: Abusive Sexual Contact

The essential elements of the offense of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9), each of which the Government must prove beyond a reasonable doubt, are:

1) The defendant knowingly engaged in or caused sexual contact with or by AV-7, whose true identity is known to the defendant, to wit, causing his inner thigh to touch AV-7 with an intent to abuse, humiliate, harass, degrade, and arouse and gratify his own sexual desire;

2) That the defendant did so by rendering AV-7 unconscious or administering to AV-7 without the knowledge or permission of AV-7, a drug, intoxicant, or other similar substance and thereby substantially impaired the ability of AV-7 to appraise or control conduct; and

3) The act occurred in the special maritime or territorial jurisdiction of the United States, to wit, the defendant's apartment in Mexico City, Mexico, assigned to him by the United States government and leased by the United States government for use by U.S. Embassy personnel assigned to diplomatic, consular, military, and other United States missions in Mexico City, Mexico.

### Count Seventeen: Coercion and Enticement to Travel

The essential elements of the offense of Coercion and Enticement to Travel, in violation of 18 U.S.C. § 2422(a), each of which the Government must prove beyond a reasonable doubt, are:

1) First, that the defendant knowingly persuaded, induced, or enticed AV-17, whose true identity is known to the defendant;

2) To travel in interstate or foreign commerce;

3) That the purpose of the travel was for the defendant to engage in any sexual activity for which he could be charged with a criminal offense, to wit, for the defendant to commit Aggravated Sexual Battery against AV-17, in violation of Virginia Code 18.2-67.3.

The elements of Aggravated Sexual Battery, Virginia Code 18.2-67.3 are:

1) That the defendant sexually abused AV-17; and

    2)    That the sexual abuse was accomplished through the use of AV-17's physical helplessness; and

    3)    That at the time of the crime the defendant knew or should have known AV-17 was physically helpless.

Sexual abuse means an act committed with the intent to sexually molest, arouse, or gratify any person, where the defendant intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts.

"Intimate parts" means the genitalia, anus, groin, breast, or buttocks of any person.

### Count Nineteen: Transportation of Obscene Material

The essential elements of the offense of Transportation of Obscene Material, in violation of 18 U.S.C. § 1462(a), each of which the Government must prove beyond a reasonable doubt, are:

    1)    The defendant brought into the United States, or any place subject to the jurisdiction of the United States, or used any express company or other common carrier or interactive computer service, for carriage in interstate or foreign commerce;

    2)    Any obscene matter, to wit, obscene matter depicting AV-8, whose true identity is known to the defendant;

    3)    The defendant did so knowingly, that is, that the defendant knew at the time of the transfer the content, character, and nature of the matter.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
District of Columbia

/s/ Meredith E. Mayer-Dempsey
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov

NICOLE M. ARGENTIERI
ACTING ASSISTANT ATTORNEY
GENERAL
U.S. Department of Justice
Criminal Division

/s/ Angela N. Buckner
Angela N. Buckner
DC Bar No. 1022880
Katharine A. Wagner
NY Bar No. 4798245
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Human Rights and Special Prosecutions
1301 New York Avenue, Northwest
Washington, D.C. 20530
(202) 616-0238
Angela.Buckner.2@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read every page of this document. I fully understand the elements of the offenses to which I am pleading guilty, as well as the associated penalties. I agree and acknowledge by my signature that the contents of this document are accurate. I do so without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this document fully.

Date: 11/6/23

Brian Jeffrey Raymond
Defendant