```
 1                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2
      UNITED STATES OF AMERICA,      ) Criminal Action
 3                                   ) No. 1:21-CR-380
                        Plaintiff,   )
 4                                   ) CONTINUED PLEA HEARING
      vs.                            )
 5                                   ) Washington, D.C.
      BRIAN JEFFREY RAYMOND,         )
 6                                   ) November 7, 2023
                        Defendant.   ) Time:  3:30 P.M.
 7

 8            TRANSCRIPT OF CONTINUED PLEA HEARING
           BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
 9                  UNITED STATES DISTRICT JUDGE

10                   A P P E A R A N C E S

11    For Plaintiff:    ANGELA NICHOLE BUCKNER
                        MEREDITH ERIN MAYER-DEMPSEY
12                      U.S. Attorney's Office
                        555 4th Street, NW
13                      Washington, DC 20530

14                      KATHARINE ANN WAGNER
                        U.S. Department of Justice
15                      Human Rights and Special Prosecution Section
                        Criminal Division
16                      1301 New York Avenue, NW
                        Washington, DC 20530
17
      For Defendant:    HOWARD BERNARD KATZOFF
18                      Law Offices of Howard Katzoff
                        717 D Street, NW
19                      Suite 310
                        Washington, DC 20004
20

21
      Stenographic Court Reporter:
22
                        Tamara M. Sefranek, RMR, CRR, CRC
23                      Official Court Reporter
                        United States Courthouse, Room 6714
24                      333 Constitution Avenue, NW
                        Washington, DC  20001
25                      202-354-3246
```

1          THE COURTROOM DEPUTY:  Criminal Case 21-380, the

2     United States v. Brian Jeffrey Raymond.

3          Counsel, would you please identify yourself for the

4     record.

5          MS. BUCKNER:  Good afternoon, Your Honor.  Angela

6     Buckner on behalf of the United States.  I'm joined by my

7     colleagues, Trial Attorney Kate Wagner and AUSA Meredith

8     Mayer-Dempsey.

9          THE COURT:  All right.  Good afternoon.

10          MR. KATZOFF:  Good afternoon, Your Honor.  Howard

11     Katzoff on behalf of Mr. Raymond, who is present.

12          THE COURT:  All right.  Good afternoon.  Good

13     afternoon, Mr. Raymond.

14          THE DEFENDANT:  Good afternoon.

15          THE COURT:  Mr. Raymond, we're picking up with the

16     plea hearing.  I want to remind you that you're still under

17     oath from yesterday, and I just want to make sure that you're

18     prepared to go forward with the rest of it.  We don't have too

19     much left but a few other things from the plea letter that I

20     want to go over with you.

21          And I want to confirm that you still want to go ahead

22     with the plea.

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  Okay.  So is your mind clear today?  Are

25     you prepared to in terms of paying attention and being able to

1    respond to things?

2              THE DEFENDANT:  Yes, it is.

3              THE COURT:  Did you get a chance to have your

4    medication?  Did they do that for you at least?

5              THE DEFENDANT:  They did this morning.

6              THE COURT:  Good.  Okay.  All right.  If you've got

7    your paperwork in front of you -- and you need to move the

8    microphone up a little bit to make sure I can hear him -- if

9    you'd turn to page 11, which is the collateral attack, we had

10   already spoken about the appeal waivers that you had.

11             Now, a collateral attack is, basically, an appeal,

12   but it's done in an indirect way, and it's generally done, you

13   know, after, at a later point.  So leaving aside the collateral

14   attack that you could have if a higher court decides that the

15   statute under which you're pleading guilty to is, for some

16   reason, unconstitutional or your conduct is not unlawful under

17   the statute, you'd, obviously, be able to take a collateral

18   appeal, take advantage of that ruling.  But we're talking

19   about, really, a different kind of a collateral attack.

20             So you've agreed to waive or give up a right to

21   challenge the conviction or the sentence or to otherwise

22   attempt to modify or change the sentence or the way it was

23   determined; and examples of this are, like, a 2255, which is a

24   writ of habeas corpus, the 60(b) is a final judgment.

25             Now, there are exceptions.  That would be if you

1    filed a motion based on newly discovered evidence that you

2    didn't have at the time of the plea that you would use for a

3    collateral attack, or if you made a claim that you received

4    ineffective assistance of counsel.  Under those circumstances,

5    you could take a collateral appeal.

6           The other thing that's reserved is the last sentence.

7    That the sentencing commission from time to time does change

8    the guideline ranges.  And if they change the guideline ranges

9    that affect your case -- obviously, it would be something that

10   would lower the guideline range, not move it up higher, but a

11   lower one -- this allows you to file a motion to take advantage

12   of that.

13          Now, not all changes of the sentencing guidelines are

14   retroactive.  But assuming that it was, then you would be able

15   to file such a motion.  So do you understand and agree the

16   waivers that you have relating to collateral attacks?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  All right.  Moving to restitution, under

19   the statute I do have an obligation to determine whether and in

20   what amount mandatory restitution applies in this case.  You've

21   agreed to pay restitution to all victims associated with your

22   conduct that are charged in the counts of the superseding

23   indictment, which includes those that are going to be dismissed

24   at sentencing; in other words, all of the victims that were

25   identified in the statement of offense and any other victims,

1    even if they were not included, as I understand it, that relate

2    to your criminal conduct between 2006 and 2020.

3              Is that your understanding and agreement?

4              THE DEFENDANT:  Yes, it is.

5              THE COURT:  All right.  Then the paragraph below that

6    is you're agreeing to pay restitution in the amount of $10,000

7    per victim provided they are identified at or before the time

8    of sentencing.  Now, some of them have already been identified

9    in the statement of offense, but they'd have to be identified

10   at that point.

11             You're agreeing for purposes of this plea that AV-1

12   and AV-28, whose names are in a sealed version of the statement

13   of offense are all victims of the offense and are entitled to

14   the same rights as the victims that would be designated under a

15   statute that's called the Crime Victims' Rights Act.

16             Do you understand and agree?

17             THE DEFENDANT:  Yes, I do.

18             THE COURT:  Is this something you've discussed with

19   your counsel as to what that means?

20             THE DEFENDANT:  Yes, I have.

21             THE COURT:  All right.  And you're also agreeing --

22   and by agreeing to this, there are certain caveats.  You're not

23   acknowledging that each of these victims would be a victim of a

24   federal offense, nor are you agreeing that these victims would

25   be so designated should the case go to trial.

1        Similarly, by agreeing to the terms of this plea, the

2   government is not conceding that federal offenses do not exist

3   for these victims, nor does it concede that the victims would

4   not be victims under the Criminal Victims' Rights Act if the

5   case went to trial.

6        So you both are preserving some issues there.  Is

7   that your understanding and agreement?

8        THE DEFENDANT:  Yes, it is.

9        THE COURT:  Okay.  Then at the bottom here, you're

10   agreeing to pay restitution to any other victim that you

11   recorded, photographed nude while the victim was unconscious,

12   and you agree that they're crime victims in this case and

13   entitled to the rights as victims under the Crime Victims'

14   Rights Act, and that they can maintain a right to request a

15   larger amount of restitution from the Court.

16        We've talked about the minimum due, which is the

17   $10,000.  Obviously, if there's a request for something else,

18   that can be contested or proven if you disagree with the amount

19   that's being requested.

20        But you are agreeing to the $10,000; is that correct?

21        THE DEFENDANT:  That's correct.

22        THE COURT:  All right.  Payments, it indicates, are

23   made to the Clerk of the Court and then disbursed.

24        And you're agreeing to submit a financial statement

25   so people can figure out your financial ability and how you

1   would be able to make payment for this restitution, and you're

2   authorizing the U.S. Attorney's Office to get a report so that

3   they can figure out your ability and make sure that you are

4   actually, if you're able to, making the payments.

5        Ability -- financial ability doesn't go to this.

6   You're still required to pay it.  But they will take a look in

7   terms of what finances you have to actually meet that

8   requirement.

9        Do you understand and agree?

10       THE DEFENDANT:  Yes, I do.

11       THE COURT:  All right.  So restitutions, or if I

12  decided to impose a fine, they're due immediately.  I can --

13  unlike forfeiture, but with restitution, I can set out a

14  schedule of payments over a period of time if you're not able

15  to pay a lump sum.  But that doesn't keep the United States, on

16  its own, from pursuing other remedies.

17       Do you understand and agree?

18       THE DEFENDANT:  I do.

19       THE COURT:  At the bottom it talks about forfeiture,

20  which means you giving up your rights to certain items and,

21  really, property.  So if you turn and look at page 13, there's

22  a list of items that were confiscated with search warrants

23  executed or seized.  I'm not going to go through all of them.

24       Have you had an opportunity to take a look at them?

25       THE DEFENDANT:  Yes, I have.

1          THE COURT:  Okay.  And is there a disagreement about

2     any of them being forfeited?  They should be associated with

3     the charges that you're pleading guilty to.

4          MR. KATZOFF:  Your Honor, I just want to say that

5     there's no issue with regard to the forfeiture of the items.  I

6     did make a request of government counsel that if some of the

7     contents are of no evidentiary value and they're benign,

8     whether there's a way to return or copy and return images or

9     documents, and they have indicated that they would look into

10    that.

11         That's the extent of what I think is reserved with

12    regard to that.

13         THE COURT:  Is that correct?  I assume if he's got a

14    list of contacts or something, that has nothing to do with the

15    case, something like that.

16         MS. BUCKNER:  Correct, Your Honor.  That's correct.

17    We are looking into it.  It's not relevant necessarily for this

18    hearing, but we're going to have to parse out forensically what

19    we can or cannot.  We will definitely figure that out before

20    sentencing.

21         THE COURT:  Okay.  It's not part of the plea, but I

22    just want to make sure that you don't have any problems with

23    these.

24         Also, you're agreeing that firearms that were

25    recovered from your storage facility in Northern Virginia will

1    either be forfeited, or if they don't belong to you, they'll be

2    given back to whoever the rightful owner is.

3              Is that your understanding and agreement?

4              THE DEFENDANT:  Yes, it is.

5              THE COURT:  Okay.  And then you're agreeing that the

6    proffer of evidence supporting your guilty plea is sufficient

7    to support this forfeiture of these items.  And you're agreeing

8    that I can enter a consent order of forfeiture for this

9    property either -- probably sometime before sentencing.  It

10   will become final at the time of the sentencing.

11             Is that your understanding and agreement?

12             THE DEFENDANT:  Yes, it is.

13             THE COURT:  All right.  Regarding any asset or

14   property that, in terms of forfeited, which would be any of

15   these visual depictions in various forms, or any property,

16   real, personal, or any of these things that have been set up to

17   be forfeited, you're agreeing that you're waiving -- in other

18   words, giving up -- any interest you have in the specific

19   assets or property that were identified in that long list; is

20   that -- and you're consenting to their forfeiture in whatever

21   manner in which the government chooses to forfeit them?

22             Is that your understanding and agreement?

23             THE DEFENDANT:  Yes, it is.

24             THE COURT:  All right.  So we're on page 14, a little

25   further down.

1            The government can choose in its sole discretion how

2       it wants to accomplish this, in terms of whether these things

3       are destroyed or some other way of forfeiting them.

4            I understand you agree to that as well; is that

5       correct?

6            THE DEFENDANT:  That's correct.

7            THE COURT:  Okay.  And you have also agreed to take

8       any necessary actions to identify any assets over which you

9       would still have any control.

10           Is that your understanding and agreement?

11           THE DEFENDANT:  Yes, it is.

12           THE COURT:  Okay.  Moving to page 15 -- do you have

13      that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  It's H.  They're agreeing to a nonbinding

16      referral to the money laundering and asset recovery section of

17      justice.  So that if there's any moneys obtained from --

18      through this forfeiture to be distributed to the victims of the

19      offense with any restitution order, that that could go to be

20      considered as both for restitution and forfeiture judgments.

21           Now, this is nonbinding and justice may not agree.

22      In other words, you wouldn't make double payments is what it

23      comes down to.

24           Is that your understanding and agreement?

25           THE DEFENDANT:  It is.

1      THE COURT:  The next paragraph gets into sex offender

2  registration.  You're agreeing that you're required by statute

3  to register as a sex offender for the rest of your life and to

4  keep that registration current in whatever jurisdiction where

5  you either work, live, or should you be a student.  And there

6  are certain requirements.  They differ depending on where you

7  live in terms of what's required to be done and what it allows

8  you in terms of travel or other kinds of things.

9      If you don't register, you need to be aware that you

10 could be prosecuted for the offense of failing to register as a

11 sex offender.  And that has a statutory maximum of ten years'

12 imprisonment and a fine or both.  So it is a very important

13 condition and one that does have implications for you if you

14 don't follow through.

15     Do you understand and agree?

16     THE DEFENDANT:  I understand.

17     THE COURT:  And are you agreeing to it?

18     THE DEFENDANT:  I also agree.

19     THE COURT:  All right.  This will -- this condition

20 will be -- in all of these types of cases will be made a

21 specific condition of your supervised release as well.

22     Do you understand and agree?

23     THE DEFENDANT:  Yes.

24     THE COURT:  Okay.  Breach of the agreement, this gets

25 into whether you don't follow through with your end of the

1   bargain.

2          You understand and agree that if you fail

3   specifically to perform or fail completely each and every one

4   of your obligations under the agreement, or you engage in any

5   criminal activity before sentencing, you will have breached

6   this agreement, broken your end of the bargain.  There are

7   consequences.

8          The government's free from its obligations under the

9   agreement.  You will not have the right to withdraw the guilty

10  plea.  You'll be fully subject to criminal prosecution should

11  you commit any.

12          The government is free to use against you, directly

13  and indirectly, in any criminal or civil proceeding all

14  statements that you have made and any information or materials

15  that have been provided during this period of time, including

16  any statements that would have been made today.

17          Is that your understanding and agreement?

18          THE DEFENDANT:  Yes, it is.

19          THE COURT:  And the government is required to prove a

20  breach of this agreement by a burden or standard of

21  preponderance of the evidence, which is, obviously, below the

22  criminal standard of burden, which is beyond a reasonable

23  doubt.  It's at the level of a civil case.

24          And if it's based on a violation of a new criminal

25  offense, then they only need to prove probable cause, which is

1    even a lower standard of burden.

2              Do you understand and agree?

3              THE DEFENDANT:  I do, yes.

4              THE COURT:  Okay.  In terms of the agreement, is this

5    the full agreement either in writing or what we've discussed in

6    open court?  Is there anything else that you think is part of

7    the agreement?

8              It's important to put everything on the record so we

9    don't have a problem at a later point.  Is everything either in

10   writing or stated here?

11             If you want to consult with your lawyer about that,

12   you can.  But I want to make sure we have everything on the

13   record in one way or the other.

14             THE DEFENDANT:  As far as I know, everything is as I

15   expected it.

16             THE COURT:  Okay.  I just wanted to make sure there

17   wasn't something else that had been discussed.

18             You also understand that this agreement is binding

19   only on the Criminal and Superior Court Divisions of the

20   U.S. Attorney's Office here in the D.C. District of Columbia.

21   So that's, basically, the whole U.S. Attorney's Office in both

22   courts; and the Human Rights and Special Prosecution Section of

23   the U.S. Department of Justice's Criminal Division.

24             It doesn't bind the Civil Division, and it doesn't

25   bind any other U.S. Attorney's Office or anyone else.

1          Do you understand and agree?

2          THE DEFENDANT:  Yes, I do.

3          THE COURT:  All right.  So let me get back to some of

4    my questions that I had.

5          I want to make sure you understand that parole has

6    been abolished, which in -- and I don't know whether you know

7    what parole is, but it used to be that you would get a prison

8    sentence.  If you got one, there's a parole commission who

9    would parole you into the community, so you could actually

10   serve your sentence on parole in the community.  It's different

11   from probation and supervised release.  That has been

12   abolished.

13         So whatever sentence I impose on you, if it's a jail

14   sentence, then -- which it would be -- then that's the sentence

15   that you will serve.  The Bureau of Prisons has its own system

16   of good time credits, but the court doesn't have anything to do

17   with that.

18         So it's, basically -- you should just be aware it's

19   not going to be reduced or you're not going to serve it in the

20   community on parole.

21         Do you understand that?

22         THE DEFENDANT:  I understand.

23         THE COURT:  Also, this is a felony offense.  If I

24   accept your guilty plea and you're found guilty, that finding

25   may deprive you of valuable civil rights.

1           These are the right to vote, the right to hold public

2     office, the right to serve on a jury; just depends on where you

3     live.  Some places you lose them altogether, you never get them

4     back; other places you don't lose them at all.  In some places

5     it's for a time period.  So it depends, basically, where you

6     wind up.  But you should be aware that those civil rights are,

7     actually, at issue.

8           The last one is the right to possess any kind of

9     firearm or ammunition.  While there's a federal statute at this

10    point that indicates if you're a convicted felon that you

11    cannot possess a firearm or ammunition even if you lived in a

12    place where you could get a license and have a weapon, there is

13    a federal statute that you are bound by.

14          Do you understand and agree?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  So in this particular case, this involves

17    both a dismissal of other charges and an agreement that a

18    specific sentence can be imposed, assuming the Court accepts

19    it.  And consideration may be deferred until we get a

20    presentence report.  And then once I've looked at that, I would

21    then make a decision whether to accept the plea agreement or

22    not.

23          Do you understand that if I accept it, we'd go

24    forward with the range that has been set out in the agreement?

25    If I don't accept it, then you have an opportunity to withdraw

1    it, the government can as well, or you could maintain the plea

2    and go forward as you would without a specific agreement; do

3    you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  All right.  Let me ask some questions

6    about the voluntariness of your plea.

7              Has anyone, including your counsel -- your various

8    counsels, the police, the prosecutor, any other law enforcement

9    person or someone else that you've come in contact with since

10   your arrest, promised or suggested to you that, just by

11   pleading guilty, that you are guaranteed a specific sentence

12   and a specific lighter sentence?

13             THE DEFENDANT:  No.

14             THE COURT:  Has anyone forced, threatened, or coerced

15   you in any way into entering this plea of guilty?

16             THE DEFENDANT:  No.

17             THE COURT:  Do you understand that the agreement

18   reached resulted from negotiations between your counsel, the

19   government counsel, and not the Court?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Has anyone made any promises to you in

22   connection with your guilty plea other than those contained in

23   the plea letter or what we've spoken about here in open court?

24             THE DEFENDANT:  No.

25             THE COURT:  Has anyone made any promises to you as to

1    what sentence I'll impose if I accept your guilty plea?

2           THE DEFENDANT:  No.

3           THE COURT:  Do you understand that at this time I

4    don't know what sentence I'll impose since I haven't heard from

5    the probation office or -- which is the first step, and then if

6    I accept it, then what sentence, based on what the lawyers and

7    you, if you wish to address the Court as part of the

8    allocution; so do you understand all that of?

9           THE DEFENDANT:  I do.

10          THE COURT:  Are you entering this plea of guilty

11   voluntarily of your own free will?

12          THE DEFENDANT:  I am.

13          THE COURT:  Are you entering this plea of guilty

14   because you are guilty?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Anything you don't understand about the

17   proceeding or about your plea in this cases?

18          THE DEFENDANT:  No.

19          THE COURT:  Anything you want to ask me or your

20   counsel before you make a final decision?

21          THE DEFENDANT:  No.

22          THE COURT:  All right.  How do you, Brian Jeffrey

23   Raymond, plead to Count 1, sexual abuse, guilty or not guilty?

24          THE DEFENDANT:  Guilty, Your Honor.

25          THE COURT:  As to Count 6, abusive sexual contact,

1    guilty or not guilty?

2                THE DEFENDANT:  Guilty.

3                THE COURT:  Count 17, coercion and enticement to

4    travel to commit a sexual act barred by law, guilty or not

5    guilty?

6                THE DEFENDANT:  Guilty.

7                THE COURT:  Count 19, transportation of obscene

8    material, guilty or not guilty?

9                THE DEFENDANT:  Guilty.

10                THE COURT:  All right.  I'm satisfied the defendant

11   is fully competent, capable of making a decision today,

12   understands the nature and consequences of what he's doing,

13   He's acting voluntarily of his own free will, and there's an

14   adequate factual basis for the plea.  Therefore, the plea is

15   accepted.

16                I'm going to hold off on accepting the plea

17   agreement, which would be the actual range in terms of the

18   sentence.  I'd like to get the presentence report to take a

19   look at it.

20                I am today, however, going to set a sentencing date.

21   The memorandum in aid of sentencing, my assumption is that I

22   will accept it, but I do want to at least take a look at it

23   before I actually do that.

24                So we'll go forward with setting the -- all of the --

25   as I said, all of the dates and then assume, unless you hear

1    otherwise, that we're going forward.  And I will be agreeing to

2    the agreement itself in terms of what the sentence can be, the

3    range.

4              MS. MAYER-DEMPSEY:  Your Honor, the government did

5    just want to put one thing on the record.

6              THE COURT:  Sure.  Why don't you come up here so we

7    can hear you better.

8              MS. MAYER-DEMPSEY:  Your Honor, I think the Court's

9    colloquy took care of this.  But we did just want to note for

10   the Court that today, prior to the hearing, the government

11   received recorded jail calls from the defendant.  And in those

12   calls, he expressed to a close associate some dissatisfaction

13   with advice his prior counsel gave him as to a prior plea offer

14   that expired in December of 2022.

15             Clearly, we are talking about a different plea offer.

16   It's the government's position that the Court's inquiry

17   yesterday and today just now as to the voluntariness of the

18   defendant's plea is sufficient.  But we just wanted to note for

19   the record that information.

20             THE COURT:  Okay.  Let me just see the -- when did

21   you get the call?  I'm sorry?  Before we started the whole plea

22   colloquy yesterday or sometime --

23             MS. MAYER-DEMPSEY:  1:00 p.m. today.

24             THE COURT:  Okay.

25             MS. MAYER-DEMPSEY:  So just prior to this portion.

1          THE COURT:  So you got a call, and it indicated that

2    there was a prior plea, not this one?

3          MS. MAYER-DEMPSEY:  Correct.

4          THE COURT:  Okay.  And you were -- he was unhappy

5    with that and the services of his counsel in relationship to

6    that?

7          MS. MAYER-DEMPSEY:  That's correct.

8          THE COURT:  Okay.  Did he make a request of any sort?

9          MS. MAYER-DEMPSEY:  This is Mr. Raymond's jail calls

10   with a close associate.  He did not make a request of us.

11         THE COURT:  So this was a conversation he had with

12   somebody -- I misunderstood.

13         MS. MAYER-DEMPSEY:  Correct.

14         THE COURT:  This is a conversation he had with

15   somebody else in terms of being dissatisfied with the earlier

16   plea offer and whatever it is that his prior counsel were doing

17   relating to it?

18         MS. MAYER-DEMPSEY:  Yes.

19         THE COURT:  Did he say anything about his present

20   plea offer?

21         MS. MAYER-DEMPSEY:  No, Your Honor.

22         THE COURT:  Okay.  Mr. Katzoff, anything that -- I'll

23   just make sure that this has no effect on what we've just gone

24   through.  Were you aware of this?

25         MR. KATZOFF:  I was made aware of it right before we

1     came into court this afternoon.  I have not heard.  I don't

2     know anything about the call.

3           It seems to not have any bearing on the inquiry that

4     the Court has been through or regarding this particular plea

5     offer and his acceptance.

6           THE COURT:  Okay.  So, Mr. Raymond, do you want to --

7     I take it, is that an accurate -- let me start with this.

8           Is that an accurate summary of what the call was that

9     you had with somebody?

10          MR. KATZOFF:  I don't think he knows.  You know, we

11    haven't gotten copies of it.  I'm not sure.

12         THE COURT:  I'm just saying, generally speaking -- he

13    made the phone call, as I understand it.

14         Mr. Raymond, did you make the phone call or did

15    somebody else make it?

16         THE DEFENDANT:  I don't know the time frame of when

17    the call was made.

18         THE COURT:  I thought they said it was today.

19         MS. MAYER-DEMPSEY:  We received the call today.  The

20    call was made on October 25th.

21         THE COURT:  Oh, okay.  All right.  That helps.  It

22    was a call back in October, and as I understand it, you were

23    talking to somebody else and indicated some dissatisfaction

24    with the attorney and what plea offers were being worked on at

25    the time.

1              Would that be an accurate statement of your views at

2      that point?

3              MR. KATZOFF:  I think it was a prior plea offer, not

4      this --

5              THE COURT:  Not this one, but a prior one.  In other

6      words, you expressed dissatisfaction with the efforts your

7      counsel were making about a prior -- not this one -- plea

8      offer.  Would that be accurate or not?

9              THE DEFENDANT:  I think so, yes.

10             THE COURT:  Does it have any bearing on the plea

11     proceeding that we've gone through today?

12             THE DEFENDANT:  No, it does not.

13             THE COURT:  Does it change any of your answers that

14     you've given me?

15             THE DEFENDANT:  No.

16             THE COURT:  Okay.  Mr. Katzoff, do you see anything

17     that I don't?

18             MR. KATZOFF:  No, Your Honor.  Your Honor, I only

19     want to address sentencing.  I have a slightly different view

20     of what's necessary to proceed even though the Court is

21     reserving the acceptance of the plea agreement.

22             THE COURT:  Can you come up here.  I'm getting a

23     cold, and, frankly, my ears are closed up.  I'm having trouble

24     hearing people.  What were you saying?

25             MR. KATZOFF:  Your Honor, my concern is the

1    scheduling of the -- of the sentencing date.  Perhaps we could

2    set a sentencing date about six months out.  I need to get

3    security clearance to be able to have --

4         THE COURT:  No.  I'm not -- my suggestion is -- what

5    I want is a presentence report, which can be done within

6    90 days.  The rest of it, I don't have any problem taking some

7    time for everybody to prepare for the sentencing.

8         What I would -- what my view is, is that I want to

9    look at the presentence report to see if there's anything in

10   there that would change my mind about accepting what the

11   agreement is.  And so I can let you know at that point, or if

12   you don't hear from me, I'm not -- I'm accepting the agreement

13   and we're going forward.  I can set whatever dates you want to

14   set in preparation for it.  I'm not pushing this forward.

15        I'm just saying to you today, I want a presentence

16   report before I say, yes, I will accept the range.

17        MR. KATZOFF:  I understand.  I guess my concern is

18   that my ability, having just joined the case last week, to sit

19   in in a presentence interview in a week or two weeks is a

20   little bit --

21        THE COURT:  You can take more time if you want.

22        MR. KATZOFF:  -- a little bit short for me to have

23   time to meet with Mr. Raymond to gather information that might

24   be necessary for me to effectively do my job just for purposes

25   of getting the presentence report.

1          It's sort of unusual.  I am really at -- at a

2     disadvantage.

3          THE COURT:  No.  I understand.  There is certainly

4     enough material that was prepared originally by the other

5     attorneys expecting to go forward to trial and to sort of --

6     this change that came up more at the last minute.

7          My assumption is -- is that I am going to accept it.

8     But I have learned it's useful to look at the presentence

9     report just to make sure there's not something there that

10    raises a concern before I bind myself.  But I don't have any

11    problem setting whatever dates need to be set.

12         As I said, it's not that I'm dissatisfied with what

13    has been proposed.  I just have learned it's better to have all

14    the information for my end before I agree to it.

15         MR. KATZOFF:  I think perhaps 150 days or something

16    like that would perhaps be better.  I'm not sure how probation

17    will calculate --

18         THE COURT:  Okay.  I'm sure they'll be happy to get

19    extra time, frankly.

20         In terms of the presentence report, which is the date

21    I receive it -- so you will have gotten it earlier -- look at

22    your calendar, you can talk to each other if you wish; give me

23    a date.  Then I'll set other dates in terms of memorandum in

24    aid of sentencing or anything else that needs to be done.

25         So this is when I'm going to get it.  The filings

1    will be afterwards.  So you will have had to deal with

2    probation; you will have dealt with them.  You will have done

3    objections, as will the government.  As you know, if they don't

4    change the report because of either factual inaccuracies or you

5    don't agree with their advisory sentencing guideline range,

6    then I would get it and make those decisions in terms of

7    resolving any objections that are still extant.

8              I would ask that counsel, before I get it, that you

9    look at their last version.  Every once in a while one side

10   doesn't object, the other does, and it gets changed.  I want to

11   make sure probation has -- weighs in on any objections to their

12   report.  So I don't hear about it for the first time in the

13   memorandum in aid of sentencing.  It just slows everything

14   down.

15             So give me a date that -- you know, calculating when

16   you can get up to speed and do the rest.  You can talk to them

17   if you want.

18             MR. KATZOFF:  I want to also tell the Court that it's

19   my understanding that it may take up to four months for me to

20   get a security clearance, and so I am calculating that in as

21   well.

22             THE COURT:  Okay.  That's not a problem.  Everybody

23   needs to make sure -- this is a complicated case.  It's

24   important to make sure you have all of the information.  He's

25   facing a lot of time.

1          MR. KATZOFF:  Your Honor, is June 19th or 20th

2     available for the Court?

3          THE COURT:  Okay.  This is when I'm getting the

4     report.  The sentencing is after that.  There are three dates

5     I'm going to set:  The presentence report that comes to me; a

6     date when either the government -- either you file your

7     sentencing memo contemporaneously, or the government goes

8     first, you go second; then I set a sentencing date.  So I have

9     the presentence report and each of your memoranda prior to

10    setting.

11         So depending on when the presentence report comes in

12    and when you want to file your things -- and I would take the

13    time -- don't ask for extensions.  I'd rather you are more

14    generous than not, and then I'll pick a sentencing date.  So

15    the first date is when the presentence report is going to come

16    to me.  So they will have -- you will have had discussions with

17    them, reviewed it, decided whether there's objections or

18    anything else.

19         Keep in mind, probation is going to want to look at

20    all the material -- not all of it.  But it will want to look at

21    some of the things, and we'll, obviously, get the statement of

22    offense, the one that's unredacted.  The unredacted one I'm

23    filing under seal.  They'll want to talk to various people,

24    et cetera.  There's some additional time in here to make it

25    work.

1          MR. KATZOFF:  Your Honor, the week of July 15th for

2     the Court to get the final report?

3          THE COURT:  That's fine.  Why don't we make it

4     Friday, July 19th -- we've got holidays in here -- of 2024.  I

5     assume you want the government to go first and you second, or

6     you want to file them simultaneously?

7          MR. KATZOFF:  That would be my request, Your Honor.

8          THE COURT:  Government, after July 19th, when do you

9     want to file your memo?

10         MS. BUCKNER:  Two weeks, Your Honor; August 2nd.

11         THE COURT:  Okay.  I'm sorry.  August what?

12         MS. BUCKNER:  2nd, Your Honor.

13         THE COURT:  Okay.  August 2nd for theirs.  When do

14    you want to file yours?

15         MR. KATZOFF:  Can I have August 23rd, Your Honor?

16         THE COURT:  All right.  August 23rd.  So then let me

17    take a look.  Let me look at my trial calendar.

18         I can do it at this point any day the week of

19    September 15th.  I will have finished a trial about two weeks

20    earlier, and my next one starts September 23rd.

21         If there's a better day of the week for any of you,

22    if you have trials, if you want to look at your calendars.  I

23    assume it's going to take some time; not when I'm in trial.

24         MR. KATZOFF:  I'm sorry.  I was talking to

25    Mr. Raymond.

1          THE COURT:  No problem.  Any day of the week of the

2     15th, 16th, 17th, 18th, 19th.  I start a trial the week

3     afterwards, and two and a half weeks earlier than that I finish

4     a trial.  So I was trying to do it when I'm not in trial; at

5     least not in trial now.

6          MR. KATZOFF:  Perhaps two days, September 18th and

7     19th.  And if we don't need the 19th, then we can --

8          THE COURT:  That's fine.  All right.  We can do

9     September 18th.  Is there expectation of testimony or something

10    else with it?  I want to leave enough time.  At this point

11    they're open.  Or not?

12         MS. BUCKNER:  I think just victim impact statements,

13    Your Honor.  We don't intend to put on evidence.  It would just

14    be arguments.

15         THE COURT:  So there would be written statements?

16         MS. BUCKNER:  They may actually provide those

17    statements in person, Your Honor.

18         THE COURT:  All right.  Let's do it on the 18th.

19    We'll start it at 9:30.  You think half a day or more than

20    that, or will you be putting things on?  I'm not going to hold

21    you to this, but I'd rather leave enough time than find out I

22    didn't leave enough time.

23         MR. KATZOFF:  I'm sort of taking my cues from the

24    government on this at this point.

25         MS. BUCKNER:  I think we should set aside two days

1    just to be safe, Your Honor.

2         THE COURT:  You want to have it for the whole day?

3    Maybe that's the better way of doing it.  In other words,

4    September 18th, the whole day, from 9:30 to 5:00.

5         MS. BUCKNER:  Yes, Your Honor.  Yes.

6         THE COURT:  If you think it's going to go to the next

7    day, I'll put it in.  It's easier to do it now than later.

8         MS. BUCKNER:  I think that's the -- the government's

9    preference is to just block the time now, and then if we don't

10   need it, we can get rid of that day rather than have to --

11        THE COURT:  All right.  How about 9:30 to 5:00 on

12   September 18th.  And September 19th, we'll do 9:30 to noon.  I

13   think a day and a half should be enough.

14        MR. KATZOFF:  That makes sense.

15        THE COURT:  As you progress, if you need more time,

16   let me know, but I would think a day and a half should be

17   sufficient.  If we don't -- I'm doing it so I have nothing else

18   but this.

19        MR. KATZOFF:  I would think at least at the time we

20   file our memoranda that we would be able to alert the Court

21   whether we need the additional day or whether we don't.

22        THE COURT:  Okay.  What I'll do, if we can block

23   out -- Ms. Patterson, you can block out the 18th and 19th.  Why

24   don't we just block it out and not put anything else in there.

25   That way, if you need additional time, I've got it.

1          As I said, I'm sort of between trials in there.  It's

2     a short period.  I'd have to have a very short trial to put it

3     in.

4          Okay.  If there's nothing else, then I will excuse --

5     I've signed the paperwork.  Is there anything else that needs

6     to be done?

7          MR. KATZOFF:  I need about five minutes with

8     Mr. Raymond if the Court could ask the marshals whether they

9     can permit me to speak to him for five minutes.

10          THE COURT:  Would that be okay; just have him talk in

11     the back?

12          THE DEPUTY MARSHAL:  Five minutes is fine, Judge.

13          THE COURT:  Okay.  Thank you very much.  Appreciate

14     it, Marshals.

15          MR. KATZOFF:  Thank you, Your Honor.

16          THE COURT:  All right.  If there's nothing else, I'll

17     excuse everybody, and you can have a conversation in the back.

18          Thank you for making the time available, all of you,

19     so that we could get this resolved.  I will go ahead and vacate

20     the trial date at this point.

21          (The hearing adjourned at 4:10 p.m.)

22

23

24

25

1              CERTIFICATE OF OFFICIAL COURT REPORTER

2

3          I, TAMARA M. SEFRANEK, do hereby certify that the

4    above and foregoing constitutes a true and accurate transcript

5    of my stenographic notes and is a full, true and complete

6    transcript of the proceedings to the best of my ability.

7              Dated this 14th day of November, 2023.

8

9                        /s/ Tamara M. Sefranek_____
                         Tamara M. Sefranek, RMR, CRR, CRC
10                       Official Court Reporter
                         Room 6714
11                       333 Constitution Avenue, N.W.
                         Washington, D.C.  20001
12

13

14

15

16

17

18

19

20

21

22

23

24

25

## $

**$10,000** [3] - 5:6, 6:17, 6:20

## /

**/s** [1] - 31:9

## 1

**1** [1] - 17:23
**11** [1] - 3:9
**13** [1] - 7:21
**1301** [1] - 1:16
**14** [1] - 9:24
**14th** [1] - 31:7
**15** [1] - 10:12
**150** [1] - 24:15
**15th** [3] - 27:1, 27:19, 28:2
**16th** [1] - 28:2
**17** [1] - 18:3
**17th** [1] - 28:2
**18th** [7] - 28:2, 28:6, 28:9, 28:18, 29:4, 29:12, 29:23
**19** [1] - 18:7
**19th** [8] - 26:1, 27:4, 27:8, 28:2, 28:7, 29:12, 29:23
**1:00** [1] - 19:23
**1:21-CR-380** [1] - 1:3

## 2

**20001** [2] - 1:24, 31:11
**20004** [1] - 1:19
**2006** [1] - 5:2
**202-354-3246** [1] - 1:25
**2020** [1] - 5:2
**2022** [1] - 19:14
**2023** [2] - 1:6, 31:7
**2024** [1] - 27:4
**20530** [2] - 1:13, 1:16
**20th** [1] - 26:1
**21-380** [1] - 2:1
**2255** [1] - 3:23
**23rd** [3] - 27:15, 27:16, 27:20
**25th** [1] - 21:20
**2nd** [3] - 27:10, 27:12, 27:13

## 3

**310** [1] - 1:19
**333** [2] - 1:24, 31:11
**3:30** [1] - 1:6

## 4

**4:10** [1] - 30:21
**4th** [1] - 1:12

## 5

**555** [1] - 1:12
**5:00** [2] - 29:4, 29:11

## 6

**6** [1] - 17:25
**60(b** [1] - 3:24
**6714** [2] - 1:23, 31:10

## 7

**7** [1] - 1:6
**717** [1] - 1:18

## 9

**90** [1] - 23:6
**9:30** [4] - 28:19, 29:4, 29:11, 29:12

## A

**ability** [6] - 6:25, 7:3, 7:5, 23:18, 31:6
**able** [8] - 2:25, 3:17, 4:14, 7:1, 7:4, 7:14, 23:3, 29:20
**abolished** [2] - 14:6, 14:12
**abuse** [1] - 17:23
**abusive** [1] - 17:25
**accept** [9] - 14:24, 15:21, 15:23, 15:25, 17:1, 17:6, 18:22, 23:16, 24:7
**acceptance** [2] - 21:5, 22:21
**accepted** [1] - 18:15
**accepting** [3] - 18:16, 23:10, 23:12
**accepts** [1] - 15:18
**accomplish** [1] - 10:2
**accurate** [5] - 21:7, 21:8, 22:1, 22:8, 31:4
**acknowledging** [1] - 5:23
**act** [1] - 18:4
**Act** [3] - 5:15, 6:4, 6:14
**acting** [1] - 18:13
**Action** [1] - 1:2
**actions** [1] - 10:8
**activity** [1] - 12:5
**actual** [1] - 18:17
**additional** [3] - 26:24, 29:21, 29:25
**address** [2] - 17:7, 22:19
**adequate** [1] - 18:14
**adjourned** [1] - 30:21
**advantage** [2] - 3:18, 4:11
**advice** [1] - 19:13
**advisory** [1] - 25:5
**affect** [1] - 4:9
**afternoon** [7] - 2:5, 2:9, 2:10, 2:12, 2:13, 2:14, 21:1
**afterwards** [2] - 25:1, 28:3
**agree** [16] - 4:15, 5:16, 6:12, 7:9, 7:17, 10:4, 10:21, 11:15, 11:18, 11:22, 12:2, 13:2, 14:1, 15:14, 24:14, 25:5
**agreed** [3] - 3:20, 4:21, 10:7
**agreeing** [17] - 5:6, 5:11, 5:21, 5:22, 5:24, 6:1, 6:10, 6:20, 6:24, 8:24, 9:5, 9:7, 9:17, 10:15, 11:2, 11:17, 19:1
**agreement** [27] - 5:3, 6:7, 9:3, 9:11, 9:22, 10:10, 10:24, 11:24, 12:4, 12:6, 12:9, 12:17, 12:20, 13:4, 13:5, 13:7, 13:18, 15:17, 15:21, 15:24, 16:2, 16:17, 18:17, 19:2, 22:21, 23:11, 23:12
**ahead** [2] - 2:21, 30:19
**aid** [3] - 18:21, 24:24, 25:13
**alert** [1] - 29:20
**allocution** [1] - 17:8
**allows** [2] - 4:11, 11:7
**altogether** [1] - 15:3
**AMERICA** [1] - 1:2
**ammunition** [2] - 15:9, 15:11
**amount** [4] - 4:20, 5:6, 6:15, 6:18
**ANGELA** [1] - 1:11
**Angela** [1] - 2:5
**ANN** [1] - 1:14
**answers** [1] - 22:13
**appeal** [4] - 3:10, 3:11, 3:18, 4:5

**applies** [1] - 4:20
**appreciate** [1] - 30:13
**arguments** [1] - 28:14
**arrest** [1] - 16:10
**aside** [2] - 3:13, 28:25
**asset** [2] - 9:13, 10:16
**assets** [2] - 9:19, 10:8
**assistance** [1] - 4:4
**associate** [2] - 19:12, 20:10
**associated** [2] - 4:21, 8:2
**assume** [4] - 8:13, 18:25, 27:5, 27:23
**assuming** [2] - 4:14, 15:18
**assumption** [2] - 18:21, 24:7
**attack** [5] - 3:9, 3:11, 3:14, 3:19, 4:3
**attacks** [1] - 4:16
**attempt** [1] - 3:22
**attention** [1] - 2:25
**Attorney** [1] - 2:7
**attorney** [1] - 21:24
**Attorney's** [5] - 1:12, 7:2, 13:20, 13:21, 13:25
**attorneys** [1] - 24:5
**August** [5] - 27:10, 27:11, 27:13, 27:15, 27:16
**AUSA** [1] - 2:7
**authorizing** [1] - 7:2
**AV-1** [1] - 5:11
**AV-28** [1] - 5:12
**available** [2] - 26:2, 30:18
**Avenue** [3] - 1:16, 1:24, 31:11
**aware** [5] - 11:9, 14:18, 15:6, 20:24, 20:25

## B

**bargain** [2] - 12:1, 12:6
**barred** [1] - 18:4
**based** [3] - 4:1, 12:24, 17:6
**basis** [1] - 18:14
**bearing** [2] - 21:3, 22:10
**become** [1] - 9:10
**BEFORE** [1] - 1:9
**behalf** [2] - 2:6, 2:11
**belong** [1] - 9:1
**below** [2] - 5:5, 12:21
**benign** [1] - 8:7

**BERNARD** [1] - 1:17
**best** [1] - 31:6
**better** [5] - 19:7, 24:13, 24:16, 27:21, 29:3
**between** [3] - 5:2, 16:18, 30:1
**beyond** [1] - 12:22
**bind** [3] - 13:24, 13:25, 24:10
**binding** [1] - 13:18
**bit** [3] - 3:8, 23:20, 23:22
**block** [4] - 29:9, 29:22, 29:23, 29:24
**bottom** [2] - 6:9, 7:19
**bound** [1] - 15:13
**breach** [2] - 11:24, 12:20
**breached** [1] - 12:5
**BRIAN** [1] - 1:5
**Brian** [2] - 2:2, 17:22
**broken** [1] - 12:6
**BUCKNER** [10] - 1:11, 2:5, 8:16, 27:10, 27:12, 28:12, 28:16, 28:25, 29:5, 29:8
**Buckner** [1] - 2:6
**burden** [2] - 12:20, 12:22, 13:1
**Bureau** [1] - 14:15

## C

**calculate** [1] - 24:17
**calculating** [2] - 25:15, 25:20
**calendar** [2] - 24:22, 27:17
**calendars** [1] - 27:22
**cannot** [2] - 8:19, 15:11
**capable** [1] - 18:11
**care** [1] - 19:9
**case** [10] - 4:9, 4:20, 5:25, 6:5, 6:12, 8:15, 12:23, 15:16, 23:18, 25:23
**Case** [1] - 2:1
**cases** [2] - 11:20, 17:17
**caveats** [1] - 5:22
**certain** [3] - 5:22, 7:20, 11:6
**certainly** [1] - 24:3
**CERTIFICATE** [1] - 31:1
**certify** [1] - 31:3
**cetera** [1] - 26:24
**challenge** [1] - 3:21

**chance** [1] - 3:3
**change** [7] - 3:22, 4:7, 4:8, 22:13, 23:10, 24:6, 25:4
**changed** [1] - 25:10
**changes** [1] - 4:13
**charged** [1] - 4:22
**charges** [2] - 8:3, 15:17
**choose** [1] - 10:1
**chooses** [1] - 9:21
**circumstances** [1] - 4:4
**Civil** [1] - 13:24
**civil** [4] - 12:13, 12:23, 14:25, 15:6
**claim** [1] - 4:3
**clear** [1] - 2:24
**clearance** [2] - 23:3, 25:20
**clearly** [1] - 19:15
**Clerk** [1] - 6:23
**close** [2] - 19:12, 20:10
**closed** [1] - 22:23
**coerced** [1] - 16:14
**coercion** [1] - 18:3
**cold** [1] - 22:23
**collateral** [8] - 3:9, 3:11, 3:13, 3:17, 3:19, 4:3, 4:5, 4:16
**colleagues** [1] - 2:7
**COLLEEN** [1] - 1:8
**colloquy** [2] - 19:9, 19:22
**Columbia** [1] - 13:20
**COLUMBIA** [1] - 1:1
**commission** [2] - 4:7, 14:8
**commit** [2] - 12:11, 18:4
**community** [3] - 14:9, 14:10, 14:20
**competent** [1] - 18:11
**complete** [1] - 31:5
**completely** [1] - 12:3
**complicated** [1] - 25:23
**concede** [1] - 6:3
**conceding** [1] - 6:2
**concern** [3] - 22:25, 23:17, 24:10
**condition** [3] - 11:13, 11:19, 11:21
**conduct** [3] - 3:16, 4:22, 5:2
**confirm** [1] - 2:21
**confiscated** [1] - 7:22
**connection** [1] - 16:22

**consent** [1] - 9:8
**consenting** [1] - 9:20
**consequences** [2] - 12:7, 18:12
**consideration** [1] - 15:19
**considered** [1] - 10:20
**constitutes** [1] - 31:4
**Constitution** [2] - 1:24, 31:11
**consult** [1] - 13:11
**contact** [2] - 16:9, 17:25
**contacts** [1] - 8:14
**contained** [1] - 16:22
**contemporaneously** [1] - 26:7
**contents** [1] - 8:7
**contested** [1] - 6:18
**CONTINUED** [2] - 1:4, 1:8
**control** [1] - 10:9
**conversation** [3] - 20:11, 20:14, 30:17
**convicted** [1] - 15:10
**conviction** [1] - 3:21
**copies** [1] - 21:11
**copy** [1] - 8:8
**corpus** [1] - 3:24
**correct** [10] - 6:20, 6:21, 8:13, 8:16, 10:5, 10:6, 20:3, 20:7, 20:13
**counsel** [13] - 2:3, 4:4, 5:19, 8:6, 16:7, 16:18, 16:19, 17:20, 19:13, 20:5, 20:16, 22:7, 25:8
**counsels** [1] - 16:8
**Count** [2] - 17:23, 17:25
**count** [2] - 18:3, 18:7
**counts** [1] - 4:22
**court** [5] - 3:14, 13:6, 14:16, 16:23, 21:1
**COURT** [92] - 1:1, 2:9, 2:12, 2:15, 2:24, 3:3, 3:6, 4:18, 5:5, 5:18, 5:21, 6:9, 6:22, 7:11, 7:19, 8:1, 8:13, 8:21, 9:5, 9:13, 9:24, 10:7, 10:12, 10:15, 11:1, 11:17, 11:19, 11:24, 12:19, 13:4, 13:16, 14:3, 14:23, 15:16, 16:5, 16:14, 16:17, 16:21, 16:25, 17:3, 17:10, 17:13, 17:16, 17:19, 17:22, 17:25, 18:3, 18:7, 18:10,

19:6, 19:20, 19:24, 20:1, 20:4, 20:8, 20:11, 20:14, 20:19, 20:22, 21:6, 21:12, 21:18, 21:21, 22:5, 22:10, 22:13, 22:16, 22:22, 23:4, 23:21, 24:3, 24:18, 25:22, 26:3, 27:3, 27:8, 27:11, 27:13, 27:16, 28:1, 28:8, 28:15, 28:18, 29:2, 29:6, 29:11, 29:15, 29:22, 30:10, 30:13, 30:16, 31:1
**Court** [17] - 1:21, 1:23, 6:15, 6:23, 13:19, 15:18, 16:19, 17:7, 19:10, 21:4, 22:20, 25:18, 26:2, 27:2, 29:20, 30:8, 31:10
**Court's** [2] - 19:8, 19:16
**Courthouse** [1] - 1:23
**COURTROOM** [1] - 2:1
**courts** [1] - 13:22
**CRC** [2] - 1:22, 31:9
**credits** [1] - 14:16
**Crime** [2] - 5:15, 6:13
**crime** [1] - 6:12
**criminal** [7] - 2:1, 5:2, 12:5, 12:10, 12:13, 12:22, 12:24
**Criminal** [5] - 1:2, 1:15, 6:4, 13:19, 13:23
**CRR** [2] - 1:22, 31:9
**cues** [1] - 28:23
**current** [1] - 11:4

## D

**D.C** [3] - 1:5, 13:20, 31:11
**date** [11] - 18:20, 23:1, 23:2, 24:20, 24:23, 25:15, 26:6, 26:8, 26:14, 26:15, 30:20
**Dated** [1] - 31:7
**dates** [5] - 18:25, 23:13, 24:11, 24:23, 26:4
**days** [4] - 23:6, 24:15, 28:6, 28:25
**DC** [4] - 1:13, 1:16, 1:19, 1:24
**deal** [1] - 25:1
**dealt** [1] - 25:2
**December** [1] - 19:14

**decided** [2] - 7:12, 26:17
**decides** [1] - 3:14
**decision** [3] - 15:21, 17:20, 18:11
**decisions** [1] - 25:6
**defendant** [2] - 18:10, 19:11
**DEFENDANT** [48] - 2:14, 2:23, 3:2, 3:5, 4:17, 5:4, 5:17, 5:20, 6:8, 6:21, 7:10, 7:18, 7:25, 9:4, 9:12, 9:23, 10:6, 10:11, 10:14, 10:25, 11:16, 11:18, 11:23, 12:18, 13:3, 13:14, 14:2, 14:22, 15:15, 16:4, 16:13, 16:16, 16:20, 16:24, 17:2, 17:9, 17:12, 17:15, 17:18, 17:21, 17:24, 18:2, 18:6, 18:9, 21:16, 22:9, 22:12, 22:15
**Defendant** [2] - 1:6, 1:17
**defendant's** [1] - 19:18
**deferred** [1] - 15:19
**definitely** [1] - 8:19
**Dempsey** [1] - 2:8
**DEMPSEY** [12] - 1:11, 19:4, 19:8, 19:23, 19:25, 20:3, 20:7, 20:9, 20:13, 20:18, 20:21, 21:19
**Department** [2] - 1:14, 13:23
**depictions** [1] - 9:15
**deprive** [1] - 14:25
**DEPUTY** [2] - 2:1, 30:12
**designated** [2] - 5:14, 5:25
**destroyed** [1] - 10:3
**determine** [1] - 4:19
**determined** [1] - 3:23
**differ** [1] - 11:6
**different** [4] - 3:19, 14:10, 19:15, 22:19
**directly** [1] - 12:12
**disadvantage** [1] - 24:2
**disagree** [1] - 6:18
**disagreement** [1] - 8:1
**disbursed** [1] - 6:23
**discovered** [1] - 4:1
**discretion** [1] - 10:1
**discussed** [3] - 5:18, 13:5, 13:17

**discussions** [1] - 26:16
**dismissal** [1] - 15:17
**dismissed** [1] - 4:23
**dissatisfaction** [3] - 19:12, 21:23, 22:6
**dissatisfied** [2] - 20:15, 24:12
**distributed** [1] - 10:18
**DISTRICT** [3] - 1:1, 1:1, 1:9
**District** [1] - 13:20
**Division** [3] - 1:15, 13:23, 13:24
**Divisions** [1] - 13:19
**documents** [1] - 8:9
**done** [7] - 3:12, 11:7, 23:5, 24:24, 25:2, 30:6
**double** [1] - 10:22
**doubt** [1] - 12:23
**down** [3] - 9:25, 10:23, 25:14
**due** [2] - 6:16, 7:12
**during** [1] - 12:15

## E

**ears** [1] - 22:23
**easier** [1] - 29:7
**effect** [1] - 20:23
**effectively** [1] - 23:24
**efforts** [1] - 22:6
**either** [8] - 9:1, 9:9, 11:5, 13:5, 13:9, 25:4, 26:6
**end** [3] - 11:25, 12:6, 24:14
**enforcement** [1] - 16:8
**engage** [1] - 12:4
**enter** [1] - 9:8
**entering** [3] - 16:15, 17:10, 17:13
**enticement** [1] - 18:3
**entitled** [2] - 5:13, 6:13
**ERIN** [1] - 1:11
**et** [1] - 26:24
**evidence** [4] - 4:1, 9:6, 12:21, 28:13
**evidentiary** [1] - 8:7
**examples** [1] - 3:23
**exceptions** [1] - 3:25
**excuse** [2] - 30:4, 30:17
**executed** [1] - 7:23
**exist** [1] - 6:2
**expectation** [1] - 28:9
**expected** [1] - 13:15
**expecting** [1] - 24:5

34

**expired** [1] - 19:14
**expressed** [2] - 19:12, 22:6
**extant** [1] - 25:7
**extensions** [1] - 26:13
**extent** [1] - 8:11
**extra** [1] - 24:19

**F**

**facility** [1] - 8:25
**facing** [1] - 25:25
**factual** [2] - 18:14, 25:4
**fail** [2] - 12:2, 12:3
**failing** [1] - 11:10
**far** [1] - 13:14
**federal** [4] - 5:24, 6:2, 15:9, 15:13
**felon** [1] - 15:10
**felony** [1] - 14:23
**few** [1] - 2:19
**figure** [3] - 6:25, 7:3, 8:19
**file** [8] - 4:11, 4:15, 26:6, 26:12, 27:6, 27:9, 27:14, 29:20
**filed** [1] - 4:1
**filing** [1] - 26:23
**filings** [1] - 24:25
**final** [4] - 3:24, 9:10, 17:20, 27:2
**finances** [1] - 7:7
**financial** [3] - 6:24, 6:25, 7:5
**fine** [5] - 7:12, 11:12, 27:3, 28:8, 30:12
**finish** [1] - 28:3
**finished** [1] - 27:19
**firearm** [2] - 15:9, 15:11
**firearms** [1] - 8:24
**first** [5] - 17:5, 25:12, 26:8, 26:15, 27:5
**five** [3] - 30:7, 30:9, 30:12
**follow** [2] - 11:14, 11:25
**FOR** [1] - 1:1
**forced** [1] - 16:14
**foregoing** [1] - 31:4
**forensically** [1] - 8:18
**forfeit** [1] - 9:21
**forfeited** [4] - 8:2, 9:1, 9:14, 9:17
**forfeiting** [1] - 10:3
**forfeiture** [8] - 7:13, 7:19, 8:5, 9:7, 9:8, 9:20, 10:18, 10:20
**forms** [1] - 9:15

**forward** [8] - 2:18, 15:24, 16:2, 18:24, 19:1, 23:13, 23:14, 24:5
**four** [1] - 25:19
**frame** [1] - 21:16
**frankly** [2] - 22:23, 24:19
**free** [4] - 12:8, 12:12, 17:11, 18:13
**Friday** [1] - 27:4
**front** [1] - 3:7
**full** [2] - 13:5, 31:5
**fully** [2] - 12:10, 18:11

**G**

**gather** [1] - 23:23
**generally** [2] - 3:12, 21:12
**generous** [1] - 26:14
**given** [2] - 9:2, 22:14
**government** [16] - 6:2, 8:6, 9:21, 10:1, 12:12, 12:19, 16:1, 16:19, 19:4, 19:10, 25:3, 26:6, 26:7, 27:5, 27:8, 28:24
**government's** [3] - 12:8, 19:16, 29:8
**guaranteed** [1] - 16:11
**guess** [1] - 23:17
**guideline** [4] - 4:8, 4:10, 25:5
**guidelines** [1] - 4:13
**guilty** [25] - 3:15, 8:3, 9:6, 12:9, 14:24, 16:11, 16:15, 16:22, 17:1, 17:10, 17:13, 17:14, 17:23, 17:24, 18:1, 18:2, 18:4, 18:5, 18:6, 18:8, 18:9

**H**

**habeas** [1] - 3:24
**half** [4] - 28:3, 28:19, 29:13, 29:16
**happy** [1] - 24:18
**hear** [5] - 3:8, 18:25, 19:7, 23:12, 25:12
**heard** [2] - 17:4, 21:1
**hearing** [5] - 2:16, 8:18, 19:10, 22:24, 30:21
**HEARING** [2] - 1:4, 1:8
**helps** [1] - 21:21
**hereby** [1] - 31:3

**higher** [2] - 3:14, 4:10
**hold** [3] - 15:1, 18:16, 28:20
**holidays** [1] - 27:4
**Honor** [23] - 2:5, 2:10, 8:4, 8:16, 16:4, 17:24, 19:4, 19:8, 20:21, 22:18, 22:25, 26:1, 27:1, 27:7, 27:10, 27:12, 27:15, 28:13, 28:17, 29:1, 29:5, 30:15
**HONORABLE** [1] - 1:8
**HOWARD** [1] - 1:17
**Howard** [2] - 1:18, 2:10
**Human** [2] - 1:15, 13:22

**I**

**identified** [5] - 4:25, 5:7, 5:8, 5:9, 9:19
**identify** [2] - 2:3, 10:8
**images** [1] - 8:8
**immediately** [1] - 7:12
**impact** [1] - 28:12
**implications** [1] - 11:13
**important** [3] - 11:12, 13:8, 25:24
**impose** [4] - 7:12, 14:13, 17:1, 17:4
**imposed** [1] - 15:18
**imprisonment** [1] - 11:12
**IN** [1] - 1:1
**inaccuracies** [1] - 25:4
**included** [1] - 5:1
**includes** [1] - 4:23
**including** [2] - 12:15, 16:7
**indicated** [3] - 8:9, 20:1, 21:23
**indicates** [2] - 6:22, 15:10
**indictment** [1] - 4:23
**indirect** [1] - 3:12
**indirectly** [1] - 12:13
**ineffective** [1] - 4:4
**information** [5] - 12:14, 19:19, 23:23, 24:14, 25:24
**inquiry** [2] - 19:16, 21:3
**intend** [1] - 28:13
**interest** [1] - 9:18
**interview** [1] - 23:19
**involves** [1] - 15:16

**issue** [2] - 8:5, 15:7
**issues** [1] - 6:6
**items** [4] - 7:20, 7:22, 8:5, 9:7
**itself** [1] - 19:2

**J**

**jail** [3] - 14:13, 19:11, 20:9
**Jeffrey** [2] - 2:2, 17:22
**JEFFREY** [1] - 1:5
**job** [1] - 23:24
**joined** [2] - 2:6, 23:18
**JUDGE** [1] - 1:9
**Judge** [1] - 30:12
**judgment** [1] - 3:24
**judgments** [1] - 10:20
**July** [3] - 27:1, 27:4, 27:8
**June** [1] - 26:1
**jurisdiction** [1] - 11:4
**jury** [1] - 15:2
**justice** [2] - 10:17, 10:21
**Justice** [1] - 1:14
**Justice's** [1] - 13:23

**K**

**Kate** [1] - 2:7
**KATHARINE** [1] - 1:14
**KATZOFF** [23] - 1:17, 2:10, 8:4, 20:25, 21:10, 22:3, 22:18, 22:25, 23:17, 23:22, 24:15, 25:18, 26:1, 27:1, 27:7, 27:15, 27:24, 28:6, 28:23, 29:14, 29:19, 30:7, 30:15
**Katzoff** [4] - 1:18, 2:11, 20:22, 22:16
**keep** [3] - 7:15, 11:4, 26:19
**kind** [2] - 3:19, 15:8
**kinds** [1] - 11:8
**knows** [1] - 21:10
**KOLLAR** [1] - 1:8
**KOLLAR-KOTELLY** [1] - 1:8
**KOTELLY** [1] - 1:8

**L**

**larger** [1] - 6:15
**last** [5] - 4:6, 15:8, 23:18, 24:6, 25:9
**laundering** [1] - 10:16
**Law** [1] - 1:18

**law** [2] - 16:8, 18:4
**lawyer** [1] - 13:11
**lawyers** [1] - 17:6
**learned** [2] - 24:8, 24:13
**least** [4] - 3:4, 18:22, 28:5, 29:19
**leave** [3] - 28:10, 28:21, 28:22
**leaving** [1] - 3:13
**left** [1] - 2:19
**letter** [2] - 2:19, 16:23
**level** [1] - 12:23
**license** [1] - 15:12
**life** [1] - 11:3
**lighter** [1] - 16:12
**list** [3] - 7:22, 8:14, 9:19
**live** [3] - 11:5, 11:7, 15:3
**lived** [1] - 15:11
**look** [15] - 7:6, 7:21, 7:24, 8:9, 18:19, 18:22, 23:9, 24:8, 24:21, 25:9, 26:19, 26:20, 27:17, 27:22
**looked** [1] - 15:20
**looking** [1] - 8:17
**lose** [2] - 15:3, 15:4
**lower** [3] - 4:10, 4:11, 13:1
**lump** [1] - 7:15

**M**

**maintain** [2] - 6:14, 16:1
**mandatory** [1] - 4:20
**manner** [1] - 9:21
**MARSHAL** [1] - 30:12
**marshals** [1] - 30:8
**Marshals** [1] - 30:14
**material** [3] - 18:8, 24:4, 26:20
**materials** [1] - 12:14
**maximum** [1] - 11:11
**MAYER** [12] - 1:11, 19:4, 19:8, 19:23, 19:25, 20:3, 20:7, 20:9, 20:13, 20:18, 20:21, 21:19
**Mayer** [1] - 2:8
**MAYER-DEMPSEY** [12] - 1:11, 19:4, 19:8, 19:23, 19:25, 20:3, 20:7, 20:9, 20:13, 20:18, 20:21, 21:19
**Mayer-Dempsey** [1] - 2:8

**means** [2] - 5:19, 7:20
**medication** [1] - 3:4
**meet** [2] - 7:7, 23:23
**memo** [2] - 26:7, 27:9
**memoranda** [2] - 26:9, 29:20
**memorandum** [3] - 18:21, 24:23, 25:13
**Meredith** [1] - 2:7
**MEREDITH** [1] - 1:11
**microphone** [1] - 3:8
**might** [1] - 23:23
**mind** [3] - 2:24, 23:10, 26:19
**minimum** [1] - 6:16
**minute** [1] - 24:6
**minutes** [3] - 30:7, 30:9, 30:12
**misunderstood** [1] - 20:12
**modify** [1] - 3:22
**money** [1] - 10:16
**moneys** [1] - 10:17
**months** [2] - 23:2, 25:19
**morning** [1] - 3:5
**motion** [3] - 4:1, 4:11, 4:15
**move** [2] - 3:7, 4:10
**moving** [2] - 4:18, 10:12
**MR** [22] - 2:10, 8:4, 20:25, 21:10, 22:3, 22:18, 22:25, 23:17, 23:22, 24:15, 25:18, 26:1, 27:1, 27:7, 27:15, 27:24, 28:6, 28:23, 29:14, 29:19, 30:7, 30:15
**MS** [20] - 2:5, 8:16, 19:4, 19:8, 19:23, 19:25, 20:3, 20:7, 20:9, 20:13, 20:18, 20:21, 21:19, 27:10, 27:12, 28:12, 28:16, 28:25, 29:5, 29:8

**N**

**N.W** [1] - 31:11
**names** [1] - 5:12
**nature** [1] - 18:12
**necessarily** [1] - 8:17
**necessary** [3] - 10:8, 22:20, 23:24
**need** [11] - 3:7, 11:9, 12:25, 23:2, 24:11, 28:7, 29:10, 29:15, 29:21, 29:25, 30:7
**needs** [3] - 24:24,

25:23, 30:5
**negotiations** [1] - 16:18
**never** [1] - 15:3
**New** [1] - 1:16
**new** [1] - 12:24
**newly** [1] - 4:1
**next** [3] - 11:1, 27:20, 29:6
**NICHOLE** [1] - 1:11
**nonbinding** [2] - 10:15, 10:21
**noon** [1] - 29:12
**Northern** [1] - 8:25
**note** [2] - 19:9, 19:18
**notes** [1] - 31:5
**nothing** [4] - 8:14, 29:17, 30:4, 30:16
**November** [2] - 1:6, 31:7
**nude** [1] - 6:11
**NW** [4] - 1:12, 1:16, 1:18, 1:24

**O**

**oath** [1] - 2:17
**object** [1] - 25:10
**objections** [4] - 25:3, 25:7, 25:11, 26:17
**obligation** [1] - 4:19
**obligations** [2] - 12:4, 12:8
**obscene** [1] - 18:7
**obtained** [1] - 10:17
**obviously** [5] - 3:17, 4:9, 6:17, 12:21, 26:21
**October** [2] - 21:20, 21:22
**OF** [4] - 1:1, 1:2, 1:8, 31:1
**offender** [2] - 11:1, 11:3, 11:11
**offense** [10] - 4:25, 5:9, 5:13, 5:24, 10:19, 11:10, 12:25, 14:23, 26:22
**offenses** [1] - 6:2
**offer** [7] - 19:13, 19:15, 20:16, 20:20, 21:5, 22:3, 22:8
**offers** [1] - 21:24
**office** [2] - 15:2, 17:5
**Office** [5] - 1:12, 7:2, 13:20, 13:21, 13:25
**Offices** [1] - 1:18
**OFFICIAL** [1] - 31:1
**Official** [2] - 1:23, 31:10

**once** [2] - 15:20, 25:9
**one** [15] - 4:11, 11:13, 12:3, 13:13, 14:8, 15:8, 19:5, 20:2, 22:5, 22:7, 25:9, 26:22, 27:20
**open** [2] - 13:6, 16:23, 28:11
**opportunity** [2] - 7:24, 15:25
**order** [2] - 9:8, 10:19
**originally** [1] - 24:4
**otherwise** [3] - 3:21, 19:1
**own** [4] - 7:16, 14:15, 17:11, 18:13
**owner** [1] - 9:2

**P**

**p.m** [2] - 19:23, 30:21
**P.M** [1] - 1:6
**page** [4] - 3:9, 7:21, 9:24, 10:12
**paperwork** [2] - 3:7, 30:5
**paragraph** [2] - 5:5, 11:1
**parole** [6] - 14:5, 14:7, 14:8, 14:9, 14:10, 14:20
**parse** [1] - 8:18
**part** [3] - 8:21, 13:6, 17:7
**particular** [2] - 15:16, 21:4
**Patterson** [1] - 29:23
**pay** [5] - 4:21, 5:6, 6:10, 7:6, 7:15
**paying** [1] - 2:25
**payment** [1] - 7:1
**payments** [4] - 6:22, 7:4, 7:14, 10:22
**people** [2] - 6:25, 22:24, 26:23
**per** [1] - 5:7
**perform** [1] - 12:3
**perhaps** [4] - 23:1, 24:15, 24:16, 28:6
**period** [4] - 7:14, 12:15, 15:5, 30:2
**permit** [1] - 30:9
**person** [2] - 16:9, 28:17
**personal** [1] - 9:16
**phone** [2] - 21:13, 21:14
**photographed** [1] - 6:11
**pick** [1] - 26:14

**picking** [1] - 2:15
**place** [1] - 15:12
**places** [3] - 15:3, 15:4
**Plaintiff** [2] - 1:3, 1:11
**plea** [36] - 2:16, 2:19, 2:22, 4:2, 5:11, 6:1, 8:21, 9:6, 12:10, 14:24, 15:21, 16:1, 16:6, 16:15, 16:22, 16:23, 17:1, 17:10, 17:13, 17:17, 18:14, 18:16, 19:13, 19:15, 19:18, 19:21, 20:2, 20:16, 20:20, 21:4, 21:24, 22:3, 22:7, 22:10, 22:21
**PLEA** [2] - 1:4, 1:8
**plead** [1] - 17:23
**pleading** [3] - 3:15, 8:3, 16:11
**point** [10] - 3:13, 5:10, 13:9, 15:10, 22:2, 23:11, 27:18, 28:10, 28:24, 30:20
**police** [1] - 16:8
**portion** [1] - 19:25
**position** [1] - 19:16
**possess** [2] - 15:8, 15:11
**preference** [1] - 29:9
**preparation** [1] - 23:14
**prepare** [1] - 23:7
**prepared** [3] - 2:18, 2:25, 24:4
**preponderance** [1] - 12:21
**present** [2] - 2:11, 20:19
**presentence** [13] - 15:20, 18:18, 23:5, 23:9, 23:15, 23:19, 23:25, 24:8, 24:20, 26:5, 26:9, 26:11, 26:15
**preserving** [1] - 6:6
**prison** [1] - 14:7
**Prisons** [1] - 14:15
**probable** [1] - 12:25
**probation** [6] - 14:11, 17:5, 24:16, 25:2, 25:11, 26:19
**problem** [5] - 13:9, 23:6, 24:11, 25:22, 28:1
**problems** [1] - 8:22
**proceed** [1] - 22:20
**proceeding** [3] - 12:13, 17:17, 22:11
**proceedings** [1] - 31:6

**proffer** [1] - 9:6
**progress** [1] - 29:15
**promised** [1] - 16:10
**promises** [2] - 16:21, 16:25
**property** [5] - 7:21, 9:9, 9:14, 9:15, 9:19
**proposed** [1] - 24:13
**prosecuted** [1] - 11:10
**Prosecution** [2] - 1:15, 13:22
**prosecution** [1] - 12:10
**prosecutor** [1] - 16:8
**prove** [2] - 12:19, 12:25
**proven** [1] - 6:18
**provide** [1] - 28:16
**provided** [2] - 5:7, 12:15
**public** [1] - 15:1
**purposes** [2] - 5:11, 23:24
**pursuing** [1] - 7:16
**pushing** [1] - 23:14
**put** [6] - 13:8, 19:5, 28:13, 29:7, 29:24, 30:2
**putting** [1] - 28:20

**Q**

**questions** [2] - 14:4, 16:5

**R**

**raises** [1] - 24:10
**range** [6] - 4:10, 15:24, 18:17, 19:3, 23:16, 25:5
**ranges** [2] - 4:8
**rather** [3] - 26:13, 28:21, 29:10
**Raymond** [10] - 2:2, 2:11, 2:13, 5:25, 17:23, 21:6, 21:14, 23:23, 27:25, 30:8
**RAYMOND** [1] - 1:5
**Raymond's** [1] - 20:9
**reached** [1] - 16:18
**real** [1] - 9:16
**really** [3] - 3:19, 7:21, 24:1
**reason** [1] - 3:16
**reasonable** [1] - 12:22
**receive** [1] - 24:21
**received** [3] - 4:3, 19:11, 21:19
**record** [5] - 2:4, 13:8,

13:13, 19:5, 19:19
**recorded** [2] - 6:11,
19:11
**recovered** [1] - 8:25
**recovery** [1] - 10:16
**reduced** [1] - 14:19
**referral** [1] - 10:16
**regard** [2] - 8:5, 8:12
**regarding** [2] - 9:13,
21:4
**register** [3] - 11:3,
11:9, 11:10
**registration** [2] - 11:2,
11:4
**relate** [1] - 5:1
**relating** [2] - 4:16,
20:17
**relationship** [1] - 20:5
**release** [2] - 11:21,
14:11
**relevant** [1] - 8:17
**remedies** [1] - 7:16
**remind** [1] - 2:16
**report** [17] - 7:2,
15:20, 18:18, 23:5,
23:9, 23:16, 23:25,
24:9, 24:20, 25:4,
25:12, 26:4, 26:5,
26:9, 26:11, 26:15,
27:2
**REPORTER** [1] - 31:1
**Reporter** [3] - 1:21,
1:23, 31:10
**request** [6] - 6:14,
6:17, 8:6, 20:8,
20:10, 27:7
**requested** [1] - 6:19
**required** [4] - 7:6,
11:2, 11:7, 12:19
**requirement** [1] - 7:8
**requirements** [1] -
11:6
**reserved** [2] - 4:6,
8:11
**reserving** [1] - 22:21
**resolved** [1] - 30:19
**resolving** [1] - 25:7
**respond** [1] - 3:1
**rest** [4] - 2:18, 11:3,
23:6, 25:16
**restitution** [10] - 4:18,
4:20, 4:21, 5:6, 6:10,
6:15, 7:1, 7:13,
10:19, 10:20
**restitutions** [1] - 7:11
**resulted** [1] - 16:18
**retroactive** [1] - 4:14
**return** [2] - 8:8
**reviewed** [1] - 26:17
**rid** [1] - 29:10

**rightful** [1] - 9:2
**rights** [5] - 5:14, 6:13,
7:20, 14:25, 15:6
**Rights** [5] - 1:15, 5:15,
6:4, 6:14, 13:22
**RMR** [2] - 1:22, 31:9
**Room** [1] - 1:23, 31:10
**ruling** [1] - 3:18

**S**

**safe** [1] - 29:1
**satisfied** [1] - 18:10
**schedule** [1] - 7:14
**scheduling** [1] - 23:1
**seal** [1] - 26:23
**sealed** [1] - 5:12
**search** [1] - 7:22
**second** [2] - 26:8,
27:5
**Section** [2] - 1:15,
13:22
**section** [1] - 10:16
**security** [1] - 23:3,
25:20
**see** [3] - 19:20, 22:16,
23:9
**Sefranek** [3] - 1:22,
31:9, 31:9
**SEFRANEK** [1] - 31:3
**seized** [1] - 7:23
**sense** [1] - 29:14
**sentence** [16] - 3:21,
3:22, 4:6, 14:8,
14:10, 14:13, 14:14,
15:18, 16:11, 16:12,
17:1, 17:4, 17:6,
18:18, 19:2
**sentencing** [21] - 4:7,
4:13, 4:24, 5:8, 8:20,
9:9, 9:10, 12:5,
18:20, 18:21, 22:19,
23:1, 23:2, 23:7,
24:24, 25:5, 25:13,
26:4, 26:7, 26:8,
26:14
**September** [7] - 27:19,
27:20, 28:6, 28:9,
29:4, 29:12
**serve** [4] - 14:10,
14:15, 14:19, 15:2
**services** [1] - 20:5
**set** [12] - 7:13, 9:16,
15:24, 18:20, 23:2,
23:13, 23:14, 24:11,
24:23, 26:5, 26:8,
28:25
**setting** [3] - 18:24,
24:11, 26:10
**sex** [3] - 11:1, 11:3,

11:11
**sexual** [3] - 17:23,
17:25, 18:4
**short** [3] - 23:22, 30:2
**side** [1] - 25:9
**signed** [1] - 30:5
**similarly** [1] - 6:1
**simultaneously** [1] -
27:6
**sit** [1] - 23:18
**six** [1] - 23:2
**slightly** [1] - 22:19
**slows** [1] - 25:13
**sole** [1] - 10:1
**someone** [1] - 16:9
**sometime** [2] - 9:9,
19:22
**sorry** [3] - 19:21,
27:11, 27:24
**sort** [5] - 20:8, 24:1,
24:5, 28:23, 30:1
**speaking** [1] - 21:12
**Special** [2] - 1:15,
13:22
**specific** [6] - 9:18,
11:21, 15:18, 16:2,
16:11, 16:12
**specifically** [1] - 12:3
**speed** [1] - 25:16
**spoken** [2] - 3:10,
16:23
**standard** [3] - 12:20,
12:22, 13:1
**start** [3] - 21:7, 28:2,
28:19
**started** [1] - 19:21
**starts** [1] - 27:20
**statement** [6] - 4:25,
5:9, 5:12, 6:24, 22:1,
26:21
**statements** [5] -
12:14, 12:16, 28:12,
28:15, 28:17
**STATES** [3] - 1:1, 1:2,
1:9
**States** [4] - 1:23, 2:2,
2:6, 7:15
**statute** [7] - 3:15,
3:17, 4:19, 5:15,
11:2, 15:9, 15:13
**statutory** [1] - 11:11
**stenographic** [1] -
31:5
**Stenographic** [1] -
1:21
**step** [1] - 17:5
**still** [5] - 2:16, 2:21,
7:6, 10:9, 25:7
**storage** [1] - 8:25
**Street** [2] - 1:12, 1:18

**student** [1] - 11:5
**subject** [1] - 12:10
**submit** [1] - 6:24
**sufficient** [3] - 9:6,
19:18, 29:17
**suggested** [1] - 16:10
**suggestion** [1] - 23:4
**Suite** [1] - 1:19
**sum** [1] - 7:15
**summary** [1] - 21:8
**Superior** [1] - 13:19
**superseding** [1] - 4:22
**supervised** [2] -
11:21, 14:11
**support** [1] - 9:7
**supporting** [1] - 9:6
**system** [1] - 14:15

**T**

**talks** [1] - 7:19
**TAMARA** [1] - 31:3
**Tamara** [1] - 1:22,
31:9, 31:9
**ten** [1] - 11:11
**terms** [14] - 2:25, 6:1,
7:7, 9:14, 10:2, 11:7,
11:8, 13:4, 18:17,
19:2, 20:15, 24:20,
24:23, 25:6
**testimony** [1] - 28:9
**THE** [143] - 1:1, 1:1,
1:8, 2:1, 2:9, 2:12,
2:14, 2:15, 2:23,
2:24, 3:2, 3:3, 3:5,
3:6, 4:17, 4:18, 5:4,
5:5, 5:17, 5:18, 5:20,
5:21, 6:8, 6:9, 6:21,
6:22, 7:10, 7:11,
7:18, 7:19, 7:25, 8:1,
8:13, 8:21, 9:4, 9:5,
9:12, 9:13, 9:23,
9:24, 10:6, 10:7,
10:11, 10:12, 10:14,
10:15, 10:25, 11:1,
11:16, 11:17, 11:18,
11:19, 11:23, 11:24,
12:18, 12:19, 13:3,
13:4, 13:14, 13:16,
14:2, 14:3, 14:22,
14:23, 15:15, 15:16,
16:4, 16:5, 16:13,
16:14, 16:16, 16:17,
16:20, 16:21, 16:24,
16:25, 17:2, 17:3,
17:9, 17:10, 17:12,
17:13, 17:15, 17:16,
17:18, 17:19, 17:21,
17:22, 17:24, 17:25,
18:2, 18:3, 18:6,

18:7, 18:9, 18:10,
19:6, 19:20, 19:24,
20:1, 20:4, 20:8,
20:11, 20:14, 20:19,
20:22, 21:6, 21:12,
21:16, 21:18, 21:21,
22:5, 22:9, 22:10,
22:12, 22:13, 22:15,
22:16, 22:22, 23:4,
23:21, 24:3, 24:18,
25:22, 26:3, 27:3,
27:8, 27:11, 27:13,
27:16, 28:1, 28:8,
28:15, 28:18, 29:2,
29:6, 29:11, 29:15,
29:22, 30:10, 30:12,
30:13, 30:16
**theirs** [1] - 27:13
**therefore** [1] - 18:14
**threatened** [1] - 16:14
**three** [1] - 26:4
**today** [11] - 2:24,
12:16, 18:11, 18:20,
19:10, 19:17, 19:23,
21:18, 21:19, 22:11,
23:15
**took** [1] - 19:9
**transcript** [2] - 31:4,
31:6
**TRANSCRIPT** [1] - 1:8
**transportation** [1] -
18:7
**travel** [2] - 11:8, 18:4
**trial** [12] - 5:25, 6:5,
24:5, 27:17, 27:19,
27:23, 28:2, 28:4,
28:5, 30:2, 30:20
**Trial** [1] - 2:7
**trials** [2] - 27:22, 30:1
**trouble** [1] - 22:23
**true** [2] - 31:4, 31:5
**trying** [1] - 28:4
**turn** [2] - 3:9, 7:21
**two** [6] - 23:19, 27:10,
27:19, 28:3, 28:6,
28:25
**types** [1] - 11:20

**U**

**U.S** [7] - 1:12, 1:14,
7:2, 13:20, 13:21,
13:23, 13:25
**unconscious** [1] -
6:11
**unconstitutional** [1] -
3:16
**under** [11] - 2:16, 3:15,
3:16, 4:4, 4:18, 5:14,
6:4, 6:13, 12:4, 12:8,

26:23
**unhappy** [1] - 20:4
**UNITED** [3] - 1:1, 1:2,
1:9
**United** [4] - 1:23, 2:2,
2:6, 7:15
**unlawful** [1] - 3:16
**unless** [1] - 18:25
**unlike** [1] - 7:13
**unredacted** [2] - 26:22
**unusual** [1] - 24:1
**up** [14] - 2:15, 3:8,
3:20, 4:10, 7:20,
9:16, 9:18, 15:6,
19:6, 22:22, 22:23,
24:6, 25:16, 25:19
**useful** [1] - 24:8

## V

**vacate** [1] - 30:19
**valuable** [1] - 14:25
**value** [1] - 8:7
**various** [3] - 9:15,
16:7, 26:23
**version** [2] - 5:12,
25:9
**victim** [5] - 5:7, 5:23,
6:10, 6:11, 28:12
**victims** [13] - 4:21,
4:24, 4:25, 5:13,
5:14, 5:23, 5:24, 6:3,
6:4, 6:12, 6:13,
10:18
**Victims'** [3] - 5:15,
6:4, 6:13
**view** [2] - 22:19, 23:8
**views** [1] - 22:1
**violation** [1] - 12:24
**Virginia** [1] - 8:25
**visual** [1] - 9:15
**voluntarily** [2] - 17:11,
18:13
**voluntariness** [2] -
16:6, 19:17
**vote** [1] - 15:1
**vs** [1] - 1:4

## W

**Wagner** [1] - 2:7
**WAGNER** [1] - 1:14
**waive** [1] - 3:20
**waivers** [2] - 3:10,
4:16
**waiving** [1] - 9:17
**wants** [1] - 10:2
**warrants** [1] - 7:22
**Washington** [6] - 1:5,
1:13, 1:16, 1:19,

1:24, 31:11
**weapon** [1] - 15:12
**week** [7] - 23:18,
23:19, 27:1, 27:18,
27:21, 28:1, 28:2
**weeks** [4] - 23:19,
27:10, 27:19, 28:3
**weighs** [1] - 25:11
**whole** [4] - 13:21,
19:21, 29:2, 29:4
**wind** [1] - 15:6
**wish** [2] - 17:7, 24:22
**withdraw** [2] - 12:9,
15:25
**words** [5] - 4:24, 9:18,
10:22, 22:6, 29:3
**writ** [1] - 3:24
**writing** [2] - 13:5,
13:10
**written** [1] - 28:15

## Y

**years'** [1] - 11:11
**yesterday** [3] - 2:17,
19:17, 19:22
**York** [1] - 1:16
**yourself** [1] - 2:3