**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No.   21 - 380 (CKK)** |
| | **:** | |
| | **:** | |
| **BRIAN RAYMOND** | **:** | |
| _____ | **:** | |

**MOTION TO RE-SCHEDULE SENTENCING AND**
**TO MODIFY THE SCHEDULE FOR SENTENCING SUBMISSIONS**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the Defendant, through undersigned counsel, and respectfully moves this Court to continue the sentencing and extend the deadlines for disclosure of the Presentence Report and for the parties' sentencing memoranda. In support thereof defendant states as follows:

1.      On or about November 1, 2023, under somewhat unusual circumstances, undersigned counsel was appointed as substitute counsel for the defendant.  On November 7, 2023, the defendant appeared before Your Honor and entered a guilty plea in this case pursuant to a written plea agreement.  The matter was referred to the United States Probation Office for the pre-sentence investigation.  However, since the Court and the parties were aware that counsel needs to obtain a security clearance in order to adequately and effectively represent the defendant, the sentencing schedule was set based on the estimated time for counsel to obtain the clearance.  It was expected that the clearance would be completed by March or April.  Thus, the Court set the sentencing schedule based on the expectation that defense counsel would have access to all necessary and relevant information by in or about April - before defendant's presentence interview with Probation, and well before the initial disclosure of the presentence report (PSR).

- 2 -

2.       Specifically, the Court set the sentencing hearing on September 19, 2024, which resulted in the following deadlines: June 19th for the initial disclosure of the PSR; July 19th for the Presentence Report (PSR); August 2nd for the Government's sentencing memorandum; and August 23rd for the defendant's sentencing memorandum.

3.       About a week after the plea hearing, the government initiated the process for the security clearance. Thereafter, undersigned counsel promptly submitted the necessary forms, information, and fingerprints, completing those tasks by November 27, 2023.   Thereafter, on March 8, 2024, counsel was contacted by an FBI contractor, who requested some additional records, and asked to schedule an interview as quickly as possible.  Counsel was able to schedule the interview on March 12th.   However, counsel has still not received the necessary clearance. Thus, it appears that the process of getting counsel's clearance did not start in earnest until March.  As a result, counsel has not had an opportunity to review necessary and relevant information regarding the defendant.

4.       Although the security clearance and counsel's review of certain information was delayed, defendant cooperated with Probation and met for the Presentence interview in order to try to keep the current sentencing schedule.  However, at the presentence interview, Probation was made aware that counsel had not received his security clearance, and that the defendant might have some additional information for inclusion in the PSR.

5.       It is now approaching the end of June, and undersigned counsel has still not received the necessary clearance and has not had access to information counsel expected to be able to review and discuss with the defendant months ago.  Thus, in light of counsel's other professional and personal commitments this summer, the current sentencing schedule is no longer feasible, as counsel's other obligations and commitments will make it impossible for

– 3 –

counsel to be able to review the information, complete any presentence investigation, adequately prepare for sentencing, and prepare the defendant's sentencing submission in a timely manner. Counsel would note that his professional obligations include three circuit court briefs, as well as a reply brief, which are all due before the end of August; and a motions deadline the first week of September in a multi-defendant case with some time-consuming, complicated issues.  In addition, undersigned counsel will have significant time constraints in July and August due to personal, family, and medical commitments.  Thus, counsel will be unable to effectively and competently represent the defendant unless the sentencing is re-scheduled and the deadlines are extended.

6.      Recognizing that the government would be making plans for victims to attend the sentencing, counsel did not want to wait any longer to address the need to re-schedule the sentencing.  Thus, early last week undersigned counsel reached out to government counsel to inform them of the need for additional time to prepare for sentencing.  Counsel proposed a continuance until November, believing it is better to have a realistic sentencing date and sentencing deadlines so that the government and the victims are not inconvenienced by a later request to re-schedule the hearing.  Counsel also thought it might save Probation some time and inconvenience if the disclosure dates are modified now.  Defendant is requesting a new sentencing date the week of November 11, 2024.

7.      The government, however, opposes the request.  Instead, the government indicated that it would not oppose additional time for Probation to prepare the PSR, and for defendant's sentencing submission, but opposes changing the sentencing date.  Unfortunately, the government's proposal will not give counsel sufficient time to effectively and adequately prepare

– 4 –

for sentencing. [1]  Moreover, it would seem to push the deadlines too close to the sentencing date.

WHEREFORE, for the reasons set forth above, and for good cause shown, the Defendant respectfully requests that the Court grant his request to continue the September 19, 2024 sentencing hearing to a date in mid-November that is agreeable with the Court and the parties, and to extend the deadlines accordingly for the PSR disclosures and for the parties' sentencing memoranda.

Respectfully submitted,

/s/ *Howard B. Katzoff*
Howard B. Katzoff (Bar # 348292)
717 D Street, NW  Suite 310
Washington, D.C.  20004
(202) 783-6414
katzoffh@aol.com
Counsel for Brian Raymond

## CERTIFICATE OF SERVICE

I hereby certify that on this  17th  day of  June , 2024, the foregoing motion was filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, and a copy of the motion was served by electronic mail upon United States Probation Officer I hereby Crystal Lustig.

/s/ *Howard B. Katzoff*
Howard B. Katzoff

---

[1]     Undersigned counsel would remind the Court that counsel's appointment was very late in the case - a case in which there is a three year history, an extensive record, and voluminous discovery for counsel to review as well.