UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRIAN JEFFREY RAYMOND,
  Defendant.

Criminal No. 21-cr-0380 (CKK)

## ORDER
(June 18, 2024)

Pending before this Court is Defendant's [365] Motion to Reschedule Sentencing and to Modify the Schedule for Sentencing Submissions, and the Government's [366] Opposition thereto. Defendant indicates that his counsel had not yet received a security clearance that was to be "completed by March or April" and accordingly, he did not have "access to all necessary and relevant information" before the Defendant's presentence interview with Probation, Def.'s Mot., ECF No. 365, at 1, and furthermore, he "might have some additional information for inclusion in the PSR [Presentence Report]." *Id.* at 2. Defense counsel references also his personal and professional obligations during the next few months. Defendant asks for a rescheduling of the sentencing until November (during which time the Court is not available because of other in-court proceedings) and a modified schedule for sentencing submissions. Defendant indicates that the Government does "not oppose additional time for Probation to prepare the PSR, and for defendant's sentencing submission, but opposes changing the sentencing date." *Id.* at 3.

The Government's Opposition indicates that, "on June 14, [it] notified counsel that he had been approved for final clearance," and "with de minimis exceptions, practically none of the underlying facts in this case are classified." Govt. Opp'n, ECF No. 366, at 1. Furthermore, "[w]ith counsel cleared, there is no reason to continue sentencing [as] [t]he vast majority of discovery in

1

this case is unclassified and has been made available to counsel through unclassified productions" and "it appears the presentence interview is already complete." *Id.* at 2.  Moreover, the Government asserts that if "the defendant wish[es] to supplement his materials at a later date with restricted information," the parties can address this issue in a motion to supplement, "as any such information would not be shared directly with probation but handled pursuant to the Classified Information Procedures Act[.]" *Id.* at 2.

Because Defendant's counsel has now received his security clearance and the Government has indicated that there is only a "small amount of information subject to restricted access," the Court proposes the following schedule, which shifts all presentence deadlines, allowing Defendant and his counsel additional time to prepare for the sentencing. The Probation Office's initial disclosure of the PSR shall be due by July 10, 2024.  The final PSR shall be due by August 9, 2024.  The Government's Sentencing Memorandum shall be due by August 23, 2024, and Defendant's Sentencing Memorandum shall be due by September 6, 2024.  Sentencing remains set for September 18-September 19, 2024, commencing at 9:30 a.m. each day.  Accordingly, it is this 18th day of June 2024,

ORDERED that Defendant's [365] Motion is DENIED IN PART AND GRANTED IN PART.

                                                      _____/s/_____
                                                      COLLEEN KOLLAR-KOTELLY
                                                      UNITED STATES DISTRICT JUDGE