**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 21-CR-00380 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIAN JEFFREY RAYMOND** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION FOR ALTERNATE PROCEDURES**
**PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT**

The United States of America, through undersigned counsel, respectfully files this motion for alternate procedures pursuant to the Crime Victims' Rights Act permitting victims to attend and participate in the sentencing hearing in this case remotely by a secure VTC or Zoom link accessible to the victims (and translator) only. Alternatively, the government requests that foreign national victims be permitted to observe the hearing remotely via a secure connection at the U.S. Embassy in their country of residence. Such a secure connection would be accessible by the victims (and translator) only. Neither alternative procedure would provide public access.

The defendant, through counsel, notes that the Federal Rules of Criminal Procedure, the Local Rules, and the related policies and practice in this Court do not permit such an exception or accommodation in a criminal case, and that any statutory rights under the Crime Victims' Rights Act are not disturbed by adherence to the rules and policies in effect. Nevertheless, the defendant would not object to the government's proposal that the foreign national victims be permitted to listen to the sentencing hearing remotely via a secure link at the U.S. Embassy in their country, and defers to the Court, provided the Court is satisfied that it is permissible, and that the alternate procedures assure that there is no public access; that the proceedings cannot be recorded, re-broadcast, re-transmitted, photographed, or live streamed.

1

As grounds for this motion, the United States relies on the following points and authorities, and any such other points and authorities as may be cited at a hearing on this motion.

## BACKGROUND

On November 7, 2023, the defendant plead guilty to four counts in the Superseding Indictment in volving four separate victims (AV-1, AV-7, AV-8, and AV-17): Count One, Sexual Abuse, in violation of 18 U.S.C. §§ 2242(2) and 7(9); Count Six, Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 7(9); Count Seventeen, Coercion and Enticement in violation of 18 U.S.C. § 2422(a); and Count Nineteen, Transportation of Obscene Material, in violation of 18 U.S.C. § 1462(a). *See* ECF No. 184, 357, 359. The charges arise from allegations that the defendant drugged and sexually assaulted numerous women over the course of several years. Specifically, the defendant met women online via popular dating applications, exchanged messages with the women to gain their trust (often referring to his position as a U.S. government employee), and lured them to a private location, such as the woman's residence, a hotel room, or the defendant's residence, for the purpose of victimizing them. Once they were in a private location, the defendant served the victims food and alcoholic beverages. At some point, the defendant drugged the victims, rendering them unconscious. Afterwards, and while the victims were unconscious, the defendant sexually assaulted the victims, often documenting parts of the assault via photograph or video.

As part of the plea agreement, the defendant admitted in the statement of offense to drugging and sexually assaulting fourteen separate women.[1] *See generally* ECF No. 357. Additionally, he admitted to drugging and then photographing and/or recording a total of 23

---

[1] AV-1, AV-2, AV-4, AV-5, AV-6, AV-7, AV-8, AV-9, AV-12, AV-15, AV-17, AV-22, AV-23, and AV-26.

women.[2] ECF No. 357 at 13-14. In the plea agreement, the defendant agreed that sixteen of the victims[3] met the definition of "vulnerable victim." *See* ECF No. 359 at 6. Finally, the defendant agreed that, for the purposes of the plea, AV-1 through AV-28 were all victims of the offense and entitled to the same rights as victims so designated under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, to include the right to be reasonably heard at the sentencing hearing and the right to full and timely restitution. *See* ECF No. 359 at 11.

The vast majority of victims in this case live outside of the jurisdiction. Approximately fifteen victims live abroad. Some of those victims do not yet have travel documents. Six additional victims live within the United States but outside commuting distance from the District. For that reason, among others, on November 3, 2023, the government filed a motion requesting that victims be allowed to attend the plea hearing remotely. ECF No. 354. On November 3, 2023, the Court denied that motion.

## ARGUMENT

The government respectfully requests that the Court set up a secure video teleconference (VTC) or Zoom link to permit the victims in this case, along with two interpreters retained by the government, to attend and participate in the sentencing hearing set for September 18 and 19, 2024. The government acknowledges that the Court made clear in its November 3, 2023 Minute Order that it remains the policy of the Court "to permit no exceptions to the pre-COVID rule against public access to criminal proceedings via video- or teleconference" and that the statutory right of victims pursuant to the CVRA are not disturbed by this policy. The government respectfully argues

---

[2] AV-2 through AV-24.

[3] AV-1, AV-3, AV-5, AV-6, AV-7, AV-8, AV-9, AV-10, AV-11, AV-12, AV-13, AV-19, AV-20, AV-21, AV-24, and AV-26.

that the unique circumstances of this case, where the defendant assaulted women in several different jurisdictions and countries, as well as the sheer number of victims affected, warrant the accommodations requested in this motion.

On average, the victims in this case live hundreds of miles from the District. Several victims in this case are foreign nationals, making travel especially burdensome. For those victims, attending sentencing in person would require lengthy travel and time away from work. Remote appearance satisfies the requirements of the CVRA and does not violate the defendant's confrontation or due process rights.

## I.     Remote Appearance Ensures Victims are Afforded the Right to be Reasonably Heard

The victims should be afforded the right to attend the sentencing. Under the Crime Victims' Rights Act (CVRA), a crime victim has "[t]he right not to be excluded from any such public court proceeding . . . " 18 U.S.C. § 3771(a)(3); *see also* Fed. R. Crim. P. 60(a)(3).[4] In this regard, the Crime Victims' Rights Act prescribes that district courts "shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal court proceeding." 18 U.S.C. § 3771(b)(1).

Of course, the CVRA recognizes that in cases involving large numbers of crime victims, it may be impracticable to accord all the crime victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). But in such instances, the CVRA permits the Court to find that the case involves "multiple crime victims," § 3771(d)(2), and then permits the Court to "fashion a

---

[4] The Crimes Victims' Rights Act significantly expanded the rights of federal crime victims and places an explicit duty on federal courts to ensure that victims are afforded those rights. *See* 18 U.S.C. § 3771(b)(1) ("In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in [the CVRA].") Rule 60 largely mirrors the language of the CVRA in directing that crime victims be afforded the CVRA's rights throughout all stages of a criminal proceeding, including plea hearings.

reasonable procedure to give effect" to the CVRA rights. The CVRA does not specify the alternative procedures but provides that alternative procedure shall not "unduly complicate or prolong proceedings." *Id.* Such alternatives to physical attendance include attendance by telephone, video teleconference (VTC), or web-based video conferencing platforms like Zoom. And here, alternative procedures are appropriate. While they are deeply interested in attending the sentencing, many of the victims in this case are currently unable to travel to Washington, D.C. to meaningfully participate in the sentencing because they do not have travel documents or because travel would be unduly burdensome.

Allowing the victims to participate in a hearing that is otherwise being conducted in person does not violate Rule 53 of the Federal Rules of Criminal Procedure. In fact, the 2002 Amendments to Rule 53 acknowledge that exceptions ensuring the enforceability of other rules and rights may be necessary. "[A]lthough the revised rule does not explicitly recognize exceptions within the rules themselves, the restyled rule recognizes that other rules might permit, for example, video teleconferencing, which clearly involves 'broadcasting' the proceedings, even if only for limited purposes." *See* Rule 53, Advisory Committee's Note to 2002 Amendment.[5] The CVRA is such an exception.

Furthermore, policy established by the Judicial Conference of the United States Courts provides that a judge "may authorize broadcasting," among other reasons, "for other purposes of judicial administration" as long as it is done in a manner that will "be consistent with the rights of the parties." *See* United States Courts, *History of Cameras in Courts* at https://www.uscourts.gov/about-federal-courts/judicial-administration/cameras-courts/history-

---

[5] Such exceptions to Fed. R. Crim. P. 53 were contemplated even before the Covid-19 pandemic and passage of the CARES Act which permitted many proceedings to being held remotely due to safety and health considerations.

cameras-courts (last visited June 19, 2024). And though recent policy updates did not extend remote public access to criminal proceedings, the revision does not affect a judge's ability to permit broadcasting and remote hearings for parties and counsel. *See* United States Courts, *Judicial Conference Revises Policy to Expand Remote Audio Access Over Its Pre-COVID Policy* at https://www.uscourts.gov/news/2023/09/12/judicial-conference-revises-policy-expand-remote-audio-access-over-its-pre-covid (last visited June 19, 2024). The Court does not run afoul Rule 53 when it exercises its discretion to extend remote access to victims.

Finally, and reinforcing the idea that a videoconference is an accepted manner of protecting crime victims' rights, 34 U.S.C. § 20142 authorizes the "[c]losed circuit televised court proceedings for victims of crime" when (a) there was a change of venue out of the state in which the case was initiated, and (b) the new venue is more than 350 miles from the original location. While these conditions are not perfectly met here, it is not the victims who should bear the burden of travel to the United States when it is the defendant who traveled hundreds of miles away to their home countries to abuse them.

## II.    Victims' Remote Appearance Does Not Violate the Defendant's Rights

Although the sentencing judge might use the victim's statement as a basis for determining the defendant's sentence, *see*, *e.g.*, *United States v. Rakes*, 510 F.3d 1280, 1282-83 (10th Cir. 2007) (affirming district court's rejection of guilty plea and sentence recommendation on the basis of victim impact statement), what the judge chooses to do with the statement has no impact on the right of the victim to be heard and the admissibility of the statement. *See United States v. Eberhard*, 525 F.3d 175, 177-78 (2d Cir. 2008) (rejecting defendant's challenge to court's application of CVRA Section 3771(a) to him even assuming that "the longer sentence was attributable to the victim statements"). This is because should victims decide to read victim impact statements (while

participating remotely or in person), the Confrontation Clause is not implicated. Crime victims have a right "to be reasonably heard" in judicial proceedings with respect to sentencing—a right of allocution like that of the defendant which is not subject to cross examination. *United States v. Bras*, 483 F.3d 103, 109 (D.C. Cir. 2007) ("we join our sister circuits in holding that nothing in *Crawford* or *Booker* 'alter[s] the pre-*Crawford* law that the admission of hearsay testimony at sentencing does not violate confrontation rights'"). Indeed, "the relevant provision at sentencing is the due process clause, not the confrontation clause" because "witnesses providing information to the court after guilt is established are not accusers within the meaning of the confrontation clause." *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005).

As to Due Process, the rules of evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3); accord U.S.S.G. § 6A1.3(a); *see also United States v. Riccio*, 529 F.3d 40, 47 (1st Cir. 2008) ("At sentencing, the district court is not directly bound by ordinary rules of evidence…[and] has broad discretion to accept even hearsay evidence at sentencing as long as the court concludes, with proper support, that the information has sufficient indicia of trustworthiness to warrant a finding of probable accuracy." (internal citations omitted)). A victim impact statement submitted during sentencing need not even be sworn. *See United States v. Leekins*, 493 F.3d 143, 150 (3d Cir. 2007) (a sentencing court "may 'credit hearsay evidence over sworn testimony, especially where there is other evidence to corroborate the inconsistent hearsay statement.'") (*quoting United States v. Miele*, 989 F.2d 659, 664 (3d Cir.1993)). This minimum indicia of trustworthiness is required by the Due Process Clause of the Fifth Amendment to prevent a defendant from being sentenced on the basis of materially incorrect information. *United States v. Martinez*, 413 F.3d 239, 244 (2d Cir. 2005) (*citing United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000)); *see also United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006)

7

(requiring testimonial hearsay at sentencing to bear "some minimum *indicia* of reliability") (emphasis in original).

## CONCLUSION

In sum, the Crime Victims' Rights Act bestows a right on a victim to not be excluded from any public court proceeding and directs district courts to make every effort to permit the fullest attendance possible by victims. And here, this Court can find that this case is a "public court proceeding" involving "multiple crime victims" pursuant to 18 U.S.C. § 3771(d) in order to accommodate the numerous victims around the world. Given that current technological capabilities can accommodate an individual's remote participation via video teleconference or Zoom, even while other participants are in person in the courtroom, the CVRA and the Federal Rules of Criminal Procedure, in tandem, allow for this Court to permit the remote participation of victims in a sentencing.

At present, several victims intend to exercise their right to be heard during the sentencing hearing. And to be clear, some of the victims may ultimately choose *not* to attend the hearing even if virtual attendance is offered as an option. The government merely seeks the opportunity for the victims to do so (and to make the decision whether to do so on the date of the hearing) without requiring them to undertake cross-country or international travel (and endure the obvious stressors attendant to such travel). The government respectfully submits that allowing video access will provide the victims with the option to attend without undue burden on the Court, which is equipped to broadcast hearings over Zoom, and will not implicate the constitutional rights of the defendant, who will be present for the hearing.

For all of the foregoing reasons, including the unique circumstances of victims located in multiple countries and jurisdictions, the United States respectfully requests that this Court permit

the victims, along with interpreters, to attend and participate in the sentencing remotely via a secure

VTC connection or web-based video conferencing platforms like Zoom. Alternatively, the

government requests that foreign national victims be permitted to observe the hearing remotely via

a secure connection at the U.S. Embassy in their country of residence. Such a secure connection

would be accessible by the victims (and translator) only. Neither accommodation would provide

public access.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
District of Columbia

NICOLE M. ARGENTIERI
ACTING ASSISTANT ATTORNEY
GENERAL
U.S. Department of Justice
Criminal Division

   /s/                   
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov

   /s/                   
Angela N. Buckner
DC Bar No. 1022880
Katharine A. Wagner
NY Bar No. 479825
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Human Rights and Special Prosecutions
1301 New York Avenue, Northwest
Washington, D.C. 20530
(202) 616-0238
202-514-4584
Angela.Buckner.2@usdoj.gov
Katharine.Wagner@usdoj.gov