**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal No.   21 - 380 (CKK)** |
| | : | |
| | : | |
| **BRIAN RAYMOND** | : | |
| | : | |

**RESPONSE TO GOVERNMENT'S MOTION FOR ALTERNATIVE PROCEDURES
PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT**

COMES NOW the Defendant, through undersigned counsel, and respectfully files the

following response to the Government's Motion For Alternative Procedures Pursuant to the

Crime Victims' Rights Act ("CVRA").  The defendant authorized the government to indicate that

he would defer to the Court regarding the alternative proposal for foreign national victims to be

able to observe the sentencing hearing remotely, so long as the Court determines that the

proposal is permissible under the Court's rules, policies, and procedure.  Defendant is filing this

response to clarify his position, and to object to the government's proposal for victims to

participate at sentencing by making statements or offering testimony remotely.

The government for the second time in this case is seeking the Court's approval for

procedures to permit the victims to have remote access to proceedings in this case, this time

including the right to participate and offer statements or testimony remotely. As the Government

recognized in its motion, the Court made clear when it denied  the first motion that "it remains

the policy of the United States District Court for the District of Columbia, pursuant to Judicial

- 2 -

Conference policy, to permit no exceptions to the pre-COVID rule against public access to criminal proceedings via video- or teleconference". [See, November 3, 2023 Minute Order] Moreover, there are strong reasons supporting the policy of the District Court and the Judicial Conference in prohibiting remote public access in criminal cases for anyone other than the parties and counsel, and that is particularly so when considering a proposal to permit victims to testify or make statements remotely.

Mr. Raymond, nevertheless, indicated that from a personal perspective, rather than a legal perspective, he does not object to the victims being able to listen to the proceedings, and authorized counsel to agree to defer to the Court as to whether the government's alternative proposal (for foreign national victims to be permitted to listen to the  proceeding remotely) can be effectuated consistent with Court rules and policy, and the law.  However, counsel wants to be clear that the defense does object to the government's proposal to permit victims to participate and speak remotely via video teleconference (VTC) or Zoom link.  Simply put, counsel submits that the government has not demonstrated a  basis for this Court to make an exception to the Court's policy, and to permit victims to participate and be heard remotely.  As the Court noted in its November 3, 2023  Minute Order, it would prove to be too difficult for the Court "to distinguish between this case and others in which victims, media, and the public also request remote access."  With the number of high-profile cases that come before this Court, some involving multiple victims and some involving foreign nationals, the government's proposal would take the Court down a very slippery slope.

Separate from the Court's policy considerations, there are due process considerations, and counsel submits that the government's motion is far too dismissive regarding the likely impact on

the defendant's due process rights.  Although courts are not bound by strict adherence to the rules of evidence at sentencing, courts are certainly required to assure that information relied upon for sentencing is sufficiently trustworthy, reliable, and accurate, and that it is presented in a sufficiently reliable form and manner. See generally, *United States v. Bras*, 483 F.3d 103, 109 (D.C. Cir. 2007) (sentencing court may not rely on hearsay evidence unless it is reliable); *United States v. Lemon*, 723 F.2d 922, 933 (D.C. Cir. 1983) (due process prohibits sentencing judge from relying on mistaken information or baseless assumptions) (additional citations omitted); U.S.S.G. 6A1.3 (evidence relied on by sentencing court must have "sufficient indicia of reliability to support its probable accuracy.").  That task will be difficult if remote victim testimony or statements are allowed.  Counsel would note that in a recent study on the effect of video on a court's perception of witness credibility, a number of immigration judges changed their credibility assessments made during video hearings after holding subsequent in-person hearings.  *See The Impact of Video Proceedings on Fairness and Access to Justice in Court*, Brennan Center for Justice at New York University School of Law (September 10, 2020, at page 6).  Based upon its findings, the Brennan Center's report concluded that "[w]hile the available scholarship on the use of video proceedings is limited, existing research suggests reason for caution in expanding the use of these practices, as well as the need for further research on their potential effects." *Id.* at p. 2    Simply put, the government's proposal to permit multiple victims to be heard (many apparently through an interpreter) via VTC or  Zoom link from numerous remote locations will likely impact the defendant's due process rights.

        In addition, the government's reliance on 34 U.S.C. 20142 is misplaced - at least as it concerns the request for the victims to be heard remotely.  The statute merely provides authority

– 4 –

for the use of "closed circuit televised court proceedings for victims of crime" where venue for the criminal proceedings has changed.  It does not provide any procedures or support for victims to be heard remotely. Thus, it does not support the government's request for victims to be permitted to participate remotely by VTC or Zoom link.

While the Court must endeavor to give effect to the rights under the CVRA, those rights are not absolute.  As the Government acknowledges in its motion, the CVRA recognizes that it may be impractical to accord all crime victims all of the rights contemplated under the statute. Furthermore, as this Court previously held, the request for alternate procedures permitting victims to have remote access to the November hearing was in conflict with established Court rules and policies, and was not a violation of victims' rights "not to be excluded" from the hearing. [See, November 3, 2023 Minute Order]  Similarly, the statutory right of victims "not to be excluded" from the sentencing will not be disturbed by the denial of the request for victim participation at sentencing via VTC or Zoom link in this matter.

Significantly, the hearing will be open to the public and it appears that many victims have viable options to attend in person. In addition, there are other ways for the victims to be heard. Those that can not attend in-person have ample time to provide statements to the Court.  Finally, counsel would note that the government is doing its part to make sure the victims' interests are well-represented, so it appears that the victims who want to be heard will find a way to be heard.

‒  5  ‒

WHEREFORE, Mr. Raymond objects to the request to permit victims to be heard

remotely during his sentencing hearing, but defers to the Court as to whether the government's

alternative request - permitting foreign national victims to remotely observe the sentencing

proceeding - can be implemented consistent with Court rules, policies, and procedures.

Respectfully submitted,

/s/ *Howard B. Katzoff*

Howard B. Katzoff (Bar # 348292)
717 D Street, NW  Suite 310
Washington, D.C.  20004
(202) 783-6414
katzoffh@aol.com
Counsel for Brian Raymond

## CERTIFICATE OF SERVICE

I hereby certify that on this __26th__ day of ___June_____, 2024, the foregoing

Response to the government's motion was filed via the Electronic Court Filing System (ECF),

causing a copy to be served upon government counsel of record.

/s/ *Howard B. Katzoff*

Howard B. Katzoff